3/6/2019 Case 1:19-cv-01328-AMD-RER Chapter 6: OATH Hearings Division – Rules of Practice RC... Page 1 of 7 PageID #: 118

Print

The Rules of the City of New York

# Chapter 6: OATH Hearings Division – Rules of Practice

(Amended City Record 6/1/2015, eff. 7/1/2015)

## Subchapter A: General

### § 6-01 Definitions Specific to this Chapter.

As used in this chapter:

"**Adjournment**" means a request made to a Hearing Officer during a hearing to postpone the hearing to a later date.

"**Appeals Unit**" means the unit authorized under 48 RCNY § 6-19 to review hearing officer decisions.

"**Appearance**" means a communication with the Tribunal that is made by a party or the representative of a party in connection with a summons that is or was pending before the Tribunal. An appearance may be made in person, online or by other remote methods approved by the Tribunal.

"**Board**" means the Environmental Control Board of the City of New York.

"**Charter**" means the New York City Charter.

"**Chief Administrative Law Judge**" means the director and chief executive officer of OATH appointed by the Mayor pursuant to New York City Charter § 1048.

"**Hearing Officer**" means a person designated by the Chief Administrative Law Judge of OATH, or his or her designee, to carry out the adjudicatory powers, duties and responsibilities of the Tribunal.

"**Inspector**" means the inspector, public health sanitarian, or other person who conducted the inspection or investigation that resulted in the issuance of a summons.

"**OATH**" means the New York City Office of Administrative Trials and Hearings, including the OATH Trials Division and the OATH Hearings Division (see 48 RCNY § 6-02).

"**OATH Hearings Division**" means the Health Tribunal, the Environmental Control Board as defined in Charter § 1049-a, and the Administrative Tribunal referenced in Title 19 of the Administrative Code of the City of New York.

"**OATH Trials Division**" means the adjudicatory body authorized to conduct proceedings pursuant to Chapters 1 and 2 of this Title.

"**Party**" means the Petitioner or the person named as Respondent in a proceeding before the Tribunal.

"**Person**" means any individual, partnership, unincorporated association, corporation, limited liability company or governmental agency.

"**Petitioner**" means the governmental agency or individual who issued a summons.

"**Reschedule**" means a request made to the Tribunal prior to the scheduled hearing for a later hearing date.

"**Respondent**" means the person against whom the charges alleged in a summons have been filed.

"**Summons**" means the document, including a notice of violation, issued by Petitioner to Respondent, which specifies the charges forming the basis of an adjudicatory proceeding before the Tribunal.

"**Tribunal**" means the OATH Hearings Division.

(Amended City Record 6/1/2015, eff. 7/1/2015; amended City Record 7/8/2016, eff. 8/7/2016)

(a) When the opportunity to do so is offered by the Tribunal, a Respondent may contest a violation by mail, online, by telephone or by other remote methods.

(b) *Adjudication by Mail.*

(1) A written submission in an adjudication by mail must be received by the Tribunal before the scheduled hearing date or bear a postmark or other proof of mailing indicating that it was mailed to the Tribunal before the scheduled hearing date. If a request bearing such a postmark or proof of mailing is received by the Tribunal after a first default decision has been issued on that summons, such default will be vacated.

(2) The written submission must contain any denials, admissions and explanations related to the individual violations charged, and documents, exhibits or witness statements, if any, to be considered as evidence in support of Respondent's defense. Violations that are not denied or explained will be deemed to have been admitted; defenses not specifically raised will be deemed to have been waived.

(3) After a review by a Hearing Officer of the written submission, the Tribunal will:

(i) issue a written decision and send the decision to the parties; or

(ii) require the submission of additional documentary evidence; or

(iii) require an in-person hearing or hearing by telephone, in which case the parties will be notified.

(c) *Adjudication Online.*

(1) Submissions in an adjudication online must be received by the Tribunal before or on the scheduled hearing date.

(2) The submission must contain any denials, admissions and explanations related to the individual violations charged, and documents, exhibits or witness statements, if any, to be considered as evidence in support of Respondent's defense. Violations that are not denied or explained will be deemed to have been admitted; defenses not specifically raised will be deemed to have been waived.

(3) After a review by a Hearing Officer of the submission, the Tribunal will:

(i) issue a written decision and send the decision to the parties; or

(ii) require the submission of additional documentary evidence; or

(iii) require an in-person hearing or hearing by telephone, in which case the parties will be notified.

