

**OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS**
*Ombudsperson and Pro Se Clerk*

Ombudsperson & *Pro Se* Clerk
66 John Street, 11th Floor
New York, NY 10038

Date:   December 5, 2017

To:     Tynia Richard, Deputy Commissioner and General Counsel, OATH

From:   Kieran Holohan

Re:     Incident Reports re Rajinder Kaur, Gurmeet Singh & Rizwan Raja

I am writing this combined incident report because it deals with the same respondent, Saiful Alam, and there is some overlap. However, to be clear there is one incident of misconduct committed by Rajinder Kaur, Gurmeet Singh and Harpreet Singh collectively and several others committed by Rizwan Raja.

On January 12, 2017 the respondent, Saiful Alam, was at JFK Airport dropping off a fare when an undercover TLC Inspector approached Mr. Alam and asked him to take the Inspector to Manhattan. As a result of this encounter Mr. Alam was issued summons number EA72080622A for a violation of 35 RCNY § 80-19(c)(2) for picking up a passenger in a Hail Exclusionary Zone. Mr. Alam was ordered to appear at OATH's LIC Hearings Division location on March 13, 2017 to have a hearing on the matter. The stated fine for this summons was $2,000. On or about February 17, 2017 he received a settlement offer in the mail from TLC informing him that he could settle the matter for $1,000.00.

Mr. Alam appeared in LIC on March 13, 2017 to settle the matter. On that date, he went directly to TLC's offices across the hall from OATH's LIC Hearings location with his settlement agreement that he had executed (see attached with his signature). Once there he took a number from the kiosk and sat down and waited for his number to be called. Rajinder Kaur sat down next to him, looked at his papers and asked what happened. Mr. Alam told her what had happened. Ms. Kaur told him that since it was his first time, if he hired a representative he might win. Mr. Alam asked her how much it would cost and she gave him two options. The first was an all or nothing option where he would pay $500 if the case was dismissed and nothing if he was found in violation. The second was $300 up front regardless of what happens. Mr. Alam chose the second option and negotiated the price to $200.

Ms. Kaur asked Mr. Alam to accompany her to OATH's waiting area where she introduced him to Gurmeet and Harpreet Singh. There he paid Gurmeet Singh the agreed $200 and discussed the facts of the case with Harpreet Singh. He signed an authorization form for Harpreet Singh to represent him but told Mr. Singh that he would prefer not to go forward that day. Mr. Alam had his hearing adjourned.

On April 25, 2017, Mr. Alam returned to OATH for a hearing. Harpreet Singh filed the authorization form that day and represented Mr. Alam at the hearing. At the conclusion of the hearing, Harpreet Singh told him he could go home and that he should call Mr. Singh later that day for the results. When Mr. Alam called Harpeet Singh for the result he learned that he had lost and that the fine was $2000.

Mr. Alam was not happy with the outcome given the fact that had no one approached him at TLC he would have settled the matter for half the final fine. He also felt that he was not represented well and began asking colleagues if they knew of anyone else that could represent him at OATH. One of his friends suggested Mr. Rizwan Raja.

Mr. Alam contacted Mr. Raja and they agreed to meet at OATH's LIC Hearings location on or about May 1, 2017. When they met Mr. Raja explained that if he filed an appeal that Mr. Alam would not have to pay the fine until the appeal was decided (this is correct). Mr. Raja told im that he could file the appeal for him and that his fee would be $150. Mr. Alam agreed to this fee and paid Mr. Raja to file the appeal. On May 1, 2017 at 2:44 p.m., Mr. Raja filed a "Request for Audio Recording" form at OATH's LIC Hearing location. OATH mailed a CD containing the hearing recording to Mr. Raja's office on May 12, 2017. No appeal was ever filed.

On or about June 6, 2017 Mr. Alam's license was suspended for failure to pay the fine. When Mr. Alam learned of this he contacted Mr. Raja and they agreed to meet at OATH's LIC Hearings location on June 21, 2017. When they met on that date, Mr. Raja maintained that he had filed the appeal. Mr. Alam demanded to see a copy of the appeal and Mr. Raja stated that he would send it to him. Mr. Alam asked what he should do about the suspension and Mr. Raja told him to wait while Mr. Raja went over to speak to TLC. Mr. Raja returned a short time later and told Mr. Alam that his license was not suspended and that Mr. Alam could drive. This was false information.

The very next day, Mr. Alam returned to work and was pulled over for having an ear piece in his ear in violation of 35 RCNY § 59a-11(b)(1) and received summons number EA71860904A. While the TLC inspector was processing this violation, he informed Mr. Alam that TLC suspended his license for failure to pay a fine. Mr. Alam was issued a second summons (EA71860903A) for driving with a suspended hack license pursuant to AC § 19-506(d). On both summonses Mr. Alam was ordered to appear for a hearing on August 21, 2017 at OATH's LIC Hearings location.

