**OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS**
*Ombudsperson and Pro Se Clerk*

Ombudsperson & Pro Se Clerk
66 John Street, 11th Floor
New York, NY 10038

Date:       March 14, 2018

To:         Tynia Richard, Deputy Commissioner and General Counsel, OATH

From:       Kieran Holohan

Re:         Incident Report re: Rizwan Raja and Riz Raja Professional Services Inc.


This is the second report I have made against Mr. Raja alleging nearly identical conduct. The first was filed on or about December 5, 2017 and a copy of the cover sheet is attached to this report. In this report two separate respondents allege similar conduct by Mr. Raja to that reported by Mr. Alam in my December filing.

**Respondent Mohammed Siddiquee**

On or about October 25, 2016 Mr. Siddiquee received summons number CV10071948C for a complaint made by a passenger with regard to matters that happened on or about September 11, 2016. He was charged with four separate violations and was directed to appear at OATH for a hearing on November 9, 2016 at OATH's Long Island City Hearings location on the third floor of 31-00 47th Avenue, Long Island City, NY 11101.

Mr. Siddiquee appeared at OATH's LIC Hearings location on November 9, 2016 and attended his hearing where he defended himself. Two violations were dismissed and two were sustained, although one was incorrectly characterized by the Hearing Officer as "Open Guilty Default" in that he did actually appear. This was later corrected and switched to "Closed, Guilty at Hearing" by a different Hearing Officer.

Mr. Siddiquee came back to OATH's LIC Hearings approximately a week later with the intention of filing an appeal on the above matter. While in the waiting area he saw a man he later learned to be Rizwan Raja interacting with other drivers so he approached him about his case. Mr. Raja told Mr. Siddiquee that he was a lawyer and Mr. Siddiquee showed Mr. Raja his decision and explained what happened at the hearing. Mr. Raja told Mr. Siddiquee that he could file an appeal for him and quoted him a price of $125. Mr. Siddiquee negotiated this to $100 and paid him by check.

Mr. Raja informed Mr. Siddiquee that he did not have to pay the fines while the appeal was pending and that his license would not be suspended while the appeal was pending. Mr. Raja told Mr. Siddiquee outright that he could continue to drive. Mr. Raja then handed him a business card and told Mr. Siddiquee to call him in two weeks.

Mr. Siddiquee called Mr. Raja numerous times to learn the status of his case and his calls went either unanswered or Mr. Raja stated he was too busy to talk. At some point thereafter, Mr. Siddiquee's license was suspended and he came to OATH's LIC Hearing's location to confront Mr. Raja and stood on the line for the Clerk's window to get information when Mr. Raja

approached him and told him he had handled things and that Mr. Siddiquee did not have to wait. Mr. Raja stated that he had filed the Appeal. Mr. Siddiquee believed what he was told and left OATH without seeing the Clerk.

The next morning Mr. Siddiquee attempted to log into the meter of the car he was driving and learned that his license was still suspended. The same happened the next day. He called Mr. Raja and his call(s) went unanswered. He returned to OATH's LIC Hearings location on the third day (which is February 24, 2017 based on the proof of payment). On that day he confronted Mr. Raja and Mr. Raja continued to claim he filed an Appeal. The two men went over to TLC's offices where Mr. Siddiquee learned that his license was in fact suspended and that his only option was to pay the fine if he wanted to work. He did pay the fine of $550 and Mr. Raja told him not to worry because if he won the Appeal, the fine monies would be returned. It took until the following Monday for the suspension to be lifted causing Mr. Siddiquee to lose approximately a week's work.

On November 1, 2017 Mr. Siddiquee received summons number VZ0001866 charging him with violating TLC Rule 80-72(b)(1)(iii) in that he had accumulated a combination of 6 points or more on his DMV and/or TLC license(s). The previous summons that was to have been appealed was the basis of three of those points.

On December 1, 2017 Mr. Siddiquee came to OATH's LIC Hearings location and met with employees of the Help Center about his new case and also inquired about his old case. As a result of that inquiry it became clear that no Appeal had ever been filed on the first summons despite what Mr. Raja had claimed on numerous occasions. Additionally, a review of the records of OATH's case management system for Vehicle For Hire cases known as NYSERV Taxi shows that while Mr. Raja never filed an Appeal he did appear on the case on January 27, 2017 in that the Clerk's Office handed him a copy of the decisions so he was aware of and should have known about the need to file the Appeal. The Clerk's Office made a note in NYSERV Taxi that states "TEMPLATE DECISION HAND-DELIVERED TO RIZWAN RAJA 1/27/17".


