# DANIEL L. ACKMAN

## ATTORNEY AT LAW

_____

222 BROADWAY, 19TH FLOOR  ○  NEW YORK, NY 10038
TEL: 917-282-8178
E-MAIL: dan@danackmanlaw.com

March 14, 2019

John W. Burns
First Deputy Commissioner
NYC Office of Administrative Trials and Hearings
100 Church Street, 12th Floor
New York, NY 10007

Re: Rizwan Raja

Sir:

This letter and the accompanying declarations and exhibits are in response to your letter dated February 28 (but e-mailed on March 1 and mailed a day or so later) summarily suspending Rizwan Raja from serving as a representative at the hearings division at the Office of Administrative Trials and Hearings (the summary suspension or SS letter).

## INITIAL MATTERS

**First**, the summary suspension of Mr. Raja's license is unwarranted and unconstitutional. As you may not know, Mr. Raja has been providing excellent representation for taxi driver at OATH and at its predecessor tribunal for 14 years. Even if he charges in the summary suspension letter were accurate (and none of them are) you allege no immediate threat from Mr. Raja's practice that would justify ignoring the general rule that "[I]ndividuals must receive notice and an opportunity to be heard before the Government deprives them of property." _United States v. James Daniel Good Real Prop._, 510 U.S. 43, 48 (1993); _see also El Boutary v. City of New York_, 2018 WL 6814370, 18-CV-3996 (ARR) E.D.N.Y. 2018) (taxi driver's license); _Harrell v. City of New York_, 138 F.Supp. 3d 479, 488 (S.D.N.Y. 2015) (applying general rule to the TLC's warrantless seizure of vehicles); _Padberg v. McGrath-McKechnie_, 203 F.Supp.2d 261, 276 (E.D.N.Y. 2002), aff'd 60 Fed. Appx. 861 (2d. Cir.), cert. denied, 540 U.S. 967 (2003) (taxi driver's license).

In case where exceptions to the general rule have been allowed, there is invariably strong evidence that the suspension is merited and some threat that precipitous action is necessary. Here there is neither. While the OATH rules purport to permit summary suspension of representatives, they do not require it every case of alleged wrongdoing. Certainly, some judgment is warranted and this draconian remedy should only be applied in extreme cases when there is a real and immediate threat to the tribunal or to respondents. No

such threat is even alleged here. Thus we demand that Mr. Raja's license be reinstated immediately pending resolution of the charges against him.

**Second**, you caused Mr. Raja's name to be included on a published list of suspended representatives, implying that he was guilty of some form of misconduct before he was adjudicated of any wrongdoing. We consider this posting libelous and demand that his name be removed from the list immediately.

**Third**, if the charges are not immediately dismissed based on this paper submission, as they should be, we demand a fair hearing before a neutral judge and the earliest possible moment. We are available to appear at such a hearing on three hour's notice. This hearing must include Mr. Raja's right to testify on his own behalf and the cross-examine his accusers, Mohammad Siddiquee, Saiful Alam, Kwaku Adu and Felix Ortiz. We demand that OATH issue subpoenas for these witnesses or otherwise secure their appearance. As the right to confront witnesses has been imbedded in American law for decades. As Chief Justice Warren, writing for the Court in *Greene v. McElroy*, stated: The right to cross-examination applies not just in criminal cases, but "also in all types of cases where administrative and regulatory actions were under scrutiny." 360 U.S. 474, 496-97 (1959). Likewise, in *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970), the Court stated, "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses."

The City Charter and OATH rules also demand the right to cross-examine. OATH Rule 6-11(a) allows "Each party … the right to present evidence, to examine and cross-examine witnesses, to make factual or legal arguments and to have other rights essential for due process and a fair and impartial hearing." The City Charter § 1046(c) demands, "All parties shall be afforded an opportunity for a hearing within a reasonable time. At the hearing the parties shall be afforded due process of law, including the opportunity to be represented by counsel, to issue subpoenas or request that a subpoena be issued, to call witnesses, to cross-examine opposing witnesses and to present oral and written arguments on the law and facts."

**Fourth**, we formally move pursuant to OATH Rule 1-27 that you recuse yourself from serving as a judge in this matter. Mr. Raja has a right to an unbiased judge, which necessarily means that you may not be both the judge and prosecutor. "[U]nder the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016). *Williams* adds: "The due process guarantee that 'no man can be a judge in his own case' would have little substance if it did not disqualify a former prosecutor from sitting in judgment of a prosecution in which he or she had made a critical decision." *Id*. at 1906. Certainly, it would be even more clearly impermissible for the acting prosecutor to also be the judge. The same rule governs as matter of New York common law. "[O]ne who has appeared, even if it be in form only, as counsel in the prosecution of legal charges" may not later adjudicate that very dispute. *Beer Garden, Inc. v. New York State Liquor Auth.*, 79 N.Y.2d 266, 277-78 (1992). Moreover, "[A]s a matter of propriety … administrative officers should recuse themselves in situations where

Case 1:19-cv-01328-AMD-RER   Document 23-6   Filed 06/11/19   Page 3 of 38 PageID #: 299

prior involvement creates an appearance of partiality. Fundamental fairness requires at least that one who participates in a case on behalf of any party, whether actively or merely formally by being on pleadings or briefs, take no part in the decision of that case by any tribunal on which [that person] may thereafter sit." *Id*. at 278-79.

**Fifth,** if the charges are not dismissed and a hearing is scheduled, we demand, pursuant to OATH Rule 1-33, production of the original notes taken by the drafters of the statements by Mr. Siddiquee, Mr. Alam and Mr. Adu, all of which are included as exhibits to the summary suspension letter.

**Sixth,** OATH has—before the charges could be rebutted or proved—already included Mr. Raja's name on a list of suspended or barred representatives. This publication implies that Mr. Raja is guilty of wrongdoing and is defamatory. According, we demand that Mr. Raja's name be removed from this list immediately.

## THE MERITS OF THE ALLEGATIONS

### Rizwan Raja, His Practice and the OATH-TL Tribunal

By way of background, Rizwan Raja, 47, was born and raised in Pakistan. After earning degrees in both law and accounting, he immigrated to the United States in 1996 and gained his United States citizenship in 2002. Mr. Raja speaks Urdu, Hindi and Punjabi as well as English. Declaration of Rizwan Raja (RRD) ¶¶ 2, 5. This ability benefits his taxi driver clients, as more than 45 percent of yellow taxi drivers were born in South Asia. TLC 2018 Taxicab Factbook at 15.[1] In addition to serving his clients, since 1998, Mr. Raja has served on the organizing committee of the New York Taxi Workers Alliance (NYTWA), an advocacy group for yellow cab, green car, black car, livery and app-dispatched drivers. RRD ¶ 6. Prior to his career as a registered representative, Mr. Raja worked for the Bank of New York, for MetroPlus, an HMO company, and as a yellow taxi driver. RRD ¶ 7. He supports his family, which includes his wife and four children, the oldest of which is in college.

