CITY OF NEW YORK
OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
TRIALS DIVISION
-------------------------------------------------------------------------x
OFFICE OF ADMINISTRATIVE TRIALS AND
HEARINGS

                     Petitioner,

   - against -

RIZWAN RAJA

                     Respondent.
-------------------------------------------------------------------------x

**PETITION**

OATH
Index No.: 191903

1. As an individual registered to appear as a non-attorney representative before the Hearings Division at the Office of Administrative Trials and Hearings (OATH), Rizwan Raja (Respondent) is subject to discipline under OATH's rules for registered representatives; specifically 48 RCNY § 6-23 (Registered Representatives) and 48 RCNY § 6-25 (Misconduct).

2. Respondent certified on the-Representative Registration Form, dated September 26, 2017 and October 10, 2018, that he reviewed and understood the requirements of 48 RCNY § 6-23 and 48 RCNY § 6-25. Respondent agreed to comply with all rules and regulations pertaining to his representation of respondents at OATH and certified that he understood that failure to do so could result in suspension or revocation of his registration and the right to appear at OATH. Copies of Respondent's 2017 and 2018 registration forms are attached hereto as Exhibits 1 and *2*.

3. This Petition serves as formal notice of OATH's charge that Respondent has committed misconduct in violation of OATH rules, 48 RCNY § 6-23(d), and 48 RCNY § 6-25(a)(2) and engaged in a pattern of conduct that evinces a lack of honesty and integrity and adversely affects Respondent's practice before the Tribunal as set forth in 48 RCNY § 6-25(d)(1). Respondent is accused of the following:

4. Misrepresenting his qualifications so as to mislead an OATH Respondent into believing Respondent is an attorney, in violation of 48 RCNY § 6-23(d).

5. Appropriating money under false pretenses, which evinces a lack of honesty and integrity that adversely affects Respondent's practice before the Tribunal, in violation of 48 RCNY § 6-25(d)(1).

1

6. Engaging in disruptive verbal conduct that a reasonable person would believe shows contempt or disrespect for the proceedings or that a reasonable person would believe to be intimidating, in violation of 48 RCNY § 6-25(a)(2).

7. Showing contempt and disrespect for the proceedings at the Tribunal in violation of 48 RCNY § 6-25(a)(2) and 48 RCNY § 6-25(d)(1) by asserting that a person connected to the Tribunal was accepting bribes to do as he was bidden.

8. Engaging in a disruptive action that a reasonable person would believe shows contempt for the proceedings and that a reasonable person would believe to be intimidating in violation of 48 RCNY § 6-25(a)(2).

Specifically, the conduct alleged is as follows:

Misrepresentation as an Attorney

9. On or about November 16, 2016, Respondent falsely stated to Mohammed Siddiquee that Respondent was an attorney. Mr. Siddiquee's affirmation describing the incident is annexed hereto as Exhibit 3. That day, Mr. Siddiquee went to the OATH Long Island City location (OATH LIC) to file an appeal for previously sustained Summons No. CV10071948C (Summons 48C). While in the waiting area of OATH, Mr. Siddiquee saw Respondent speaking to other OATH Respondents. Mr. Siddiquee approached him to discuss his appeal. Respondent then stated that Respondent was an attorney who could handle the appeal for $100. Mr. Siddiquee agreed to pay Respondent $100 to file the appeal. Respondent is not an attorney, and this action violates 48 RCNY § 6-23(d). By falsely asserting that Respondent was an attorney, Respondent evinced a lack of honesty and integrity that adversely affects Respondent's practice before the Tribunal, in violation of 48 RCNY §6-25(d)(1).

Appropriated Money Under False Pretenses

10. Despite Mr. Siddiquee's payment to Respondent to file an appeal regarding Summons 48C, Respondent neither filed the appeal nor returned the $100 fee that was paid to file the appeal. Respondent's conduct evinces a lack of honesty and integrity that adversely affects Respondent's practice before the Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 3.

