# DANIEL L. ACKMAN

ATTORNEY AT LAW
_____

222 BROADWAY, 19TH FLOOR   ○   NEW YORK, NY 10038
TEL: 917-282-8178
E-MAIL: dan@danackmanlaw.com

April 2, 2019

**BY E-MAIL:**
Hon. Kevin Casey
Office of Administrative Trials and Hearings

<u>Re: Kieran Holohan's Testimony in OATH v. Raja</u>

Dear Judge Casey:

As Your Honor is aware, Mr. Kieran Holohan was permitted to testify (over our objection) in the above-referenced matter primarily about what he was told by complaining witness MD T. Hossain. I am writing to alert the Tribunal that part of that testimony was clearly false or misleading as to be in violation of OATH Rule § 6-25(a)(9). That rule provides that "A party, witness, representative or attorney must not … present testimony … to the Tribunal which he or she knows, or reasonably should have known, to be false, fraudulent or misleading." As a remedy, we ask that Mr. Holohan's entire testimony, which purports to bolster Mr. Hossain's testimony, be stricken from the record, that the affirmation he drafted be stricken as well, and that the Hossain-based charges be dismissed.

\* \* \*

On cross-examination, Mr. Holohan was asked how he presented the affirmation he wrote for Mr. Hossain to the OATH General Counsel, whose office later filed formal charges. He replied that he sent the affirmation and related records to the general counsel with a brief cover note, but without significant comment.

That testimony was false. In fact, he sent the affirmation and records to OATH General Counsel Tynia Richard along with a so-called "Incident Report." Ex. A. This Incident Report included an affirmation drafted for the complainant, a detailed summary of the alleged facts, his commentary on the facts, an assertion of which rules the alleged conduct violated and his recommendation as to the appropriate penalty, specifically summary suspension and a permanent bar. In short, Mr. Holohan played the role of a prosecuting attorney, not a scrivener attached to a help desk.

The Hossain Incident Report and other similar reports were produced as part of a 177-page "discovery packet," which Mr. Jones sent to Respondent and to the Tribunal at

the end of business on March 27, 2019, the evening before the continuation of the trial of this matter on March 28, during which Mr. Holohan testified.[1] Mr. Holohan could not have simply forgotten his actual practice since he followed it consistently. He did so not just in reporting the Hossain charges, but in several other reports that ultimately led to other allegations against Mr. Raja. Each time he recommended charges and argued that Mr. Raja "should be summarily and permanently barred from practicing before OATH."[2]

Mr. Holohan issued incident reports to the OATH General Counsel and pertaining to Mr. Raja on at least three occasions, the last being dated October 9, 2018, five days after he drafted Mr. Hossain's affirmation. That report begins by noting, "This is the third report I am filing with respect to Mr. Raja." It proceeds to state the alleged facts in as much detail as the accompanying affirmation. It then goes beyond the facts, offering his opinion—without, of course, any additional investigation—that Mr. Raja should be summarily suspended and permanently barred from the OATH Tribunal based on the alleged violation of OATH Rule § 6-25(d)(1), which speaks to dishonesty. It then makes allegations that go beyond that rule, stating, "At best the behavior he exhibits here is both theft and intimidation. At worst, it also includes corruption." The Incident Report also alleges that Mr. Raja "has been in violation of 48 RCNY § 6-23(b) in that he failed to renew his registration for the 2018 calendar year…Therefore, he should not be appearing at OATH at all."

Mr. Raja, however, was never charged with theft, intimidation or corruption. A charge of "intimidation" would be under OATH Rule § 6-25(a)(2), which bars verbal conduct that is reasonably believed to be intimidating. A charge of "corruption" would be under OATH Rule § 6-25(a)(5), which relates to attempts or agreements to "influence any Hearing Officer or employee of the Tribunal by the use of threats, accusations, duress or coercion, a promise of advantage, or the bestowing or offer of any gift, favor or thing of value." Nor was he charged with violating Rule § 6-23(b), relating to registration. The general counsel did, however, take Mr. Holohan's advice and filed a petition to permanently bar Mr. Raja.

