UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

RIZWAN RAJA,

                                    Plaintiff,

                        -against-                                    19-CV-01328(AMD)(RER)

JOHN W. BURNS and THE CITY OF NEW YORK

                                    Defendants.

-----------------------------------------------------------------------x


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
DISMISS THE FIRST AMENDED COMPLAINT**


                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants
                                    100 Church Street
                                    New York, New York 10007
                                    Tel: (212) 356-2011


Sheryl Neufeld
Mark Muschenheim
Emily K. Stitelman
        *of Counsel.*

June 11, 2019

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF THE CASE ................................................................................................... 3

A.  Statutory Framework ....................................................................................................... 3

　　　The New York City Office of Administrative Trials and Hearings ........................ 3

　　　Non-Attorney Representatives .................................................................................. 4

　　　48 RCNY § 6-23, Registered Representatives ........................................................ 4

　　　48 RCNY § 6-25, Misconduct .................................................................................. 5

B.  Credible Allegations of Misrepresentation, Misappropriation of Funds,
　　and Verbal Abuse Resulted in Plaintiff's Suspension ................................................. 6

ARGUMENT .............................................................................................................................. 9

STANDARD OF REVIEW ......................................................................................................... 9

I.　　Summary Suspension Based on Allegations of
　　　Misrepresentation of Qualifications, Misappropriation of Funds,
　　　and Abusive Verbal Conduct is Constitutional ...................................................... 10

II.　　Plaintiff Had Fair Warning that Conduct Could
　　　Lead to Summary Suspension of his Registration ................................................. 16

III.　OATH Properly Relied on the Complainants' Sworn Statement
　　　in Reaching its Decision ........................................................................................... 18

IV.　The Claims Against John W. Burns Should Be Dismissed .................................... 20

V.　　The Court May Decline Supplemental Jurisdiction ............................................... 23

VI.　If Considered, Plaintiff's State Law Claims Fail ................................................... 24

CONCLUSION .......................................................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Alfaro Motors Inc. v. Ward,
   814 F.2d 883 (2d Cir. 1987) ....................................................................................20

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)..................................................................................................9

Barrington v. Johnson,
   2006 U.S. Dist. LEXIS 86354 (S.D.N.Y. 2006).....................................................21

Bell Atlantic v. Twombly,
   550 U.S. 544 (2007)..................................................................................................9

BiCounty Brokerage South Corp v. State of New York Ins. Dep't,
   4 A.D.3d 470, 771 N.Y.S.2d 691 (2d Dep't 2004)..................................................19

Birch v. Pioneer Credit Recovery, Inc.,
   2007 U.S. Dist. LEXIS 41834 (W.D.N.Y. June 8, 2007)........................................23

Black v. Coughlin,
   76 F.3d 72 (2d Cir. 1996) ........................................................................................22

Blyden v. Mancusi,
   186 F.3d 252 (2d Cir. 1999) ....................................................................................22

Carey v. Piphus,
   435 U.S. 247 (1978)..................................................................................................15

Catanzaro v. Weiden,
   188 F.3d 56 (2d Cir. 1999) .......................................................................................14

Chambers v. Time Warner,
   282 F.3d 147 (2d Cir. 2002) ......................................................................................9

Ciraolo v. City of New York,
   216 F.3d 236 (2d Cir. 2000), cert. denied, 531 U.S. 993 (2000).............................20

Commodity Futures Trading Comm'n v. Schor,
   478 U.S. 833 (1986)..................................................................................................16

Cortec Indus. v. Sum Holding L.P.,
   949 F.2d 42 (2d Cir. 1991) ........................................................................................9

Dove v. Fordham Univ.,
   56 F. Supp. 2d 330 (S.D.N.Y. 1999) ...............................................................................21

Dwares v. City of New York,
   985 F.2d 94 (2d Cir. 1993) ...............................................................................................21

El Boutary v. City of New York,
   2018 U.S. Dist. LEXIS 216238 (E.D.N.Y. December 26, 2018) ...........................................12

Farrell v. Burke,
   449 F.3d 470 (2d Cir. 2006) .............................................................................................21

Gelco Builders, Inc. v. Holtzman,
   168 A.D.2d 232, 562 N.Y.S.2d 120, appeal den'd, 77 N.Y.2d 819, 571
   N.Y.S.2d 913 (1990)........................................................................................................19

Gilbert v. Homar,
   520 U.S. 924 (1997) (Gilbert)...........................................................................................12

Gray v. Adduci,
   73 N.Y.2d 741, 536 N.Y.S.2d 40 (1988)......................................................................19, 20

Grayned v. City of Rockford,
   408 U.S. 104 (1972)........................................................................................................17

Grillo v. N.Y. City Transit Auth.,
   291 F.3d 231 (2d Cir. 2002) .............................................................................................15

Harlow v. Fitzgerald,
   457 U.S. 800 (1982)........................................................................................................22

Harry's Chenango Wine & Liquor, Inc. v. State Liquor Authority,
   158 A.D.2d 804, 550 N.Y.S.2d 951 (3d Dep't 1990)............................................................19

Hellenic Am. Neighborhood Action Comm. v. City of New York,
   101 F.3d 877 (2d Cir. 1996) .............................................................................................15

Jackson v. County of Nassau,
   2009 U.S. Dist. LEXIS 11547 (E.D.N.Y. 2009) ...................................................................21

Joglo Realties, Inc. v. Seggos,
   229 F. Supp. 3d 146 (E.D.N.Y. 2017) .................................................................................9

Klein & Co. Futures Inc. v. Bd. of Trade of New York City,
   464 F.3d 255 (2d Cir. 2006) .............................................................................................23

Logan v. Zimmerman Brush Co.,
   455 U.S. 422 (1981)........................................................................................................11

Mackey v. Montrym,
    443 U.S. 1 (1979)................................................................................................10

Marcus v. AT&T Corp.,
    138 F.3d 46 (2d Cir. 1998) ............................................................................23

Mathews v. Eldridge,
    424 U.S. 319 (1976)..........................................................................11, 12, 13

Matusovsky v. Merrill Lynch,
    186 F. Supp. 2d 397 (S.D.N.Y. 2002) ..........................................................10

Molinelli v. Tucker,
    901 F.2d 13 (2d Cir. 1990) ............................................................................23

Mordukhaev v. Daus,
    457 F. App'x 16 (2d Cir. 2012) .....................................................................15

Nnebe v. Daus,
    306 F. Supp. 3d 552 (S.D.N.Y. 2018) ..........................................................15

Nnebe v. Daus,
    644 F.3d 147 (2d Cir. 2011) ..........................................................................13

Padberg v. McGrath-McKechnie,
    108 F. Supp.2d 177 (E.D.N.Y. 2000) .............................................11, 12, 13

