```
                                                                    1

              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

    - - - - - - - - - - - - - - - -X
    RIZWAN RAJA,                    :   19-CV-1328(AMD)
                                    :
              Plaintiff,            :
                                    :
         -against-                  :   United States Courthouse
                                    :   Brooklyn, New York
                                    :
                                    :
                                    :
                                    :
    JOHN W. BURNS, et al.,          :   Wednesday, May 15, 2019
                                    :   4:00 p.m.
              Defendants.           :
                                    :
    - - - - - - - - - - - - - - - -X

         TRANSCRIPT OF CIVIL CAUSE FOR PREMOTION CONFERENCE
             BEFORE THE HONORABLE ANN M. DONNELLY
                UNITED STATES DISTRICT JUDGE

                     A P P E A R A N C E S:

    For the Plaintiff:     LAW OFFICE OF DANIEL L. ACKMAN
                           Attorney for the Plaintiff -
                           Rizwan Raja
                                222 Broadway
                                19th Floor
                                New York, New York 10038
                           BY: DANIEL L. ACKMAN, ESQ.

    For the Defendants:    NEW YORK CITY LAW DEPARTMENT
                           OFFICE OF THE CORPORATION COUNSEL
                           For the Defendants -
                           John W. Burns
                                100 Church Street
                                New York, New York 10007
                           BY: EMILY STITELMAN, ESQ.


    Court Reporter:   Anthony D. Frisolone, FAPR, RDR, CRR, CRI
                      Official Court Reporter
                      Telephone: (718) 613-2487
                      Facsimile: (718) 613-2694
                      E-mail: Anthony_Frisolone@nyed.uscourts.gov

    Proceedings recorded by computerized stenography.  Transcript
    produced by Computer-aided Transcription.
```

*Anthony D. Frisolone, FAPR,  RDR, CRR, CRI, CSR*
*Official Court Reporter*

Premotion Conference 2

1 (In open court.)
2 COURTROOM DEPUTY: All rise. The United States
3 District Court for the Eastern District of New York is now in
4 session. The Honorable Ann M. Donnelly is now presiding.
5 (Honorable Ann M. Donnelly takes the bench.)
6 COURTROOM DEPUTY: Calling civil cause for premotion
7 conference in Docket No. 19-CV-1328, *Rizwan Raja against John*
8 *W. Burns*.
9 Counsel, please note your appearances for the
10 record.
11 MR. ACKMAN: For the plaintiff, Rizwan Raja, Law
12 Office of Daniel L. Ackman by Daniel L. Ackman.
13 Good afternoon, Your Honor.
14 MS. STITELMAN: For the defendant, John W. Burns,
15 Office of the Corporation Counsel by Emily Stitelman.
16 Good afternoon, Your Honor.
17 COURTROOM DEPUTY: Civil cause for premotion
18 conference.
19 Counsel, state your appearance.
20 MR. ACKMAN: Daniel Ackerman. Sorry for the mix-up.
21 THE COURT: That's okay.
22 MS. STITELMAN: Emily Stitelman, Assistant
23 Corporation for the City.
24 THE COURT: Everybody stay seated.
25 Do me a favor don't talk too fast and make sure the

1  microphone is on.
2  All right. So this is a premotion conference. I
3  just have a couple of factual questions about this because
4  it's not entirely clear to me what happened after this. Was
5  he actually suspended on March the 8th, your client?
6  MR. ACKMAN: I think that was the date, yes.
7  THE COURT: Whatever the date, I know you appeared
8  before Judge Chen and then there was a trial of some kind that
9  appears to have ended on March 28th. Also correct?
10  MR. ACKMAN: Right.
11  THE COURT: Okay. Then, at some point, there was a
12  settlement.
13  Was that right after March 28th?
14  MR. ACKMAN: Within a day or two.
15  THE COURT: And so, is he now allowed to practice
16  again?
17  MR. ACKMAN: Yes.
18  THE COURT: Okay. So I know your client has to do
19  with the -- the suspension hearing before -- the suspension
20  before the hearing, isn't that something that was covered in
21  the settlement?
22  MR. ACKMAN: No.
23  THE COURT: Could it have been? I guess it could
24  have been. Seems like that that was an issue. That that
25  would be something that, I mean, it's a matter of a couple of

