CITY OF NEW YORK
OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
TRIALS DIVISION
---------------------------------------------------------------------------x
OFFICE OF ADMINISTRATIVE TRIALS AND
HEARINGS

                              Petitioner,

       - against -

RIZWAN RAJA

                              Respondent.
---------------------------------------------------------------------------x

**PETITION**

OATH
Index No.: 191903

1. As an individual registered to appear as a non-attorney representative before the Hearings Division at the Office of Administrative Trials and Hearings (OATH), Rizwan Raja (Respondent) is subject to discipline under OATH's rules for registered representatives; specifically 48 RCNY § 6-23 (Registered Representatives) and 48 RCNY § 6-25 (Misconduct).

2. Respondent certified on the Representative Registration Form, dated September 26, 2017 and October 10, 2018, that he reviewed and understood the requirements of 48 RCNY § 6-23 and 48 RCNY § 6-25. Respondent agreed to comply with all rules and regulations pertaining to his representation of respondents at OATH and certified that he understood that failure to do so could result in suspension or revocation of his registration and the right to appear at OATH. Copies of Respondent's 2017 and 2018 registration forms are attached hereto as Exhibits 1 and *2*.

3. This Petition serves as formal notice of OATH's charge that Respondent has committed misconduct in violation of OATH rules, 48 RCNY § 6-23(d), and 48 RCNY § 6-25(a)(2) and engaged in a pattern of conduct that evinces a lack of honesty and integrity and adversely affects Respondent's practice before the Tribunal as set forth in 48 RCNY § 6-25(d)(1). Respondent is accused of the following:

4. Misrepresenting his qualifications so as to mislead an OATH Respondent into believing Respondent is an attorney, in violation of 48 RCNY § 6-23(d).

5. Appropriating money under false pretenses, which evinces a lack of honesty and integrity that adversely affects Respondent's practice before the Tribunal, in violation of 48 RCNY § 6-25(d)(1).

6. Engaging in disruptive verbal conduct that a reasonable person would believe shows contempt or disrespect for the proceedings or that a reasonable person would believe to be intimidating, in violation of 48 RCNY § 6-25(a)(2).

7. Showing contempt and disrespect for the proceedings at the Tribunal in violation of 48 RCNY § 6-25(a)(2) and 48 RCNY § 6-25(d)(1) by asserting that a person connected to the Tribunal was accepting bribes to do as he was bidden.

8. Engaging in a disruptive action that a reasonable person would believe shows contempt for the proceedings and that a reasonable person would believe to be intimidating in violation of 48 RCNY § 6-25(a)(2).

Specifically, the conduct alleged is as follows:

Misrepresentation as an Attorney

9. On or about November 16, 2016, Respondent falsely stated to Mohammed Siddiquee that Respondent was an attorney. Mr. Siddiquee's affirmation describing the incident is annexed hereto as Exhibit 3. That day, Mr. Siddiquee went to the OATH Long Island City location (OATH LIC) to file an appeal for previously sustained Summons No. CV10071948C (Summons 48C). While in the waiting area of OATH, Mr. Siddiquee saw Respondent speaking to other OATH Respondents. Mr. Siddiquee approached him to discuss his appeal. Respondent then stated that Respondent was an attorney who could handle the appeal for $100. Mr. Siddiquee agreed to pay Respondent $100 to file the appeal. Respondent is not an attorney, and this action violates 48 RCNY § 6-23(d). By falsely asserting that Respondent was an attorney, Respondent evinced a lack of honesty and integrity that adversely affects Respondent's practice before the Tribunal, in violation of 48 RCNY §6-25(d)(1).

Appropriated Money Under False Pretenses

10. Despite Mr. Siddiquee's payment to Respondent to file an appeal regarding Summons 48C, Respondent neither filed the appeal nor returned the $100 fee that was paid to file the appeal. Respondent's conduct evinces a lack of honesty and integrity that adversely affects Respondent's practice before the Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 3.

11. On or about May 1, 2017, Respondent met with Saiful Alam at OATH LIC. Mr. Alam paid Respondent $150 to file an appeal to overturn a Hearing Officer's decision for Summons No. EA 72080622A (Summons 622A). Respondent neither filed the appeal nor returned the $150 fee that was paid to file the appeal. Respondent's conduct evinces a lack of honesty and integrity that adversely affects Respondent's practice before the

Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 4.

