UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RIZWAN RAJA,

                                    Plaintiff,

               -against-

                                                        19-CV-01328(AMD)(RER)

JOHN W. BURNS and THE CITY OF NEW YORK

                                  Defendants.

------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

                                                      ZACHARY W. CARTER
                                                      Corporation Counsel of the
                                                      City of New York
                                                      Attorney for Defendants
                                                      100 Church Street
                                                      New York, New York 10007
                                                      Tel: (212) 356-2011

Sheryl Neufeld
Mark Muschenheim
Emily K. Stitelman
     *of Counsel.*

July 11, 2019

## TABLE OF CONTENTS

Page(s)

**PRELIMINARY STATEMENT** ................................................................................................1

**ARGUMENT** ..................................................................................................................................2

I. **Plaintiff Was Not Entitled To A Pre-Suspension Hearing And His Due Process Rights Were Not Infringed.** ...........................................2

    A. The Private Interest ...............................................................................................3

    B. The Risk of Erroneous Deprivation .......................................................................4

    C. The Public Interest .................................................................................................6

II. **OATH Rules Are Not Unconstitutionally Vague.** ...................................................8

III. **Since Plaintiff Ultimately Agreed To The Summary Suspension, He Has No Damages.** ..................................................................................................9

**CONCLUSION** ............................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Annan v. New York DMV,
  2016 U.S. Dist. LEXIS 193918 (E.D.N.Y. March 1, 2016) ........................................................ 3

Carey v. Piphus,
  435 U.S. 247 (1978) ................................................................................................................. 10

Catanzaro v. Weiden,
  188 F.3d 56 (2d Cir. 1999) ......................................................................................................... 7

Cleveland Bd. of Educ. v. Loudermill,
  470 U.S. 532 (1985) ................................................................................................................... 3

El Boutary v. City of New York,
  2018 U.S. Dist. LEXIS 216238 (E.D.N.Y. December 26, 2018) ................................... 4, 6, 8, 9

Gilbert v. Homar,
  520 U.S. 924 (1997) ................................................................................................................ 3, 7

Greenwood v. City of New York,
  2010 U.S. Dist. LEXIS 9831 (S.D.N.Y. Feb. 3, 2010) ............................................................... 7

Locurto v. Safir,
  264 F.3d 154 (2d Cir. 2001) ....................................................................................................... 5

Mathews v. Eldridge,
  424 U.S. 319 (1976) . Pl. SJ Mem., p. 16 ............................................................................ passim

New York State Prof'l Process Servers Ass'n v. City of New York,
  2014 U.S. Dist. LEXIS 115137 (S.D.N.Y. August 18, 2014) .................................................... 9

Nnebe v. Daus,
  644 F.3d 147 (2d Cir. 2011) ....................................................................................................... 3

Padberg v. McGrath-McKechnie,
  203 F. Supp.2d 261 (E.D.N.Y. 2002) aff'd, 2003 U.S. App. LEXIS 4618 (2d
  Cir. March 13, 2003), cert. denied, 540 U.S. 967 (2003) .......................................................... 4

Pierre v NY City Taxi & Limousine Commn.,
  2017 US Dist. LEXIS 60419 (E.D.N.Y. Apr. 19, 2017) ............................................................ 3

Raja v. Burns,
  2019 U.S. Dist. LEXIS 38603 (E.D.N.Y. March 11, 2019) ....................................................... 2

Case 1:19-cv-01328-AMD-RER   Document 29   Filed 07/11/19   Page 4 of 15 PageID #: 502

Rothenberg v. Daus,
  2014 U.S. Dist. LEXIS 105598 (S.D.N.Y. July 31, 2014)..........................................................3

Schneider v. Chandler,
  2018 U.S. Dist. LEXIS 20155 (S.D.N.Y. Feb. 7, 2018)............................................................5

Stenson v. Blum,
  476 F. Supp. 1331 (S.D.N.Y. 1979) .........................................................................................8

Zurak v. Regan,
  550 F.2d 86 (2d Cir. 1977) .......................................................................................................8

**Other Authorities**

Rules of the City of New York Title 48, Section 6-25 ............................................................2, 8, 9

Defendants, John W. Burns and the City of New York ("City") (collectively "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, submit this memorandum of law in opposition to plaintiff's Motion for Partial Summary Judgment as to plaintiff's due process claims. For the reasons stated in Defendants' Memorandum of Law in Support Their Motion to Dismiss the First Amended Complaint ("Defendants' Moving Brief"), and herein, the instant motion for partial summary judgment should be denied in its entirety.

