UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RIZWAN RAJA,

                                  Plaintiff,

          -against-

JOHN W. BURNS and THE CITY OF NEW YORK

                                  Defendants.

**DECLARATION OF TIMOTHY JONES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

19-CV-01328(AMD)(RER)

------------------------------------------------------------------------x

       **TIMOTHY JONES**, declares under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

       1.     I am an Assistant General Counsel to the Office of Administrative Trials and Hearings ("OATH"). I have held this position since April 23, 2018.

       2.     In my capacity as Assistant General Counsel, I am responsible for litigating matters before OATH Administrative Law Judges. I also act as the liaison between OATH and the Law Department on all proceedings and actions in which OATH is a named party. Shortly before I started my employment with OATH, OATH's Disciplinary Counsel resigned, and I was asked to fill this role as well. I did so until October 2018, when new disciplinary counsel was hired. As such, I am familiar with OATH's procedures for investigating non-attorney representatives, like plaintiff.

**Incident Report Procedure**:

3.      In March 2018, The Office of the General Counsel ("OGC")[1] finalized a written agency-wide protocol for the reporting of incidents (including allegations of misconduct within the agency) and for investigation of these incidents by OGC. It instituted an Incident Report System pursuant to which any OATH employee or person connected to OATH could file with OGC a report detailing an incident witnessed that involves purported misconduct, the violation of a rule, or a dangerous condition at OATH's offices.

4.      OGC investigations of these incidents include witness interviews, and the collection of documentary and/or physical evidence and written statements by complainants and witnesses.

5.      When, after investigation, the General Counsel determines that misconduct or rule violation has occurred, or a dangerous condition may exist, it will draft charges or refer the matter to the Equal Employment Opportunity office ("EEO"), the New York City Department of Investigation ("DOI"), or the New York City Conflict of Interests Board ("COIB"), as appropriate.

6.      The OGC reviewed approximately 63 incident reports from March 2018 to March 2019.

7.      The information gathered by the OGC is recorded in a memorandum for review by the OATH Commissioner and Chief Administrative Law Judge. Where the allegations are deemed viable, an OGC attorney drafts charges and serves them on the alleged offending party.

---

[1] During the time period of plaintiff's wrongdoing and OATH's subsequent investigation, the OGC staff was comprised of seven (7) attorneys, including the General Counsel and Deputy General Counsel.

8. Consistent with the provisions of OATH's procedure, where an investigation reveals a pattern and practice of dishonesty or fraud, the person found to have engaged in this pattern may be summarily suspended.

9. In all cases where the OGC determines that misconduct or a rule violation has occurred, including those in which there is no summary suspension, after charges are served, the respondent is afforded the opportunity to respond within a period of at least thirty days. Adjournments are granted upon reasonable request. On those occasions where discovery is sought, it is provided. Although generally, as permitted in our rules, hearings are conducted remotely, OATH has granted requests for in-person hearings in two instances: the instant matter involving plaintiff and one other matter against another non-attorney representative.

10. Once the charged individual's response is received, the Commissioner reviews the evidence and reaches a final determination. This final determination may range from a dismissal of the charges, to a letter of reprimand, or to a permanent bar from appearing at OATH. The Commissioner's final determination may be challenged pursuant to Article 78 of the New York Civil Practice Law and Rules.

**Ombudsperson/ *Pro Se* Clerk Position:**

11. In January 2017, OATH created the position Ombudsperson/Pro Se clerk, and Kieran Holohan was hired to fill it. In that position, Holohan created a Help Desk at each OATH location from which Procedural Justice Coordinators ("PJCs") help OATH Respondents ("Respondents") navigate the process of OATH adjudications. This includes signing-in Respondents, helping Respondents fill out forms, translating documents, and explaining the hearing and appeal process. Shortly after the Help Desk launched, Respondents started complaining to Holohan about a number of non-attorney registered representatives, including

plaintiff, who appeared at OATH. Many of these complaints involved allegations of abusive payment schemes where representatives were not appearing for hearings after being paid to do so, and were allowing TLC drivers' licenses to suffer unnecessary suspensions and revocations.

