UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RIZWAN RAJA,

                                            Plaintiff,

              -against-                                  19-CV-01328(AMD)(RER)

JOHN W. BURNS and THE CITY OF NEW YORK

                                          Defendants.

------------------------------------------------------------------------x

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

                                                    ZACHARY W. CARTER
                                                    Corporation Counsel of the
                                                    City of New York
                                                    Attorney for Defendants
                                                    100 Church Street
                                                    New York, New York 10007
                                                    Tel: (212) 356-2011

Sheryl Neufeld
Mark Muschenheim
Emily K. Stitelman
      *of Counsel.*

July 25, 2019

Defendants, John W. Burns and the City of New York ("City") (collectively "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, submit this Reply Memorandum of Law in further support of their Motion to Dismiss the First Amended Complaint ("FAC"). For the reasons stated in Defendants' Memorandum of Law in Support of their Motion to Dismiss ("Defendants' Opening Brief"), Defendants' Memorandum of Law in Opposition to Plaintiff's Partial Motion for Summary Judgment ("Defendants' SJ Opposition Brief"), and herein, plaintiff fails to state a claim and the FAC should be dismissed.

## I. PLAINTIFF'S DUE PROCESS CLAIM FAILS

In his Memorandum of Law in Opposition to the Motion to Dismiss and in Further Support for Plaintiff's Motion for Summary Judgment ("Pl. Opp. Mem.") [Dkt. No. 33], plaintiff argues that the extensive and prompt post-deprivation process that he received was insufficient because plaintiff's summary suspension was not "random and unauthorized," but rather "caused by high-ranking officials who had final authority over the decision-making process." Pl. Opp. Mem., pp. 3-4 (quoting New Windsor Volunteer Ambulance Corps., Inc. v. Meyers, 442 F.3d 101, 115-16 (2d Cir. 2006)). As an initial matter, the case on which plaintiff primarily relies, Knick v. Twp. of Scott, Pennsylvania, 204 L. Ed. 2d 558 (June 31, 2019), is wholly inapplicable and plaintiff misrepresents its holding to the Court. That case was not about whether pre-deprivation process is required, as plaintiff makes it seem. Rather, the Knick case concerns the Takings Clause and deals with exhaustion of state remedies prior to bringing a claim pursuant to the Takings Clause of the Fifth Amendment of the United States Constitution. Id. at 581.

Next, as set forth in Defendants' Opening Brief at pp. 9-15 and Defendants' SJ Opposition Brief at pp. 2-8, an analysis of the administrative procedures afforded plaintiff following summary suspension of his non-attorney representative registration ("registration") demonstrates as a matter of law that plaintiff's due process rights were not violated. Mathews v. Eldridge, 424 U.S. 319, 334-335 (1976) ("Mathews"). First, while it is true that plaintiff has a significant interest in continued possession and use of his registration, that interest is outweighed given the robust administrative procedures in place to review OATH's summary suspensions[1] and because of the availability of Article 78 review. Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1981). Second, as set forth by Judge Chen, Dkt. No. 9, pp. 5-6, there was not a significant risk of an erroneous deprivation of plaintiff's registration because OATH summarily suspended plaintiff's registration based on several detailed declarations that were executed close in time to Plaintiff's alleged acts of misconduct. Third, the available post-deprivation review ensured that any questionable or erroneous deprivation would be promptly rectified. See Defendants' SJ Opposition Brief at 4-5; see also Pierre v NY City Taxi & Limousine Commn., 2017 US Dist. LEXIS 60419 (E.D.N.Y. Apr. 19, 2017) (finding that the combination of an

---

[1] Plaintiff's claim that the three-day trial at OATH was not to review "the propriety of the summary suspension," but rather to review new claims unrelated to the summary suspension is belied by the record. Pl. Opp. Mem., p. 2. Plaintiff admits that the charges that formed the basis of the summary suspension were included in the Petition (FAC ¶¶ 45-51), and Administrative Law Judge ("ALJ") Casey, was fully authorized to resolve all allegations against plaintiff, including his summary suspension. See Letter from John W. Burns to OATH's Trials Division, dated March 7, 2019, annexed to the accompanying Declaration of Emily K. Stitelman, dated July 11, 2019, as Exhibit 1, which permits ALJ Casey to submit a report and recommendation as to plaintiff's summary suspension; see also Letter, dated March 26, 2019, annexed to the June 11, 2019 Declaration of Daniel L. Ackman as Exhibit 11. However, ALJ Casey did not need to rule on the propriety of the summary suspension given that the parties settled that proceeding. See Dkt. No. 21; Pl. SJ Mem., p. 12.

