

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EMILY K. STITELMAN**
*Senior Counsel*
Phone: (212) 356-2011
Fax: (212) 356-2019
estitelm@law.nyc.gov

August 2, 2019

<u>**VIA ECF**</u>

The Honorable Ann Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Raja v. Burns, et al.</u> 19-cv-01328 (AMD) (RER)

Dear Judge Donnelly:

    This office represents defendants John W. Burns, First Deputy Commissioner at the New York City Office of Administrative Trials and Hearings ("OATH"), and the City of New York ("City") in the above-referenced action. I write to inform the Court that on July 19, 2019, the Second Circuit affirmed in part, and reversed in part, the judgment of the District Court in <u>Nnebe v. Daus</u>, 306 F. Supp. 3d 552, 558 (S.D.N.Y. 2018), which defendants cited in their Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint [Dkt. No. 26] and their Reply Memorandum of Law in Further Support of Their Motion to Dismiss the First Amended Complaint [Dkt. No. 37]. <u>See</u> <u>Nnebe v. Daus</u>, 2019 U.S. App. LEXIS 21418 (2d Cir. July 19, 2019) (annexed hereto as Exhibit A).

    Defendants cited the District Court's decision with respect to its holding that even where due process rights were violated due to inadequate notice of a summary suspension, where there is no injury flowing from that suspension an award of $1 in nominal damages to each plaintiff is appropriate. <u>See</u> Dkt. No. 26, pp. 15-16; Dkt. No. 37, p. 5. The Second Circuit did not disturb that holding. Indeed, the Second Circuit affirmed the District Court's judgment "insofar as it found a notice violation" and specifically noted as follows: "While we express no view on the . . . damages issue[], we note that the deprivation of a hearing alone does not necessarily proximately cause a loss of income, since a hearing in a particular case may well have led to a continued suspension in any event." <u>Nnebe</u>, 2019 U.S. App. LEXIS 21418 at p. 15, fn. 26 (citing <u>Warren v. Pataki</u>, 823 F. 3d 125, 143 (2d Cir. 2016).

- 2 -

      Accordingly, here, the Second Circuit's decision supports defendants' argument that because plaintiff ultimately agreed to the 35 day suspension he now challenges in the instant action (Dkt. No.2l,Pl. SJ Mem., p l2), he has identified no viable injury from OATH's alleged wrongdoing.

                                               Respectfully submitted,

                                               /s
                                             Emily K. Stitelman


cc:     Daniel L. Ackman Esq. (via ECF)