# DANIEL L. ACKMAN

## ATTORNEY AT LAW

---

222 BROADWAY, 19TH FLOOR ○ NEW YORK, NY 10038

TEL: 917-282-8178

E-MAIL: dan@danackmanlaw.com

August 2, 2019

**VIA ECF:**
Hon. Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re: Raja v. Burns, et al, 19-cv-01328 (AMD)

Your Honor:

At my urging, earlier today defendant's counsel has properly notified the Court that the district court's 2018 decision in *Nnebe v. Daus*, which defendants have cited, was reversed by the Court of Appeals on July 19. 2019 U.S. App. LEXIS 21418 (2d Cir. July 19, 2019). Rather than simply note the fact, defendants use the Court of Appeals decision to make additional arguments. These arguments mischaracterize the decision and are not supported by it.

First, the Court of Appeals permits a summary suspension in *Nnebe*, but only "in the immediate aftermath of an arrest" on criminal charges where the suspending agency "has minimal information at its disposal." 2019 U.S. App. LEXIS 21418 at *42. In this case, OATH did not act on an arrest, and did not act in the immediate aftermath of a criminal charge (or any charge). OATH waited years to act and, though it had ample time, never sought additional information that would support its ultimate decision to summarily suspend or otherwise penalize Mr. Raja.

Second, defendants say that the Court of Appeals "did not disturb" the holding that the Taxi and Limousine Commission Limousine (TLC) had provided inadequate notice of the hearing charges and that defendants were entitled to nominal damages for that Due Process violation. Indeed the Court affirmed the district court's finding for the plaintiffs that the hearing notices were defective. But defendants omit that the *Nnebe* plaintiffs had withdrawn "all requests for relief except for nominal damages" on their notice claim in order to secure an appealable final judgment. 306 F. Supp. 3d 552, 556 (S.D.N.Y. 2018). The *Nnebe* plaintiffs, however, never withdrew their claim that the TLC's failure to provide a meaningful hearing—a claim on which the Court of Appeals has now found in their favor, reversing the district court—entitled plaintiffs to substantial damages.

Third, the Court of Appeals says nothing to support the idea that Mr. Raja "agreed" to a suspension so he may not not seek compensation for the suspension that was imposed summarily and continued after a constitutionally flawed hearing based on vague charges. The Court also says nothing that would support defendants' argument that Mr. Raja may not prove damages. Instead, the Court remanded the damages issue so the district court could determine "what, if any, damages plaintiffs are due." Thus, in *Nnebe*, plaintiffs will be entitled to prove that the City's failure to provide the plaintiffs a fair hearing caused them lost income, emotional damages and even punitive damages. Mr. Raja is entitled to do likewise.

Respectfully submitted,
/s/
Daniel L. Ackman