

## THE CITY OF NEW YORK
## OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS

100 CHURCH STREET 12TH FLOOR • NEW YORK, N.Y. 10007-2620

Tel #: (212) 933-3008 • www.nyc.gov/oath

**JOHN W. BURNS**
*FIRST DEPUTY COMMISSIONER*
*SUPERVISING ADMINISTRATIVE LAW JUDGE*
jburns@oath.nyc.gov

ALJ EXHIBIT _____ 1
DATE 3/22/19 RPTR _____

February 28, 2019

<u>VIA U.S. FIRST-CLASS MAIL</u>
<u>& U.S. CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Mr. Rizwan A. Raja
50 Putnam Avenue
Valley Stream, New York 11580
E-mail: Rizrajapro@gmail.com

Re: <u>Summary suspension pursuant to 48 RCNY Section 6-25(d)(1)</u>

Dear Mr. Raja:

As an individual registered to appear as a non-attorney representative before the Hearings Division at the Office of Administrative Trials and Hearings (OATH), you are subject to discipline under OATH's rules for registered representatives; specifically 48 RCNY § 6-23 (Registered Representatives) and 48 RCNY § 6-25 (Misconduct). You certified on the Representative Registration Form, dated September 26, 2017 and October 10, 2018, that you reviewed and understood the requirements of 48 RCNY § 6-23 and 48 RCNY § 6-25. You agreed to comply with all rules and regulations pertaining to your representation of respondents at OATH and certified that you understood that failure to do so could result in suspension or revocation of your registration and the right to appear at OATH. Copies of your 2017 and 2018 registration forms are attached hereto as Exhibits 1 and 2.

This letter serves as formal notice of OATH's charge that you have committed misconduct in violation of OATH rules 48 RCNY § 6-23(b), 48 RCNY § 6-23(d), 48 RCNY § 6-25(a)(2), and 48 RCNY § 6-25(a)(9) and engaged in a pattern of conduct that evinces a lack of honesty and integrity and adversely affects your practice before the Tribunal as set forth in 48 RCNY § 6-25(d)(1). You are accused of the following:

1

- Failing to Register as a Representative, in violation of 48 RCNY §6-23(b);

- Misrepresenting your qualifications so as to mislead a Respondent into believing you are an attorney, in violation of 48 RCNY § 6-23(d);

- Appropriating money under false pretenses, which evinces a lack of honesty and integrity that adversely affects your practice before the Tribunal, in violation of 48 RCNY § 6-25(d)(1);

- Submitting a false statement to the Tribunal that you knew, or reasonably should have known, to be false, fraudulent or misleading, in violation of 48 RCNY § 6-25(a)(9); and

- Engaging in disruptive verbal conduct that a reasonable person would believe shows contempt or disrespect for the proceedings or that a reasonable person would believe to be intimidating, in violation of 48 RCNY § 6-25(a)(2).

Specifically, the conduct alleged is as follows:

Failing to Register With the Tribunal as a Registered Representative

1. You appeared as a registered representative in 2016, but you failed to register with the Tribunal for the 2016 calendar year. Your failure to register was in violation of 48 RCNY §6-23(b).

Misrepresentation as an Attorney

2. On or about November 16, 2016, you falsely stated to Mohammed Siddiquee that you are an attorney. Mr. Siddiquee's affirmation describing the incident is annexed hereto as Exhibit 3. That day, Mr. Siddiquee went to the OATH Long Island City location (OATH LIC) to file an appeal for previously sustained Summons No. CV10071948C (Summons 48C). While in the waiting area of OATH, Mr. Siddiquee saw you speaking to other Respondents. Mr. Siddiquee approached you to talk about his appeal. You engaged in a conversation during which you told Mr. Siddiquee that you were an attorney who could handle his appeal for $100. Mr. Siddiquee agreed to pay you $100 to file the appeal. You are not an attorney and this action is in violation of 48 RCNY § 6-23(d). By stating you were an attorney when you are not, you evinced a lack of honesty and integrity that adversely affects your practice before the Tribunal, in violation of 48 RCNY §6-25(d)(1).

