# DANIEL L. ACKMAN

## ATTORNEY AT LAW

_____

222 BROADWAY, 19ᵀᴴ FLOOR ○ NEW YORK, NY 10038
TEL: 917-282-8178
E-MAIL: dan@danackmanlaw.com

June 3, 2020

**VIA ECF:**
Hon. Ramon E. Reyes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re: Raja v. Burns, et al, 19-cv-01328 (AMD)

Your Honor:

I represent plaintiff Rizwan Raja in the above-referenced action and am writing pursuant to Your Honor's Individual Practice Rule III(b) to arrange for a pre-motion conference or for leave to file a motion for attorney's fees in the above-referenced action.[1]

By way of background, Raja filed this action in March 2019 asserting claims under 28 U.S.C. 1983 and alleging that he had been denied due process of law when defendants summarily suspended his right to represent taxi drivers as a non-lawyer industry representative in the NYC OATH-Taxi and Limousine Tribunal. Raja filed an amended complaint on April 15. On June 11, Raja moved for summary judgment; defendants moved to dismiss the complaint to the same day. On February 5, 2020, the Court granted Raja summary judgment on his federal and state procedural due process claims, but dismissed his claims that the OATH rules are unconstitutionally vague. (Dkt # 49) The Court also granted defendants' motion to dismiss the complaint as to Supervising ALJ Burn on grounds of qualified immunity. On May 5, Raja filed a notice of acceptance of a Rule 68 offer of judgment that required defendants to pay him $20,001 plus reasonable attorneys' fees, expenses and costs to the date of the offer. The Court entered judgment on the same day. By that time, Raja's right to practice had been reinstated.

A civil right plaintiff has the right to attorney's fees pursuant to 42 U.S.C. § 1988 if he is the prevailing party in the action. The Supreme Court has held that "to qualify as a prevailing party, [the] plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Such relief, must be "an enforceable judgment against the defendant

_____

[1] In her summary judgment decision, Judge Donnelly referred this case to United States Magistrate Judge Reyes, Jr. for a determination of potential damages, which Chambers indicated includes attorney's fees.

from whom fees are sought or comparable relief through a consent decree or settlement." *Id.* at 111.

Here, Raja is the prevailing party having sued under 42 U.S.C. § 1983, having been awarded summary judgment as to liability by Judge Donnelly  and having obtained substantial damages pursuant to an accepted Rule 68 Offer of Judgment. The Rule 68 Offer contemplates "reasonable attorneys' fees, expenses and costs" in addition to those damages (Dkt # 50). The only question is the amount of fees to be awarded, which is a question committed to the discretion of the district court. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987).

Thus we ask the Court to grant plaintiff leave to file a fee motion or, if necessary, hold a pre-motion conference.

Respectfully submitted,

/s/

Daniel L. Ackman

cc: All Counsel (by ECF)