UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
X--------------------------------------------------------------X

RIZWAN RAJA,

                                          Plaintiff,        19-cv-01328 (AMD)

      -Against-

JOHN W. BURNS and THE CITY OF NEW YORK,

                                          Defendants.

X--------------------------------------------------------------X

## DECLARATION OF DANIEL L. ACKMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

DANIEL L. ACKMAN, an attorney duly admitted to practice law in the Courts of the State of New York and in this Court, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the foregoing is true and correct:

1. I make this declaration in support for plaintiff's application for attorney's fees. This declaration is based on personal knowledge and is to transmit certain true and correct copies of the various documents as exhibits.

2. I graduated from Columbia Law School in 1988 where he was a Harlan Fiske Stone Scholar. At the beginning of my career, I was associated with Skadden, Arps, Slate, Meagher & Flom LLP, where I specialized in commercial and corporate litigation.

3. For the past 16 years, my practice has focused on class action litigation, most often concerning the civil rights of taxi drivers. In that practice, I do not bill at an hourly rate, but always on a contingency basis or a flat fee.

4. I have had substantial success in cases attacking the constitutionality of City statutes, regulations and practices. In one such action, *Padberg, et al. v. McGrath-McKechnie*, et

al., No. 3355 Civ. 2000 (RJD), my clients were taxi driver who challenged the TLC's so-called Operation Refusal in which the agency seized taxicabs, summarily suspended taxi driver licenses and sought to revoke those licenses based on allegations that the driver had refused service to a passenger. My clients were awarded partial summary judgment as to the denial of their rights to due process. *Padberg v. McGrath-McKechnie*, 203 F. Supp. 2d 261 (E.D.N.Y. 2002). Following additional discovery, the action resulted in a 2006 eve-of-trial settlement that entitled the plaintiff class members to equitable relief and to roughly $7 million in damages as well as attorneys' fees. PX 1.

5. More recently, I was co-lead counsel in *Calvo v. City of New York*, 14-cv-07246-VEC, where my clients were motorists who successfully challenged a program based on a city ordinance where the NYC Taxi and Limousine Commission seized privately owned vehicles alleged to be operating for-hire without a license without a hearing or a warrant. My clients were awarded summary judgment (sub nom *Harrell v. City of New York*) in a ruling that declared the seizure program unconstitutional and which resulted the cessation of the TLC's longstanding seizure regime. *Harrell v. City of New York*, 138 F. Supp. 3d 479 (S.D.N.Y. 2015).

6. I was also co-lead counsel in *DeCastro, et al. v. City of New York, et al.*, No.16-cv-3850 (RA), where the court held that the TLC seizure program was unconstitutional as applied to alleged second-time violators of the city law banning unlicensed operation of a for-hire vehicle or to individuals allegedly operating beyond the scope of their license. Ackman and his co-counsel were awarded fees in both cases. PX 2, 3.

7. I was also lead counsel in *Rothenberg v. Daus*, No. 08-CV-00567 (SHS), a due process action where my clients were taxi driver whose licenses had been revoked based on a criminal conviction or a positive drug test.

8. After the district court dismissed the complaint, I successfully appealed. *Rothenberg v. Daus,* 2012 WL 1970438 (2d Cir. 2012). On remand, after which Norman Siegel joined the action as co-counsel, the driver plaintiffs were awarded partial summary judgment. 2014 WL 3765724 (S.D.N.Y. July 31, 2014). A monetary settlement for a plaintiff class followed. PX 4. Ackman and his co-counsel were awarded attorneys' fees based on an unspecified hourly rate. *Id.*

9. I also won summary judgment for my client in *El Boutary v. City of New York*, where the TLC summarily suspended Mr. El Boutary's for-hire vehicle driver's license after the press reported that he had ejected a same-sex couple from his car. 18-CV-3996 (ARR) (JO), 2018 WL 6814370 (S.D.N.Y. Dec. 26, 2018). Based on a settlement, the driver was awarded damages and attorney's fees. PX 5.

10. As to ongoing matters, I am lead counsel along with David T. Goldberg in *Nnebe v. Daus* and its companion case *Stallworth v. Joshi,* both putative class action involving the summary suspension of taxi driver licenses based on their having been arrested on a criminal charge.

11. My clients, the plaintiff drivers, prevailed on appeal after the district court had dismissed their complaint twice. The Court of Appeals holding that the drivers were denied due process of law both because they were denied adequate notice before their hearings and because their post-suspension hearings were meaningless. *Nnebe v. Daus*, 931 F.3d 66 (2d Cir. 2019). Those actions are pending, with remedies and class certification to be determined.

12. In state court, I am co-lead counsel along with Wolf Haldenstein Adler Freeman & Herz LLP in a pair of actions on behalf of plaintiffs who purchased taxi medallions at auction from the TLC after which the value of those medallions was decimated by the TLC's actions and

3

inaction. The court in one of those actions has certified a plaintiff class. *Akal Taxi NYC LLC v. The City of New York*, Index No. 708602/2017 (N.Y. Sup. Ct. Nov. 14, 2019), PX 6. Both actions are still pending.

13. In each of the cases notes above (except *El Boutary*) the City's actions negatively impacted hundreds or thousands of individuals, but I (and my co-counsel) was the only lawyer to challenge the constitutionality of these actions.

14. Incidentally, I am, on information and belief, one of the few lawyers in New York to have deposed former Mayor Rudolph Giuliani and then future President Donald J. Trump. In both cases, my clients prevailed.

15. Contemporaneous documentation of my hours is included at PX 7.

Dated: New York, NY
       June 18, 2020

                                                _____/s/_____
                                                      Daniel Ackman