(d) *Adjudication by Telephone.* Before or on the scheduled hearing date, a respondent may request a hearing by telephone by contacting the Tribunal.

(Amended City Record 6/1/2015, eff. 7/1/2015; amended City Record 7/8/2016, eff. 8/7/2016)

## § 6-11 Hearing Procedures.

(a) A hearing will be presided over by a Hearing Officer, proceed with reasonable expedition and order and, to the extent practicable, not be postponed or adjourned.

(b) *Language assistance services at the hearing.*

(1) At the beginning of any hearing, the Hearing Officer will advise the Respondent of the availability of language assistance services. In determining whether language assistance services are necessary to assist the Respondent in communicating meaningfully with the Hearing Officer and others at the hearing, the Hearing Officer will consider all relevant factors, including but not limited to the following:

(i) information from Tribunal administrative personnel identifying a Respondent as requiring language assistance services to communicate meaningfully with a Hearing Officer;

(ii) a request by the Respondent for language assistance services; and

(iii) even if language assistance services were not requested by the Respondent, the Hearing Officer's own assessment whether language assistance services are necessary to enable meaningful communication with the Respondent.

If the Respondent requests an interpreter and the Hearing Officer determines that an interpreter is not needed, that determination and the basis for the determination will be made on the record.

(2) When required, language assistance services will be provided at hearings by a professional interpretation service that is made available by the Tribunal. If the professional interpretation service is not available for that language, the Respondent may request the use of another interpreter, in which case the Hearing Officer in his or her discretion may use the Respondent's requested interpreter. In exercising that discretion, the Hearing Officer will take into account all relevant factors, including but not limited to the following:

   (i) the apparent skills of the Respondent's requested interpreter;

   (ii) whether the Respondent's requested interpreter is a child under the age of eighteen (18);

   (iii) minimization of delay in the hearing process;

   (iv) maintenance of a clear and usable hearing record; and

   (v) whether the Respondent's requested interpreter is a potential witness who may testify at the hearing.

   The Hearing Officer's determination and the basis for this determination will be made on the record.

(c) When a party appears on more than one (1) summons on a single hearing day, the Tribunal has the discretion to determine the order in which the summonses will be heard.

(d) Each party has the right to present evidence, to examine and cross-examine witnesses, to make factual or legal arguments and to have other rights essential for due process and a fair and impartial hearing. Witnesses may be excluded from the hearing room, except while they are actually testifying.

(e) *Oaths.* All persons giving testimony as witnesses at a hearing must be placed under oath or affirmation.

(f) All adjudicatory hearings will proceed in the following order, subject to modification by the Hearing Officer:

   (1) Presentation and argument of motions preliminary to a hearing on the merits;

   (2) Petitioner's opening statement, if any;

   (3) Respondent's opening statement, if any;

   (4) Petitioner's case in chief;

   (5) Respondent's case in chief;

   (6) Petitioner's case in rebuttal;

   (7) Respondent's case in rebuttal;

   (8) Respondent's closing argument;

   (9) Petitioner's closing argument.

(g) A record will be made of all summonses filed, proceedings held, written evidence admitted and rulings rendered, and such record will be kept in the regular course of business for a period of time in accordance with applicable laws and regulations. Hearings will be mechanically, electronically or otherwise recorded by the Tribunal under the supervision of the Hearing Officer, and the original recording will be part of the record and will constitute the sole official record of the hearing. No other recording or photograph of the hearing may be made without prior written permission of the Tribunal. A copy of the recording will be provided upon request to the Tribunal. The Tribunal may charge a reasonable fee in accordance with Article 6 of the New York State Public Officers Law.

(h) Unless permitted or ordered by the Hearing Officer, parties are prohibited from submitting additional material or argument after the hearing has been completed.

(Amended City Record 6/1/2015, eff. 7/1/2015; amended City Record 7/8/2016, eff. 8/7/2016)

## § 6-12 Evidence.

(a) *Burden of Proof.* The Petitioner has the burden of proving the factual allegations contained in the summons by a preponderance of the evidence. The Respondent has the burden of proving an affirmative defense, if any, by a preponderance of the evidence.

(b) *Admissibility of Summons.* If the summons is sworn to under oath or affirmed under penalty of perjury, the summons will be admitted as prima facie evidence of the facts stated therein. The summons may include the report of the inspector, public health sanitarian or other person who conducted the inspection or investigation that resulted in

(a) At the request of either party during a hearing, a Hearing Officer may adjourn the hearing upon a showing of good cause as determined by the Hearing Officer in his or her discretion.