Mr. Alam immediately contacted Mr. Raja and they agreed to meet. Prior to or after this meeting Mr. Alam paid the outstanding balance of $2000 on summons number EA72080622A so that his license suspension would be lifted. Attached hereto, you will see a TAMIS printout showing the date of suspension, reason and date of compliance for this suspension. Mr. Alam made this payment on June 23, 2017.

When he met with Mr. Raja shortly after receiving the two new summonses, Mr. Alam again demanded a copy of the appeal Mr. Raja claimed to have filed. Mr. Raja once again stated that he would get that to him. Mr. A;am made it clear to Mr. Raja that he felt that these two summonses were issued as a direct result of Mr. Raja's failure to file the appeal and/or his failure to provide proper information about Mr. Alam's suspension. Mr. Raja offered to represent Mr. Alam on the new matters free of charge. Mr. Alam made it clear to Mr. Raja that he felt that any fines on the new matters should be paid by Mr. Raja.

On August 21, 2017, the first scheduled hearing date for summonses EA71860904A and EA71860903A, Mr. Raja filed an Authorization for Registered Representative to Appear form

and filed for a Reschedule. The cases were rescheduled to October 5, 2017. On October 5, 2017, Mr. Raja appeared on both cases and requested an adjournment. He gave several reasons for this request to the hearing officer. He claimed that he was negotiating a settlement with TLC on the matters and that Mr. Alam was sick. This request was granted and the case was adjourned with Mr. Raja's express consent to November 15, 2017 at 11:00 am.

On, or about, October 6, 2017, TLC mailed settlement offers to Mr. Alam on both cases to settle the matters for $1000 in total. Mr. Alam had not heard from Mr. Raja regarding any new dates.

Mr. Raja failed to appear at the hearing on the summonses on November 15, 2017 and default decisions were issued fining Mr. Alam $1,850 in total: 4350 for EA71860904A and $1500 for EA71860903A.

On November 27, 2017, Mr. Alam appeared at OATH's LIC Hearings location looking for Mr. Raja. When he was unsuccessful in finding him, he met with Help Center staff. During that discussion Mr. Alam learned for the first time that no appeal had ever been filed for summons EA72080622A and that summons numbers EA71860904A and EA71860903A were in default for failure to appear. Help Center staff gave Mr. Alam two Motion to Vacate a Default forms and explained how to fill them out as well as how to file them. Please note that, generally speaking, settlement offers from TLC cannot be entered into until after any defaults are vacated and a new hearing date is ordered.

After meeting with Help Center staff, Mr. Alam saw Mr. Raja and confronted him. He showed Mr. Raja the settlement letters and Motion to Vacate a Default forms. Mr. Raja also took the settlement forms and brought Mr. Alam as well as a few other clients over to TLC where Mr. Raja approached the settlement window and had some discussion of which Mr. Alam was not a party. After this, he returned the settlement offers to Mr. Alam, one of which has Mr. Raja's signature on it below that of someone else. Mr. Raja took the Motion to Vacate a Default forms and promised to file them. Mr. Alam again demanded a copy of his appeal and for the first time Mr. Raja indicated that he could not give him that because he filed it online. Mr. Alam again demanded that Mr. Raja pay any fines levied on the new summonses and Mr. Raja refused.

On November 29, 2017, Mr. Alam returned to OATH and again met with Help Center staff and learned that the to Motion to Vacate a Default forms had not been filed despite Mr. Raja's promise. Help Center staff assisted Mr. Alam once again and he was able to file those forms himself at 4:15 pm. As of the writing of this report, Mr. Raja has failed to file the same.

Included with this Incident Report is:
1. The affidavit of Saiful Alam;
2. Summons EA72080622A;
3. Settlement offer on EA72080622A
4. Harpreet Singh Authorization form dated 3/13/2017;
5. Adjournment Decision of 3/13/2017;
6. Guilty Decision on EA72080622A;

7. Request for Audio Recordings filed by Mr. Raja;
8. OATH Hearing Resording Delivery letter to Mr. Singh;
9. TAMIS Suspension record for Mr. Alam;
10. Summons number EA71860904A & EA71860903A;
11. Raja Authorization forms for EA71860904A & EA71860903A;
12. Reschedule forms filed by Mr. Raja on EA71860904A & EA71860903A;
13. Notice of rescheduled hearings on EA71860904A & EA71860903A;
14. Adjournment decisions on EA71860904A & EA71860903A;
15. Mr. Raja's Notices of Appearance on EA71860904A & EA71860903A;
16. TLC Settlement offers on EA71860904A & EA71860903A;
17. Default decisions on EA71860904A & EA71860903A;
18. Motions to Vacate a Default on EA71860904A & EA71860903A;
19. Motion to vacate default decisions on EA71860904A & EA71860903A;
20. Rajinder Kaur registration form;
21. Rajinder Kaur ID;
22. Gurmeet Singh registration form;
23. Gurmeet Singh ID;
24. Hapreet Singh registration form;
25. Harpreet Singh ID;
26. Rizwan Raja registration form;
27. Rizwan Raja ID.