**Respondent Joseph Kwaku Adu**

On or about May 25, 2017 Joseph Kwaku Adu received a summons for allegedly running a red light on March 3, 2017. He was directed to appear at OATH's LIC Hearings location on Sept 7, 2017 for a hearing. His hearing was eventually heard on December 5, 2017 and he was found guilty and was fined $500 and was assessed three points against his TLC Driver's license.

After receiving his decision that day in the waiting room, he saw Mr. Rizwan Raja, whom he knew from prior matters and showed him the decision. Mr. Raja told Mr. Adu that the decision was wrong and that he should appeal and quoted Mr. Adu a price of $100 to file the Appeal. Later that same evening Mr. Adu met Mr. Raja at his offices and paid Mr. Raja $100 to file the Appeal.

Mr. Adu called Mr. Raja on numerous occasions and his calls were never returned.

On January 18, 2018 Mr. Adu appeared at OATH's LIC Hearings location looking for Mr. Raja and confronted him. Mr. Adu asked if Mr. Raja had filed the Appeal and Mr. Raja claimed that he had done so and that he had also e-mailed a petition to the Commissioner (this presumably is the Petition to the TLC Commissioner as referenced in OATH's Rues at 48 RCNY § 5-05). Mr. Raja also stated that to be safe and make sure that his license was not suspended that Mr. Adu should pay the assessed penalty of $400 and that when the case is overturned, he would get his money back.

On that same date Mr. Adu demanded copies of the Appeal and the e-mail Mr. Raja sent to the Commissioner. Mr. Raja did not produce those. Mr. Adu came back a few days later to OATH's LIC Hearings location, confronted Mr. Raja and demanded the Appeal and e-mail. Mr. Raja asked Mr. Adu to come to his office later that day but Mr. Adu could not. The very next day Mr. Adu came back yet again to OATH's LIC Hearings location and again confronted Mr. Raja at which time Mr. Raja took Mr. Adu out of the waiting area and down the main hallway to a different set of offices (Spaces) where he admitted he had never filed an Appeal and handed Mr. Adu a refund of $100.

Mr. Adu ultimately filed his own Appeal extension with the assistance of the Help Center and plans to file his own Appeal.

Included with this Incident Report is:

1. The previous incident report from December;
2. Affidavit of Mohammed Siddiquee;
3. Siddiquee Summons 10071948C;
4. Siddiquee Decision 10071948C;
5. Siddiquee Template Decision 10071948C;
6. Raja Business Card;
7. Sidiquee Payment of Decision;
8. Sidiquee Summons VZ0001866;
9. Sidiquee Decision VZ0001866;
10. Affidavit of Joseph Kwaku Adu;
11. Adu Summons RL0012039;
12. Adu Decision RL0012039;
13. Adu handwritten Complaint;
14. Adu Appeal Extensions;
15. OATH extension;
16. Raja Registration Form;
17. Raja Identification.

Ms. Raja has violated 48 RCNY § 6-23(d) by misrepresenting himself as a lawyer. He has also violated 48 RCNY § 6-23(e) on two occasions in that he failed to exercise due diligence in preparing paperwork; to wit, the two Appeals he was paid to file but never did.

It is my opinion that both Mr. Raja and his company Riz Raja Professional Services Inc. (which he shortens to Riz Raja Pro Ser Inc. on his registration form) should be summarily and permanently barred from practicing before OATH pursuant to 48 RCNY § 6-25(d)(1) because Mr. Raja and by association his company lacks honesty and integrity and that lack of honesty and integrity adversely affects his practice before OATH. In these two instances as well as the one filed with OATH's General Counsel that is dated December 5, 2017 Mr. Raja took money from clients to perform services and never performed those services. In two out of the three instances his failure to do what he was paid to do had a direct adverse effect on the respondents in that their licenses were suspended and they were unable to work, lost money and ultimately received additional summonses. Mr. Adu was lucky in this regard in that his constant confrontations at least created a situation where he paid his fines before his license was suspended albeit after being lied to.

There is a clear and consistent pattern with Mr. Raja; he takes payment to file Appeals, never files them, fails to return calls, lies when confronted with the facts and ultimately leaves drivers in a worse position than when he met them. He has been given ample opportunities to tell the truth and despite those opportunities continues to be dishonest.

Kieran P. Holohan