The rules governing TLC drivers, while meant to be in plain English, are fairly voluminous. Chapter 80 of the TLC Rules, which pertains to taxi and for-hire vehicle drivers, combines the previous chapters 54 and 55 and extends to 62 pages. Chapter 58, which covers the obtaining of taxicab license and rules for operating a taxicab, is 108 pages. Chapter 68, which pertains to adjudications, suspensions, revocations and the seizure of unlicensed vehicles, is 23 pages long. The TLC rules also contain an additional 18 chapters, though mostly not pertinent to the daily operations of taxi drivers. There are also NYC Administrative Code provisions that govern taxi drivers. And there are Code provisions and rules that govern non-TLC drivers who engage in unlicensed activities. *See, e.g.*, NYC Code § 19-506.  The penalties for violating TLC rules can be substantial. Fines can be as much as $10,000. Some violations may also result in "points" and a driver who accumulates ten or more points within a 15-month period may have his or her license revoked.

---

[1] The Factbook is published by the TLC in 2018 and is available on the TLC website at https://www1.nyc.gov/assets/tlc/downloads/pdf/2018_tlc_factbook.pdf.

Given the high stakes and the complexity of regulatory framework, competent experienced representation is often critical. There is no doubt that Mr. Raja fills that need. Mr. Raja became a registered (or industry) representative at the TLC Tribunal in 2005.[2] In order to be qualified as a representative at that time, applicants were required to sit for and pass an examination, demonstrating their knowledge of TLC rules and procedures. Approximately 18 applicants sat for the exam along with Mr. Raja. Just three passed. RRD ¶ 8; Ex. 3.[3] Just since 2010, Mr. Raja has handled 20,000 cases. To be sure, only a minority of these cases results in hearings with the rest being resolved by settlement. RRD ¶ 18. About 70% of Mr. Raja's cases come from referrals by NYTWA, whose members pay Mr. Raja a discounted fee. RRD ¶ 19. In addition to hearings, Mr. Raja submits appeals, which tend to be brief, written arguments submitted through the tribunal website. RRD ¶ 20.

Mr. Raja's abilities are respected by the tribunal's judges and by colleagues, who know him as competent, knowledgeable, honest and composed. *See* Declarations of Isaac Godinger and Bhairavi Desai. Ms. Desai is the Executive Director of the New York Taxi Workers Alliance, which has arranged for Mr. Raja to represent its members. Ms Desai states, "Our members are extremely appreciative of Mr. Raja's services." Many praise him. Ms. Desai adds, "While there are others who serve as representatives in the TLC-OATH Tribunal, I believe that few, if any, have the experience and knowledge to match Mr. Raja's. If Mr. Raja's license to practice is suspended, it will … harm the interests of our members and the interests of other drivers who rely on his services."

Mr. Godinger, a lawyer with 45 years experience who practices at OATH and in many courts adds: "I have often referred clients to [Mr. Raja], or had him assist me in their representation, when I was unable to appear at the TLC-OATH Tribunal. I have never heard any of them complain about his services." Mr. Godinger adds:

> In my view, Mr. Raja is very well respected by lawyers who appear at the Tribunal, as well as by his fellow TLC representatives and by Tribunal judges. Certainly,  I view him as an honest, knowledgeable and skilled advocate for drivers. The Tribunal is a very stressful environment in which a lawyer or representative might have ten or more cases and several hearings in one day. Still Mr. Raja almost always maintains his composure.  I have never seen him solicit clients or seek an unfair advantage. I have never heard anyone claim hat Mr. Raja is dishonest or lacks integrity. If his right to practice were to be suspended, it is my understanding that it would do substantial harm not just to him and his family, but to the respondents he represents at the TLC-OATH Tribunal.

---

[2] The TLC Tribunal was transferred to OATH in 2011 by Executive Order 148. Available at http://www.nyc.gov/html/ajc/downloads/pdf/eo_148.pdf.

[3] Exhibits are to the declaration of Rizwan Raja, sworn to on March 14, 2019.

His clients take the same view. Two of those clients, Saif Khan and Faisal Butt have submitted declarations attesting to the value of Mr. Raja's services. Both state that they have referred multiple drivers to Mr. Raja and that those they have referred are also appreciative of Mr. Raja's services. Both also state that none of the referred clients have questioned his honesty, integrity or competence. It is with this context in mind that he charges against him must be considered.

## THE ALLEGATIONS

The summary suspension letter (SS Letter) makes five allegations:

1. That Mr. Raja failed to Register as a Representative for calendar year 2016 in violation of OATH Rule 6-23(b );

2. That Mr. Raja misrepresented his qualifications so as to mislead a Respondent into believing he was an attorney, in violation of OATH Rule 6-23(d);

3. That Mr. Raja appropriated money under false pretenses on three occasions, evincing a lack of honesty and integrity that adversely affects his practice before the Tribunal in violation of OATH Rule 6-25(d)(l);

4. That Mr. Raja submitted a false statement to the Tribunal that you knew, or reasonably should have known, to be false, fraudulent or misleading, in violation of OATH Rule 6-25(a)(9); and

5. That Mr. Raja engaged in disruptive verbal conduct violation of OATH Rule 6-25(a)(2).

The first, fourth and fifth allegations can be dismissed out of hand. Mr. Raja did register for 2016. His registration form is Exhibit 4. Moreover, he appeared in thousands of cases that year and no one protested that he was not registered.  Charge 5 is supported by a statement that Mr. Raja uttering a profanity under his breath, not during a proceeding or in a courtroom, but in a waiting area while walking away from a clerk's desk. SS Letter at 3. Here, even if the facts alleged are true, there is no violation of Rule 6-25(a)(2). That rule prohibits a witness, party, representative or attorney from "Engag[ing] in any disruptive verbal conduct, action or gesture that a reasonable person would believe shows contempt or disrespect for the proceedings or that a reasonable person would believe to be intimidating." Mr. Raja's remark, made under his breath, was not during, in or about a proceeding. While perhaps rude and regrettable, it was uttered in a waiting area and concerned difficulties with a clerical staff member. RRD ¶ 24. It did not disrupt a proceeding (or any other operation) of the tribunal. The allegation is defective on its face. Last, the SS Letter contains no support for of evidence concerning Charge 4. That OATH would even make such allegations demonstrates carelessness, even recklessness.