11. On or about May 1, 2017, Respondent met with Saiful Alam at OATH LIC. Mr. Alam paid Respondent $150 to file an appeal to overturn a Hearing Officer's decision for Summons No. EA 72080622A (Summons 622A). Respondent neither filed the appeal nor returned the $150 fee that was paid to file the appeal. Respondent's conduct evinces a lack of honesty and integrity that adversely affects Respondent's practice before the

Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 4.

12. On or about December 5, 2017, Respondent met with Joseph Kwaku Adu at OATH LIC. Mr. Adu paid Respondent $100 to file an appeal to overturn a Hearing Officer's decision for Summons No. RL0012039 (Summons 039). On January 18, 2018, the appeal still had not been filed. On January 18, 2018, Mr. Adu confronted the Respondent about the Respondent's failure to file the appeal. Respondent then returned the $100 fee. Respondent's failure to timely file an appeal after agreeing to do so and accepting payment evinces a lack of honesty and integrity that adversely affects Respondent's practice before the Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 5.

13. On August 30, 2018, at OATH LIC, MD Hossain, a TLC licensee, sought representation from Respondent for an appeal of a TLC decision revoking Mr. Hossain's license. Respondent told Mr. Hossain that representation would cost $500 and would require that Respondent pay a bribe to someone connected to the proceedings at the Tribunal. Mr. Hossain paid Respondent $300 in cash. Respondent failed to file an appeal on behalf of Mr. Hossain and never returned Mr. Hossain's $300 Respondent's failure to timely file an appeal after agreeing to do so and accepting payment evinces a lack of honesty and integrity that adversely affects Respondent's practice before the Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 7.

Engaging in Disruptive Verbal Conduct on OATH premises

14. On August 14, 2018, at OATH LIC, when Respondent attempted to file an Authorized Representative to Appear Form, an OATH clerk told him the form would be rejected because it did not bear an original signature from the OATH respondent. Respondent replied, "I'll have someone else do it; give me back my form." As Respondent turned to leave the counter, Respondent stated "bitch-ass." This term was pronounced within earshot of the clerk, other respondents, security staff, and Felix Ortiz, a Senior Procedural Justice Coordinator Supervisor. Mr. Ortiz heard and confronted Respondent about the offensive language. Respondent acknowledged the language was inappropriate and stated "I was frustrated by the clerk." Respondent's conduct violated 48 RCNY §6-25(a)(2). Mr. Ortiz's incident report is annexed hereto as Exhibit 6.

Showing Contempt and Disrespect for the Proceedings

15. On August 30, 2018, at OATH LIC, Mr. Hossain, a TLC licensee, sought representation from Respondent in the appeal of a TLC decision revoking Mr. Hossain's license. Respondent told Mr. Hossain that representation would cost $500 and would require that Respondent pay a bribe to a TLC employee connected to the proceedings at the Tribunal. Mr. Hossain paid Respondent $300 in cash. After receiving the payment, Respondent began eluding him and refused to accept the $200 balance. On September 7, 2018 Mr. Hossain came back to OATH and asked Respondent about the revocation. Respondent neither explained the necessity for the delay, nor the reason why he would not accept the

3

$200 balance. Upon advice from the Help Center, Hossain approached TLC directly about his license revocation. TLC offered to settle the matter for $1675.00 in lieu of revocation, and, on September 11, 2018, reduced the fine to $1125.00.

16. On September 11, 2018, Mr. Hossain sought a refund of his $300 from Respondent after settling the case on his own, and Respondent did not complete any work on the matter. Respondent told Mr. Hossain to return after Mr. Hossain made the first installment payment of the TLC settlement. On October 3, 2018, Mr. Hossain returned to TLC to make the first payment on the outstanding penalty and found Respondent in the waiting area. Respondent invited Mr. Hossain to Respondent's office. In response to Mr. Hossain's request for refund of his $300, Respondent told Mr. Hossain that Respondent had used the money to bribe the person Respondent had told him Respondent would bribe. Respondent's insistence that he could resolve an OATH proceeding by way of bribery as a ruse to avoid paying the debt, shows contempt and disrespect for the proceedings at the Tribunal and constitutes misconduct in violation of 48 RCNY § 6-25(a)(2) and 48 RCNY § 6-25(d)(1). See Exhibit 7.