Mr. Holohan further characterizes the alleged facts pertaining to Mr. Raja. He states: "There is a clear and consistent pattern with Mr. Raja; he takes payment to do something, does not do it, lies when confronted with the facts and ultimately leaves drivers in a worse position than when he met them." Of course, in this case, what Mr. Raja did "not do" was to reach a settlement with the TLC vacating the revocation of Mr. Hossain's license within one week of his being retained. Meanwhile, Mr. Hossain had

---

[1] At that time, Mr. Jones said he "may use" the enclosed information "at tomorrow's trial." Respondent objected to this last minute document production by e-mail on March 27, but the issue was tabled after Mr. Jones never sought to place any of those documents into evidence (other than the complainant affirmations, which are in the packet). Respondent did not have the time to review the packet in detail the night before the trial, but has had a chance to review it since then.

[2] In some cases, Mr. Holohan's reports concerned other industry representatives as well as Mr. Raja. In those cases he recommended summary suspension and a permanent bar for them as well.

2

somehow reached a settlement on his own, which reinstated his license. Thus he was left better off, not "in a worse position" than before even if he had not yet received the full refund of fees he was demanding from Mr. Raja.

As Mr. Holohan noted, his October 9, 2018 Incident Report was not the first time he had recommended that Mr. Raja be summarily suspended and permanently barred. He had done so via two earlier incident reports, first on December 5, 2017, Ex. B, and again on March 14, 2018. Ex. C. Even when filing his first report, Mr. Holohan concluded, "While this may be the first of this type of violation filed against Mr. Raja, a pattern emerges from these facts alone." Based on this analysis, Mr. Holohan concluded, as he would again and again, "Mr. Raja should be summarily and permanently barred from appearing at OATH." (Mr. Holohan reached the same conclusion as to three other representatives discussed in that report.) The General Counsel did not, of course, follow Mr. Holohan's advice in 2017 or 2018—at least she did not do so until the Summary Suspension Letter and the Petition both filed in March 2019, some 15 months after Mr. Holohan advised her to pursue Mr. Raja. Indeed, the General Counsel did not assert the Hossain-related charges with the Summary Suspension letter filed on March 1.[3] But that refusal to charge was not due to a lack of effort by Mr. Holohan.

Despite that persistent effort, Mr. Holohan appeared in this Tribunal and presented himself as a neutral person who simply drafted an affirmation based on what Mr. Hossain had said and passed it along. The record shows that Mr. Holohan played an active, prosecutorial role, characterizing the evidence, spotting alleged patterns of misconduct and recommending charges and penalties. Mr. Jones surely knew about Mr. Holohan's practice.

* * *

OATH Rule § 6-13(e) provides:

> Willful failure of any person to abide by the standards of conduct stated in paragraphs (a) through (d) of this section, may, in the discretion of the administrative law judge, be cause for the imposition of sanctions. Such sanctions may include formal admonishment or reprimand, assessment of costs or imposition of a fine, exclusion of the offending person from the proceedings, exclusion or limitation of evidence, adverse evidentiary inference, adverse disposition of the case, in whole or in part, or other sanctions as the administrative law judge may determine to be appropriate.

---

[3] Mr. Jones stated that the delay in filing of the Hossain-related charges was due to the Department of Investigation being interested in the matter. But Mohammed Akinlolu, the assistant commissioner who was mentioned in the Hossain affirmation, testified he was never questioned by DoI. DoI never questioned Mr. Raja either. Nor was DoI even mentioned in the 177-page discovery packet.

3

   Here, Mr. Holohan's testimony about his role in bringing charges against Mr. Raja was false, fraudulent or misleading. As a *de facto* prosecutor, he should not have been testifying at all. This misconduct certainly merits the striking of his testimony and the affirmation he drafted. It also merits the dismissal of the Hossain-related charges, which depend on that testimony and that affirmation.

            Respectfully submitted,

            /s/

            Daniel L. Ackman

Encls.
cc: Tim Jones,
  Cynthia Fisher