Padberg v. McGrath-McKechnie,
    203 F. Supp.2d 261 (E.D.N.Y. 2002), aff'd, 2003 U.S. App. LEXIS 4618 (2d
    Cir. March 13, 2003), cert. denied, 540 U.S. 967 (2003)..............................17

Padberg v McGrath-McKechnie,
    60 F App'x 861 (2d Cir 2003) .......................................................................17

Perez v. Hoblock,
    368 F.3d 166 (2d Cir. 2004) ..........................................................................17

Pierre v NY City Taxi & Limousine Commn.,
    2017 US Dist. LEXIS 60419 (E.D.N.Y. Apr. 19, 2017) ...............................13

Piscottano v. Murphy,
    511 F.3d 247 (2d Cir. 2007) ..........................................................................17

Raja v. Burns,
    2019 U.S. Dist. LEXIS 38603 (E.D.N.Y. March 11, 2019)..........................13

Richardson v. Perales,
    402 U.S. 389 (1971)........................................................................................19

Rock of Ages Corp. v. Sec'y of Labor,
    170 F.3d 148 (2d Cir. 1999) ...........................................................................16

Rothenberg v. Daus,
    2014 U.S. Dist. LEXIS 105598 (S.D.N.Y. July 31, 2014) ................................10, 16

Ruiz v. Commissioner,
    679 F. Supp. 341 (S.D.N.Y.), aff'd, 858 F.2d 898 (2d Cir. 1988)............................17

Sazerac Co. v. Falk,
    861 F. Supp. 253 (S.D.N.Y. 1994) ...................................................................9

Tenesela v. New York City Taxi & Limousine Commn.,
    2010 N.Y. Misc. LEXIS 5889 (Sup. Ct. N.Y. Co. Dec. 2, 2010).........................3, 24

United States v. All Assets of Statewide Auto Parts,
    971 F.2d 896 (2d Cir. 1992) ..........................................................................14

United States v. Farhane,
    634 F.3d 127 (2d Cir. 2011) ..........................................................................17

People ex rel. Vega v. Smith,
    66 N.Y.2d 130, 495 N.Y.S.2d 332 (1985)........................................................19

Washington Square Post No. 1212 v. City of New York,
    720 F. Supp. 337 (S.D.N.Y. 1989), rev'd on other grounds, 907 F.2d 1288 (2d
    Cir. 1990)...............................................................................................21

Williams v. Citibank, N.A.,
    565 F. Supp. 2d 523 (S.D.N.Y. 2008) ..............................................................10

Williams v. City of New York,
    2015 U.S. Dist. LEXIS 94895 (S.D.N.Y. 2015)...................................................22

Yancy v. Apfel,
    145 F.3d 106 (2d Cir. 1998) ..........................................................................19

Ying Jing Gan v. City of New York,
    996 F.2d 522 (2d Cir. 1993) ..........................................................................22

**Statutes**

28 U.S.C. § 1367.............................................................................................23

42 U.S.C. § 1983.......................................................................................*passim*

New York Civil Practice Law and Rules ("CPLR"), Article 78 ............................*passim*

**Other Authorities**

48 RCNY Chapter 5 .................................................................................................. 17

48 RCNY § 6-23(a) .................................................................................................... 4

48 RCNY § 6-23(b), and (2) ...................................................................................... 7

48 RCNY § 6-23(f) ..................................................................................................... 4

48 RCNY § 6-25 ...................................................................................................... 5, 6

48 RCNY § 6-25(a)(2) .......................................................................................... 5, 7, 18

48 RCNY § 6-25(a)(9) ................................................................................................ 7

48 RCNY § 6-25(c) .................................................................................................... 18

48 RCNY § 6-25(d) ............................................................................................... 2, 13

48 RCNY § 6-25(d)(1) ....................................................................................... 7, 14, 18

48 RCNY § 6-25(d)(2) ............................................................................................... 18

CPLR 5701(a)(1), 5602 .............................................................................................. 6

New York City Charter § 1046 ..................................................................... 3, 19, 20, 24

Rule 12(b)(6) ............................................................................................................. 9

Defendants, John W. Burns and the City of New York ("City") (collectively "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, submit this memorandum of law in support of their Motion to Dismiss the First Amended Complaint ("FAC").

## PRELIMINARY STATEMENT

This case stems from the misconduct of plaintiff, a non-attorney representative at the New York City Office of Administrative Trials and Hearings' ("OATH"), including misrepresenting himself as an attorney, misappropriating funds, and engaging in disruptive verbal conduct at OATH's office. Following an investigation by OATH that revealed that plaintiff had engaged in this misconduct, OATH summarily suspended plaintiff's registration. Following plaintiff's suspension, OATH provided a prompt opportunity to contest the suspension. Plaintiff did so, and, after a three (3) day hearing, settled with OATH.

Plaintiff alleges that the summary suspension of his registration violates federal due process protections; however, plaintiff's due process claims must be dismissed as he was afforded adequate notice and an opportunity to be heard on the summary suspension of his non-attorney registration, including a three day trial, that ultimately resolved by stipulation of settlement. Indeed, plaintiff's registration has been reinstated, and he is able to practice before OATH. See Exhibit B, at 3:15-17.[1] All that remains of plaintiff's lawsuit are alleged due process violations resulting in a short suspension of his non-attorney registration, to which plaintiff agreed. Id.

As detailed *infra*, plaintiff was only entitled to post-suspension review of OATH's decision due to the significant governmental concerns related to protecting an unsophisticated

---

[1] All exhibits referenced herein refer to Exhibits attached to the accompanying Declaration of Emily K. Stitelman, dated June 11, 2019.

and vulnerable population served by OATH, and ensuring the integrity of the Tribunal, which was threatened by plaintiff's alleged misrepresentations, misappropriations, and disruptive behavior.  Through OATH's provision of prompt post-deprivation review in the form of a full evidentiary trial before an Administrative Law Judge at OATH on the summary suspension of plaintiff's registration, OATH afforded plaintiff more than adequate process. In any event, even if it is determined that summary suspension was not warranted, the availability of adequate state remedies, such as a New York Civil Practice Law and Rules ("CPLR") Article 78 proceeding, ensures that no underlying federal right has been violated.