*Premotion Conference* 4

1 weeks.
2      MR. ACKMAN: I think it's more like four weeks.
3      THE COURT: Okay. Assuming when you settle stuff
4 you want to wrap things up. I'm just curious about why that
5 wasn't part of it.
6      So he's back practicing now; right?
7      MR. ACKMAN: Right.
8      THE COURT: Okay. So the other thing that's not
9 entirely clear to me is you're making sort of a general
10 challenge to these OATH rules, or is there a specific one that
11 you have a problem with? It's not clear from your submission.
12      MR. ACKMAN: Well, no, I think it's one rule maybe
13 two. Not all of the OATH rules, no.
14      THE COURT: Maybe I missed it. I didn't see in your
15 complaint which one you're complaining about. I'm assuming
16 it's the one that says you --
17      MR. ACKMAN: We recorded it in the letter. I don't
18 have the letter in front of me.
19      THE COURT: Is it in the complaint, too?
20      MR. ACKMAN: No, it's probably not in the complaint.
21 It would be in the amended complaint.
22      THE COURT: Well.
23      MR. ACKMAN: But there's two rules that have to do
24 with suspensions. It might be one rule, A and B; or, it might
25 be two rules. But it is quoted in the letter and I believe

```
                    Premotion Conference                     5
```

1  I'm sure it's in the amended complaint which I do not have in
2  front of me.
3              THE COURT:  All right.  Well, it couldn't really
4  matter.  Is there any way that you can settle the case, that
5  you can come to some kind of an agreement?  Like I said, I
6  don't know why this wasn't taken care of at the settlement in
7  front of the -- at the hearing, but...
8              MR. ACKMAN:  It's not Ms. Stitelman on other side of
9  the hearing.
10             THE COURT:  I beg your pardon.
11             MR. ACKMAN:  It's not Ms. Stitelman on the other
12 side of the hearing, it's a different lawyer.
13             THE COURT:  I know.
14             MR. ACKMAN:  It could have been.
15             THE COURT:  We have plenty of cases here, that's why
16 I just don't know why you didn't take care of it.
17             MR. ACKMAN:  It could have been and it still could
18 be.
19             THE COURT:  All right.  And is that still a
20 possibility that you can do that?  Don't you think maybe -- I
21 mean, I like nothing more than writing opinions on things that
22 I don't have to write them on, but if you can settle it.
23             Why don't you just settle it?
24             MR. ACKMAN:  I'm willing to try.  We have not
25 discussed it yet.  I am perfectly willing.

1    THE COURT:  Is it your same office?

2    MS. STITELMAN:  It's a different office.  It's with
3 the City, but OATH proceedings are handled by OATH attorneys
4 and not Corporation Counsel.

5    THE COURT:  Okay.  I'll give you a briefing
6 schedule, but I'm going to suggest maybe and we can change
7 the -- if this is going to ruin anybody's, you know, vacation
8 plans or anything like that.  But I would suggest to you that
9 if there's a way to work this out that really might be a more
10 efficient way to handle this.

11    So I think the motion to dismiss and the motion for
12 summary judgment, both motions could be filed on June the 4th,
13 and any opposition on June the 25th, and any replies will be
14 July the 11th.

15    If somebody's got some reason why they can't meet
16 that schedule, I'll surely hear you on any other.  I know the
17 summer is the time when people take vacations and things like
18 that.

19    MS. STITELMAN:  Yes, Your Honor.  In fact, June 4th
20 I will be on vacation out of the office.  I return to the
21 office on June 6th, I'm sorry, June 7th is my first day back
22 in the office.

23    THE COURT:  Then why don't we put it to the
24 following week?

25    COURTROOM DEPUTY:  June 11th.  Is that okay?

```
                        Premotion Conference                        7

 1              MS. STITELMAN:  That's agreeable.  Thank you, your
 2   Honor.
 3              THE COURT:  Then where does that take us?
 4              COURTROOM DEPUTY:  Still takes us to the 25th.
 5   July 2nd?
 6              THE COURT:  Why don't you July 11th for -- June 11th
 7   for the oh, right.
 8              COURTROOM DEPUTY:  Maybe July 9th?
 9              THE COURT:  So June 11th for the motion to dismiss
10   and the motion for summary judgment.  The oppositions, let's
11   make those July 11th.  And then a couple of weeks for any
12   replies.
13              Where does that take us?
14              COURTROOM DEPUTY:  July 25th or August 1st?
15              THE COURT:  Does that work for everybody?
16              MR. ACKMAN:  That's more than two weeks.
17              THE COURT:  July 25th.
18              MR. ACKMAN:  For the reply.  July 19th would be two
19   weeks.
20              THE COURT:  You're worse at math than I am.
21              MS. STITELMAN:  That's fine, your Honor.
22              THE COURT:  Okay.
23              COURTROOM DEPUTY:  So are we good with the 25th?
24              THE COURT:  In the meantime, just let me know if you
25   can work it out.  All right?
```

1  Anything else?
2  MS. STITELMAN: Not from the defense.
3  MR. ACKMAN: No, Judge.
4  THE COURT: Thanks.
5  MR. ACKMAN: Thank you.
6  MS. STITELMAN: Thank you.
7  (WHEREUPON, this matter was adjourned to
8  above-referenced dates and times.)

* * *

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*[signature: Anthony D. Frisolone]*

Anthony D. Frisolone, FAPR, RDR, CRR, CRI
Official Court Report