12. On or about December 5, 2017, Respondent met with Joseph Kwaku Adu at OATH LIC. Mr. Adu paid Respondent $100 to file an appeal to overturn a Hearing Officer's decision for Summons No. RL0012039 (Summons 039). On January 18, 2018, the appeal still had not been filed. On January 18, 2018, Mr. Adu confronted the Respondent about the Respondent's failure to file the appeal. Respondent then returned the $100 fee. Respondent's failure to timely file an appeal after agreeing to do so and accepting payment evinces a lack of honesty and integrity that adversely affects Respondent's practice before the Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 5.

13. On August 30, 2018, at OATH LIC, MD Hossain, a TLC licensee, sought representation from Respondent for an appeal of a TLC decision revoking Mr. Hossain's license. Respondent told Mr. Hossain that representation would cost $500 and would require that Respondent pay a bribe to someone connected to the proceedings at the Tribunal. Mr. Hossain paid Respondent $300 in cash. Respondent failed to file an appeal on behalf of Mr. Hossain and never returned Mr. Hossain's $300 Respondent's failure to timely file an appeal after agreeing to do so and accepting payment evinces a lack of honesty and integrity that adversely affects Respondent's practice before the Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 7.

## Engaging in Disruptive Verbal Conduct on OATH premises

14. On August 14, 2018, at OATH LIC, when Respondent attempted to file an Authorized Representative to Appear Form, an OATH clerk told him the form would be rejected because it did not bear an original signature from the OATH respondent. Respondent replied, "I'll have someone else do it; give me back my form." As Respondent turned to leave the counter, Respondent stated "bitch-ass." This term was pronounced within earshot of the clerk, other respondents, security staff, and Felix Ortiz, a Senior Procedural Justice Coordinator Supervisor. Mr. Ortiz heard and confronted Respondent about the offensive language. Respondent acknowledged the language was inappropriate and stated "I was frustrated by the clerk." Respondent's conduct violated 48 RCNY §6-25(a)(2). Mr. Ortiz's incident report is annexed hereto as Exhibit 6.

## Showing Contempt and Disrespect for the Proceedings

15. On August 30, 2018, at OATH LIC, Mr. Hossain, a TLC licensee, sought representation from Respondent in the appeal of a TLC decision revoking Mr. Hossain's license. Respondent told Mr. Hossain that representation would cost $500 and would require that Respondent pay a bribe to a TLC employee connected to the proceedings at the Tribunal. Mr. Hossain paid Respondent $300 in cash. After receiving the payment, Respondent began eluding him and refused to accept the $200 balance. On September 7, 2018 Mr. Hossain came back to OATH and asked Respondent about the revocation. Respondent neither explained the necessity for the delay, nor the reason why he would not accept the

$200 balance. Upon advice from the Help Center, Hossain approached TLC directly about his license revocation. TLC offered to settle the matter for $1675.00 in lieu of revocation, and, on September 11, 2018, reduced the fine to $1125.00.

16. On September 11, 2018, Mr. Hossain sought a refund of his $300 from Respondent after settling the case on his own, and Respondent did not complete any work on the matter. Respondent told Mr. Hossain to return after Mr. Hossain made the first installment payment of the TLC settlement. On October 3, 2018, Mr. Hossain returned to TLC to make the first payment on the outstanding penalty and found Respondent in the waiting area. Respondent invited Mr. Hossain to Respondent's office. In response to Mr. Hossain's request for refund of his $300, Respondent told Mr. Hossain that Respondent had used the money to bribe the person Respondent had told him Respondent would bribe. Respondent's insistence that he could resolve an OATH proceeding by way of bribery as a ruse to avoid paying the debt, shows contempt and disrespect for the proceedings at the Tribunal and constitutes misconduct in violation of 48 RCNY § 6-25(a)(2) and 48 RCNY § 6-25(d)(1).  See Exhibit 7.

<u>Engaging in a Disruptive Action that a Reasonable Person Would Believe Shows Contempt for the Proceedings and That a Reasonable Person Would Believe to be Intimidating in Violation</u>

17. On October 3, 2018, the Respondent threatened to have Mr. Hossain's license revoked when Mr. Hossain demanded a refund of money paid for services never performed. The Respondent's threat was a disruptive verbal conduct that showed contempt for the proceeding and that a reasonable person would believe to be intimidating. The Respondent's threat constituted misconduct in violation of 48 RCNY § 6-25(a)(2). See Exhibit 7.

**WHEREFORE**, Petitioner seeks the following findings and recommendations:

A. That Respondent's failure to abide by the OATH rules constitutes misconduct and subjects him to permanent bar from appearing before OATH pursuant to Rules 6-25(c) and (d)(1).