## PRELIMINARY STATEMENT

This case stems from the misconduct of plaintiff, a non-attorney representative at the New York City Office of Administrative Trials and Hearings ("OATH"). Plaintiff's misconduct included misrepresenting himself as an attorney, misappropriating funds, and engaging in disruptive verbal conduct at OATH's office.

Plaintiff's motion for summary judgment on his procedural due process claim must be denied as plaintiff was only entitled to post-suspension review of OATH's decision to suspend his non-attorney representative registration ("registration") due to the significant governmental concerns related to protecting an unsophisticated and vulnerable population appearing before OATH in response to enforcement action taken against them, and ensuring the integrity of the Tribunal, which was threatened by plaintiff's misrepresentations, misappropriations, and disruptive behavior. Moreover, plaintiff was afforded and availed himself of prompt post-deprivation review of OATH's suspension of his registration in the form of a full three-day evidentiary hearing, which has resolved by stipulation of settlement. See Dkt. No. 21. Such post-deprivation procedures afforded plaintiff adequate process and therefore preclude summary judgment on his procedural due process claim.

As to plaintiff's federal claim predicated on lack of fair warning, Title 48, Section 6-25(d)(1) of the Rules of the City of New York ("RCNY") authorizes OATH to summarily suspend a non-attorney representative when "the representative lacks honesty and integrity and that the lack of honesty and integrity will adversely affect his or her practice before the Tribunal." This provision, in conjunction with other OATH rule provisions, and the registration form plaintiff signed, provided warning to plaintiff that his conduct could subject him to summary suspension of his registration.

## ARGUMENT

### I. Plaintiff Was Not Entitled To A Pre-Suspension Hearing And His Due Process Rights Were Not Infringed.

Plaintiff agrees that the framework for determining whether a particular administrative procedure provides adequate process involves a balancing of interests test that considers the following factors: (1) "the private interest affected by the official action;" (2) "the risk of an erroneous deprivation" and "the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail." Mathews v. Eldridge, 424 U.S. 319, 334-335 (1976) ("Mathews"). Pl. SJ Mem., p. 16. However, plaintiff's arguments as to why application of the Mathews factors in this case evidences a due process violation are wholly unavailing.[1]

---

[1] As detailed in Defendants' Moving Brief at pp. 10-16, the summary suspension of plaintiff's non-attorney representative registration comports with due process in all respects and summary judgment on plaintiff's due process claim should be denied. Despite Judge Chen's prior determination, plaintiff again significantly overstates the bounds of due process and asserts that due process required that plaintiff be afforded a hearing *prior* to his suspension. Pl. SJ Mem at 14. Plaintiff is wrong. Dkt. No. 9, p. 3 (also available at Raja v. Burns, 2019 U.S. Dist. LEXIS 38603, *3 (E.D.N.Y. March 11, 2019)) ("Plaintiff misstates the standard for deviating from the general rule that individuals must receive notice and an opportunity to be heard before

### A. The Private Interest

As plaintiff notes, defendants do not dispute that plaintiff has a substantial interest in the continued ability to appear as a non-attorney representative before OATH. However, plaintiff's substantial interest in his registration alone does not satisfy the first Mathews factor. "In determining what process is due, account must be taken of 'the length' and 'finality of the deprivation.'" Gilbert v. Homar. 520 U.S. 924, 932 (1997) (quoting Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982)). For if "the suspended employee receives a sufficiently prompt postsuspension hearing, the lost income is relatively insubstantial." Id.

Here, plaintiff received a live in-person hearing before OATH a mere two weeks after his suspension began, and just five days after OATH received plaintiff's "detailed refutation of the charges" (Pl. SJ Mem., p. 8). See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985) (a 9-month delay in holding a hearing is not per se unconstitutional); compare

---

the Government deprives them of property") (internal citations and quotations omitted). Primarily, plaintiff fails to acknowledge the long-standing principal that post-deprivation process, both in the form of administrative review (in this case, a three day hearing, which resulted in a settlement), coupled with Article 78 review satisfies due process requirements. See Pierre v NY City Taxi & Limousine Commn., 2017 US Dist. LEXIS 60419 (E.D.N.Y. Apr. 19, 2017) (finding that the combination of an OATH hearing and the Article 78 procedure provide adequate process); Annan v. New York DMV, 2016 U.S. Dist. LEXIS 193918, *13, n5 (E.D.N.Y. March 1, 2016) (collecting cases); Rothenberg v. Daus, 2014 U.S. Dist. LEXIS 105598, *60-62 (S.D.N.Y. July 31, 2014); Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir. 2011).