12. Holohan filed Incident Reports with OGC of these civilian complaints, which included the factual allegations and documentary evidence, along with his conclusion as to what happened and a recommended penalty. As with all incident reports filed at OATH, Holohan's incident report marked the beginning of the OGC's investigation into the alleged misconduct. By contrast to others, Holohan submitted his reports via memorandum rather than on the formatted Incident Report form and tended to include significantly more information. The Help Center's lending aid to these individuals when they are being injured on OATH premises is consistent with the Help Center's mission to assist unrepresented litigants.

13. Although Holohan often offered recommendations as to outcome (*i.e.*, charges, penalty), the decision whether to pursue or to drop an investigation has always remained exclusively that of the General Counsel.

**OATH's Investigation of Plaintiff:**

14. OATH's investigation of plaintiff began in November 2016 with an incident report submitted by Ivan Martin, the Branch Manager of the Queens OATH location.[2] In the report, he stated that he observed Registered Representative Rizwan Raja solicit a Respondent at an OATH office (Long Island City) waiting room area, which is a violation of OATH's rules (48 RCNY § 6-25(a)(11)). This incident report was assigned to Disciplinary Counsel Assistant General Counsel Dennis T. Brogan for further investigation. This marked the start of OGC's investigation of alleged misconduct by Raja at OATH.

---

[2] At the time of the incident Mr. Martin was an Operations manager.

15. On December 5, 2017, Holohan forwarded to OGC an incident report involving a complaint made by Respondent Saiful Alam about Raja. Brogan was assigned to investigate the alleged misconduct.

16. On March 5, 2018, Holohan forwarded an incident report involving complaints made by Respondents Mohammed Siddiquee and Joseph Kwaku Adu about Raja. These allegations involved similar allegations of misconduct in that Raja was paid to file an appeal and failed to file said appeal. All three incident reports were assigned to Brogan. Brogan began gathering information and drafting his findings, but never completed his investigation. On April 20, 2018, Brogan resigned. Mr. Brogan's position remained vacant until October 2018.

17. On August 14, 2018, Holohan forwarded an incident report involving Raja which detailed his use of abusive language against an OATH clerk. Raja's matters were then assigned to me, and I began to work up the various allegations and review the relevant documents to prepare a finding for the General Counsel.

18. On October 9, 2018, Holohan referred an additional incident report on behalf of complainant Mr. MD Hossain ("Hossain"), involving similar allegations of misconduct to those alleged earlier, specifically, Raja's accepting money for representing a party and failing either to perform or to reimburse the funds. The report also detailed an alleged scheme by Raja to bribe a New York City Taxi and Limousine Commission ("TLC") employee in exchange for a favorable settlement in Hossain's case. Although Hossain believed that Raja had paid the bribe, he was unhappy that he would not be refunded the money he had provided to pay his fine, which remained outstanding.

19. OGC completed its investigation of plaintiff in February 2019 when it recommended to First Deputy Commissioner, John W. Burns, to summarily suspend plaintiff and presented evidence of a substantial pattern of plaintiff's fraud, dishonesty, and verbal abuse.[3]

20. Accordingly, on March 1, 2019, OATH notified plaintiff that as of March 8, 2019, plaintiff would be summarily suspended from appearing before OATH. Dkt. No. 1-2. The March 1, 2019 notice asked that plaintiff respond on or before March 22, 2019.

21. Plaintiff responded on March 14, 2019 with a refutation of the charges against him.

22. On March 15, 2019, I notified plaintiff that trial was scheduled to be held in OATH's Trials Division on March 22, 2019.

23. On March 19, 2019, I served and filed a Petition on plaintiff and the OATH Trials Division that included the allegations in the charges and added the bribery and threat allegation made by Mr. MD Hossain.

24. On March 22, 2019, I served and filed an Amended Petition that corrected a typographical error.[4]

25. On March 22, 2019, plaintiff was provided an in-person hearing at OATH to refute the charges in the March 1, 2019 suspension letter. That hearing continued on March 28, 2019 and concluded on April 4, 2019.

---

[3] First Deputy Commissioner/Chief Administrative Law Judge, John W. Burns, was authorized to act for the Commissioner and Chief ALJ during the relevant time period.

[4] A copy of the Amended Petition is annexed hereto as Exhibit A.

- 7 -

26.     By Stipulation of Settlement, dated April 11, 2019, the parties settled the OATH administrative proceeding.

Dated:     New York, New York
           July 11, 2019

_____
TIMOTHY JONES