OATH hearing and the Article 78 procedure provide adequate process). Finally, because OATH has a significant and legitimate interest in immediately suspending a non-attorney representative to ensure the integrity of OATH proceedings and protect vulnerable respondents appearing before the Tribunal, OATH was justified in taking prompt action to further this interest pending a full review of the allegations against plaintiff. See Defendants' Opening Brief at pp. 13-16; Defendants' SJ Opposition Brief at pp. 6-8.[2]

Accordingly, for the reasons set forth in Defendants' Opening Brief at pp. 9-15, Defendants' SJ Opposition Brief at pp. 2-8, and herein, plaintiff's due process claim necessarily fails.

## II. PLAINTIFF'S FAIR WARNING DUE PROCESS CLAIM FAILS

Plaintiff fares no better with respect to his due process claim predicated on an alleged absence of fair warning. As set forth in Defendants' Opening Brief at pp. 16-18, in light of the plain language of the applicable provisions of law, the statutory scheme, and the non-attorney registration form that plaintiff submitted to OATH (see Dkt. No. 1-3, p. 6), plaintiff had warning that failing to comply with OATH's rules and regulations could result in immediate suspension of his registration. See Perez v. Hoblock, 368 F.3d 166, 175-177 (2d Cir. 2004). In opposition, plaintiff misleadingly maintains that he did not have fair warning of a potential summary suspension because 48 RCNY § 6-25(d) sets forth that OATH may summarily suspend a representative who lacks "honesty and integrity" and not "based on [plaintiff's] alleged verbal

---

[2] Again, plaintiff's comparison of this case to Padberg v. McGrath-McKechnie, 203 F. Supp.2d 261, 278 (E.D.N.Y. 2002) aff'd, 2003 U.S. App. LEXIS 4618 (2d Cir. March 13, 2003), cert. denied, 540 U.S. 967 (2003) and El Boutary v. City of New York, 2018 U.S. Dist. LEXIS 216238 (E.D.N.Y. December 26, 2018) is without merit. Pl. Opp. Mem., pp. 4-6. Indeed, as set forth in Defendants' Opening Brief, pp. 11-13, and Defendants' SJ Opposition Brief, pp. 3-8, and by Judge Chen (Dkt. No. 9 and Dkt. No. 14-1) these cases are inapposite.

conduct, on his alleged misappropriation of funds or his alleged misrepresentation of his credentials." Pl. Opp. Mem., pp. 6-7. 48 RCNY § 6-25(d) prohibits, *inter alia*, false and misleading statements to parties. Plaintiff's pattern of collecting fees to perform tasks that he had promised to perform and failed to perform despite numerous requests, clearly involved plaintiff in making false and misleading statements to parties in violation of OATH rules. Moreover, Plaintiff's claim fails where 48 RCNY § 6-25(d) is necessarily read in conjunction with all of OATH's rules (which were also cited in the suspension letter), including 48 RCNY § 6-23(d), which, among other things, specifically prohibits a registered representative from "misrepresent[ing] his or her qualifications or service so as to mislead people into believing the representative is an attorney at law . . . if the representative is not." Accordingly, plaintiff's protestations of surprise fall flat, and plaintiff's due process claim predicated on an absence of fair warning fails.

### III. PLAINTIFF HAS NO DAMAGES

As set forth in Defendants' Opening Brief at pp. 15-16 and Defendants' SJ Opposition Brief at pp. 9-10, even if the Court were to find that summary suspension of plaintiff's non-attorney representative registration was not warranted based on the allegations set forth in the suspension letter (Dkt. No. 1-3), the summary suspension is nevertheless supported by the April 11, 2019 Stipulation of Settlement, wherein plaintiff agreed to be suspended from appearing before OATH for two months, including the 35 days of his suspension that predated the settlement agreement. See Pl. SJ Mem., p. 12. To obtain an award of compensatory damages under § 1983, a plaintiff must show that he or she suffered an actual injury and that there is a causal connection between the injury and the deprivation of a federal right caused by the defendant. Carey v. Piphus, 435 U.S. 247, 262-264 (1978) ("Carey").