Appropriated Money Under False Pretenses

3. Despite Mr. Siddiquee's payment to you to retain your services to file an appeal

2

regarding Summons 48C, you never filed the appeal, nor did you return the $100 fee that was paid to file the appeal. Your conduct evinces a lack of honesty and integrity that adversely affects your practice before the Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 3.

4. On or about May 1, 2017, you met with Saiful Alam at OATH LIC. Mr. Alam paid you $150 to file an appeal to overturn a Hearing Officer's decision for Summons No. EA 72080622A (Summons 622A). You never filed the appeal, nor did you return the $100 fee that was paid to file the appeal. Your conduct evinces a lack of honesty and integrity that adversely affects your practice before the Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 4.

5. On or about December 5, 2017, you met with Joseph Kwaku Adu at OATH LIC. Mr. Adu paid you $150 to file an appeal to overturn a Hearing Officer's decision for Summons No. RL0012039 (Summons 039). Approximately eight (8) months later, you had yet to file said appeal. When confronted by Mr. Adu, you returned the $150 fee. Your failure to timely file an appeal after agreeing to do so and accepting payment evinces a lack of honesty and integrity that adversely affects your practice before the Tribunal, in violation of RCNY 48 §6-25(d)(1). See Exhibit 5.

Engaging in Disruptive Verbal Conduct on OATH premises

6. On August 14, 2018, at OATH LIC, when you attempted to file an Authorized Representative to Appear Form, the OATH clerk told you the form would be rejected because it did not have an original signature from the Respondent. You replied, "I'll have someone else do it; give me back my form." As you departed from the clerk, you stated "bitch-ass." This term was pronounced within earshot of other respondents, security staff, and Felix Ortiz, a Senior Procedural Justice Coordinator Supervisor. Mr. Ortiz heard and confronted you about the offensive language. You acknowledged the language was inappropriate and stated "I was frustrated by the clerk." Your conduct violated 48 RCNY §6-25(a)(2). Mr. Ortiz's incident report is annexed hereto as Exhibit 6.

These actions constitute misconduct and subject you to suspension or bar from appearing before OATH. *See* 48 RCNY § 6-25(c)(1).

In accordance with OATH rule 6-25(d)(1), I have reviewed the fair and credible evidence which indicates a lack of honesty and integrity that adversely affects your practice before OATH. I therefore summarily suspend you from appearing and representing individuals at OATH beginning **March 8, 2018** subject to my final determination in this proceeding.

If you wish to refute these findings of misconduct, you must submit to me, no later than **March 22, 2019**, a written response to which you may attach any evidence you wish to present

3

on your behalf.  Your written response and submitted evidence will be considered before a final determination is rendered.

If you do not respond by **March 22, 2019**, I will render a final determination in this matter pursuant to 48 RCNY § 6-25(d)(1) . Until a final determination is rendered, you may not appear at OATH, except as a named Respondent.

Sincerely,

John W. Burns
First Deputy Commissioner
Supervising Administrative Law Judge
Office of Administrative Trials and Hearing
Enclosures

4

# EXHIBIT 1



# OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
### Hearings Division

## REPRESENTATIVE REGISTRATION FORM
### Calendar Year 2017
You must register with OATH if you represent more than one respondent in any calendar year (unless you are an attorney or family member).
You must re-register every year.

Last Name: _Raja_    First Name: _Rizwan_

Company Name (if applicable): _Riz Raja Pro Ser. Inc._

Street Address (No P.O. Box): _31-10 37 Av #3n_ City _L/C_    State _NY_ Zip Code: _1110_

Telephone Number: _917-865-9788_    Cell Phone Number: _____

Email Address: _riz.raja.pro@gmail.com_ Fax Number: _____

1. Registrant must provide photo ID with registration application.

2. Pursuant to 48 RCNY 6-23, registrant is required to notify the OATH Hearings Division within ten business days of any changes to the information provided on this registration form.