(b) In deciding whether there is good cause for an adjournment, the Hearing Officer will consider:

(1) Whether granting the adjournment is necessary for the party requesting the adjournment to effectively present the case;

(2) Whether granting the adjournment is unfair to the other party;

(3) Whether granting the adjournment will cause inconvenience to any witness;

(4) The age of the case and the number of adjournments previously granted;

(5) Whether the party requesting the adjournment had a reasonable opportunity to prepare for the scheduled hearing;

(6) Whether the need for the adjournment is due to facts that are beyond the requesting party's control;

(7) The balance of the need for efficient and expeditious adjudication of the case and the need for full and fair consideration of the issues relevant to the case; and

(8) Any other fact that the Hearing Officer considers to be relevant to the request for an adjournment.

(c) Once a hearing has been adjourned, neither party may request a reschedule pursuant to 48 RCNY § 6-05. A denial of an adjournment request is not subject to interim review or appeal.

(Amended City Record 6/1/2015, eff. 7/1/2015; amended City Record 7/8/2016, eff. 8/7/2016; amended City Record 12/5/2018, eff. 1/4/2019)

### § 6-15 Adjournments for Inspector Testimony.

(a) Upon request of either party, a Hearing Officer may grant an adjournment for the testimony of an Inspector if the Hearing Officer finds that the Inspector's testimony is likely to be necessary to a fair hearing on the violation(s) charged and/or the defense(s) asserted.

(b) If a Hearing Officer has adjourned a hearing solely for the purpose of obtaining the Inspector's testimony, and the Respondent timely appears on the adjourned hearing date but the Inspector fails timely to appear, the hearing shall not be further adjourned solely to obtain the testimony of such Inspector, unless the Respondent consents to the second adjournment or the Hearing Officer finds that extraordinary circumstances warrant the second adjournment. "Extraordinary circumstances" are circumstances that could not have been reasonably foreseen by the Petitioner.

(c) A Hearing Officer may not adjourn a hearing on more than two (2) occasions for the appearance of the Inspector.

(Amended City Record 6/1/2015, eff. 7/1/2015; amended City Record 7/8/2016, eff. 8/7/2016; amended City Record 12/5/2018, eff. 1/4/2019)

### § 6-16 Representation.

(a) Each party has the right to be represented by an attorney or another authorized representative, as set forth in 48 RCNY §§ 6-09 and 6-23.

(b) An attorney or representative appearing at the Tribunal must provide staffing sufficient to ensure completion of his or her hearings. The failure of a representative or attorney to provide sufficient staffing may be considered misconduct under 48 RCNY § 6-25. The Tribunal may consider the following factors in determining whether sufficient staffing has been provided:

(1) the number of cases the representative or attorney had scheduled on the hearing date;

(2) the number of representatives or attorneys sent to handle the cases;

(3) the timeliness of the arrival of the representatives or attorneys;

(4) the timeliness of the arrival of any witnesses; and

(5) any unforeseeable or extraordinary circumstances.

(i) A decision to grant a request for a new hearing after default is not a final decision on the issues of whether the Respondent was properly served or a proper party on the date of the offense.

(j) A denial of a request for a new hearing after default is the Tribunal's final determination and is not subject to review or appeal at the Tribunal. Judicial review of the denial may be sought pursuant to Article 78 of the New York Civil Practice Law and Rules.

(Amended City Record 6/1/2015, eff. 7/1/2015; amended City Record 7/8/2016, eff. 8/7/2016; amended City Record 12/5/2018, eff. 1/4/2019)

## Subchapter F: Miscellaneous

### § 6-22 Disqualification of Hearing Officers.

(a) *Grounds for Disqualification.* A Hearing Officer will not preside over a hearing under the circumstances set forth in subdivisions (D) and (E) of § 103 of Appendix A of this title. When a Hearing Officer deems himself or herself disqualified to preside in a particular proceeding, the Hearing Officer will withdraw from the proceeding by notice on the record and will notify the Chief Administrative Law Judge or his or her designee of such withdrawal.

(b) *Motion to Disqualify.* A party may, for good cause shown, request that the Hearing Officer disqualify himself or herself. The Hearing Officer in the proceeding will rule on such motion.

(1) If the Hearing Officer denies the motion, the party may obtain a brief adjournment in order to promptly apply for review by the Chief Administrative Law Judge or his or her designee.