**Rajinder Kaur, Gurmeet Singh & Harpreet Singh**

It is my understanding that Rajinder Kaur and Gurmeet Singh are husband and wife and Harpeet Singh is their son. I also understand that all three are partners in HP Consulting LLC

It is my opinion that Ms. Kaur, Gurmeet Singh and Harpreet Singh violated 48 RCNY § 6-25(a)(11) in that they solicited Mr. Alam. This is clearly a designed effort on behalf of all three and fits a pattern we have seen before where Ms. Kaur approached respondents and then brings them to either Gurmeet Singh or Harpreet Singh to sign them up, take money and discuss the case. What makes this matter so troubling is that Mr. Alam was in the process of settling this case with TLC for half the ultimate fine when Ms. Kaur intercepted him. These three put their own pecuniary interest above that of Mr. Alam and set in motion a course of events that has cost Mr. Alam an additional $1,350 in fees and fines on EA72080622A and potentially $1,000 to $1,850 more on the newer cases.

All three should be summarily and permanently barred from appearing at OATH pursuant to 48 RCNY § 6-25(d)(1) because their willful and continuous pattern of dishonest and misleading business practices that show that they lack honesty and integrity and that this lack of honesty and integrity adversely affects their practice before OATH.

**Rizwan Raja**

Mr. Raja took $150 from Mr. Alam to file an appeal on summons number EA72080622A but never fulfilled his end of the bargain. Despite several requests for proof of the appeal from Mr. Alam, Mr. Raja failed to provide it. He could not provide it because he in fact never filed the appeal. He did appear in the case and did take the first step towards filing the appeal when he filed the Request for Audio Recordings on the very day that Mr. Alam hired him. Although he appeared in the case he never filed an Authorization to do so in violation of his Representative Registration Form. Additionally, when confronted on multiple occasions, Mr. Raja maintained the fallacy that he had filed the appeal even after being told by the respondent that his license was suspended. Rather than telling the truth and making an effort to rectify the situation, Mr. Raja made it worse by performing the charade of going to TLC and inquiring about Mr. Alam's license only to return and tell Mr. Alam that his license was not suspended – which was in fact not true. This behavior led to additional summonses, one of which was operating a licensed vehicle with a suspended hack license. Mr. Alam could have avoided the more expensive of the latter two summonses had Mr. Raja told the truth. We know this is all true because Mr. Raja has appeared in the latter two summonses for free.

There a number of problems with Mr. Raja's representation of Mr. Alam on summons numbers EA71860904A & EA71860903A, beyond the fact that he is arguably at fault for EA71860903A. He does appear on these summonses on two occasions. On August 21, 2017, he properly filed authorizations to appear on these matters and filed for a reschedule in each. He also appeared on both matters in a combined hearing on October 5, 2017 and requested an adjournment. His claimed reasons for the adjournment were that the client was ill and that he was negotiating a settlement. These are likely both false in that Mr. Alam had not heard from him and the Settlement Agreements produced by TLC are form agreements that were mailed to Mr. Alam's home. At any rate, he failed to appear on the adjourned date that he had consented to at the hearing resulting in a default on both matters.

After being confronted once again, Mr. Raja failed to adequately represent Mr. Alam in that he never filed the Motions to Vacate. There was no risk at all to the failure of these Motions to Vacate because both were the first of their kind in the cases and it was less than 60 days since the default. The motions Mr. Alam filed two days later were granted almost immediately.

Mr. Raja should be summarily and permanently barred from appearing at OATH pursuant to 48 RCNY § 6-25(d)(1) because his willful and continuous pattern of dishonest and misleading business practices that show that he lacks honesty and integrity and that this lack of honesty and integrity adversely affects his practice before OATH. While this may be the first of this type of violation filed against Mr. Raja, a pattern emerges from these facts alone. He had ample opportunity to perform the services he agreed to perform and/or tell the truth and failed repeatedly.

Also, he specifically violated 48 RCNY § 6-23(e) when he failed to provide an Authorization form on summons EA72080622A despite taking money and action in the matter.