Charges two and three rest on affirmations by Mr. Raja's former clients, which are legally deficient and factually false. The complainant's key assertions are belied not just by Mr. Raja's contrary statements, but by documentary proof. Here, cross-examination may be

helpful. But even if the affiant's testimony turns out to be credible, the facts asserted do not amount to "appropriation" or a violation of Rule 6-25(d)(l).

Charge 2, that Mr. Raja misrepresented his credentials, is baseless. The affiant who charges that Mr. Raja said he was a lawyer, Mohammad Siddiquee, describes a brief initial encounter where he saw Mr. Raja advising clients. In all likelihood, Mr. Siddiquee was unfamiliar with the distinction between a lawyer and a representative and assumed Mr. Raja was the former. Moreover, Mr. Siddiquee also says that Mr. Raja gave him his business card. That card identifies Mr. Raja as an industry representative. Ex. 5. It is also quite possible that Siddiquee simply misremembers the conversation as he says it occurred in November 2016 when he met Mr. Raja for the first time, though his affirmation is dated January 19, 2018, over a year later. Last, though Raja has advised thousands of clients, just one has claimed that Raja called himself a lawyer. Why would Raja do so on one occasion and never again or before. Mr. Raja never called himself a lawyer. RRD ¶ 26. The charge makes no sense.

The charges that Mr. Raja misappropriated funds are based on affirmations by former clients that he accepted money (a total of $350) to file three appeals that he did not file. These actions are alleged to be in violation of OATH Rule 6-25(d)(1), which does not pertain to the appropriation of funds or the filing of appeals. The rule does claim to permit summary suspension or a bar of a representative "upon a determination that the representative lacks honesty and integrity and that the lack of honesty and integrity will adversely affect his or her practice before the Tribunal."

In any event, Mr. Raja did not "appropriate" any client's funds in the sense that he took funds without permission. *See* Black's Law Dictionary definition of "Appropriation" [10th Ed 2014]. In two cases, his clients willingly gave him funds in exchange for a service. In the other case, there was no payment at all.

In Mr. Siddiquee's case, Mr. Raja did discuss his filing of an appeal for a violation that had already been adjudicated and quoted him a fee. But Siddiquee never paid the agreed fee so Mr. Raja did not prepare the appeal. (It often happens that a driver will discuss a case with one representative of attorney only to change his mind and hire other counsel or no counsel.) RRD ¶ 29. Mr. Raja's contemporaneous notes (Ex. 6) and a review of his bank records confirm Mr. Raja's recollection of this event. RRD ¶ 30.

Concerning Saiful Alam, Mr. Raja did agree to file the appeal.[4] He took the first step, which was to order an audiotape of the hearing at which Mr. Raja did not appear. For reasons unknown, the audiotape was delayed. Until that time, the tribunal's practice had been to permit a late filing of the appeal when the audiotape had been ordered but not produced. In this event, however, the court refused to permit a late filing. To make good on the fee that Alam paid, Mr. Raja offered to appear in two new matters free of charge, which he did. RRD ¶ 31-34.

---

[4] The charging letter claims that Mr. Raja was paid $150, but in the next sentence says his fee was $100. Alam's affirmation says the fee was $150.

In Kwaku Adu's case, the driver had been cited for running a red light based on evidence from a red light camera. *See* Ex. 7. In such cases, vehicle owners are served summonses by the Department of Transportation/Parking Violations Bureau. TLC-licensed drivers (even if not the owner) may also be cited by the TLC. Where the driver was also the vehicle owner, the TLC OATH appeals tribunal had been dismissing such summonses on double jeopardy grounds. Thus Mr. Raja's practice was to check whether the respondent was the owner of the vehicle in question. When he checked with the OATH clerk, he was told that Mr. Adu did not own the vehicle. RRD ¶¶ 35-36. Under these circumstances, there was no viable appeal. Mr. Raja's contemporaneous note states: "Not an owner driver. Appeal can't be filed." Ex. 6.

Moreover, Mr. Raja did not "appropriate" the fee. He returned it, as Mr. Adu himself states in paragraph 12 of his affirmation and which is reflected in Mr. Raja's notes. Returning the money itself defeats any misappropriation charge. Nor did Mr. Raja take "eight months" to do so as the summary suspension letter alleges. According to Mr. Adu, Mr. Raja accepted the fee in December on 2017 and returned it the following month, January 2018. Adu Aff. ¶¶ 7-11. At most, the affirmation alleges neglect or breach of contract. But in reality, Mr. Raja did nothing wrong. He was under no obligation to file what would have been a frivolous appeal.

Not filing and returning the fee was a correct and honest course of action. Every representative (like every lawyer) makes mistakes, but not every mistake is dishonest. Perhaps Mr. Raja made a mistake and should have informed Mr. Adu that he had no tenable appeal argument sooner. But he did not "misappropriate" funds and there is no evidence that Mr. Raja was dishonest. In short, in the Adu and Saiful cases, there is no violation even if the facts alleged are true.

Beyond the factual inaccuracies underlying the "appropriation" charges, the summary suspension letter does not alleged that Mr. Raja's claimed dishonesty "will adversely affect his … practice before the Tribunal," which is an additional predicate for a Rule 6-25(d)(1) violation. At most, the charging letter claims neglect or a mistake, not a lack of integrity. And it does not allege that these mistakes were systemic or pervasive or even repeated as to adversely affect his practice. To the contrary, Mr. Raja appeared in thousands of cases since the alleged events in question and there is no claim that he failed to perform his duties well, indeed admirably.

For all these reasons, Mr. Raja should be reinstated immediately and the charges against him should be dismissed.

Yours truly,

/s/

Daniel L. Ackman

Encls.

**DECLARATION OF RIZWAN RAJA**

RIZWAN RAJA declares pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct:

1.      I submit this declaration opposition to the allegations of misconduct made by letter dated February 28, 2019 from OATH First Deputy Commissioner John W. Burns.

2.      By way of background, I am 47 years old and a resident of Nassau County. I was born and raised in Pakistan. After earning degrees in both law and accounting, I immigrated to the United States in 1996 and gained my United States citizenship in 2002.