<u>Engaging in a Disruptive Action that a Reasonable Person Would Believe Shows Contempt for the Proceedings and That a Reasonable Person Would Believe to be Intimidating in Violation</u>

17. On October 3, 2018, the Respondent threatened to have Mr. Hossain's license revoked when Mr. Hossain demanded a refund of money paid for services never performed. The Respondent's threat was a disruptive verbal conduct that showed contempt for the proceeding and that a reasonable person would believe to be intimidating. The Respondent's threat constituted misconduct in violation of 48 RCNY § 6-25(a)(2). See Exhibit 7.

**WHEREFORE**, Petitioner seeks the following findings and recommendations:

A. That Respondent's failure to abide by the OATH rules constitutes misconduct and subjects him to permanent bar from appearing before OATH pursuant to Rules 6-25(c) and (d)(1).

B. That Respondent's pattern of behavior evinces a lack of honesty and integrity under Rule 6-25(d) and that this lack of honesty and integrity adversely affects his practice before OATH subjecting him to permanent bar from appearing before OATH pursuant to Rules 6-25(c) and (d)(1).

Dated: March 19, 2019

By: Timothy R. Jones
Attorney for Petitioner
City of New York
Office of Administrative Trials and Hearings
100 Church Street, 12th Floor
New York, NY 10007
(212) 933-3038

5

OATH Index No. 191903

| |
|---|
| CITY OF NEW YORK<br>OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS |
| OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS<br><br>Petitioner,<br>- against -<br><br>Rizwan Raja<br><br>Respondent. |
| PETITION |
| By Timothy R. Jones<br>Attorney for Petitioner<br>City of New York<br>Office of Administrative Trials and Hearings<br>100 Church Street, 12th Floor<br>New York, NY 10007<br>(212) 933-3038 |
| Due and timely service is hereby admitted.<br>New York, N.Y. March 19, 2019<br>Timothy R. Jones. Esq.<br>Attorney for Petitioner |

# EXHIBIT 7

STATE OF NEW YORK

COUNTY OF QUEENS

I, MD T Hossain, swear/affirm under penalties of perjury that:

1. I am over 18 years of age and am not under the influence of any drugs or alcohol.

2. My address is 149 Tehama Street, Apt 3F, Brooklyn, NY 11218.

3. Sometime in early August of 2018 I received summons number CV10116647C from
   TLC in the mail directing me to appear for a hearing on August 28, 2018 at 10:30 a.m. at
   OATH's hearings location at 31-00 47th Avenue, 3rd Floor, Long Island City, NY 11101.

4. I appeared at OATH on August 28, 2018 and had my hearing and I left before receiving
   my decision.

5. Two days later I attempted to sign into my cab's system and it did not work and went to
   TLC that day and learned that my license was revoked. A worker at TLC informed me
   that I could appeal my decision across the hall.

6. I went to OATH and spoke to a person named Samad at the podium who informed me
   that he could help me with the appeal but that I should go back to TLC to speak with a
   supervisor about getting my revocation lifted.

7. I saw a woman named Sumaya Noor OATH's waiting area. I know her as Rizwan Raja's
   assistant because I had hired Rizwan Raja on past cases.

8. I approached Sumaya Noor and I told Sumaya Noor about my situation and she told me
   to speak to Rizwan Raja before filing an appeal because the appeal process would take a
   long time.

9. Rizwan Raja was also in OATH's waiting room so I approached him, told him my
   problem and he looked at my decision. He told me to take a seat because he would need

to take me somewhere else to talk. A short time later Rizwan Raja took me to the offices on the same floor as OATH that is known as "Spaces".

10. When we arrived at Spaces we sat at a table in the reception area. Rizwan Raja looked at my paperwork again and stated that he could solve the problem for $500.00 and that he would have to pay someone under the table.

11. I did not have $500 on me so I gave him all I had which was $395.00. Rizwan Raja gave me back $95.00 and told me to bring the other $200.00 tomorrow.

12. I came back the next day with $200.00 to give to Rizwan Raja but he said he could not take it because he could not do anything yet and that he would call me to come back when he could do something.