Plaintiff also claims that he did not have fair warning that his conduct could result in the summary suspension of his registration. That claim fails since the violating conduct that forms the basis for plaintiff's summary suspension is explicitly prohibited by OATH's rules.  For instance, Tile 48 of the Rules of the City of New York ("RCNY") § 6-23(d), specifically prohibits a registered representative from "misrepresent[ing] his or her qualifications or service so as to mislead people into believing the representative is an attorney at law . . . if the representative is not." Plaintiff is alleged to have violated this rule. <u>See</u> Dkt. No. 1-3.  Indeed, the Amended Complaint does not even allege in what way the OATH rules pertaining to registered representatives like plaintiff are vague or why plaintiff should not have understood that blatant misrepresentations that he is an attorney and misappropriation of funds would violate OATH's rules.  Nevertheless, OATH's ability to summarily suspend a non-attorney registration when continued registration constitutes a direct and substantial threat to the honesty and integrity of its proceedings provided fair warning that OATH may summarily suspend plaintiff's registration in light of the allegations made against him.  <u>See</u> 48 RCNY § 6-25(d) ("the Chief Administrative Law Judge may summarily suspend or bar a representative upon a determination

that the representative lacks honesty and integrity and that the lack of honesty and integrity will adversely affect his or her practice before [OATH]." "The Chief Administrative Law Judge . . . [may consider] whether the representative has made false, misleading or inappropriate statements to parties or Tribunal Staff.").

Finally, as plaintiff's federal claims fail, this court need not reach plaintiff's state law claims since it should decline to exercise supplemental jurisdiction. However, even if this court considers plaintiff's state law claims, those claims fail as a matter of law. First, with respect to plaintiff's fifth claim for relief, New York City Charter ("Charter") § 1046 is wholly inapplicable. See Tenesela v. New York City Taxi & Limousine Commn., 2010 N.Y. Misc. LEXIS 5889, *6 (Sup. Ct. N.Y. Co. Dec. 2, 2010) (Charter § 1046 does not apply where proceeding is not required by law). And, in any event, even if applicable, Charter § 1046 does not require that one who submits a sworn statement be called as witness or that the sworn statement cannot be introduced at the administrative hearing. Second, plaintiff's summary suspension comports with OATH's rules and regulations. As such, plaintiff cannot sustain his sixth claim for relief for violation of OATH's rules.

## STATEMENT OF THE CASE

Because this case involves a due process challenge to the OATH summary suspension process, a brief description of the relevant statutory framework is warranted.

**A.    Statutory Framework**

**The New York City Office of Administrative Trials and Hearings**

Pursuant to Chapter 45-a of the Charter, OATH is responsible for conducting adjudicatory hearings for agencies of the City of New York. See Charter § 1048(1). Section

1049(2)(a) of the Charter authorizes OATH to promulgate rules for the conduct of hearings. The rules promulgated by OATH are set forth under the Title 48 of the RCNY.

## Non-Attorney Representatives

OATH's rules authorize individuals who are not attorneys to appear before the Tribunal on behalf of respondents in OATH hearings, subject to the requirements and prohibitions set forth under Sections 6-23 and 6-25 of Title 48 of the RCNY.

## 48 RCNY § 6-23, Registered Representatives

Section 6-23 of Title 48 of the RCNY, entitled "Registered Representatives," provides, in part, that a "representative, other than a family member or an attorney admitted to practice in New York State, who represents two or more [hearing respondents] before the Tribunal within a calendar year" must, *inter alia*, "register with the Tribunal." See 48 RCNY § 6-23(a). A non-attorney representative is required to renew his/her registration on an annual basis.

Section 6-23(d) of Title 48 of the RCNY requires a non-attorney representative to "Not misrepresent his or her qualifications or service so as to mislead people into believing the representative is an attorney at law or a governmental employee if the representative is not." 48 RCNY § 6-23(d).

Section 6-23(f) of Title 48 of the RCNY further provides that non-attorney representatives are "subject to discipline, including but not limited to suspension or revocation of the representative's right to appear before the Tribunal, for failing to follow the provisions of this subdivision and any other rules of the Tribunal." 48 RCNY § 6-23(f).

**48 RCNY § 6-25, Misconduct**

Subsections (a)(1) through (a)(12) of Section 6-25 of Title 48 of the RCNY, entitled "Prohibited Conduct," describes conduct in which non-attorney representatives and other individuals appearing before the Tribunal may not engage.

Section 6-25(a)(2) provides that a non-attorney representative may not "[e]ngage in any disruptive verbal conduct, action or gesture that a reasonable person would believe shows contempt or disrespect for the proceedings or that a reasonable person would believe to be intimidating." 48 RCNY § 6-25(a)(2).

Subsections (c)(1) and (c)(2) of Section 6-25 of Title 48 of the RCNY, entitled "Penalties for Misconduct," provide that

> (1)     Failure to abide by these rules constitutes misconduct. The Chief Administrative Law Judge or his or her designee may, for good cause, suspend or bar from appearing before the Tribunal an attorney or representative who fails to abide by these rules. The suspension may be either for a specified period of time or indefinitely until the attorney or representative demonstrates to the satisfaction of the Chief Administrative Law Judge or his or her designee that the basis for the suspension no longer exists.

> (2)     However, the Chief Administrative Law Judge or his or her designee may not act until after the attorney or representative is given notice and a reasonable opportunity to appear before the Chief Administrative Law Judge or his or her designee to rebut the claims against him or her. The Chief Administrative Law Judge or his or her designee, depending upon the nature of the conduct, will determine whether said appearance will be in person or by a remote method.

Subsections (d)(1) and (d)(2) of Section 6-25 of Title 48 of the RCNY, entitled "Discipline on Other Grounds," provide that

> (1) Notwithstanding the provisions of subdivision (c) of this section, **the Chief Administrative Law Judge may summarily suspend or bar a representative upon a determination that the representative lacks honesty and integrity and that the lack of**

> honesty and integrity will adversely affect his or her practice
> before the Tribunal.
>
> (2) Any action pursuant to this subdivision will be on notice to the
> representative. After the summary suspension or bar, the
> representative will be given an opportunity to be heard in a
> proceeding prescribed by the Chief Administrative Law Judge or
> his or her designee. **Factors to be considered in determining
> whether a representative lacks honesty and integrity include,
> but are not limited to, considering whether the representative
> has made false, misleading or inappropriate statements to
> parties or Tribunal staff.**

(Emphasis added)

Subsection (e) of Section 6-25 of Title 48 of the RCNY, entitled "Judicial Review," provides that "[t]he decision of the Chief Administrative Law Judge or his or her designee under subdivision (c) or (d) of this section constitutes a final determination. Judicial review of the decision may be sought pursuant to Article 78 of the New York Civil Practice Law and Rules."

Aggrieved parties may challenge the Chairperson's decision by filing a petition for relief in New York Supreme Court under Article 78 of the CPLR. Additionally, final orders of the Supreme Court may be challenged as of right to the Appellate Division, and then by leave to the New York State Court of Appeals. CPLR 5701(a)(1), 5602. Thus, at a minimum, a party that has been summarily suspended has one level of administrative review and two levels of review in the New York State court system as of right.