B. That Respondent's pattern of behavior evinces a lack of honesty and integrity under Rule 6-25(d) and that this lack of honesty and integrity adversely affects his practice before OATH subjecting him to permanent bar from appearing before OATH pursuant to Rules 6-25(c) and (d)(1).

Dated: March 19, 2019

By: Timothy R. Jones
Attorney for Petitioner
City of New York
Office of Administrative Trials and Hearings
100 Church Street, 12th Floor
New York, NY 10007
(212) 933-3038

5

OATH Index No. 191903

CITY OF NEW YORK
OFFICE OF ADMINISTRATIVE TRIALS AND
HEARINGS

OFFICE OF ADMINISTRATIVE TRIALS AND
HEARINGS

Petitioner,
- against -

Rizwan Raja

Respondent.

PETITION

By Timothy R. Jones
Attorney for Petitioner
City of New York
Office of Administrative Trials and Hearings
100 Church Street, 12th Floor
New York, NY 10007
(212) 933-3038

Due and timely service is hereby admitted.
New York, N.Y. March 19, 2019
Timothy R. Jones. Esq.
Attorney for Petitioner

EXHIBIT 1



# OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
### Hearings Division

DD

## REPRESENTATIVE REGISTRATION FORM
### Calendar Year 2017

You must register with OATH if you represent more than one respondent in any calendar year (unless you are an attorney or family member).
You must re-register every year.

Last Name: _Raja_   First Name: _Rizwan_

Company Name (if applicable): _Riz Raja Pro Ser. Inc._

Street Address (No P.O. Box): _31-10  37 Av #3N_ City _LIC_   State _NY_ Zip Code: _11d_

Telephone Number: _917-865-9788_   Cell Phone Number: _____

Email Address: _rizrajapro@gmail.com_ Fax Number: _____

1. Registrant must provide photo ID with registration application.
2. Pursuant to 48 RCNY 6-23, registrant is required to notify the OATH Hearings Division within ten business days of any changes to the information provided on this registration form.
3. Registrant is required to renew registration, annually, by January 15th of each year.
4. By initialing, registrant acknowledges receipt of a copy of   **Registrant's Initials** [R.R]
   the OATH Hearings Division's Rules of Practice.
5. Whenever registrant appears at the OATH Hearings Division on behalf of a client, registrant must submit a completed *Authorization For Registered Representative To Appear* form for the summons/notice on which the registrant is appearing.
6. OATH may inform the public, in any manner it chooses, of all representatives suspended and/or barred from appearing at any OATH tribunal.

I, _Rizwan Raja_, certify that I will only appear on a notice or summons when I have the written authorization of the named respondent to appear for that purpose. I further certify that I have reviewed and understand the requirements of 48 RCNY 6-23 and 48 RCNY 6-24 and the prohibited conduct in 48 RCNY 6-25 and I agree that I will comply with all provisions of the OATH Hearings Division's Rules of Practice and all other rules and regulations pertaining to my representation of respondents at the OATH Hearings Division. I understand that failure to comply with these rules and regulations may result in suspension or revocation of my registration and the right to represent parties at the OATH Hearings Division.

Furthermore, I have been warned that willful false statements and the like are punishable by fine or imprisonment, or both, under New York Penal Law Section 175.30. Further, such willful false statements and the like may jeopardize the validity of the registration resulting therefrom. I declare that all statements made of my knowledge are true, and all statements made on information and belief are believed to be true.

_____   _9_/_26_/_17_
Signature                Date

Por office use only

ID Type: _____   ID No.: _____   Date Rules Provided: _9/26/17_ Initials [AM]

Registration No.: _170R6RASR7een_   Reception Supvr/Clerk: _____

GN5 Representative Registration Form 12_29_16



EXHIBIT 2



# OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
## Hearings Division

## REPRESENTATIVE REGISTRATION FORM
### Calendar Year 2018

You must register with OATH if you're present more than one time or appear on any calendar year, unless you're an attorney in good standing. You must re-register each year.

| | | | |
|---|---|---|---|
| **Last Name:** | RAJA | **First Name:** | Rizwan |

**Company Name (if applicable):** _____

**Street Address (No P.O. Box):** 31-10  37 Av   **City** LIC   **State** NY   **Zip Code:** 11101

**Telephone Number:** 917-865-9788   **Cell Phone Number:** 917-865-9788

**Email Address:** _____   **Fax Number:** _____

1. Registrant must provide photo ID with registration application.
2. Pursuant to 48 RCNY 6-23, registrant is required to notify the OATH Hearings Division within ten business days of any changes to the information provided on this registration form.
3. Registrant is required to renew registration, annually, by January 15th of each year.
4. By initialing, registrant acknowledges receipt of a copy of   **Registrant's Initials** R.R
   the OATH Hearings Division's Rules of Practice.
5. Whenever registrant appears at the OATH Hearings Division on behalf of a client, registrant must submit a completed *Authorization For Registered Representative To Appear* form for the summons/notice on which the registrant is appearing.
6. OATH may inform the public, in any manner it chooses, of all representatives suspended and/or barred from appearing at any OATH tribunal.