Further, plaintiff's extensive discussion as to the details of the three-day trial are irrelevant to the instant motion. Pl. SJ Mem., pp. 11-12. However, Administrative Law Judge ("ALJ") Casey, was fully authorized to resolve all allegations against plaintiff, including his summary suspension. See Letter from John W. Burns to OATH's Trials Division, dated March 7, 2019, annexed to the accompanying Declaration of Emily K. Stitelman, dated July 11, 2019, as Exhibit 1, which permits ALJ Casey to submit a report and recommendation as to plaintiff's summary suspension; see also Letter, dated March 26, 2019, annexed to the June 11, 2019 Declaration of Daniel L. Ackman as Exhibit 11, In paragraph 2 of the Ackman Declaration, Mr. Ackman states "At the end of the OATH Trial, Judge Casey rule on the propriety of the summary suspension." This sentence lacks meaning, but in any event, ALJ Casey did not need to rule on the propriety of the summary suspension given the parties settled that proceeding. See Dkt. No. 21; Pl. SJ Mem., p. 12.

Padberg v. McGrath-McKechnie, 203 F. Supp.2d 261, 278 (E.D.N.Y. 2002) aff'd, 2003 U.S. App. LEXIS 4618 (2d Cir. March 13, 2003), cert. denied, 540 U.S. 967 (2003) (3 month delay in receiving post-suspension process violated due process). Moreover, by stipulation of settlement, plaintiff agreed to the thirty-five (35) day suspension, which he challenges in this action. See Pl. SJ Mem., p. 12; Dkt. No. 21. Accordingly, plaintiff received sufficiently prompt postsuspension process and the first Mathews factor weighs in favor of defendants.

### B. The Risk of Erroneous Deprivation

The second factor – the risk of erroneous deprivation tips significantly in defendants' favor. As plaintiff has done in his prior submissions to this Court, he relies heavily on El Boutary v. City of New York, 2018 U.S. Dist. LEXIS 216238 (E.D.N.Y. December 26, 2018) ("El Boutary"). Pl. SJ Mem., pp. 14, 19. But, as Judge Chen recognized with respect to the instant matter, El Boutary is distinguishable on the facts. See Dkt. No. 9, pp. 4-5 (internal citations and quotation omitted). Unlike in El Boutary, in making its determination to summarily suspend plaintiff's non-attorney representative registration, OATH relied on several declarations, which were signed close in time to when the allegations of misconduct occurred. Indeed, as to one of the allegations against plaintiff – that he engaged in abusive verbal conduct toward an OATH employee – plaintiff admitted to the alleged misconduct. Id. In El Boutary, on the other hand, the New York City Taxi and Limousine Commission ("TLC") had no first-hand knowledge of the misconduct, but relied only on informal statements and a cell phone video purportedly taken by the complainants on which to base its suspension. El Boutary, 2018 U.S. Dist. LEXIS 216238, *15-*17. Here, in contrast to El Boutary, OATH's reliance on multiple

declarations and plaintiff's own admission significantly mitigates the risk of erroneous deprivation.[2]

Plaintiff's attempt to distinguish Locurto v. Safir, 264 F.3d 154 (2d Cir. 2001) and Schneider v. Chandler, 2018 U.S. Dist. LEXIS 20155 (S.D.N.Y. Feb. 7, 2018) to support his claim that due process requires a pre-suspension hearing, was already rejected by Judge Chen. Pl. SJ Mem., p. 16; Dkt. No. 9, pp. 5-7. Judge Chen noted that just as in Locurto and Schneider, "the risk of erroneous deprivation is further mitigated by the post-deprivation process available to Plaintiff." Dkt. No. 9, p. 5. Judge Chen continued as follows:

> However, both the *Schneider* and *Locurto* courts, in determining whether the due process provided pre-final deprivation was adequate, relied on the same *Mathews* test the Court now applies. In its analysis of the second factor, the Honorable Judge Cote in *Schneider* noted that courts consider both the significance of pre- and postdeprivation process. Similarly, in *Locurto*, the Second Circuit found that additional pre-final termination due process was not required since an Article 78 proceeding constitutes a wholly adequate post-deprivation hearing for due process purposes. Though the factual postures of these cases are different, the Court finds that the general proposition regarding the relevance of post-deprivations procedures still applies to the instant case.