Plaintiff's attempt to distinguish Carey fails. First, plaintiff admits that Carey prevents recovery of compensatory damages where the suspension is justified. Pl. Opp. Mem., p. 11. Second, even if this Court were to find that plaintiff was entitled to pre-deprivation process, since he ultimately agreed to his summary suspension, he is entitled to, at most, nominal damages. For example, in Nnebe v. Daus, 306 F. Supp. 3d 552, 558 (S.D.N.Y. 2018), the District Court found that plaintiffs were inadequately notified of their summary suspension, but since no injury flowed from that suspension they were awarded a mere $1 in nominal damages each. Here, because plaintiff ultimately agreed to the 35 day suspension he now challenges in the instant action (Dkt. No. 21, Pl. SJ Mem., p 12) and he has identified no viable injury from OATH's alleged wrongdoing, his claims should be dismissed for failure to state a claim upon which relief can be granted.

## IV. PLAINTIFF'S REMAINING CLAIMS FAIL

As set forth in Defendants' Opening Brief, pp. 20-22, plaintiff's claims against John W. Burns also cannot be sustained as a matter of law. The only allegations specifically asserted against defendant Burns are those relating to Mr. Burns's authorship of the summary suspension letter, in his role as First Deputy Commissioner and Supervising Administrative Law Judge, and as the author of designation letters authorizing OATH Administrative Law Judges to render decisions in the OATH trial. FAC ¶¶ 32-33; 53-54. Such bare allegations are insufficient to sustain a claim against him. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).

Moreover, qualified immunity shields government officials from liability for damages on account of their performance of discretionary official functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also

District of Columbia v. Wesby, 199 L.Ed.2d 453, 467-68 (2018). Because plaintiff's constitutional claims fail as a matter of law, Burns is entitled to qualified immunity. Even if this Court were to decide that plaintiff sets forth a constitutional claim, the Court should dismiss the claims against defendant Burns as it was objectively reasonable for him to believe that he was not violating established federally protected rights.

Furthermore, plaintiff's continued insistence that the witnesses who signed sworn statements accusing plaintiff of wrongdoing were required to attend the OATH trial as witnesses to be cross-examined in order to satisfy due process is without merit. As set forth in Defendants' Opening Brief, pp. 18-20, OATH properly relied on the complainants' sworn statements. See United States v. International Bhd. of Teamsters, 964 F.2d 1308, 1312 (2d Cir. 1992) (sworn statements admitted in disciplinary hearing admissible and reliable).

Finally, because the Court should dismiss plaintiff's federal claims, the Court should decline to assert supplemental jurisdiction over plaintiff's state law claims under the City Administrative Procedures Act, New York City Charter § 1046 and OATH regulations. See Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("Federal courts normally decline to exercise supplemental jurisdiction over state law claims when all the federal claims have been dismissed before trial."). Plaintiff's state law claims do not implicate any federal question or any issue of federal policy or interest. Moreover, this action is in its initial stages, and no trial date has been set. Even if this Court exercises supplemental jurisdiction, plaintiff's claim under the New York City Charter, § 1046 fails because that provision does not require that one who submits a sworn statement be called as witness or that the sworn statement cannot be introduced at the administrative hearing. Moreover, Charter § 1046 does not apply where proceeding is not required by law. See Tenesela v. New York City Taxi & Limousine Commn., 2010 N.Y. Misc.

LEXIS 5889, *6 (Sup. Ct. N.Y. Co. Dec. 2, 2010). Similarly, there has been no violation of OATH's rules and this claim must fail.

## CONCLUSION

For the reasons set forth above, in Defendants' Opening Brief, and in Defendants' Opposition to Plaintiff's Partial Motion for Summary Judgment, defendants respectfully request that this Court grant their Motion to Dismiss the First Amended Complaint in its entirety.

Dated:   New York, New York
         July 25, 2019

                        ZACHARY W. CARTER
                        Corporation Counsel of the City of New York
                        Attorney for Defendants
                        100 Church Street
                        New York, New York 10007
                        (212) 356-2011

                        _____
                        Emily K. Stitelman
                        Assistant Corporation Counsel