3. Registrant is required to renew registration, annually, by January 15th of each year.

4. By initialing, registrant acknowledges receipt of a copy of    **Registrant's Initials** _R.R_
   the OATH Hearings Division's Rules of Practice.

5. Whenever registrant appears at the OATH Hearings Division on behalf of a client, registrant must submit a completed *Authorization For Registered Representative To Appear* form for the summons/notice on which the registrant is appearing.

6. OATH may inform the public, in any manner it chooses, of all representatives suspended and/or barred from appearing at any OATH tribunal.

I, _Rizwan Raja_, certify that I will only appear on a notice or summons when I have the written authorization of the named respondent to appear for that purpose. I further certify that I have reviewed and understand the requirements of 48 RCNY 6-23 and 48 RCNY 6-24 and the prohibited conduct in 48 RCNY 6-25 and I agree that I will comply with all provisions of the OATH Hearings Division's Rules of Practice and all other rules and regulations pertaining to my representation of respondents at the OATH Hearings Division. I understand that failure to comply with these rules and regulations may result in suspension or revocation of my registration and the right to represent parties at the OATH Hearings Division.

Furthermore, I have been warned that willful false statements and the like are punishable by fine or imprisonment, or both, under New York Penal Law Section 175.30. Further, such willful false statements and the like may jeopardize the validity of the registration resulting therefrom. I declare that all statements made of my knowledge are true, and all statements made on information and belief are believed to be true.

_____    _9 / 26 / 17_
Signature                              Date

**For office use only**

ID Type: _____    ID No.: _____    Date Rules Provided: _9/26/17_    Initials _AM_

Registration No.: _17051653 2017_    Reception Supvr/Clerk: _____

GN5 Representative Registration Form 12_29_16



# EXHIBIT 2



# OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
## Hearings Division

## REPRESENTATIVE REGISTRATION FORM
### Calendar Year 2018

You must register with OATH if you represent more than one respondent in any calendar year (unless you are an attorney or family member).
You must re-register every year.

| | |
|---|---|
| Last Name: **RAJA** | First Name: **Rizwan** |

Company Name (If applicable): _____

Street Address (No P.O. Box): **31-10  37 Av**    City **LIC**    State **NY**    Zip Code: **11101**

Telephone Number: **917-865-9788**    Cell Phone Number: **917-865-9788**

Email Address: _____    Fax Number: _____

1. Registrant must provide photo ID with registration application.
2. Pursuant to 48 RCNY 6-23, registrant is required to notify the OATH Hearings Division within ten business days of any changes to the information provided on this registration form.
3. Registrant is required to renew registration, annually, by January 15th of each year.
4. By initialing, registrant acknowledges receipt of a copy of    Registrant's initials **R.R**
   the OATH Hearings Division's Rules of Practice.
5. Whenever registrant appears at the OATH Hearings Division on behalf of a client, registrant must submit a completed *Authorization For Registered Representative To Appear* form for the summons/notice on which the registrant is appearing.
6. OATH may inform the public, in any manner it chooses, of all representatives suspended and/or barred from appearing at any OATH tribunal.

I, **Rizwan Raja**, certify that I will only appear on a notice or summons when I have the written authorization of the named respondent to appear for that purpose. I further certify that I have reviewed and understand the requirements of 48 RCNY 6-23 and 48 RCNY 6-24 and the prohibited conduct in 48 RCNY 6-25 and I agree that I will comply with all provisions of the OATH Hearings Division's Rules of Practice and all other rules and regulations pertaining to my representation of respondents at the OATH Hearings Division. I understand that failure to comply with these rules and regulations may result in suspension or revocation of my registration and the right to represent parties at the OATH Hearings Division.