(2) If the Chief Administrative Law Judge or his or her designee determines that the Hearing Officer should be disqualified, the Chief Administrative Law Judge or his or her designee will appoint another Hearing Officer to continue the case. If a Hearing Officer's denial of the motion to disqualify is upheld by the Chief Administrative Law Judge or his or her designee, the party may raise the issue again on appeal.

(Amended City Record 6/1/2015, eff. 7/1/2015)

### § 6-23 Registered Representatives

*Requirements.* A representative, other than a family member or an attorney admitted to practice in New York State, who represents two or more Respondents before the Tribunal within a calendar year must:

(a) Be at least eighteen (18) years of age;

(b) Register with the Tribunal by completing and submitting a form provided by the Tribunal. The form must include proof acceptable to the Tribunal that identifies the representative, and must also include any other information that the Tribunal may require. Registration must be renewed annually. Failure to register with the Tribunal may result in the Tribunal declining registration in the future;

(c) Notify the Tribunal within ten (10) business days of any change in the information required on the registration form;

(d) Not misrepresent his or her qualifications or service so as to mislead people into believing the representative is an attorney at law or a governmental employee if the representative is not. A representative who is not an attorney admitted to practice must refer to him or herself as "representative" when appearing before the Tribunal;

(e) Exercise due diligence in learning and observing Tribunal rules and preparing paperwork; and

(f) Be subject to discipline, including but not limited to suspension or revocation of the representative's right to appear before the Tribunal, for failing to follow the provisions of this subdivision and any other rules of the Tribunal. A list of representatives who have been suspended or barred from appearing may be made public.

(Amended City Record 6/1/2015, eff. 7/1/2015; amended City Record 7/8/2016, eff. 8/7/2016)

### § 6-24 Pre-hearing Notification of Schedule for Attorneys and Registered Representatives.

(a) No attorney or registered representative may appear on fifteen (15) or more summonses on a given hearing date unless:

(1) No later than noon two (2) business days before the scheduled hearing date, the Tribunal office in the borough where the cases are scheduled to be heard receives from the attorney or registered representative by email a written list of all scheduled cases;

(2) Notices of Appearance are submitted in advance of the scheduled hearing, as directed by the Tribunal, to the Tribunal office in the borough where cases are scheduled to be heard; and

(3) The attorney or registered representative appears at or before the scheduled hearing time, at the place and date for the scheduled hearing. The timeliness requirements set forth in 48 RCNY § 6-09(b)(1), which allows a Respondent or a Respondent's representative to appear within three (3) hours of the scheduled hearing time, does not apply when an attorney or representative is appearing on fifteen (15) or more summonses on a given hearing date.

(b) Cases may be added to this list on the day of the hearing at the discretion of the Tribunal.

(Amended City Record 6/1/2015, eff. 7/1/2015; amended City Record 7/8/2016, eff. 8/7/2016; amended City Record 12/5/2018, eff. 1/4/2019)

### § 6-25 Misconduct.

(a) *Prohibited Conduct.* A party, witness, representative or attorney must not:

(1) Engage in abusive, disorderly or delaying behavior, a breach of the peace or any other disturbance which directly or indirectly tends to disrupt, obstruct or interrupt the proceedings at the Tribunal;

(2) Engage in any disruptive verbal conduct, action or gesture that a reasonable person would believe shows contempt or disrespect for the proceedings or that a reasonable person would believe to be intimidating;

(3) Willfully disregard the authority of the Hearing Officer or other Tribunal employee. This may include refusing to comply with the Hearing Officer's directions or behaving in a disorderly, delaying or obstructionist manner;

(4) Leave a hearing in progress without the permission of the Hearing Officer;

(5) Attempt to influence or offer or agree to attempt to influence any Hearing Officer or employee of the Tribunal by the use of threats, accusations, duress or coercion, a promise of advantage, or the bestowing or offer of any gift, favor or thing of value;

(6) Enter any area other than a public waiting area unless accompanied or authorized by a Tribunal employee. Upon conclusion of a hearing, a party, witness, representative or attorney must promptly exit non-public areas;

(7) Request any Tribunal clerical staff to perform tasks that are illegal, unreasonable or outside the scope of the employee's job duties;

(8) Operate any Tribunal computer terminal or other equipment at any time unless given express authorization or the equipment has been designated for use by the public;

(9) Submit a document, or present testimony or other evidence to the Tribunal which he or she knows, or reasonably should have known, to be false, fraudulent or misleading;

(10) Induce or encourage anyone to make a false statement to the Tribunal;

(11) Solicit clients, or cause the solicitation of client by another person on Tribunal premises;

(12) Make or cause to be made a stenographic, electronic, audio, audio-visual or other verbatim or photographic reproduction of any hearing or other proceeding, whether such hearing or other proceeding is conducted in person, by telephone, or other remote methods, except upon application to the Hearing Officer. This does not include copies of documents submitted to the Tribunal during a hearing including written or electronic statements and exhibits. Except as otherwise provided by law, such application must be addressed to the Hearing Officer, who may deny the application or grant it in full, in part, or upon such conditions as the Hearing Officer deems necessary to preserve the decorum of the proceedings and to protect the interests of the parties, witnesses and any other concerned persons.