3.      I am currently employed at a registered representative (sometimes called an industry representative) in OATH-Taxi and Limousine Tribunal (the tribunal), where I specialize in representing taxi drivers and other for-hire vehicle drivers. I have served as registered (or industry) representative for 14 years.

4.      I am the sole breadwinner for his wife and four children, the oldest of who is in college.

5.      I speak Urdu, Hindi and Punjabi as well as English. This ability benefits my taxi driver clients, as more than 45 percent of yellow taxi drivers were born in South Asia. TLC 2018 Taxicab Factbook at 15.

6.      In addition to serving my clients, since 1998, I have served on the organizing committee of the New York Taxi Workers Alliance (NYTWA), an advocacy group for yellow cab, green car, black car, livery and app-dispatched drivers..

7.      Prior to my career as an registered representative, I worked for the Bank of New York, for MetroPlus, an HMO company, and as a yellow taxi driver.

8.      I became a registered representative at the TLC Tribunal in 2005.  In order to be named a representative at that time, applicants were required to sit for and pass an examination,

1

demonstrating their knowledge of TLC rules and procedures. Approximately 18 applicants sat for the exam along with me. Just three passed. Ex. 3.

9.    Though representatives are not lawyers, they may appear for clients in what is now known as the OATH TLC Tribunal.

10.    The rules governing TLC drivers, while meant to be in plain English, are fairly voluminous. Chapter 80 of the TLC Rules, which pertains to taxi and for-hire vehicle drivers, combines the previous chapters 54 and 55 and extends to 62 pages. Chapter 58, which covers the obtaining of taxicab license and rules for operating a taxicab, is 108 pages. Chapter 68, which pertains to adjudications, suspensions, revocations and the seizure of unlicensed vehicles, is 23 pages long. There are also NYC Administrative Code provisions that govern taxi drivers. And there are Code provisions and rules that govern non-TLC drivers who engage in unlicensed activities.

11.    The penalties for violating TLC rules can be substantial. To cite a few examples, mandatory fines for refusing service range from $350-$1000. TLC Rule 80-02(e). Fines for overcharging a passenger less than $10 are in the same range. But if the overcharge exceeds $10, the driver's license will be revoked. TLC Rule 80-02(e)(1). Bribery or failure to report bribery can result in a $10,000 fine and revocation of a license. TLC Rule 80-12(e). "Acts Against the Public Interest" can merit a fine of up to $350 plus a suspension of up to 30 days. TLC Rule 80-12(d). Reckless driving can result in a fine of $350-$1000. TLC Rule 80-14(a). Using a cell phone can lead to a $350 fine (or $250 if the drive pleads guilty. TLC Rule 80-14(e). Failing to "comply with all reasonable and lawful routing requests of the Passenger" can result in a $150 fine (or $100 if the driver pleads guilty). TLC Rule 80-16.

12.     There are, of course, many other rules covering all aspects of driving a taxi and serving passengers. In addition, TLC courts may adjudicate traffic law violations, which can result in fines plus "points" on a license. TLC Rule 80-13.

13.     Beyond individual rules, the TLC Rules impose additional penalties on drivers for accumulating points based on individual violations. A driver who accumulates ten or more points within a 15-month period may have his or her license revoked. Application of this Rule can be complicated in that "When determining whether a suspension or revocation is required based on the accumulation of points in a 15-month period, the Commission will count backwards 15 months from the date of the most recent conviction for the violation carrying points that is cited in the summons under this section." TLC Rule 80-17.

14.     At least 15 separate rules in Chapter 80 alone can lead to revocation. More than 25 rules permit suspension of a license. In addition to the rules, there is case law by OATH judges and TLC-OATH judges that is made available through searchable online databases maintained by OATH and the Center for New York City Law.

15.     Taxi driver respondents at the tribunal may appear without counsel. But given the complexity of the rules, the magnitude of the fines and the possibility of suspension or revocation, many seek assistance.

16.     If they retain counsel, either a lawyer or an registered representative, they must do so at their own expense. A large majority of the persons who regularly appear in the tribunal are representatives, not lawyers.

17.     Most taxi drivers are first generation immigrants, whose first language is likely not English.

18.     Since 2010, I have handled 20,000 cases, which I know because I track every case on a ticketing management system, which tracks former clients and their prior cases and results. To be sure, only a minority of these cases results in hearings with the rest being resolved by settlement.

19.     About 70% of my cases come from referrals by NYTWA, whose members pay me a discounted fee.

20.     In addition to hearings, I submits appeals, which tend to be brief, written arguments submitted through the tribunal website. Some of these appeals are on cases where I conducted the hearing. Other appeals are in matters where I did not appear at the hearing phase, but am able to review what occurred at the hearing by listening to audiotapes that the tribunal makes available.

### The Charges and the Summary Suspension

21.     Throughout my entire career, I had never been accused of misconduct of any kind until I received an e-mail from OATH Assistant General Counsel Timothy Jones on March 1.

22.     The summary suspension that OATH would impose on me is open-ended as there is no time limit in the OATH rules for ALJ Burns to decide whether any additional suspension is warranted (or whether the summary suspension itself was proper).

23.     The charges against me are false.

24.     The summary suspension letter, which was attached to the e-mail, accuses me of not registering as a representative for calendar year 2016. In fact, I did register. My registration form for that that calendar year, signed by me on December 21, 2015 is attached as Ex. 4.

25.     ALJ Burns accuses me with violating OATH Rule 6-25(a)(2) by using a vulgar term in a moment of frustration to describe a clerk with whom he had a difficult relationship. This remark was not made to the clerk, but was allegedly in earshot of another tribunal

4

employee. I recall making this remark under my breath, not to the clerk and I did not intend it to

be overheard (though apparently it was). It was not during, in or about a proceeding. The remark,

while perhaps rude and regrettable, was uttered in a waiting area and concerned difficulties with

a clerical staff member. It did not disrupt a proceeding (or any other operation) of the tribunal.

26.     The charge that I misrepresented my credentials is equally baseless. The affiant

Mohammad Siddiquee, who makes that claim also says that I gave him my business card. That

card identifies me as an industry representative, not a lawyer. Ex. 5.

27.     I never called myself a lawyer or introduced myself a lawyer.

28.     It is, of course, quite possible that Siddiquee simply misremembers the

conversation as he says it occurred in November 2016 when he met me for the first time, though

his affirmation is dated January 19, 2018, over a year later. Siddiquee also says that I was

interacting with other drivers. Perhaps Siddiquee simply assumed I was a lawyer because he saw

me advising clients.