13. I called Rizwan Raja the very next day and he informed me again that he could not do anything yet but will call when he could.

14. On September 7, 2018, I came back to OATH and saw Rizwan Raja and asked about my revocation. He told me once again that he couldn't do anything and that he needed another week and that if I wasn't willing to give him another week I could take my money back. I told him that taking my money back won't help me because I have family to feed, I have kids and I need my license.

15. After this I approached Samad from the Help Center and asked which ticket I needed at TLC to talk to someone there about my license. He told me I needed to speak to the suspension unit.

16. I went across the hall to TLC's offices and got a ticket from the customer service desk and later sat with a TLC employee at the window. I explain my situation and they put me

on a payment plan where I would pay $1,675.00 in installments and they lifted my license revocation.

17. A few days later TLC contacted me to come back to execute a different payment plan and I did so on September 11, 2018. The new payment plan was for $1,125.00.

18. On September 11, 2018 I saw Rizwan Raja at OATH and asked for my money back. He told me that when I come to make my first payment that I should see him and that he would give me my money back.

19. On October 2, 2018 I called Rizwan Raja to tell him that I was coming to make my first payment the next day and that I would need my money. He told me "no problem".

20. On October 3, 2018 I came back to make payment at TLC and entered OATH's waiting room first, saw Rizwan Raja, approached him and asked for my money. He told me to talk to Sumaya Noor who was also in the waiting area.

21. I approached Sumaya Noor and asked for my money. She stated "I don't have any money, he is bullshitting you, go talk to him."

22. I immediately went back to Rizwan Raja, told him what happened and he brought me over to Spaces.

23. Once at Spaces I again asked for my money back and he told me "your money, I gave it to the person I told you I was going to give it to." I stated "no, you didn't give it to anybody."

24. I got angry and upset. Rizwan Raja then gave me $100.00. I demanded the remaining $200.00. Rizwan Raja stated "I gave the $200.00 to Mohammed." I asked who Mohammed was. He stated "Mohammed is the commissioner." I stated "no, Meera Joshi

is the commissioner." He then replied "you don't know, there is a commissioner here, his name is Mohammed."

25. I got angry again and told him not to lie to me because I needed to make a payment.

26. Rizwan Raja then stated to me, "don't fuss with me, I have your TLC license number and I will get your license revoked."

27. I was afraid so I left Spaces and went to TLC to make a payment and saw Sumaya Noor there.

28. I approached Sumaya Noor and told her what had happened with Rizwan Raja and she stated "he's a bad person, don't fuss with him, let the $200.00 go, you got your license back, he knows a lot of people that could get your license revoked."

29. After that I made my payment then contacted Nazrul Islam from OATH's Help Center and reported everything.


I, MD T Hossain, affirm under penalty of perjury that the foregoing facts are true. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the NYS Penal Law.

_Hossain MD T_                              _10/04-18_
                                            Date


Sworn to before me this 4th day of October, 2018


Notary Public

SAMAD NEWAZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01NE6369105
Qualified in Queens County
My Commission Expires 12-26-2021

# EXHIBIT 8

STATE OF NEW YORK

COUNTY OF QUEENS

I, Nazrul Islam , swear/affirm under penalties of perjury that:

1. I am over 18 years of age and am not under the influence of any drugs or alcohol.

2. I am an employee of OATH.

3. On October 4, 2018 I was present during a conversation between Kieran P. Holohan and MD T Hossain.

4. I interpreted this conversation from Bengali to English and from English to Bengali.

5. Shortly after the conversation I orally translated an affidavit from English to Bengali for MD T. Hossain.

6. MD T. Hossain stated that everything in the affidavit was true and I observed him sign the statement and state to Samad Newaz that he was swearing that the content of the affidavit were true.

I, Nazrul Islam, affirm under penalty of perjury that the foregoing facts are true. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the NYS Penal Law.

_____          10/4/18
                                          Date

Sworn to before me this 4th day of October 2018

_____
Notary Public

SAMAD NEWAZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01NE6369105
Qualified in Queens County
My Commission Expires 12-26-2021