**B.    Credible Allegations of Misrepresentation, Misappropriation of Funds, and Verbal Abuse Resulted in Plaintiff's Suspension.**

Plaintiff Rizwan Raja here challenges the summary suspension of his non-attorney registration without a hearing after an OATH investigation revealed allegations that plaintiff had, *inter alia*, misrepresented his qualifications as an attorney in violation of 48 RCNY

§ 6-23(d), appropriated money under false pretenses in violation of 48 RCNY § 6-25(d)(1), and engaged in disruptive verbal conduct in violation of 48 RCNY § 6-25(a)(2).[2]  See Dkt. No. 1-3.

First, with respect to the allegations that plaintiff misrepresented himself as an attorney, Mohammad Siddiquee affirmed "under penalty of perjury" that "Mr. Raja told me that he was a lawyer and I explained my situation to him and showed him my decision.  Mr. Raja told me he could handle the appeal for me and that it would cost $125.00."  See Dkt. No 1-3, pp. 12-14, ¶¶ 6-7.  Mr. Siddiquee further affirmed, "I trusted Mr. Raja because I thought he was a lawyer and he claimed that he had filed the appeal.  By relying on his statement I missed numerous days of work and lost money.  Additionally, by failing to file the appeal, I lost the opportunity to have [the first summons] dismissed and the points from that case were part of what led to the second summons . . ." Id., ¶ 20.

Second, with respect to the charge of misappropriation of funds, Mohammad Siddiquee, affirmed "under penalty of perjury" that plaintiff charged him $125.00 to file an appeal but never filed that appeal, and never returned the $125.00 fee.  Dkt. No. 1-3, pp. 12-14. Moreover, Saiful Alam, affirmed "under penalty of perjury" that he also paid plaintiff $150 to file an appeal, which was never filed and for which the fee was never returned.  Id., pp. 16-19. Finally, Joseph Kwaku Adu, affirmed "under penalty of perjury" that he also paid plaintiff $150 to file an appeal that was never filed, although Mr. Adu affirmed that the $150 was returned.  Id., pp. 21-22.  Finally, with respect to the third charge that formed the basis of the summary

---

[2] The letter, dated February 28, 2019, that serves as notice of plaintiff's summary suspension included two other charges:  (1) failing to register as a representative, in violation of 48 RCNY § 6-23(b), and (2) submitting a false statement to OATH, in violation of 48 RCNY § 6-25(a)(9). These charges were later dropped.  As to the first charge with respect to plaintiff's registration, plaintiff provided proof of registration to OATH.  See Dkt. No. 1-3.

suspension -- disruptive verbal conduct -- plaintiff admitted that he used vulgar language when speaking to the OATH clerk. See Dkt. No. 1-3, pp. 24-25.[3]

On March 1, 2019 OATH notified plaintiff that as of March 8, 2019, plaintiff would be summarily suspended from appearing before OATH because the misconduct outlined above. Dkt. No. 1-2. Alleging procedural due process claims, plaintiff commenced this lawsuit on March 7, 2019. See Dkt. 1. On that day, plaintiff also moved by Order to Show Cause for a temporary restraining order and preliminary injunction to prevent the suspension. Dkt. Nos. 2-6. Judge Pamela K. Chen heard plaintiff's Order to Show Cause and denied the requested relief. See March 8, 2019 Minute Entry. A copy of the transcript of the March 7, 2019 hearing before Judge Chen is available at Dkt. No. 14-1. Plaintiff then moved for reconsideration pursuant to Local Rule 6.3 and FRCP 59(e). Dkt. No. 8. Judge Chen similarly denied plaintiff's motion for reconsideration. Dkt. No. 9.

On March 22, 2019, plaintiff was provided an in-person hearing at OATH to refute the charges in the March 1, 2019 suspension letter. That hearing continued on March 28, 2019 and concluded on April 4, 2019. At that in-person hearing, plaintiff was given the opportunity to cross-examine his accusers. Moreover, defendant Burns acted neither as the Administrative Law Judge nor as the prosecutor at plaintiff's hearing. Rather, the case against plaintiff was prosecuted by two OATH staff attorneys and was heard by Administrative Law Judge Kevin Casey. By Stipulation of Settlement, dated April 11, 2019, the parties settled the OATH administrative proceeding. FAC ¶ 58; see also Dkt. No. 20, April 11, 2019 Stipulation of

---

[3] On March 19, 2019, OATH served plaintiff with a Petition, which included the charges listed in the March 1, 2019 summary suspension notice, and added a new allegation by taxi driver, MD. T. Hussein, that plaintiff told him that representation would cost $500, and would require a bribe to a TLC employee. See FAC ¶ 49; Exhibit C.

Settlement, filed under seal, in accordance with the Court's May 15, 2019 Order.  Following the settlement, plaintiff was allowed to practice again before OATH.  Exhibit B, at 3:15-17; 4:6-7.

## ARGUMENT

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, so as to make a claim plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). To meet the "facial plausibility" standard, a pleading must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard requires a court to reject "threadbare recitals" of the elements of a cause of action "supported by mere conclusory statements," and requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

In assessing a motion to dismiss under Rule 12(b)(6), a court may look to the facts alleged in the Complaint, documents attached thereto or incorporated by reference, documents that are "integral" to a plaintiff's claims, even if not expressly incorporated by reference, as well as matters of public record, documents in plaintiff's possession, or documents that the plaintiff knew of or relied upon in bringing suit. Chambers v. Time Warner, 282 F.3d 147, 152-53 (2d Cir. 2002); Cortec Indus. v. Sum Holding L.P., 949 F.2d 42, 46-48 (2d Cir. 1991); Joglo Realties, Inc. v. Seggos, 229 F. Supp. 3d 146, 148, n.3 (E.D.N.Y. 2017). Moreover, "if the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint." Sazerac Co. v. Falk, 861 F. Supp. 253, 257 (S.D.N.Y. 1994). Such contradicted allegations are "insufficient to

defeat a motion to dismiss." Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002); Williams v. Citibank, N.A., 565 F. Supp. 2d 523, 527 (S.D.N.Y. 2008).

Here, relying solely on the facts presented in the FAC and documents referred to or incorporated by reference therein,[4] all claims against defendants must be dismissed.

## I.  Summary Suspension Based on Allegations of Misrepresentation of Qualifications, Misappropriation of Funds, and Abusive Verbal Conduct is Constitutional.

Plaintiff alleges that his due process rights were violated because his right to appear as a non-attorney representative before OATH was suspended "without affording him any opportunity to be heard." FAC ¶ 64. Plaintiff's allegation that his non-attorney representative registration was improperly suspended does not state a due process violation. In this regard, "the specific dictates of due process must be shaped by the risk of error inherent in the truth finding process as applied to the generality of cases rather than the rare exceptions." Mackey v. Montrym, 443 U.S. 1, 14 (1979) (quoting Mathews v. Eldridge, 424 U.S. 319, 344 (1976) (internal quotations omitted).