I, Rizwan Raja , certify that I will only appear on a notice or summons when I have the written authorization of the named respondent to appear for that purpose. I further certify that I have reviewed and understand the requirements of 48 RCNY 6-23 and 48 RCNY 6-24 and the prohibited conduct in 48 RCNY 6-25 and I agree that I will comply with all provisions of the OATH Hearings Division's Rules of Practice and all other rules and regulations pertaining to my representation of respondents at the OATH Hearings Division. I understand that failure to comply with these rules and regulations may result in suspension or revocation of my registration and the right to represent parties at the OATH Hearings Division.

Furthermore, I have been warned that willful false statements and the like are punishable by fine or imprisonment, or both, under New York Penal Law Section 175.30. Further, such willful false statements and the like may jeopardize the validity of the registration resulting therefrom. I declare that all statements made of my knowledge are true, and all statements made on information and belief are believed to be true.

_____   10 / 10 / 18
**Signature**   **Date**

| For office use only |
|---|
| **ID Type:** NYSDL   **ID No.:** ▓▓▓▓   **Date Rules Provided:** 10 /10/18   **Initials** ▓▓ |
| **Registration No.:** 1003   **Reception Supvr/Clerk:** _____ |

161230RAJRIZ001

GN5 Representative Registration Form B_7_16



EXHIBIT 3

STATE OF NEW YORK

COUNTY OF QUEENS

I, Mohammad Siddiquee, state:

1. I am over 18 years of age and am not under the influence of any drugs or alcohol.

2. My address is 88-30 162 Street, Jamaica, Queens, NY 11432.

3. On or about October 25, 2016 I was issued summons number CV10071948C by TLC to appear for a hearing at OATH's Long Island City Hearings location on the third floor of 31-00 47th Avenue, Long Island City, NY 11101.

4. On November 9, 2016 I appeared at OATH's Long Island City Hearings location and had a hearing on summons CV10071948C. Two charges were dismissed and I was found guilty of the other two.

5. A week or so later I came back to OATH's LIC Hearings location with the intention of appealing the above mentioned decision. While there I saw a man I later learned to be Rizwan Raja interacting with other drivers and I approached him about my case.

6. Mr. Raja told me that he was a lawyer and I explained my situation to him and showed him my decision.

7. Mr. Raja told me he could handle the appeal for me and that it would cost $125.00. I negotiated and the fee was reduced to $100.00. I paid him by check.

8. During these discussions Mr. Raja told me that because he would appeal the case for me, I did not have to pay the fines and that my license would not be suspended while the appeal was pending but if I was to choose to pay and won the appeal, TLC would return my money. I told him I would wait to pay until after the appeal. He told me that I could keep driving.

9. Mr. Raja gave me a business card and his cell number and told me to call him in two weeks at his office and that Fridays later in the day were best.

10. Sometime thereafter my license was suspended.

11. I reached out to Mr. Raja numerous times at his office and he never returned my calls. I also called his cell phone a number of times and when he did answer he told me he was too busy to talk.

12. Eventually, I came to OATH's LIC Hearings Division to confront Mr. Raja and find out if the case was appealed. While I was waiting in line to speak to the people behind the window, Mr. Raja saw me and told me I did not have to wait and that he had handled things. He said that he had filed the appeal.

13. The next morning (a Wednesday) I attempted to log into the meter in order to work that day and learned my license was suspended. The next day it did not work either.

14. I called Mr. Raja and he did not answer.

15. I came back to OATH's LIC Hearings location the next day, a Friday, and confronted Mr. Raja who told me he had filed the appeal and that my license was suspended and that I could work. The two of us went to TLC across the hall and I learned that my license was in fact suspended and that I would have to pay. I paid my fines and Mr. Raja told me that that's okay because if I win the appeal I would get my money back.

16. The next day, a Saturday, I attempted to log into the meter and it did not work. Ultimately, the suspension was lifted by the following Monday.

17. On or about November 1, 2017 I received summons number VZ0001866 in the mail from TLC indicating that I had accumulated enough points to warrant a suspension of my

license for accumulating too many points. Three of these points were from the very same case that Mr. Raja claimed he had appealed.