Dkt. No. 9, p. 6 (internal quotations, citations, and footnotes omitted). Indeed, the availability of prompt post-deprivation process, both at the administrative level, and by way of an Article 78 proceeding in state court, is sufficient for due process specifically because it assures that to the extent there was an erroneous deprivation of a property interest, such error would be corrected upon review. Accordingly, for these reasons and those discussed in Defendants' Moving Brief at pages 12-13, the second factor favors defendants.

---

[2] Importantly, plaintiff fails to cite any case law supporting his argument that OATH's purported "slowness to action" increases the risk of an erroneous deprivation. See Pl. SJ Mem., p. 19. Indeed, that OATH's investigation of the allegations made against plaintiff took some time does not impact the reliability of the witness declarations and does not infringe on the substantial post-deprivation process available to plaintiff.

### C. The Public Interest

Finally, with respect to the third Mathews factor, plaintiff concedes that "OATH has an interest in assuring that the representatives who appear in its tribunal conduct themselves properly." Pl. SJ Mem., p. 19. However, again relying almost exclusively on El Boutary, plaintiff argues that OATH "has no real interest in summarily suspending [representatives]." Id. Plaintiff is wrong.

As an initial matter, El Boutary is wholly distinguishable as it applies to the third Mathews factor – "the public interest," which "includes the administrative burden and other societal costs that would be associated with" pre-suspension process (Mathews, 424 U.S. at 347). In El Boutary, the Court noted that TLC's interest in summarily suspending drivers who break the rules "necessarily depends on the severity and dangerousness of the driver's alleged conduct." El Boutary, 2018 U.S. Dist. LEXIS 216238 at *21. The Court found that while the allegations of misconduct were in dispute, the complaint did not allege that witnesses told TLC "that [plaintiff] grabbed either passenger's arm, or that he cursed at the passengers," which would warrant summary suspension to protect public health and safety. Id. (internal citations omitted).

Unlike the disputed complaints in El Boutary, the significant allegations of misconduct cited in the Amended Complaint[3] and the OATH Amended Petition (annexed to the accompanying Affidavit of Timothy Jones at Exhibit A), and which form the basis for plaintiff's summary suspension, are sufficiently "severe and dangerous" so as to necessitate the use of a summary suspension to carry out OATH's goal of ensuring the validity and integrity of the

---

[3] Here, plaintiff not only admits to disruptive verbal conduct, but the Amended Complaint cites specifically to the three declarations that support the "misrepresentation of qualifications" and "misappropriation of money" charges. FAC ¶¶ 37-39.

Tribunal. Allegations of the type made against plaintiff implicate OATH's responsibility to ensure the integrity of the OATH Tribunal. In fact, plaintiff all but admits the serious implications for taxi-driver respondents at an OATH proceeding. See Plaintiff's Rule 56.1 Statement, ¶ 10 ("given the complexity of the rules, the magnitude of the fines and the possibility of suspension or revocation, many [taxi drivers] seek assistance"). Because the penalties for these respondents may be severe, and the rules are complex, it is crucial that non-attorney representatives not mislead this vulnerable population, as plaintiff is alleged to have done. Moreover, as Courts in this Circuit have held, prompt action has been required to protect public health and safety. Catanzaro v. Weiden, 188 F.3d 56, 63 (2d Cir. 1999) ("The law should not discourage officials from taking prompt action to insure the public safety."); see also Greenwood v. City of New York, 2010 U.S. Dist. LEXIS 9831, *8-*9 (S.D.N.Y. Feb. 3, 2010).

Not only were the allegations against plaintiff so severe as to necessitate summary suspension, as set forth in Defendants' Moving Brief at pp. 13-14, prompt action was taken in this case. Gilbert v. Homar. 520 U.S. 924, 930 (1997). Plaintiff contends that "the fact that OATH took so long to charge Raja is an admission that there was no need for prompt action." Pl. SJ Mem., p. 20. However, as set forth the accompanying Affidavit of Timothy Jones, OATH's review of the claims made against plaintiff was ongoing until February 2019, when OATH determined that plaintiff's conduct constituted a pattern of dishonesty and fraud. See Jones Declaration, ¶ 19. It was only upon conclusion of that review that OATH could take action against plaintiff. Id. Moreover, the third Mathew's factor specifically requires the Court to assess "the administrative burden" of providing pre-suspension process. Here, given OATH's staffing constraints, including the loss of the attorney tasked with investigating allegations against non-attorney representatives, like plaintiff, as well the significant number of incident

reports that OATH's Office of General Counsel reviewed from March 2018 through March 2019, it would have been a substantial administrative burden for OATH to provide a hearing to plaintiff prior to his suspension. See Jones Affidavit, ¶¶ 2-10. See Zurak v. Regan, 550 F.2d 86, 96 (2d Cir. 1977) (given volume of applicants for conditional release it would be administrative burden to provide in-person hearings to all); Stenson v. Blum, 476 F. Supp. 1331, 1342 (S.D.N.Y. 1979) (administrative burden precludes necessity of pre-termination hearing). Accordingly, the third Mathews factor also weighs in favor of defendants.