Furthermore, I have been warned that willful false statements and the like are punishable by fine or imprisonment, or both, under New York Penal Law Section 175.30. Further, such willful false statements and the like may jeopardize the validity of the registration resulting therefrom. I declare that all statements made of my knowledge are true, and all statements made on information and belief are believed to be true.

_____ Signature    **10 / 10 / 18** Date

### For office use only

ID Type: **NYSN**    ID No. **914250078**    Date Rules Provided: **10/10/18**    Initials

Registration No.: **1003**    Reception Supvr/Clerk: _____

**161230RAJRIZ001**

GN5 Representative Registration Form 8_7_16



# EXHIBIT 3

STATE OF NEW YORK

COUNTY OF QUEENS

I, Mohammad Siddiquee, state:

1. I am over 18 years of age and am not under the influence of any drugs or alcohol.

2. My address is 88-30 162 Street, Jamaica, Queens, NY 11432.

3. On or about October 25, 2016 I was issued summons number CV10071948C by TLC to
   appear for a hearing at OATH's Long Island City Hearings location on the third floor of
   31-00 47th Avenue, Long Island City, NY 11101.

4. On November 9, 2016 I appeared at OATH's Long Island City Hearings location and had
   a hearing on summons CV10071948C. Two charges were dismissed and I was found
   guilty of the other two.

5. A week or so later I came back to OATH's LIC Hearings location with the intention of
   appealing the above mentioned decision. While there I saw a man I later learned to be
   Rizwan Raja interacting with other drivers and I approached him about my case.

6. Mr. Raja told me that he was a lawyer and I explained my situation to him and showed
   him my decision.

7. Mr. Raja told me he could handle the appeal for me and that it would cost $125.00. I
   negotiated and the fee was reduced to $100.00. I paid him by check.

8. During these discussions Mr. Raja told me that because he would appeal the case for me,
   I did not have to pay the fines and that my license would not be suspended while the
   appeal was pending but if I was to choose to pay and won the appeal, TLC would return
   my money. I told him I would wait to pay until after the appeal. He told me that I could
   keep driving.

9. Mr. Raja gave me a business card and his cell number and told me to call him in two
   weeks at his office and that Fridays later in the day were best.

10. Sometime thereafter my license was suspended.

11. I reached out to Mr. Raja numerous times at his office and he never returned my calls. I
    also called his cell phone a number of times and when he did answer he told me he was
    too busy to talk.

12. Eventually, I came to OATH's LIC Hearings Division to confront Mr. Raja and find out
    if the case was appealed. While I was waiting in line to speak to the people behind the
    window, Mr. Raja saw me and told me I did not have to wait and that he had handled
    things. He said that he had filed the appeal.

13. The next morning (a Wednesday) I attempted to log into the meter in order to work that
    day and learned my license was suspended. The next day it did not work either.

14. I called Mr. Raja and he did not answer.

15. I came back to OATH's LIC Hearings location the next day, a Friday, and confronted Mr.
    Raja who told me he had filed the appeal and that my license was suspended and that I
    could work. The two of us went to TLC across the hall and I learned that my license was
    in fact suspended and that I would have to pay. I paid my fines and Mr. Raja told me that
    that's okay because if I win the appeal I would get my money back.

16. The next day, a Saturday, I attempted to log into the meter and it did not work.
    Ultimately, the suspension was lifted by the following Monday.

17. On or about November 1, 2017 I received summons number VZ0001866 in the mail from
    TLC indicating that I had accumulated enough points to warrant a suspension of my

license for accumulating too many points. Three of these points were from the very same

case that Mr. Raja claimed he had appealed.

18. On December 1, 2017 I came to OATH's LIC Hearings division to learn about summons

VZ0001866 and met with an employee of the Help Center.

19. During this meeting I learned that Mr. Raja had never filed an appeal on summons

CV10071948C despite telling me on numerous occasions that he had done so.

20. I trusted Mr. Raja because I thought he was a lawyer and he claimed that he had filed the

appeal. By relying on his statement I missed numerous days of work and lost money.