(b) *Prohibited Communication.*

(1) All parties must be present when communications with Tribunal personnel, including a Hearing Officer, occur, except as necessary for case processing and unless otherwise permitted by these rules, on consent or in an emergency.

   (2)   All persons are prohibited from initiating communication with a Hearing Officer or other employee before or after a hearing or before or after a decision on motion, in order to attempt to influence the outcome of a hearing or decision on motion.

   (c)   *Penalties for Misconduct.*

   (1)   Failure to abide by these rules constitutes misconduct. The Chief Administrative Law Judge or his or her designee may, for good cause, suspend or bar from appearing before the Tribunal an attorney or representative who fails to abide by these rules. The suspension may be either for a specified period of time or indefinitely until the attorney or representative demonstrates to the satisfaction of the Chief Administrative Law Judge or his or her designee that the basis for the suspension no longer exists.

   (2)   However, the Chief Administrative Law Judge or his or her designee may not act until after the attorney or representative is given notice and a reasonable opportunity to appear before the Chief Administrative Law Judge or his or her designee to rebut the claims against him or her. The Chief Administrative Law Judge or his or her designee, depending upon the nature of the conduct, will determine whether said appearance will be in person or by a remote method.

   This section in no way limits the powers of a Hearing Officer as set out in 48 RCNY § 6-13.

   (d)   *Discipline on Other Grounds.*

   (1)   Notwithstanding the provisions of subdivision (c) of this section, the Chief Administrative Law Judge may summarily suspend or bar a representative upon a determination that the representative lacks honesty and integrity and that the lack of honesty and integrity will adversely affect his or her practice before the Tribunal.

   (2)   Any action pursuant to this subdivision will be on notice to the representative. After the summary suspension or bar, the representative will be given an opportunity to be heard in a proceeding prescribed by the Chief Administrative Law Judge or his or her designee. Factors to be considered in determining whether a representative lacks honesty and integrity include, but are not limited to, considering whether the representative has made false, misleading or inappropriate statements to parties or Tribunal staff.

   (e)   *Judicial Review.* The decision of the Chief Administrative Law Judge or his or her designee under subdivision (c) or (d) of this section constitutes a final determination. Judicial review of the decision may be sought pursuant to Article 78 of the New York Civil Practice Law and Rules.

(amended City Record 7/8/2016, eff. 8/7/2016)

## § 6-26 Request for a New Hearing Due to Unauthorized Representation.

   Notwithstanding any other provision of these rules, a party may, within three (3) years after a decision pursuant to a hearing has become final, move to vacate the decision on the grounds that the person who appeared on the party's behalf at the hearing was not authorized to do so. Upon a determination that the person who appeared was not authorized to represent the party, the Tribunal may vacate the decision and schedule a new hearing. In exceptional circumstances and in order to avoid injustice, the Tribunal will have the discretion to grant a motion to vacate a decision after the three (3) year period has lapsed.

(Added City Record 7/8/2016, eff. 8/7/2016)

## § 6-27 Defense Based on Sovereign or Diplomatic Immunity.

   (a)   A Respondent may present a defense based on sovereign or diplomatic immunity:

   (1)   in a written submission received no later than seven (7) business days before the hearing date stated on the summons, in which the Respondent may admit or deny the violation charged and the Tribunal will assign the matter to a Hearing Officer; or

   (2)   at a hearing orally or in writing, but only if an attorney or authorized representative of the Petitioner is present at the hearing or if the Respondent at that time consents to an adjournment of the hearing; or

   (3)   in a response submitted in any case in which adjudication by remote method is allowed pursuant to 48 RCNY § 6-10.

   (b)   Upon presentation of a defense based on sovereign or diplomatic immunity, the Hearing Officer must issue an order:

   (1)   adjourning the hearing for no less than thirty (30) and no more than sixty (60) days;