29.     The charges that I misappropriated funds are based on affirmations by former

clients that I accepted money to file three appeals that I did not file. These charges are false as I

did not appropriate any client's funds.

30.     In Siddiquee's case, I did discuss his filing of an appeal for a violation that had

already been adjudicated and quoted him a fee. But as I recall and as my notes indicate,

Siddiquee never paid the agreed fee so I did not prepare the appeal. (It often happens that a

driver will discuss a case with one representative of attorney only to change his mind and hire

other counsel or no counsel.) A copy of my notes concerning my interaction with Siddiquee and

indicating that there was no payment is attached as Exhibit 6. In order to triple check these facts,

I reviewed by bank records both online and at a branch. Those records show no deposit of Siddiquee's check.

31.     Concerning Saiful Alam, I did agree to file the appeal, but I was not able to do so due to a sudden change in the appeals tribunal practice.

32.     I took the first step, which was to order an audiotape of the hearing at which I did not appear. For reasons unknown, the audiotape was delayed.

33.     Until that time, the tribunal's practice had been to permit a late filing of the appeal when the audiotape had been ordered but not produced. In this event, however, the court refused to permit a late filing.

34.     To make good on the fee that Alam paid, I offered to appear in two new matters free of charge, which I did.

35.     In Kwaku Adu's case, the driver had been cited for running a red light based as shown by on a red light camera. *See* Ex. 7.

36.     In such cases, vehicle owners are served summonses by the Department of Transportation / Parking Violations Bureau. TLC-licensed drivers (even if not the owner) may also be cited by the TLC. Where the driver is the vehicle owner, the TLC OATH appeals tribunal had been dismissing such summonses on double jeopardy grounds. Thus my practice was to check whether the respondent was the owner of the vehicle in question. When I checked with the OATH clerk, I was told that Mr. Adu did not own the vehicle, which meant there was no viable ground for an appeal. Thus, my contemporaneous note states: "Not an owner driver. Appeal can't be filed." Ex. 6. Moreover, I did not "appropriate" the fee. I returned it, as Mr. Adu himself states in paragraph 12 of his affirmation and which is reflected in my notes. Returning the money

itself defeats any misappropriation charge. Nor did I take "eight months" to do so as the summary suspension letter alleges. According to Mr. Adu, I accepted the fee in December on 2017 and returned it the following month. Adu Aff. ¶¶ 7-11. I believe I did nothing wrong in this case as it would have been improper to file what appeared to be a frivolous appeal.

37.     Beyond the factual inaccuracies underlying the "appropriation" charges, the summary suspension letter does not alleged that my claimed dishonesty will adversely affect my practice before the tribunal. At most, the charging letter claims neglect or a mistake, not a lack of integrity. And it does not allege that these mistakes were intentional, pervasive or even repeated. I did not misappropriate funds and any mistake I may have made was not caused by dishonesty.

38.     Finally, the suspension letter's allegation that I submitted a "false statement to the Tribunal," Ex. 2 at 2, is not supported by any statement or evidence of any kind.

I, Rizwan Raja, affirm under penalty of perjury that the foregoing facts are true. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the NYS Penal Law.

Dated: Queens, NY
        March 14, 2019

Rizwan Raja

**EXHIBIT 3**



**NEW YORK CITY
TAXI & LIMOUSINE
COMMISSION**

**Adjudications Division**
32-02 Queens Boulevard, 3rd Floor
Long Island City, New York 11101-2324
Tel: 212.227.6324, Fax: 212.676.1206

Matthew W. Daus, Commissioner/Chair

TO:         ALL STAFF & ALJ'S

FROM:      Peter V. Tumminelli
           *Assistant Commissioner, Adjudications*

DATE:       September 9, 2005

SUBJECT:  **NEW INDUSTRY REPRESENTATIVES**

Effective immediately the following individuals listed below have been approved to be Industry Representative.

1.    **Sandra Rojas**

2.    **Raja Rizwan**

3.    **Oka Chukwuma Imo**

**EXHIBIT 4**



## OATH

# OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
*Hearings Division*

Hearings Division
31-00 47 Avenue, 3rd Floor
Long Island City, NY 11101

# REPRESENTATIVE REGISTRATION FORM
## Calendar Year 2016

You must register with OATH if you represent more than one respondent in any calendar year (unless you are an attorney or family member).
You must re-register every year.

Last Name: _RAJA_   First Name: _Rizwan_

Company Name (if applicable): _Riz Raja Professional Services Inc_

Street Address (No P.O. Box): _31-10 37 Av #300_  City _LIC_  State _NY_  Zip Code: _11101_

Telephone Number: _917-865-9788_   Cell Phone Number: _917-865-9788_

Email Address: _rizrajapro@gmail.com_   Fax Number: _718-391-0169_

1. Registrant must provide photo ID with registration application.

2. Pursuant to 48 RCNY 5-15, registrant is required to notify the OATH Hearings Division within ten business days of any changes to the information provided on this registration form.

3. Registrant is required to renew registration, annually, by January 15th of each year.

4. By initialing, registrant acknowledges receipt of a copy of   **Registrant's Initials** _RR_
the Procedural Rules contained in 48 RCNY Chapter .

5. Whenever registrant appears at the OATH Hearings Division on behalf of a client, registrant must submit a completed *Authorization For Registered Representative To Appear* form for the summons/notice on which the registrant is appearing.

6. OATH may inform the public, in any manner it chooses, of all representatives suspended and/or barred from appearing at any OATH tribunal.

I, _Rizwan Raja_ , certify that I will only appear on a notice or summons when I have the written authorization of the named respondent to appear for that purpose. I further certify that I have reviewed and understand the requirements of 48 RCNY 5-15 and the prohibited conduct in 48 RCNY 5-16 and I agree that I will comply with all provisions of the Procedural Rules contained in 48 RCNY Chapter 5 and all other rules and regulations pertaining to my representation of respondents at the OATH Hearings Division. I understand that failure to comply with these rules and regulations may result in suspension or revocation of my registration and the right to represent parties at the OATH Hearings Division.

Furthermore, I have been warned that willful false statements and the like are punishable by fine or imprisonment, or both, under New York Penal Law Section 175.30. Further, such willful false statements and the like may jeopardize the validity of the registration resulting therefrom. I declare that all statements made of my knowledge are true, and all statements made on information and belief are believed to be true.