"[D]ue process does not, in all cases, require a hearing before the state interferes with a protected interest, so long as 'some form of hearing is [provided] before an individual is finally deprived of [the] property interest." Rothenberg v. Daus, 2014 U.S. Dist. LEXIS 105598, *60-62 (S.D.N.Y. July 31, 2014) ("Rothenberg") (quoting Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir. 2011) ("Nnebe") (upholding the constitutionality of TLC's policy of temporarily suspending a license after a licensee is arrested and charged with a crime related to public safety and welfare).

---

[4] The Court may consider the documents annexed to the accompanying Declaration of Emily K. Stitelman, as they include public documents filed in the instant action, and the OATH petition, which is incorporated by reference by the FAC. FAC ¶ 45.

The framework for determining whether a particular administrative procedure provides adequate process involves a balancing of interests test that considers the following factors: (1) "the private interest affected by the official action;" (2) "the risk of an erroneous deprivation" and "the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail." Mathews v. Eldridge, 424 U.S. 319, 334-335 (1976) ("Mathews").

The first factor mandated by Mathews is the identification of the nature and weight of the private interest affected by the official action challenged. The plaintiff's interest in the continued ability to appear as a non-attorney representative before OATH pending the outcome of a hearing due him is a substantial one. Padberg v. McGrath-McKechnie, 108 F. Supp.2d 177, 187 (E.D.N.Y. 2000) ("Padberg") ("His taxicab driver's license is nothing short of his livelihood. Summary suspension works a deep invasion of his property, for it prevents him from earning a living."). However, that interest is not entitled to significant weight as the summary suspension is subject to Article 78 review. Cf. Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1981) (concluding plaintiff has substantial interest in retaining employment where government agency determination is not subject to judicial review). Moreover, the delay from March 8, 2019, the date of suspension, to March 22, 2019, the date of plaintiff's first scheduled summary suspension hearing, does not offend constitutional dictates. See Dkt. No. 9, p. 7 Dkt. No. 14-1, 51:3-18. Indeed, petitioner was afforded an opportunity to be heard just fourteen (14) days after OATH summarily suspended his registration.

The second factor mandated by Mathews requires a consideration of the likelihood of an erroneous deprivation of the private interest involved as a consequence of the

procedures used. The Due Process Clause has never been construed to require that the procedures used to guard against an erroneous deprivation be so comprehensive as to preclude any possibility of error. Indeed, the Supreme Court has held that "an important government interest, accompanied by a substantial assurance that the deprivation is not baseless or unwarranted, may in limited cases demanding prompt action justify postponing the opportunity to be heard until after the initial deprivation." Gilbert v. Homar. 520 U.S. 924, 930 (1997) (Gilbert).

With respect to the second Mathews factor, plaintiff attempts to distinguish Gilbert, and urges this Court to follow the holdings in El Boutary v. City of New York, 2018 U.S. Dist. LEXIS 216238 (E.D.N.Y. December 26, 2018) ("El Boutary") and Padberg. See Dkt. No. 19, p. 2. However, Judge Chen flatly rejected this argument, holding as follows:

> In *El Boutary*, the charges at question were only supported by the complainants' informal statement and a cellphone video they had taken. In *Padberg*, the summary suspensions were issued immediately after the government, through one undercover operation, alleged that the plaintiff-drivers had engaged in an illegal service refusal.
>
> In the instant case, Defendants provide more support for their summary suspension than in either *El Boutary* or *Padberg*. First, while the *El Boutary* and *Padberg* plaintiffs were each suspended after one alleged incident of misconduct, Plaintiff is accused of six different, but related, incidents of misconduct over three years. Furthermore, Defendants support their allegations of misconduct with a variety of evidence, including three declarations signed under penalty of perjury (though not notarized), executed around the time the alleged misconduct occurred, and a contemporaneously filed incident report. The incident report indicates that Plaintiff was asked about and admitted to the behavior in the moments after it occurred. Though this support for Defendants' summary suspension might not lower the risk of erroneous deprivation as much as when a suspension is supported by an independent, third party source, like an arrest [as in Gilbert], the Court finds that it is nonetheless enough to suggest that the

> deprivation is not baseless or unwarranted and shows reasonable grounds for the suspension.

Dkt. No. 9, pp. 4-5 (internal citations and quotation omitted), <u>also available at</u> <u>Raja v. Burns</u>, 2019 U.S. Dist. LEXIS 38603, *5-*7 (E.D.N.Y. March 11, 2019).

In further distinguishing <u>Padberg</u>, Judge Chen recognized that the risk of erroneous deprivation is further mitigated because plaintiff will have an opportunity to be heard on his suspension and stated that, "[i]n contrast [to <u>Padberg</u>], in the instant case, Plaintiff is offered significant post-suspension process. He is entitled to not only an Article 78 hearing, but also an administrative process . . . before a final deprivation decision is made." Dkt. No. 9, p. 7.[5] Consequently, plaintiff has been afforded adequate due process, in accordance with OATH's rules (48 RCNY § 6-25(d)), and the second <u>Mathews</u> factor favors defendants. Moreover, the post-deprivation procedures offered plaintiff satisfied due process. <u>See</u> <u>Pierre v NY City Taxi & Limousine Commn.</u>, 2017 US Dist. LEXIS 60419 (E.D.N.Y. Apr. 19, 2017) (finding that the combination of an OATH hearing and the Article 78 procedure provide adequate process).

The third <u>Matthews</u> factor—the government's interest, together with the administrative burden of additional procedural safeguards—favors defendants. Here, it is clear OATH has a legitimate interest in promptly suspending the registration of an individual who has been accused of misappropriating funds, misrepresenting himself as an attorney, and engaging in disruptive verbal conduct. <u>Nnebe</u>, 644 F.3d 147 at 159. Moreover, OATH has a significant interest in the use of summary suspensions to carry out its goal of ensuring the validity and integrity of the Tribunal, which leads to the conclusion that "exigent" or "extraordinary" circumstances exist in this case to warrant relaxing due process protections.

---

[5] Judge Chen also analyzed this case under the <u>Mathews</u> factors at the March 7, 2019 hearing, and found that the factors weighed in the City's favor. <u>See</u> Dkt. No. 14-1, 4:16-6:25; 28:21-31:13; 51:19-53:17.