18. On December 1, 2017 I came to OATH's LIC Hearings division to learn about summons VZ0001866 and met with an employee of the Help Center.

19. During this meeting I learned that Mr. Raja had never filed an appeal on summons CV10071948C despite telling me on numerous occasions that he had done so.

20. I trusted Mr. Raja because I thought he was a lawyer and he claimed that he had filed the appeal. By relying on his statement I missed numerous days of work and lost money. Additionally, by failing to file the appeal, I lost the opportunity to have CV10071948C dismissed and the points assessed from that case were part of what led to the second summons, VZ0001866.

I, Mohammad Siddiquee, affirm under penalty of perjury that the foregoing facts are true. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the NYS Penal Law.

_____          01/19/2018
Mohammad Siddiquee                              Date

EXHIBIT 4

STATE OF NEW YORK

COUNTY OF QUEENS

I, Saiful Alam, state:

1. I am over 18 years of age and am not under the influence of any drugs or alcohol.

2. My address is 960 E 197th Street, Bronx, NY 10460.

3. On January 12, 2017 I received summons number EA72080622A for an alleged violation of RCNY § 80-19(c) ordering me to appear for a hearing at OATH's Hearings Division located at 31-00 47th Avenue, 3rd Floor, Long Island City, NY 11101 on March 13, 2017.

4. Prior to the scheduled hearing date, I received a settlement offer in the mail from TLC to settle the matter for $1,000.00 and no points.

5. On March 13, 2017 I appeared at TLC's Long Island City offices across the hall from OATH's Hearings location to enter into the settlement offer with TLC. I took a number from the machine and sat down to wait to be called.

6. A woman whom I later learned to be Rajinder Kaur sat next to me, looked at the papers in my hand and asked me what happened. I told her. She asked me if it was my first time and I said yes. She told me that because it was my first time if I hired a representative I might win. I asked her how much and she quoted me two options. The first option was $500 after the hearing if the case is dismissed and zero if I am found guilty. The other option was $300 before the hearing. I negotiated the price to $200 before the hearing and she agreed.

7. She then asked me to accompany her to the OATH waiting area where she introduced me to two men, Gurmeet Singh and Harpreet Singh.

8. Gurmeet Singh took my cash payment of $200 in OATH's waiting area and issued me a receipt.

9. Harpreet Singh discussed the facts of my case with me.

10. I adjourned the case for April 25, 2017.

11. On April 25, 2017 I attended my hearing with Harpreet Singh. Hapreet Singh told me to go home and call later in the day to learn the results. When I called later that day I learned that I lost the case and that the fine was $2,000.00.

12. I was not happy with the outcome and discussed the matter with my friend who suggested I call Rizwan Raja.

13. I called Mr. Raja and he asked me to meet him at OATH's LIC Hearings location.

14. I met with Mr. Raja on or about May 1, 2017 and he told me that I could appeal the case and that I did not need to pay the fine until the appeal was decided. He quoted me a price of $150 to file the appeal for me and I agreed to that amount and paid him that day.

15. Several weeks later I received a suspension letter in the mail from TLC for failure to pay the fine on the case Mr. Raja told me he was appealing. I contacted Mr. Raja and he agreed to meet with me on June 21, 2017.

16. On June 21, 2017 I met with Mr. Raja at OATH's LIC Hearings location and asked him if he filed my appeal. He said that he did. I asked for a copy and he told me he would get me that copy. I asked him what I should do about the suspension. He told me he would go to to speak to TLC. I watched him walk across the hall to the TLC offices and a short time later he came back and told me that my license was not suspended and that I could drive.

17. On June 22, 2017 I was pulled over by a TLC inspector for allegedly having a black earpiece in my ear. As the inspector was writing that summons he informed me that my

vehicle for hire license was suspended. In the end I was issued two summonses, one for

violation of RCNY § 59a-11(b)(1) for the earpiece and another summons for a violation

of AC § 19-506(d) for operating a for hire vehicle with a suspended license. Those

summons numbers were EA7186094A and EA71860903A respectively. These

summonses directed me to appear for a hearing at OATH's LIC Hearings location on

August 21, 2017.

18. Immediately after receiving the summonses I contacted Mr. Raja and met with him a few

days later at OATH's LIC Hearings location. He informed me that he would handle the

new matters free of charge. At this meeting I again demanded a copy of my appeal and he

once again told me he would get that to me.

19. Sometime in October of 2017 I received settlement letters in the mail from TLC on the

two most recent summonses.