Accordingly, for the reasons set forth herein and in Defendants' Moving Brief, plaintiff's due process claim fails and plaintiff is not entitled to summary judgment on his due process claim.

## II.     OATH Rules Are Not Unconstitutionally Vague.

Plaintiff disingenuously claims that OATH's rules failed to give him fair warning that misrepresenting himself as an attorney, misappropriating funds, and engaging in disruptive verbal conduct at OATH's office is prohibited by OATH's rules and that engaging in such conduct could result in summary suspension. Pl. SJ Mem., p. 23. As set forth in detail in Defendants' Moving Brief at pages 16-18, OATH's rules (and the Representation Registration Form, which plaintiff signed each year) are clear that the prohibited conduct in which plaintiff was alleged to have engaged could result in summary suspension of his registration. See Dkt. No. 1-3, p. 6; 48 RCNY §§ 6-23(d); 6-25(d)(1); 6-25(d)(2); 6-25(a)(2); 6-25(c). As set forth by the Court in El Boutary in dismissing an identical vagueness claim, "the plaintiff does not identify which if any of the terms in the regulation he finds vague or indefinite. Rather, he asserts that he had no notice that the regulation would be applied against him, *because he had not*

*violated it* – or even allegedly violated it." El Boutary, 2018 U.S. Dist. LEXIS 216238 at *28 (emphasis in original).

To the extent that plaintiff alleges that OATH's rules are unconstitutionally vague because the "terms 'honesty' and 'integrity' are nowhere defined in the OATH rules" such a claim is without merit. Pl. SJ Mem., p. 22. The very text of the rule plaintiff challenges, 48 RCNY § 6-25(d)(2), provides explicit guidance to the Chief Administrative Law Judge to use when determining whether a representative lacks honesty and integrity and that the lack of honesty and integrity will adversely affect his or her practice before the Tribunal" – namely, "whether the representative has made false, misleading or inappropriate statements to parties or Tribunal staff." Here, plaintiff is alleged to have misrepresented his qualifications to parties appearing before OATH, and the misappropriation of funds allegations necessarily involve false and misleading statements. See New York State Prof'l Process Servers Ass'n v. City of New York, 2014 U.S. Dist. LEXIS 115137, *25-*27 (S.D.N.Y. August 18, 2014) (dismissing plaintiff's vagueness challenge to rule, "which requires a process server to demonstrate 'integrity and honesty in his or her process serving activities'").

It is clear that 48 RCNY § 6-25, the provision utilized to suspend plaintiff, when read in conjunction with other OATH provisions, provided plaintiff with fair warning that his conduct could result in summary suspension. See Defendants' Moving Brief at pp.16-18. As such, summary judgment with respect to plaintiff's fair warning claim must be denied.

### III. Since Plaintiff Ultimately Agreed To The Summary Suspension, He Has No Damages.

Finally, as set forth in Defendants' Moving Brief at pp. 15-16, even if the Court were to find that summary suspension of plaintiff's non-attorney representative registration was not warranted based on the allegations set forth in the suspension letter (Dkt. No. 1-3), the

summary suspension is nevertheless supported by the April 11, 2019 Stipulation of Settlement, wherein plaintiff agreed to be suspended from appearing before OATH for two months, including the 35 days of his suspension that predated the settlement agreement. See Pl. SJ Mem., p. 12. To obtain an award of compensatory damages under § 1983, a plaintiff must show that he or she suffered an actual injury and that there is a causal connection between the injury and the deprivation of a federal right caused by the defendant. Carey v. Piphus, 435 U.S. 247, 262-264 (1978). Because plaintiff ultimately agreed to the 35 day suspension he now challenges in the instant action (Dkt. No. 21, Pl. SJ Mem., p 12) and he has identified no viable injury from the OATH's alleged wrongdoing, his claims should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above and in Defendants' Moving Brief, plaintiff's partial motion for summary judgment should be denied in its entirety.

Dated:     New York, New York
               July 11, 2019

                                      ZACHARY W. CARTER
                                      Corporation Counsel of the City of New York
                                      Attorney for City Defendants
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 356-2011

                                      _____
                                      Emily K. Stitelman
                                      Assistant Corporation Counsel