Additionally, by failing to file the appeal, I lost the opportunity to have CV10071948C

dismissed and the points assessed from that case were part of what led to the second

summons, VZ0001866.


I, Mohammad Siddiquee, affirm under penalty of perjury that the foregoing facts are true. False
statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of
the NYS Penal Law.


_____            01/19/2018
Mohammad Siddiquee                                      Date

EXHIBIT 4

STATE OF NEW YORK

COUNTY OF QUEENS

I, Saiful Alam, state:

1. I am over 18 years of age and am not under the influence of any drugs or alcohol.

2. My address is 960 E 197th Street, Bronx, NY 10460.

3. On January 12, 2017 I received summons number EA72080622A for an alleged violation of RCNY § 80-19(c) ordering me to appear for a hearing at OATH's Hearings Division located at 31-00 47th Avenue, 3rd Floor, Long Island City, NY 11101 on March 13, 2017.

4. Prior to the scheduled hearing date, I received a settlement offer in the mail from TLC to settle the matter for $1,000.00 and no points.

5. On March 13, 2017 I appeared at TLC's Long Island City offices across the hall from OATH's Hearings location to enter into the settlement offer with TLC. I took a number from the machine and sat down to wait to be called.

6. A woman whom I later learned to be Rajinder Kaur sat next to me, looked at the papers in my hand and asked me what happened. I told her. She asked me if it was my first time and I said yes. She told me that because it was my first time if I hired a representative I might win. I asked her how much and she quoted me two options. The first option was $500 after the hearing if the case is dismissed and zero if I am found guilty. The other option was $300 before the hearing. I negotiated the price to $200 before the hearing and she agreed.

7. She then asked me to accompany her to the OATH waiting area where she introduced me to two men, Gurmeet Singh and Harpreet Singh.

8.  Gurmeet Singh took my cash payment of $200 in OATH's waiting area and issued me a receipt.

9.  Harpreet Singh discussed the facts of my case with me.

10. I adjourned the case for April 25, 2017.

11. On April 25, 2017 I attended my hearing with Harpreet Singh. Hapreet Singh told me to go home and call later in the day to learn the results. When I called later that day I learned that I lost the case and that the fine was $2,000.00.

12. I was not happy with the outcome and discussed the matter with my friend who suggested I call Rizwan Raja.

13. I called Mr. Raja and he asked me to meet him at OATH's LIC Hearings location.

14. I met with Mr. Raja on or about May 1, 2017 and he told me that I could appeal the case and that I did not need to pay the fine until the appeal was decided. He quoted me a price of $150 to file the appeal for me and I agreed to that amount and paid him that day.

15. Several weeks later I received a suspension letter in the mail from TLC for failure to pay the fine on the case Mr. Raja told me he was appealing. I contacted Mr. Raja and he agreed to meet with me on June 21, 2017.

16. On June 21, 2017 I met with Mr. Raja at OATH's LIC Hearings location and asked him if he filed my appeal. He said that he did. I asked for a copy and he told me he would get me that copy. I asked him what I should do about the suspension. He told me he would go to speak to TLC. I watched him walk across the hall to the TLC offices and a short time later he came back and told me that my license was not suspended and that I could drive.

17. On June 22, 2017 I was pulled over by a TLC inspector for allegedly having a black earpiece in my ear. As the inspector was writing that summons he informed me that my

vehicle for hire license was suspended. In the end I was issued two summonses, one for
violation of RCNY § 59a-11(b)(1) for the earpiece and another summons for a violation
of AC § 19-506(d) for operating a for hire vehicle with a suspended license. Those
summons numbers were EA7186094A and EA71860903A respectively. These
summonses directed me to appear for a hearing at OATH's LIC Hearings location on
August 21, 2017.

18. Immediately after receiving the summonses I contacted Mr. Raja and met with him a few
days later at OATH's LIC Hearings location. He informed me that he would handle the
new matters free of charge. At this meeting I again demanded a copy of my appeal and he
once again told me he would get that to me.