_Signature_   _12 / 21 / 2015_   *Date*

### For office use only

ID Type: _____   ID No.: _____   Date Rules Provided: _12/22/15_   *Initials* _DM_

Registration No.: _____   Reception Supvr/Clerk: _____

HD?? rev. 12/1/15

EXH. 4

**EXHIBIT 5**



RIZWAN RAJA
Industry Representative
Cell. 917-865-9788
rizrajapro@gmail.com
Off. 718-361-1964
Fax 718-361-1839

31-10  37th Av
suite # 300
LIC, NY, 11101

RIZ RAJA PROFESSIONAL SERVICE INC.
Keeping your license safe

**EXHIBIT 6**

3/11/2019

© 2017 Rizwan Raja TLC Representative

| Ticket # | License # | First Name | Last Name | Hearing Date | Paid | Notes | Vlications | Results | Cell Phone | Home Pho |
|---|---|---|---|---|---|---|---|---|---|---|
| 71860904A | 5543443 | Saiful | Alam | 11/15/2017 - 11:0 | No | Osa250 no pts | 59a-11b1 | Osa250 no pts | 914-670-1224 | |

EXH. 6

| Ticket # | License # | First Name | Last Name | Hearing Date | Paid | Notes | Viloations | Results | Cell Phone | Home P |
|---|---|---|---|---|---|---|---|---|---|---|
| 71860903A | 5493277 | SAIFUL | ALAM | 2/15/2018 - 9:40 | No | Osa750 no pts | 19-506b1 | Osa750 no pts | 914-670-1224 | Poa |
| 72080622A | 5493277 | SAIFUL | ALAM | 6/21/2017 - 13:0 | Yes | request for an audio as of 5/11/2017 | 80-19c2 | needs to do a appeal | 914-670-1224 | Poa |
| PA244698 | 5493277 | SAIFUL | ALAM | 2/23/2015 - 14:0 | No | JIR C/AJ | 54-13a3 | | 914-670-1224 | Poa |

© 2017 Rizwan Raja TLC Representative

| Ticket # | License # | First Name | Last Name | Hearing Date | Paid | Notes | Viloations | Results | Cell Phone | Home P |
|----------|-----------|------------|-----------|--------------|------|-------|------------|---------|-----------|--------|
| RL0012039 | 5702640 | Kwaku | Adu | 12/5/2017 - 13:0 | Yes | Not an owner driver. Appeal can't be filed. | 80-13a3vii | Fee returned. | 646-753-4689 | |

© 2017 Rizwan Raja TLC Representative

3/11/2019

rizraja.sytes.net/#/mytickets

| Ticket # | License # | First Name | Last Name | Hearing Date | Paid | Notes | Viloations | Results | Cell Phone | Home |
|----------|-----------|------------|-----------|--------------|------|-------|------------|---------|------------|------|
| 10071948C | 5680352 | Mohammad, M | Siddiquee | 11/9/2016 - 14:0 | No | Cgh400, 3pts +OGD150 (need to file an appeal befor | 54-13a3xiv, 54-16a | | 646-399-0711 | |

© 2017 Rizwan Raja TLC Representative

**EXHIBIT 7**

**SUMMONS • FOR CIVIL PENALTIES ONLY**

**NYC**
**Taxi & Limousine**
**Commission**

## SUMMONS NUMBER: RL0012039

**ENFORCEMENT AGENCY:** Taxi & Limousine Commission **Division:** Prosecution

**Agency Address:** 31-00 47th Ave, 3rd Floor, Long Island City, 11101     **Phone Number:** 212-676-1046

| | | | |
|---|---|---|---|
| **RESPONDENT:** | ADU,JOSEPH,KWAKU | **TLC License No:** | 5702640 |
| **Mailing Address:** | 775 CONCOURSE E 12M BRONX, NY, 10451 | **Cell Phone:** | |

**Date and Time Of Occurrence:** 3/3/2017 11:32 AM
**Place of Occurrence:** 33 Beaver St, New York, NY          **Borough of Occurrence:** Manhattan

You must respond to this Summons. You can appear at the hearing date and location below or choose another option. For other options on how to respond, see the back of this page.

### HEARING DATE: 9/7/2017 AT: 10:15 AM
### HEARING LOCATION: Office of Administrative Trials & Hearings
### 31-00 47th Ave., 3rd Floor, Long Island City, NY 11101

#### Refer to the Summons number above on all communications

**Warning:** If you do not respond the City of New York will decide the Summons against you and impose penalties. If you do not pay any imposed civil penalty, the City could deny an application for, suspend, terminate, or revoke any City license, permit or registration that you have. The City may also enter a judgment against you in court.

**Details of Violation(s)**

The NYC Taxi & Limousine Commission charges you with a violation of the TLC Rules (Title 35 of RCNY):
Issuance Date: 5/25/2017

| Rule # | Penalty | Description |
|---|---|---|
| 80-13(a)(3)(vii) | $300 if plead guilty before a hearing; $400 if found guilty following a hearing. Points: 3 | Drivers of Taxicabs, For-Hire Vehicles and Street Hail Liveries (including any authorized Driver of a Paratransit Vehicle while driving a Street Hail Livery) are subject to fines and penalties that will be imposed by the Commission for violating the Laws, rules or regulations governing moving vehicles that involve traffic signal violations. |

On 3/3/17 11:32 AM at the intersection of NB OCEAN PKWY @ AVENUE I, you were the driver of TLC licensed vehicle with license plate and you did not stop for the red light at the stop line, or before entering the crosswalk in violation of section 1111(d) of the Vehicle and Traffic Law. This information is based on an affidavit from the affiliated Base. and a report provided to the TLC by the New York City Department of Transportation, including the attached photos.

NYC Charter Section 1048 and the Rules of the City of New York authorize the NYC Office of Administrative Trials and Hearings (OATH) to hold hearings.

I, an employee of the agency named above, affirm under penalty of perjury that I inserted a true copy of this Summons into an envelope addressed to the named respondent at the last mailing address filed with the Commission and placed in an agency mail receptacle for mail room staff to pick up. It is the regular course of business for a member of the mail room to deposit agency mail in an official United States Postal Service receptacle within two business days of the date below.