For purposes of analyzing the government's interest in the summary suspension, exigent circumstances exist when three requirements are met: (1) the suspension is carried out by a government official, pursuant to a narrowly-drawn statute; (2) it is necessary to secure an important public or governmental interest; and (3) there is a need for "prompt action." See United States v. All Assets of Statewide Auto Parts, 971 F.2d 896, 903 (2d Cir. 1992) (citing Fuentes v. Shevin, 407 U.S. 67, 91-92 (1972)). Here, plaintiff's suspension was carried out by a government official pursuant to 48 RCNY § 6-25(d)(1) to secure an important public and government interest, namely to ensure the integrity of OATH proceedings and protect vulnerable respondents appearing before the Tribunal. Moreover, it is clear that OATH has demonstrated a need for "prompt action" as that phrase has been defined in the context of due process jurisprudence. Prompt action has been required to protect public health and safety. Catanzaro v. Weiden, 188 F.3d 56, 63 (2d Cir. 1999) ("The law should not discourage officials from taking prompt action to insure the public safety."). Allegations of the type made against plaintiff implicate OATH's responsibility to ensure the integrity of the OATH Tribunal pending a full investigation.[6]

Finally, the Second Circuit has made clear that "there is no constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation

---

[6] Plaintiff's allegation that he was prejudiced by the time between the allegations of misconduct and the notice of summary suspension based on those accusations is without merit. See Compl., ¶¶ 39 & 41; see also May 1, 2019 Letter from Daniel L. Ackman to Judge Donnelly [Dkt. No. 19], p. 3. The fact that it took months for OATH to perform its investigation and commence its disciplinary action against plaintiff does not evidence a due process violation. Indeed, the record demonstrates that OATH provided petitioner with OATH's March 1, 2019 letter that informed plaintiff of the charge set against him. See Dkt. No. 1-3. Furthermore, it also provided plaintiff with information about the process by which plaintiff could challenge the findings in the notice. Id. The record further demonstrates that plaintiff did, in fact, avail himself of this process and appeared for a three-day trial. See FAC ¶¶ 52 & 56.

procedure to remedy a random, arbitrary deprivation of property or liberty." Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 882 (2d Cir. 1996); Grillo v. N.Y. City Transit Auth., 291 F.3d 231, 234 (2d Cir. 2002) ("This court has held on numerous occasions that where . . . a party sues the state and its officials and employees for the arbitrary and random deprivation of a property or liberty interest, an Article 78 proceeding is a perfectly adequate postdeprivation remedy."). Thus, because plaintiff alleges that an arbitrary error deprived him of his due process rights in a particular instance (FAC ¶ 64), the availability of an Article 78 proceeding precludes a successful claim under section 1983.  See Mordukhaev v. Daus, 457 F. App'x 16, 21 (2d Cir. 2012) ("[W]hile [the plaintiff] did not avail himself of an Article 78 proceeding, the existence of that proceeding confirms that state law afforded him adequate process to defeat his constitutional claim.").

Even if the Court were to find that summary suspension of plaintiff's non-attorney representative registration was not warranted based on the allegations set forth in the suspension letter (Dkt. No. 1-3), the summary suspension of plaintiff's registration in the interest of public health and safety is nevertheless supported by the April 11, 2019 Stipulation of Settlement, wherein plaintiff agreed to be suspended from appearing before OATH for a short period of time. See Exhibit B, at 3:15-17.  Therefore, as plaintiff ultimately agreed to his suspension, he is not entitled to compensatory damages.  In Carey v. Piphus, 435 U.S. 247 (1978), the Supreme Court remanded the due process claims of two students who were suspended from school without hearings for further proceedings, and directed that, if upon remand, the district court determined that the suspensions were justified, the students would not be entitled to compensatory damages, but would be entitled to nominal damages not to exceed one dollar.  See also Nnebe v. Daus, 306 F. Supp. 3d 552, 558 (S.D.N.Y. 2018) (on appeal) (where court found inadequate notice of

summary suspension, but no injury flowing from that suspension, court awarded $1 in nominal damages to each plaintiff).[7]

## II.    Plaintiff Had Fair Warning that Conduct Could Lead to Summary Suspension of his Registration

Plaintiff's suspension was premised on charges of misrepresenting himself as an attorney, misappropriating funds, and engaging in disruptive verbal conduct at OATH's office. Plaintiff contends that he was not given fair warning that such activity could lead to his suspension.   Specifically, plaintiff contends that suspension of his non-attorney registration violated his due process rights because unspecified OATH rules did not give him fair notice that summary suspension might occur.  See FAC ¶¶ 67-72. This claim has no merit; ample notice was provided.

Due process requires that "a reasonably prudent person, familiar with the conditions the regulations are meant to address and the objectives the regulations are meant to achieve, has fair warning of what the regulations require."  Rock of Ages Corp. v. Sec'y of Labor, 170 F.3d 148, 156 (2d Cir. 1999); Rothenberg, 2014 U.S. Dist. LEXIS 105598 at *47 ("Reading the TLC Rules in the context of their purposes as stated in the regulatory history, a reasonable driver should expect a failed drug test to prompt revocation.").   A regulation or statute that provides for the deprivation of a property interest "must be crafted with sufficient

---

[7] Moreover, plaintiff waived his rights to challenge his summary suspension when he settled the OATH proceeding, and agreed to the suspension starting as of the date of his summary suspension (March 8, 2019).  See Exhibit B, at 3:2-17.  Plaintiff's right to assert a court challenge "is subject to waiver, just as other personal constitutional rights that dictate the procedures by which civil and criminal matters must be tried."  Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 848-49 (1986) (citations omitted).  Such a waiver may be either implicit or explicit.  Id. at 849.  Even if there was no evidence of an express waiver here, plaintiff's decision to settle the suspension proceeding constituted an effective waiver.  See Schor, 478 U.S. at 849 (defendant's election to forgo his right to proceed in court on his debt balance claim and instead seek relief in a reparations proceeding constituted an effective waiver).

clarity to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited and to provide explicit standards for those who apply them." Piscottano v. Murphy, 511 F.3d 247, 280 (2d Cir. 2007) (internal quotation marks and citations omitted); Grayned v. City of Rockford, 408 U.S. 104, 109 (1972).  Because the regulations at issue are civil in nature, review by the Court is less stringent and vagueness will be tolerated.  Ruiz v. Commissioner, 679 F. Supp. 341, 350-351 (S.D.N.Y.), aff'd, 858 F.2d 898 (2d Cir. 1988); Padberg v. McGrath-McKechnie, 203 F. Supp.2d 261, 286-287 (E.D.N.Y. 2002), aff'd, 2003 U.S. App. LEXIS 4618 (2d Cir. March 13, 2003), cert. denied, 540 U.S. 967 (2003).  A vagueness inquiry should begin with the text of the provision, considered "in context, and, where appropriate, with the benefit of canons of statutory construction and legislative history." United States v. Farhane, 634 F.3d 127, 142 (2d Cir. 2011).