20. On November 27, 2017 I appeared at OATH's LIC Hearings location to try and find Mr.

Raja. He was not there so I spoke to a person from OATH's Help Center where I learned

that no appeal had been filed on the original case and that the two newer summonses

were defaulted on and that I was fined a total of $1,850.00. I was also given two copies of

OATH's form to vacate my default decisions.

21. As I walked from the Help Center desk to the waiting area I saw Mr. Raja and confronted

him. I showed him the settlement letters and asked about the defaulted cases. He took the

two form motions to vacate from me and said he would file them and once that is done I

could go back to discuss the settlement with TLC. I told him that he should be paying the

settlements because this was his fault. He refused. I again asked for my copy of the

appeal on the original case and he said that he filed it online and that he would get that to

me.

22. On November 29, 2017 I returned to the Help Center at OATH's LIC Hearings location

and learned that as of 3pm the two motions to vacate had not been filed.


I, Saiful Alam , affirm under penalty of perjury that the foregoing facts are true. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the NYS Penal Law.

11-29-2017

EXHIBIT 5

STATE OF NEW YORK

COUNTY OF QUEENS

I, Joseph Kwaku Adu, state:

1. I am over 18 years of age and am not under the influence of any drugs or alcohol.

2. My address is 775 Concourse Village East., 16N, Bronx, NY 10451

3. On or about May 25, 2017 I received summons number RL0012039 from the Taxi and Limousine Commission accusing me of running a red light on March 3, 2017.

4. On December 5, 2017 I appeared at OATH's LIC location at 31-00 47th avenue, 3rd Floor, LIC, NY 11101 and attended a hearing for the above mentioned summons. I received a decision that same day finding me guilty and requiring me to pay a fine of $400 and I received 3 points on my license.

5. After receiving my decision, I saw Rizwan Raja in the waiting room. I have used Mr. Raja's services in the past and I know him.

6. I showed Mr. Raja my decision and he told me it was wrong and that I should appeal and he informed me his price to file the appeal would be $100. I agreed to pay that amount. We arranged for me to meet him at his offices at 7pm that same day, December 5, 2017. His offices are located in a separate building from OATH.

7. At 7:00 pm on December 5, 2017 I met Mr. Raja at his offices and paid him $100 to file the appeal for me. He swiped my ATM card as payment.

8. Subsequently, I called Mr. Raja several times and he never returned my calls.

9. On January 18, 2018 I appeared at OATH looking for Mr. Raja and saw him. I confronted him and asked if he had filed my appeal. He claimed that he had done so and that he had e-mailed a petition to the Commissioner because the Judge had made a

mistake in my case. He further informed me that to make sure that my license is not suspended that I should pay the $400 penalty that was imposed and that when my case was overturned, I would get my money back.

10. At this time I asked for copies of the appeal and the e-mail he sent to the Commissioner. I never received these. He also told me that he that he would go to a "higher boss" about the matter.

11. I came back to OATH a few days later, confronted him and again asked for the appeal and the e-mail to the Commissioner. He told me he was unable to do so and that I should come to his office later. I was unable to do so.

12. I came back the very next day and once again confronted Mr. Raja at OATH and he took me down the hall to a different office where he admitted that he had not filed an appeal and handed me a refund in the amount of $100.

I, Joseph Kwaku Adu, affirm under penalty of perjury that the foregoing facts are true. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the NYS Penal Law.

_____                    02/14/18
Joseph Kwaku Adu                                Date

EXHIBIT 6



THE CITY OF NEW YORK
OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS

## INCIDENT REPORT

DATE OF INCIDENT: 08/14/2018 TIME OF INCIDENT: 10:30A.M.

DATE INCIDENT WAS REPORTED: 08/14/2018 TIME INCIDENT WAS REPORTED: 14:59

REASON FOR DELAY OF REPORTING: N/A

**COMPLAINANT/PERSON REPORTING:**

| Ortiz | Felix |
|---|---|
| LAST NAME (please print clearly) | FIRST NAME (please print clearly) |

POSITION/RELATIONSHIP TO OATH: Employee

WAS PERSON REPORTING INVOLVED IN INCIDENT? ☐ YES ☒ NO

IF NO, DESCRIBE THE RELATIONSHIP OF PERSON REPORTING (witness, relative, etc.):  witness.

NAMES OF PARTIES INVOLVED: Rizwan Raja, Registered Representative, Yanique Oloko, Clerk's Office, Felix A. Ortiz, Senior Procedural Justice Coordinator.

NAMES OF WITNESSES OR OTHER PARTIES PRESENT: Rizwan Raja, Registered Representative, Yanique Oloko, Clerk's Office, Felix A. Ortiz, Senior Procedural Justice Coordinator.