19. Sometime in October of 2017 I received settlement letters in the mail from TLC on the
two most recent summonses.

20. On November 27, 2017 I appeared at OATH's LIC Hearings location to try and find Mr.
Raja. He was not there so I spoke to a person from OATH's Help Center where I learned
that no appeal had been filed on the original case and that the two newer summonses
were defaulted on and that I was fined a total of $1,850.00. I was also given two copies of
OATH's form to vacate my default decisions.

21. As I walked from the Help Center desk to the waiting area I saw Mr. Raja and confronted
him. I showed him the settlement letters and asked about the defaulted cases. He took the
two form motions to vacate from me and said he would file them and once that is done I
could go back to discuss the settlement with TLC. I told him that he should be paying the
settlements because this was his fault. He refused. I again asked for my copy of the

appeal on the original case and he said that he filed it online and that he would get that to me.

22. On November 29, 2017 I returned to the Help Center at OATH's LIC Hearings location and learned that as of 3pm the two motions to vacate had not been filed.

I, Saiful Alam , affirm under penalty of perjury that the foregoing facts are true. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the NYS Penal Law.

11-29-2017

EXHIBIT 5

STATE OF NEW YORK

COUNTY OF QUEENS

I, Joseph Kwaku Adu, state:

1.  I am over 18 years of age and am not under the influence of any drugs or alcohol.

2.  My address is 775 Concourse Village East., 16N, Bronx, NY 10451

3.  On or about May 25, 2017 I received summons number RL0012039 from the Taxi and
    Limousine Commission accusing me of running a red light on March 3, 2017.

4.  On December 5, 2017 I appeared at OATH's LIC location at 31-00 47th avenue, 3rd Floor,
    LIC, NY 11101 and attended a hearing for the above mentioned summons. I received a
    decision that same day finding me guilty and requiring me to pay a fine of $400 and I
    received 3 points on my license.

5.  After receiving my decision, I saw Rizwan Raja in the waiting room. I have used Mr.
    Raja's services in the past and I know him.

6.  I showed Mr. Raja my decision and he told me it was wrong and that I should appeal and
    he informed me his price to file the appeal would be $100. I agreed to pay that amount.
    We arranged for me to meet him at his offices at 7pm that same day, December 5, 2017.
    His offices are located in a separate building from OATH.

7.  At 7:00 pm on December 5, 2017 I met Mr. Raja at his offices and paid him $100 to file
    the appeal for me. He swiped my ATM card as payment.

8.  Subsequently, I called Mr. Raja several times and he never returned my calls.

9.  On January 18, 2018 I appeared at OATH looking for Mr. Raja and saw him. I
    confronted him and asked if he had filed my appeal. He claimed that he had done so and
    that he had e-mailed a petition to the Commissioner because the Judge had made a

mistake in my case. He further informed me that to make sure that my license is not

suspended that I should pay the $400 penalty that was imposed and that when my case

was overturned, I would get my money back.

10. At this time I asked for copies of the appeal and the e-mail he sent to the Commissioner. I

never received these. He also told me that he that he would go to a "higher boss" about

the matter.

11. I came back to OATH a few days later, confronted him and again asked for the appeal

and the e-mail to the Commissioner. He told me he was unable to do so and that I should

come to his office later. I was unable to do so.

12. I came back the very next day and once again confronted Mr. Raja at OATH and he took

me down the hall to a different office where he admitted that he had not filed an appeal

and handed me a refund in the amount of $100.

I, Joseph Kwaku Adu, affirm under penalty of perjury that the foregoing facts are true. False
statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of
the NYS Penal Law.

_____                    02/14/18
Joseph Kwaku Adu                                    Date

# EXHIBIT 6



THE CITY OF NEW YORK
**OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS**

### INCIDENT REPORT

DATE OF INCIDENT: 08/14/2018 TIME OF INCIDENT: 10:30A.M.