_____
**Name/ID:** Aworo, Tolulope          **Date:** 5/25/2017          **Rank/Title:** Prosecution Representative

EXHIBIT 7

**NYC**

**Taxi & Limousine
Commission**

SUMMONS • FOR CIVIL PENALTIES ONLY

## IMPORTANT INFORMATION

The Taxi & Limousine Commission charged you with the violation(s) listed on the other side of this page. If the front of this page says you "must appear in person," then you must go to the hearing, unless the Taxi & Limousine Commission says you can enter a stipulation or settlement agreement. To accept the stipulation or settlement agreement, follow the instructions in the letter that the Taxi & Limousine Commission will mail you. If you want somebody else to go the hearing and speak for you, you may give them permission to go. See the front of this page for the date, time and location of your hearing.

If the front of this page does not say that you must appear and you have not received a letter from the Taxi & Limousine Commission offering you a stipulation or settlement agreement, then you have three choices. You may 1) plead guilty and pay online, 2) settle the summons, or 3) deny the charges and present a defense by going to a hearing at the independent NYC Office of Administrative Trials and Hearings.  Instructions are below.

## HOW TO RESPOND

**1. To plead guilty and pay the penalty online:**

- If a rule you have been charged with violating carries an increasing penalty and you receive violations in the future, pleading or being found guilty to this violation will count toward the calculation of the present and future penalties or you losing your license.
- Go to www.nyc.gov/lars/ and follow the instructions.
- You can pay with a credit card or debit card (a fee of 2.49% will be charged) or by E-Check.

**2. To settle this summons:**

- If a rule you have been charged with violating carries an increasing penalty and you receive violations in the future, settling this violation will count toward the calculation of the present and future penalties or you losing your license.
- Call the NYC Taxi & Limousine Commission Prosecution Division at 718-391-5584.

**3. To deny the charge and present a defense in person:**

- If you do not plead guilty or settle, the independent NYC Office of Administrative Trials and Hearings will hear and decide your case.
- You or an authorized representative may go on the hearing date at the time and location indicated on the other side of this page.
- Please be fully prepared and bring this paper and all paperwork and other evidence you want to use to defend yourself with you.
- If you need help with English, free language help will be provided.
- **Reasonable Accommodation:** If you have a disability and require a reasonable accommodation for the hearing, call 1-844-628-4692.

**If you do not pay the penalty or go to your hearing, the City may add additional penalties to the penalty listed on the other side of this page.**

**Note:** You have the right to be informed of the maximum penalty. If no maximum penalty is shown on the front of this page, ask in person at any location below or call 1-844-628-4692. Higher penalties may be imposed for each repeated violation up to the maximum penalty allowed.



**Meera Joshi** – Commissioner
31-00 47th Avenue, 3rd Floor
Long Island City, NY 11101
**(718) 391-5501** tel

**Taxi & Limousine
Commission**

ADU,JOSEPH,KWA
KU
775 CONCOURSE E
12M
BRONX NY 10451

04/07/2017

Driver License Number 5702640

Vehicle Plate Number T709312C

### Red Light Violation









| TLC_driver_lic | License_plate | Dispatching_base_num | Pickup_date | Pickup_time | Affiliated_base_num | Pickup_location | Pickup_long | Pickup_lat | Dropoff_location | Dropoff_long | Dropoff_lat |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5702640 | T709312C | B02866 | 3/3/2017 8:00:18 AM | | B02866 | | -73.938504 | 40.8009925 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 8:19:42 AM | | B02866 | | -73.9313522 | 40.8484005 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 9:21:35 AM | | B02866 | | -73.8893545 | 40.6573027 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 9:40:55 AM | | B02866 | | -73.923725 | 40.6443046 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 9:56:10 AM | | B02866 | | -73.9283155 | 40.6693936 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 11:12:21 AM | | B02866 | | -73.9534533 | 40.5798273 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 11:49:01 AM | | B02866 | | -73.9780764 | 40.667102 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 12:20:46 PM | | B02866 | | -73.9573628 | 40.6190966 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 1:26:50 PM | | B02866 | | -74.0000035 | 40.6132917 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 1:55:23 PM | | B02866 | | -73.9351341 | 40.5954962 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 2:06:23 PM | | B02866 | | -73.9487461 | 40.6210276 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 2:33:12 PM | | B02866 | | -73.9983943 | 40.6393678 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 3:15:03 PM | | B02866 | | -73.9839905 | 40.6978599 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 3:31:54 PM | | B02866 | | -73.9582265 | 40.6958327 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 3:57:50 PM | | B02866 | | -74.0003274 | 40.7195879 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 5:52:54 PM | | B02866 | | -73.9607776 | 40.7590768 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 7:01:44 PM | | B02866 | | -73.7831806 | 40.6444163 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 7:50:38 PM | | B02866 | | -73.992199 | 40.7428318 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 8:08:55 PM | | B02866 | | -74.0012986 | 40.7518727 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 8:24:09 PM | | B02866 | | -73.9938988 | 40.753361 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 9:08:59 PM | | B02866 | | -73.9875279 | 40.70066 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 9:32:46 PM | | B02866 | | -73.9853417 | 40.7274361 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 10:06:43 PM | | B02866 | | -73.9610549 | 40.7992455 | | | |
| 5702640 | T709312C | B02866 | 3/3/2017 10:16:39 PM | | B02866 | | -73.9570274 | 40.8025682 | | | |

**THIRD PARTY DECLARATIONS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
X------------------------------------------------------------X

RIZWAN RAJA,

                                Plaintiff,          **19-cv-___ (____)**

                  -Against-

JOHN W. BURNS and THE CITY OF NEW YORK,

                           Defendants.

X------------------------------------------------------------X

### DECLARATION OF BHAIRAVI DESAI

        BHAIRAVI DESAI declares pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct:

        1.      I am the co-founder and executive director of the New York Taxi Workers Alliance (NYTWA), an advocacy group of NYC yellow cab, green car, black car, livery and app-dispatched drivers. Our mission is to fight for justice, rights, respect and dignity for the over 180,000 licensed men and women who labor for long hours with little pay and little protection in the city's taxi and for-hire vehicle industry. I submit this declaration in support of Mr. Raja's motion for a temporary restraining order and a preliminary injunction.

        2.      I have known Mr. Raja for roughly 20 years since he joined our organizing committee, where he has provided valuable counsel ever since.

        3.      In approximately 2005, Mr. Raja became a registered representative at the TLC Tribunal, the predecessor to what is now known as the TLC-OATH Tribunal.

        4.      Many of our members are issued summonses and must appear before the tribunal. Those summonses can result in substantial fines (especially compared to a taxi driver's pay), or even suspension or revocation of their license.