Based on the plain language of applicable provisions of law, the statutory scheme and the non-attorney registration form that plaintiff submitted to OATH (see Dkt. No. 1-3, p. 6), plaintiff had warning that failing to comply with OATH's rules and regulations could result in immediate suspension of his registration.  See Perez v. Hoblock, 368 F.3d 166, 175-177 (2d Cir. 2004) (upholding fine based on prohibition against "any action detrimental to the best interests of racing") (citing cases); Padberg v McGrath-McKechnie, 60 F App'x 861 (2d Cir 2003). First, the Representative Registration Form, which plaintiff signed each year he registered as a non-attorney representative explicitly states, "I agree that I will comply with all provisions of the Procedural Rules contained in 48 RCNY Chapter 5 and all other rules and regulations pertaining to my representation of respondents at the OATH Hearings Division.  I understand that failure to comply with these rules and regulations may result in suspension or revocation of my registration and the right to represent parties at the OATH Hearings Division." Dkt. No. 1-3, p. 6.

Second, with respect to the allegations that plaintiff misrepresented his qualifications as an attorney, 48 RCNY § 6-23(d) specifically prohibits a registered representative from "misrepresent[ing] his or her qualifications or service so as to mislead people into believing the representative is an attorney at law . . . if the representative is not." Third, with respect to the allegations that plaintiff appropriated money under false pretenses, 48 RCNY § 6-25(d)(1) allows the Chief Administrative Law Judge to summarily suspend a representative "upon a determination that the representative lacks honesty and integrity and that the lack of honesty and integrity will adversely affect his or her practice before the Tribunal." Moreover, 48 RCNY § 6-25(d)(2) states that in making this determination, the Chief Administrative Law Judge should consider "whether the representative has made false, misleading or inappropriate statements to parties or Tribunal staff." Accordingly, plaintiff was on notice that misappropriating funds could result in the immediate suspension of his registration. Fourth, plaintiff should have known that engaging in verbal abuse of OATH staff could lead to his suspension. OATH rules specifically prohibit representatives from "engag[ing] in any disruptive verbal conduct, action or gesture that a reasonable person would believe shows contempt or disrespect for the proceedings or that a reasonable person would believe to be intimidating." 48 RCNY § 6-25(a)(2). Finally, with respect to plaintiff's allegation that he did not have "fair notice of the penalty that could be imposed" (FAC ¶ 71), and necessarily read in conjunction with the above rules, 48 RCNY § 6-25(c) sets forth the penalties for misconduct, including a suspension or a bar of the registered representative.

### III.   OATH Properly Relied on the Complainants' Sworn Statement in Reaching its Decision.

Plaintiff contends that his administrative trial was "deliberate, reckless, and indifferent to plaintiff's constitutional rights" because he had no opportunity to cross-examine

"some of his accusers." FAC ¶¶ 74-75.  It is well settled, however, that the due process clause is

not violated when hearsay evidence (such as the complainants' sworn statement) is submitted in

an administrative hearing or trial.  See, e.g., Richardson v. Perales, 402 U.S. 389, 402 (1971)

(although doctor not subject to cross-examination, a report authored by the doctor can constitute

substantial evidence even when there is contradictory testimony by the adversary's doctor);

Yancy v. Apfel, 145 F.3d 106, 112 (2d Cir. 1998).  And New York state courts are no different.

Courts have repeatedly upheld administrative determinations based upon hearsay evidence.

People ex rel. Vega v. Smith, 66 N.Y.2d 130, 495 N.Y.S.2d 332 (1985) (administrative

disciplinary determinations based on written reports do not violate due process); Gray v. Adduci,

73 N.Y.2d 741, 536 N.Y.S.2d 40 (1988).  Hearsay evidence alone may constitute substantial

evidence when sufficiently relevant and probative of the issues being decided.  Vega, 66 N.Y.2d

at 139, 495 N.Y.S.2d at 337; BiCounty Brokerage South Corp v. State of New York Ins. Dep't, 4

A.D.3d 470, 471, 771 N.Y.S.2d 691 (2d Dep't 2004);  Gelco Builders, Inc. v. Holtzman, 168

A.D.2d 232, 562 N.Y.S.2d 120 (1st Dep't), appeal den'd, 77 N.Y.2d 819, 571 N.Y.S.2d 913

(1990).   In fact, statements from absent witnesses may form the sole basis for an agency's

ultimate determination.  Harry's Chenango Wine & Liquor, Inc. v. State Liquor Authority, 158

A.D.2d 804, 550 N.Y.S.2d 951 (3d Dep't 1990) (upholding suspension of liquor license based on

sworn statement that was contested by plaintiff's employees).  Moreover, as Judge Chen

acknowledged, the three declarations that form the basis of the summary suspension were

"signed under penalty of perjury . . ., [and were] executed around the time the alleged

misconduct occurred."  Dkt. No. 6, p. 5.

       Plaintiff also claims that defendants also did not comply with the City

Administrative Procedures Act, New York City Charter § 1046.  Preliminarily, the role of the

federal courts in determining whether plaintiff's due process rights were violated is not to determine whether OATH complied with every applicable local legal provision, but rather "to determine only whether the state has provided adequate avenues of redress to review and remedy arbitrary action.  Section 1983 is not a means for litigating in a federal forum whether a state or local administrative decision was wrong or even whether it was arbitrary and capricious." Alfaro Motors Inc. v. Ward, 814 F.2d 883, 888 (2d Cir. 1987) (citations omitted).   In any event, plaintiff's claim (based on Charter § 1046, which provides a party an opportunity "to cross-examine opposing witnesses") that he had a right to cross-examine "all of his accusers" is misplaced. FAC ¶ 78.  The right to cross examination set forth in that provision attaches only when a witness is called to testify in the administrative hearing, but does not require that one who submits a sworn statement be called as witness or that the sworn statement cannot be introduced at the administrative hearing.  See, e.g. Gray, 73 N.Y.2d at 743 (analogous provision of state administrative procedure act that provides that a "party shall have the right of cross-examination" not violated by reliance on police officer's written report).

IV.   **The Claims Against John W. Burns Should Be Dismissed**.[8]

First, the Court must dismiss the FAC as to defendant John W. Burns as the FAC fails to allege that he was personally involved in any aspect of OATH's determination in this case.[9] To state a claim under 42 U.S.C. § 1983, plaintiffs must show (1) that the conduct in

---

[8] The Court should also dismiss plaintiff's claim for punitive damages.  FAC at WHEREFORE paragraph.  Ciraolo v. City of New York, 216 F.3d 236, 238 (2d Cir. 2000), cert. denied, 531 U.S. 993 (2000) (such damage awards are foreclosed absent an outrageous abuse of constitutional rights).

[9] The only allegations specifically asserted against defendant Burns are those relating to Mr. Burns' authorship of the summary suspension letter, in his role as First Deputy Commissioner and Supervising Administrative Law Judge, and as the author of designation letters authorizing OATH Administrative Law Judges to render decisions in the OATH trial.  FAC ¶¶ 32-33; 53-54.

question deprived them of a right, privilege, or immunity secured by the Constitution or the laws of the United States, and (2) that the acts were attributable in part to a person acting under color of state law.  See Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993). "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).  "[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." Dove v. Fordham Univ., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quotations and citations omitted).