SPECIFIC LOCATION OF INCIDENT: OATH – Long Island City, 3rd Floor, 31-00 47th Avenue, LIC, N.Y. 11101

**DESCRIBE INCIDENT:**
Location:  OATH – Long Island City, 3rd Floor, 31-00 47th Avenue, LIC N.Y. 11101
OATH Registered Representative: Rizwan Raja
OATH Clerk: Yanique Oloko
OATH Senior Procedural Coordinator: Felix A. Ortiz

ON 08/14/2018, AT ABOUT 10:30A.M., I Felix A. Ortiz WAS AT, OATH – Long Island City, 3rd Floor, 31-00 47th Avenue, LIC N.Y. 11101 WHEN I (SAW/HEARD) Rizwan Raja, a Registered Representative with OATH speaking with Clerk Oloko at Window 4.

Mr. Raja handed a form which appeared to be an Authorized Representative Form to Clerk Oloko. Clerk Oloko informed Mr. Raja that the form was not an original and he has been previously informed that copies of Authorized Representative Forms cannot be accepted. Clerk Oloko further told Mr. Raja "this is lazy work because I've told you in the past all Registered Representative Forms must be originals".

Mr. Raja told Clerk Oloko "I'll have someone else do it; give me back my form". I further observed Mr. Raja state, in sum and substance, "lazy, you don't want to work". As Mr. Raja departed from Window 4 Mr. Raja stated, in sum and substance, "Bitch Ass".

This vulgar language was expressed in the waiting area within earshot of other respondents, the Security Staff, and me (an OATH Employee).

Thereafter, I walked to Mr. Raja, to a private area in the corner (near the vacant window 10), and I informed him that his language was offensive and inappropriate. I further stated that he is a Registered Representative and as a Representative, he must follow OATH Rules and Regulations and further that using vulgar language is a breach of said Rules and Regulation. Mr. Raja acknowledged that the vulgar language he utilized was inappropriate and stated "I was frustrated by the Clerk".

Please see attached a copy of Mr. Raja's Representative Registration Form signed by Mr. Raja on 9/26/2017. When said Forms are signed the Clerk's Office staff issues a copy of the Rules and Regulations.

Revised Version 10/2014

ADDITIONAL PAGES ATTACHED: ☐ YES ☐ NO

THE FOLLOWING (DETAIL WHO, WHAT, WHEN, WHERE, WHY, AND HOW.   INCLUDE ANY ACTION YOU TOOK, IF ANY.)

DID INJURY RESULT? ☐ YES  ☒ NO (give details) _____

WAS MEDICAL ATTENTION REQUIRED? ☐ YES  ☒ NO (give details) _____ —

REPORT PREPARED BY: Felix A. Ortiz _____ DATE: 08/14/2018

REVIEWING SUPERVISOR: _____ DATE: ___/___/____

SUPERVISOR COMMENTS: _____

EXHIBIT 7

STATE OF NEW YORK

COUNTY OF QUEENS

I, MD T Hossain, swear/affirm under penalties of perjury that:

1. I am over 18 years of age and am not under the influence of any drugs or alcohol.

2. My address is 149 Tehama Street, Apt 3F, Brooklyn, NY 11218.

3. Sometime in early August of 2018 I received summons number CV10116647C from TLC in the mail directing me to appear for a hearing on August 28, 2018 at 10:30 a.m. at OATH's hearings location at 31-00 47th Avenue, 3rd Floor, Long Island City, NY 11101.

4. I appeared at OATH on August 28, 2018 and had my hearing and I left before receiving my decision.

5. Two days later I attempted to sign into my cab's system and it did not work and went to TLC that day and learned that my license was revoked. A worker at TLC informed me that I could appeal my decision across the hall.

6. I went to OATH and spoke to a person named Samad at the podium who informed me that he could help me with the appeal but that I should go back to TLC to speak with a supervisor about getting my revocation lifted.

7. I saw a woman named Sumaya Noor OATH's waiting area. I know her as Rizwan Raja's assistant because I had hired Rizwan Raja on past cases.

8. I approached Sumaya Noor and I told Sumaya Noor about my situation and she told me to speak to Rizwan Raja before filing an appeal because the appeal process would take a long time.

9. Rizwan Raja was also in OATH's waiting room so I approached him, told him my problem and he looked at my decision. He told me to take a seat because he would need

to take me somewhere else to talk. A short time later Rizwan Raja took me to the offices on the same floor as OATH that is known as "Spaces".