DATE INCIDENT WAS REPORTED: 08/14/2018 TIME INCIDENT WAS REPORTED: 14:59

REASON FOR DELAY OF REPORTING: N/A

**COMPLAINANT/PERSON REPORTING:**

| Ortiz | Felix |
|---|---|
| LAST NAME (please print clearly) | FIRST NAME (please print clearly) |

POSITION/RELATIONSHIP TO OATH: Employee

WAS PERSON REPORTING INVOLVED IN INCIDENT? ☐ YES ☒ NO

IF NO, DESCRIBE THE RELATIONSHIP OF PERSON REPORTING (witness, relative, etc.): witness.

NAMES OF PARTIES INVOLVED: Rizwan Raja, Registered Representative, Yanique Oloko, Clerk's Office, Felix A. Ortiz, Senior Procedural Justice Coordinator.

NAMES OF WITNESSES OR OTHER PARTIES PRESENT: Rizwan Raja, Registered Representative, Yanique Oloko, Clerk's Office, Felix A. Ortiz, Senior Procedural Justice Coordinator.

SPECIFIC LOCATION OF INCIDENT: OATH – Long Island City, 3rd Floor, 31-00 47th Avenue, LIC, N.Y. 11101

**DESCRIBE INCIDENT:**
Location:  OATH – Long Island City, 3rd Floor, 31-00 47th Avenue, LIC N.Y. 11101
OATH Registered Representative: Rizwan Raja
OATH Clerk: Yanique Oloko
OATH Senior Procedural Coordinator: Felix A. Ortiz

ON 08/14/2018, AT ABOUT 10:30A.M., I Felix A. Ortiz WAS AT, OATH – Long Island City, 3rd Floor, 31-00 47th Avenue, LIC N.Y. 11101 WHEN I (SAW/HEARD) Rizwan Raja, a Registered Representative with OATH speaking with Clerk Oloko at Window 4.

Mr. Raja handed a form which appeared to be an Authorized Representative Form to Clerk Oloko. Clerk Oloko informed Mr. Raja that the form was not an original and he has been previously informed that copies of Authorized Representative Forms cannot be accepted. Clerk Oloko further told Mr. Raja "this is lazy work because I've told you in the past all Registered Representative Forms must be originals".

Mr. Raja told Clerk Oloko "I'll have someone else do it; give me back my form". I further observed Mr. Raja state, in sum and substance, "lazy, you don't want to work". As Mr. Raja departed from Window 4 Mr. Raja stated, in sum and substance, "Bitch Ass".

This vulgar language was expressed in the waiting area within earshot of other respondents, the Security Staff, and me (an OATH Employee).

Thereafter, I walked to Mr. Raja, to a private area in the corner (near the vacant window 10), and I informed him that his language was offensive and inappropriate. I further stated that he is a Registered Representative and as a Representative, he must follow OATH Rules and Regulations and further that using vulgar language is a breach of said Rules and Regulation. Mr. Raja acknowledged that the vulgar language he utilized was inappropriate and stated "I was frustrated by the Clerk".

Please see attached a copy of Mr. Raja's Representative Registration Form signed by Mr. Raja on 9/26/2017. When said Forms are signed the Clerk's Office staff issues a copy of the Rules and Regulations.

Revised Version 10/2014

ADDITIONAL PAGES ATTACHED: ☐ YES ☐ NO

THE FOLLOWING (DETAIL WHO, WHAT, WHEN, WHERE, WHY, AND HOW.   INCLUDE ANY ACTION YOU TOOK, IF ANY.)

DID INJURY RESULT? ☐ YES   ☒ NO (give details) _____

WAS MEDICAL ATTENTION REQUIRED? ☐ YES   ☒ NO (give details) _____ —

REPORT PREPARED BY: Felix A. Ortiz _____ DATE: 08/14/2018

REVIEWING SUPERVISOR: _____ DATE: ___/___/___

SUPERVISOR COMMENTS: _____