1

5.      It is crucial to our mission that our members (and indeed all TLC-licensed drivers) be able to receive quality and affordable representation in the tribunal. While a driver may represent himself, many or most are unfamiliar with legal processes and terminology. Also, for most of our members English is not their first language. Many TLC rules are difficult to understand for drivers who are not construing them and their nuanced meanings on a regular basis. Mr. Raja also speaks several South Asian languages so he is able to communicate with many of our members and other drivers in their native tongues.

6.      For those reasons, NYTWA has arranged for Mr. Raja to represent our members for a discounted fee. While our members can choose any counsel they prefer, our practice is to refer them to Mr. Raja.

7.      Our members are extremely appreciative of Mr. Raja's services. I have heard many praise him.

8.      While there are others who serve as representatives in the TLC-OATH Tribunal, I believe that few, if any, have the experience and knowledge to match Mr. Raja's.

9.      If Mr. Raja's license to practice is suspended, it will, of course, be harmful to him and his family. But it will also harm the interests of our members and the interests of other drivers who rely on his services.

Dated: Queens, NY
          March 6, 2018

                                        Bhairavi Desai

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
X----------------------------------------------------------------X

RIZWAN RAJA,

Plaintiff,                    **19-cv-___ (___)**

-Against-

JOHN W. BURNS and THE CITY OF NEW YORK,

Defendants.

X----------------------------------------------------------------X

## DECLARATION OF ISAAC GODINGER

ISAAC GODINGER declares pursuant to 28 U.S.C. § 1746 under penalty of perjury that

the foregoing is true and correct:

1.      I am an attorney at law and have been practicing for 45 years. Part of my practice

has been representing TLC-licensed drivers in what was known as the TLC Tribunal and

what is now called the TLC-OATH Tribunal. I also practice landlord-tenant law, criminal

law, civil litigation, tax law, and probate law. I submit this declaration in support of Mr.

Raja's motion for a temporary restraining order and a preliminary injunction.

2.      I have known Mr. Raja since roughly 2005 when he became a registered

representative at the TLC Tribunal, the predecessor to what is now known as the TLC-

OATH Tribunal.

3.      I have often referred clients to him, or had him assist me in their representation,

when I was unable to appear at the TLC-OATH Tribunal. I have never heard any of them

complain about his services.

1

4.      I also often consult with Mr. Raja about TLC rules, tribunal practices and what particular settlements might be available as to particular charges.

5.      In my view, Mr. Raja is very well respected by lawyers who appear at the Tribunal, as well as by his fellow TLC representatives and by Tribunal judges. Certainly, I view him as an honest, knowledgeable and skilled advocate for drivers.

6.      The Tribunal is a very stressful environment in which a lawyer or representative might have ten or more cases and several hearings in one day. Still Mr. Raja almost always maintains his composure.

7.      I have never seen him solicit clients or seek an unfair advantage. I have never heard anyone claim that Mr. Raja is dishonest or lacks integrity.

8.      If his right to practice were to be suspended, it is my understanding that it would do substantial harm not just to him and his family, but to the respondents he represents at the TLC-OATH Tribunal.

Dated: New York, NY
       March 6, 2019

Isaac Godinger

DECLARATION OF SAIF KHAN

Saif Khan declares under penalty of perjury that the foregoing is true and correct:

1. I am a registered agent for medallions with NYC Taxi & Limousine Commission

2. I know Mr. Raja since 2005 when he became a registered representative at the TLC Tribunal, the predecessor to what is now known as the TLC-OATH Tribunal.

3. That I have given multiple summonses to Mr. Raja and he provided me the best representation in TLC and OATH tribunals.  He also pays fines on our behalf which we provide funds to him as an escrow and never have any problems.

4. I have referred dozens of taxi drivers to Mr. Raja for representation in tribunals and everyone was satisfied with his service.

5. All my drivers (referrals) are extremely appreciative of Mr. Raja's services. I have heard many praise him.

6. While there are others who serve as representatives in the TLC-OATH Tribunal, I believe that few, if any, have the experience and knowledge to match Mr. Raja's.

7. I have never heard any one of them question his honesty, integrity or competence.

Brooklyn, NY

Date: March 12, 2019

_____

SAIF KHAN

Sworn to before me this

_13th_ Day of March, 2019

_____

NOTARY PUBLIC

LOUISE A. TORRES
Notary Public, State of New York
No. 01TO6304947
Qualified in Richmond County
Commission Expires June 2, 20__

# DECLARATION OF Shaukat Khan

Shaukat Khan declares under penalty of perjury that the foregoing is true and correct:

1. I am a driver with hack number 5124560 and also owned green permits AA430, AA533, AA534, AA535 and AA536 with NYC TLC.

2. I know Mr. Raja since 2010.

3. That I have given multiple summons' to Mr. Raja and he provided me the best representation in TLC and OATH tribunals. He also pays fines on our behalf which we provide funds to him as an escrow and never have any problems.

4. I have referred dozens of taxi drivers to Mr. Raja for representation in tribunals and everyone was satisfied with his service.

5. All my drivers (referrals) are extremely appreciative of Mr. Raja's services. I have heard many praise him.

6. While there are others who serve as representatives in the TLC-OATH Tribunal, I believe that few, if any, have the experience and knowledge to match Mr. Raja's.

7. I have never heard any one of them question his honesty, integrity or competence.

IRFAN A NAGI
NOTARY PUBLIC, State of New York
NO: 01NA6047098
qualified in queens county
commission expires august 28, 20_21

Queens, NY

March 12, 2019

# DECLARATION OF Faisal M Butt

Faisal M Butt declares under penalty of perjury that the foregoing is true and correct:

1. I have known Mr. Raja for roughly 20 years.

2. In approximately 2005, Mr. Raja became a registered representative at the TLC Tribunal, the predecessor to what is now known as the TLC-OATH Tribunal.

3. That I have given multiple summons' to Mr. Raja and he provided me the best representation in TLC and OATH tribunals.

4. I have referred dozens of taxi drivers to Mr. Raja for representation in tribunals and everyone was satisfied with his service.

5. All my friends (referrals) are extremely appreciative of Mr. Raja's services. I have heard many praise him.

6. While there are others who serve as representatives in the TLC-OATH Tribunal, I believe that few, if any, have the experience and knowledge to match Mr. Raja's.

7. I have never heard any one of them question his honesty, integrity or competence.

Brooklyn, NY

March 12, 2019

NAJAM UD DIN
Notary Public, State of New York
Registration #01DI6221444
Qualified In Rockland County
Commission Expires May 3, 2022

03/12/2019