Moreover, allegations against high-ranking officials, such as agency commissioners, are routinely dismissed where a plaintiff fails to allege personal involvement on behalf of that official.  Jackson v. County of Nassau, 2009 U.S. Dist. LEXIS 11547, *7–10 (E.D.N.Y. 2009) (denying leave to amend to name Nassau County Police Commissioner as a defendant where complaint was "devoid of specific factual allegations" against him); Barrington v. Johnson, 2006 U.S. Dist. LEXIS 86354, *5–6 (S.D.N.Y. 2006)  (dismissing claims against Police Commissioner Kelly where complaint failed to allege that he was personally involved in the constitutional violation, holding that "[t]he mere fact that one defendant is . . . the Police Commissioner is insufficient to support a finding of personal involvement."); Washington Square Post No. 1212 v. City of New York, 720 F. Supp. 337, 345-47 (S.D.N.Y. 1989), rev'd on other grounds, 907 F.2d 1288 (2d Cir. 1990).

Here, plaintiff bases his claims against Burns solely on his position of authority and makes no specific factual allegations whatsoever that he was involved in the underlying summary suspension determination. Simply, Burns's position of authority is insufficient to

sustain liability under 42 U.S.C. § 1983. Black v. Coughlin, 76 F.3d 72 (2d Cir. 1996) ("[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority.") (citations omitted). Therefore, as the FAC fails to allege any personal involvement in the decision to summarily suspend plaintiff, the Court must dismiss plaintiff's claims as against him.

Additionally, as set forth in Points I, II and III, *supra*, plaintiff has failed to state a claim for any constitutional violation or municipal liability, and accordingly, he cannot sustain a claim for supervisory liability as against defendant Burns. See e.g. Williams v. City of New York, 2015 U.S. Dist. LEXIS 94895, *18-19 (S.D.N.Y. 2015) (dismissing plaintiff's claims for supervisory liability holding "[a]s discussed above, plaintiff has failed to plausibly allege the existence of an unconstitutional NYPD policy or custom. A fortiori, plaintiff has failed to plead that Kelly created or continued any such policy. Along the same lines, plaintiff has failed to plead any manner in which Kelly failed to train NYPD officers."); Blyden v. Mancusi, 186 F.3d 252, 265 (2d Cir. 1999) ("Of course, for a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation."). Accordingly, defendants respectfully contend that plaintiff's claims against defendant Burns fail as a matter of law and must be dismissed.[10]

---

[10] Moreover, qualified immunity shields government officials from liability for damages on account of their performance of discretionary official functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is established if, at the time defendants acted, it was not clear whether federal law protected plaintiffs' claimed interests, or the defendants reasonably believed that their actions did not contravene an established federal right. See Ying Jing Gan v. City of New York, 996 F.2d 522, 531-32 (2d Cir. 1993). The contours of the constitutional right allegedly violated must be defined with particularity rather than in broad, generalized or abstract terms. A Court will only find that qualified immunity is inapplicable where it is clear that at the time of the alleged constitutional violation, a reasonable person would have known that the action would violate a

## V.    The Court May Decline Supplemental Jurisdiction

Plaintiff's fifth and sixth causes of action assert state and local law violations. 28 U.S.C. § 1367 governs the District Court's power to decide state law claims, and subsection (c) permits the Court to decline to exercise supplemental jurisdiction.

In determining whether to exercise supplemental jurisdiction over state law claims, "district courts should balance the values of judicial economy, convenience, fairness, and comity." Klein & Co. Futures Inc. v. Bd. of Trade of New York City, 464 F.3d 255, 262 (2d Cir. 2006) (citation omitted).  In weighing these factors, district courts consider "(1) the length of time the matter has been pending before the federal court; (2) the proximity of the trial date; and (3) the predominance of issues of federal, as opposed to local concern." Birch v. Pioneer Credit Recovery, Inc., 2007 U.S. Dist. LEXIS 41834, *16 (W.D.N.Y. June 8, 2007).

Here, because the Court should dismiss plaintiffs' federal claims, the assertion of supplemental jurisdiction over the state law claims is inappropriate. See Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("Federal courts normally decline to exercise supplemental jurisdiction over state law claims when all the federal claims have been dismissed before trial."). Plaintiff's state law claims do not implicate any federal question or any issue of federal policy or interest.  Moreover, plaintiff recently filed this action, it is in its initial stages, and no trial date has been set.

---

federal right.  See Molinelli v. Tucker, 901 F.2d 13, 14 (2d Cir. 1990) (holding qualified immunity protects officials when it is not unambiguous that their actions violated federal right.). Even if this Court were to decide that plaintiff sets forth a constitutional claim, the Court should dismiss the claims against defendant Burns as it was objectively reasonable for him to believe that he was not violating established federally protected rights.

VI.    **If Considered, Plaintiff's State Law Claims Fail.**

        If the Court were to exercise supplemental jurisdiction over plaintiff's state law claims, plaintiff fails to state a cause of action for either a violation of the New York City Charter, § 1046, or OATH's Rules.  First, as discussed in detail in Point III, *supra*, Charter § 1046 does not require that one who submits a sworn statement be called as witness or that the sworn statement cannot be introduced at the administrative hearing.  Moreover, Charter § 1046 does not apply where proceeding is not required by law.  See Tenesela v. New York City Taxi & Limousine Commn., 2010 N.Y. Misc. LEXIS 5889, *6 (Sup. Ct. N.Y. Co. Dec. 2, 2010) ("The subject TLC Fitness Hearing is not a proceeding 'required by law,' as made clear by the permissive language of 35 RCNY § 8-15(a), which provides that TLC 'may' direct an applicant to appear for a fitness hearing").

        Second, plaintiff uses his sixth claim for relief – violation of OATH Rules – as a catch-all claim and alleges "By suspending plaintiff without a hearing, by failing to afford plaintiff a hearing and the right to cross-examine his accusers, and by suspending and otherwise penalizing plaintiff without reasonably clear standards and without reasonably clear penalty provisions defendants have deprived plaintiff and will continue to deprive plaintiff of his rights under OATH rules."  FAC ¶ 81.  For all of the reasons set forth in Points I, II, and III, there has been no violation of OATH's rules and this claim must fail.

## CONCLUSION

For the reasons set forth above, plaintiff's FAC fails to state a cause of action and the Court should dismiss this action.

Dated:     New York, New York
           June 11, 2019

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for City Defendants
100 Church Street
New York, New York 10007
(212) 356-2011

_____
Emily K. Stitelman
Assistant Corporation Counsel