10. When we arrived at Spaces we sat at a table in the reception area. Rizwan Raja looked at my paperwork again and stated that he could solve the problem for $500.00 and that he would have to pay someone under the table.

11. I did not have $500 on me so I gave him all I had which was $395.00. Rizwan Raja gave me back $95.00 and told me to bring the other $200.00 tomorrow.

12. I came back the next day with $200.00 to give to Rizwan Raja but he said he could not take it because he could not do anything yet and that he would call me to come back when he could do something.

13. I called Rizwan Raja the very next day and he informed me again that he could not do anything yet but will call when he could.

14. On September 7, 2018, I came back to OATH and saw Rizwan Raja and asked about my revocation. He told me once again that he couldn't do anything and that he needed another week and that if I wasn't willing to give him another week I could take my money back. I told him that taking my money back won't help me because I have family to feed, I have kids and I need my license.

15. After this I approached Samad from the Help Center and asked which ticket I needed at TLC to talk to someone there about my license. He told me I needed to speak to the suspension unit.

16. I went across the hall to TLC's offices and got a ticket from the customer service desk and later sat with a TLC employee at the window. I explain my situation and they put me

on a payment plan where I would pay $1,675.00 in installments and they lifted my

license revocation.

17. A few days later TLC contacted me to come back to execute a different payment plan and

I did so on September 11, 2018. The new payment plan was for $1,125.00.

18. On September 11, 2018 I saw Rizwan Raja at OATH and asked for my money back. He

told me that when I come to make my first payment that I should see him and that he

would give me my money back.

19. On October 2, 2018 I called Rizwan Raja to tell him that I was coming to make my first

payment the next day and that I would need my money. He told me "no problem".

20. On October 3, 2018 I came back to make payment at TLC and entered OATH's waiting

room first, saw Rizwan Raja, approached him and asked for my money. He told me to

talk to Sumaya Noor who was also in the waiting area.

21. I approached Sumaya Noor and asked for my money. She stated "I don't have any

money, he is bullshitting you, go talk to him."

22. I immediately went back to Rizwan Raja, told him what happened and he brought me

over to Spaces.

23. Once at Spaces I again asked for my money back and he told me "your money, I gave it

to the person I told you I was going to give it to." I stated "no, you didn't give it to

anybody."

24. I got angry and upset. Rizwan Raja then gave me $100.00. I demanded the remaining

$200.00. Rizwan Raja stated "I gave the $200.00 to Mohammed." I asked who

Mohammed was. He stated "Mohammed is the commissioner." I stated "no, Meera Joshi

is the commissioner." He then replied "you don't know, there is a commissioner here, his

name is Mohammed."

25. I got angry again and told him not to lie to me because I needed to make a payment.

26. Rizwan Raja then stated to me, "don't fuss with me, I have your TLC license number and

I will get your license revoked."

27. I was afraid so I left Spaces and went to TLC to make a payment and saw Sumaya Noor

there.

28. I approached Sumaya Noor and told her what had happened with Rizwan Raja and she

stated "he's a bad person, don't fuss with him, let the $200.00 go, you got your license

back, he knows a lot of people that could get your license revoked."

29. After that I made my payment then contacted Nazrul Islam from OATH's Help Center

and reported everything.


I, MD T Hossain, affirm under penalty of perjury that the foregoing facts are true. False
statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of
the NYS Penal Law.

_Hossain MD T_                          _10/04-18_
                                          Date


Sworn to before me this 4th day of October, 2018

Notary Public

SAMAD NEWAZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01NE6369105
Qualified in Queens County
My Commission Expires 12-26-2021

EXHIBIT 8

STATE OF NEW YORK

COUNTY OF QUEENS

I, Nazrul Islam , swear/affirm under penalties of perjury that:

1. I am over 18 years of age and am not under the influence of any drugs or alcohol.

2. I am an employee of OATH.

3. On October 4, 2018 I was present during a conversation between Kieran P. Holohan and
   MD T Hossain.

4. I interpreted this conversation from Bengali to English and from English to Bengali.

5. Shortly after the conversation I orally translated an affidavit from English to Bengali for
   MD T. Hossain.

6. MD T. Hossain stated that everything in the affidavit was true and I observed him sign
   the statement and state to Samad Newaz that he was swearing that the content of the
   affidavit were true.

I, Nazrul Islam, affirm under penalty of perjury that the foregoing facts are true. False statements
made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the NYS
Penal Law.

_____        10/4/18
                                        Date

Sworn to before me this 4th day of October, 2018

_____
Notary Public

SAMAD NEWAZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01NE6369105
Qualified in Queens County
My Commission Expires 12-26-2021