UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
X--------------------------------------------------------------X

RIZWAN RAJA,

                              Plaintiff,          19-cv-01328 (AMD)

        -Against-                          **ORAL ARGUMENT
                                            REQUESTED**

JOHN W. BURNS and THE CITY OF NEW YORK,

                              Defendants.

X--------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR AN AWARD OF ATTORNEY'S FEES**


Daniel L. Ackman
Law Office of Daniel L. Ackman
222 Broadway, 19th Floor
New York, NY 10038
Tel: (917) 282-8178
d.ackman@comcast.net

Attorney for Plaintiff

**June 19, 2020**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

FACTUAL BACKGROUND ……………………………………………………….....1

    OATH's Actions Against Raja ……………..………………………………… 2

    Raja's Lawsuit and the OATH Proceeding …………….………………….....3

    The OATH Trial ………………..…………………………..……………... 4

    The Amended Complaint and Summary Judgment Motion …...………………5

ARGUMENT…………………………………………………………………...6

    A.  The Hourly Rate Requested by Counsel is Reasonable ……………………8

    B.  The Number of Hours Expended is Reasonable …………………….…..14

CONCLUSION.......................................................................................................16

i

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Abdell v. City of New York,* No. 05-CV-8453 (RJS), 2015 WL 898974
    (S.D.N.Y. Mar. 2, 2015) ............................................................................12

*Akal Taxi NYC LLC v. The City of New York*, Index No. 708602/2017
    (N.Y. Sup. Ct. Nov. 14, 2019)....................................................................11

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of
    Albany*, 493 F.3d 110 (2d Cir. 2007), amended on other grounds
    by *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County
    of Albany*, 522 F.3d 182 (2d Cir. 2008).......................................................7

*Barbour v. City of White Plains*, 788 F. Supp. 2d 216 (S.D.N.Y. 2011)...........13

*Calvo v. City of New York*, No. 14-CV-7246 (VEC), 2017 WL
    4119280 (S.D.N.Y. Sept. 15, 2017)........................................................9, 11

*Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster
    Bay,* No. 10-CV-2262 (DRH) (AYS), 2019 WL 2870721
    (E.D.N.Y. June 18, 2019) ...........................................................................12

*Coakley v. Webb*, No. 14 Civ. 8438, 2016 WL 1047079 (S.D.N.Y.
    Mar. 10, 2016*)* ...........................................................................................12

*Cruz v. Zucker*, 14-cv-4456 (JSR), 2017 WL 1093285 (S.D.N.Y. Mar.
    10, 2017)......................................................................................................12

*Cullen v. Fliegner*, 18 F.3d 96 (2d Cir. 1994) ..................................................15

*DeCurtis v. Upward Bound Int'l, Inc*., No. 09-cv-5378 (RJS), 2011
    WL 4549412 (S.D.N.Y. Sept. 27, 2011) .....................................................11

*El Boutary v. City of New York*, 18-CV-3996 (ARR) (JO), 2018 WL
    6814370 (S.D.N.Y. Dec. 26, 2018) .............................................................10

*Grant v. Bethlehem Steel Corp.*, 973 F.2d 96 (2d Cir. 1992) ...........................14

*Harrell v. City of New York*, 138 F. Supp. 3d 479 (S.D.N.Y. 2015) ..................9

*Husain v. Springer*, 579 Fed. App'x 3 (2d Cir. 2014) ........................................7

*In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226 (2d Cir. 1987) .................7

*Kindle v. Dejana*, 308 F. Supp. 3d 698 (E.D.N.Y. 2018) .................................13

*Luca v. County of Nassau*, 698 F. Supp. 2d 296 (E.D.N.Y.2010) ....................................12

*McLaughlin v. IDT Energy*, No. 14 CV 4107, 2018 WL 3642627
(E.D.N.Y. July 30, 2018)...............................................................................8, 13, n.4

*Merck Eprova AG v. Brookstone Pharms*., LLC, No. 09 Civ. 9684
(RJS), 2013 WL 3146768 (S.D.N.Y. June 10, 2013)....................................................8

*Millea v. Metro–North R.R. Co*., 658 F.3d 154 (2d Cir. 2011)..........................................7

*Nat'l Envtl. Safety Co. v. Katz*, 18-cv-02161 (JMA) (GRB), 2019 WL
1994049 (E.D.N.Y. May 6, 2019) ....................................................................13, n. 4

*Nnebe v. Daus*, 931 F.3d 66 (2d Cir. 2019) .....................................................................10

*North Carolina Dep't of Transp. v. Crest Street Cmty. Council, Inc*.,
479 U.S. 6 (1986) .......................................................................................................15

*Quintanilla v. Good Eats Meal Plan Corp*., No. 18-CV-4350, 2019
WL 1936731 (E.D.N.Y. May 1, 2019) .............................................................13, n. 4

*Padberg v. McGrath-McKechnie*, 203 F. Supp. 2d 261 (E.D.N.Y.
2002)............................................................................................................................9

*Pension, Annuity, Apprenticeship & Labor Management Cooperation
Funds v. Cali Enterprises, Inc.,* 2019 WL 2076784 (E.D.N.Y.
May 20, 2019).....................................................................................................13, n. 4

*Reiter v. Maxi-Aids, Inc*., No. 14 CV 3712, 2019 WL 1641306
(E.D.N.Y. Apr. 16, 2019) ..................................................................................13, n. 4

*Rothenberg v. Daus,* 2012 WL 1970438 (2d Cir. 2012)...................................................10

*Rothenberg v. Daus,* 2014 WL 3765724 (S.D.N.Y. July 31, 2014) .................................10

*Schwartz v. United States Drug Enforcement Administration*, No. 13-
CV-5004, 2019 WL 1299192 (E.D.N.Y. March 1, 2019)...................................13 n. 4

*Spencer v. City of New York*, No. 06 Civ. 2852 (KMW), 2013 WL
6008240 (S.D.N.Y. Nov. 13, 2013) .........................................................................14

*Thomas v. City of New York*, No. 09-CV-3162 (ALC), 2016 WL
319982 (S.D.N.Y. Jan. 26, 2016) . ............................................................................13

*Torres v. Gristede's Operating Corp*., 2012 WL 3878144 (S.D.N.Y.
Aug. 6 2012) ..............................................................................................................12

*Tsombanidis v. West Haven Fire Dept*, 352 F.3d 565 (2d Cir. 2003) .............................15

**Statutes and Regulations**

42 U.S.C. § 1983 ...........................................................................................1, 6, 7

42 U.S.C. § 1988 ............................................................................................1, 6

48 RCNY Section 6-25 .......................................................................... *passim*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
X------------------------------------------------------------------X

RIZWAN RAJA,

                                   Plaintiff,              19-cv-01328 (AMD**)**

                -Against-                          **ORAL ARGUMENT**
                                                   **REQUESTED**

JOHN W. BURNS and THE CITY OF NEW YORK,

                                   Defendants.

X------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR AN AWARD OF ATTORNEY'S FEES

### PRELIMINARY STATEMENT

Plaintiff Rizwan Raja is the prevailing party in this civil rights action and has the right to

attorney's fees pursuant to 42 U.S.C. § 1988. This conclusion is indisputable and, in any event,

defendants have agreed in their Rule 68 Offer of Judgment, which plaintiffs accepted, to pay Mr.

Raja $20,001 plus reasonable attorney's fees, expenses and costs to the date of the offer. ECF

No. 50. The only question is the amount of fees owed. Plaintiff submits that based on previous

fee awards, the prevailing rate in this district, and the number of hours expended in this action,

the amount is $89,775.

### FACTUAL BACKGROUND[1]

Mr. Raja, a longtime registered (or industry) representative, who represents taxi drivers at

the OATH Taxi and Limousine Tribunal, by his lawyer Daniel L. Ackman, filed this action on

March 7, 2019, asserting claims under 42 U.S.C. § 1983 and alleging that he had been denied

---

[1] This background is based on Raja's summary judgment brief and the accompanying Rule 56 statement,
declarations and exhibits. ECF Nos. 22, 23, 25, 28.

due process of law. Raja's action was in response to an effort by the New York City Office of Administrative Trials and Hearings (OATH) to summarily suspend his right represent taxi drivers as an industry representative, which Raja had been doing for 14 years.

**OATH's Actions Against Raja**

On March 1, 2019, OATH Assistant General Counsel Timothy R. Jones sent to Raja an e-mail with the subject heading "Summary Suspension Pursuant to 48 RCNY Section 6-25(d)(1)." Jones' e-mail stated that Raja would be summarily suspended from his right to practice on March 8. It asserted a right to suspend Raja without a hearing based a City Regulation, 48 RCNY $ 6-25(d), which purported to allow "the Chief [OATH] Administrative Law Judge [to] summarily suspend or bar a representative upon a determination that the representative lacks honesty and integrity and that the lack of honesty and integrity will adversely affect his or her practice before [OATH]." Attached to the e-mail was a summary suspension letter dated February 28 and signed by defendant John W. Burns as OATH's First Deputy Commissioner and Supervising Administrative Law Judge.

The Jones e-mail advised, "If you wish to refute the allegations of misconduct … submit a letter to [First Deputy Commissioner Burns] no later than March 22, 2019. If you do not respond by March 22, 2019, [Burns] will render a final determination in this matter pursuant to 48 RCNY § 6-25(d)(1)." In other words, the charges were *issued by Burns and would be resolved by Burns with no live hearing planned.*

To that point, during his entire 14-year career, during which he handled as many as 1000 cases per year, neither OATH nor the NYC Taxi and Limousine Commission (TLC) had accused Raja of misconduct of any kind. Nevertheless, OATH had given Raja no notice that he was being investigated and had not so much as interviewed him as part of its investigation. The summary suspension that OATH threatened was open-ended as the suspension letter did not schedule a

2

hearing. Nor did the letter impose any time limit for OATH to decide whether any penalty was warranted or whether the summary suspension itself was proper.

The summary suspension letter made no suggestion that any investigation was ongoing; it sought no evidence or information from Raja. It did attach affirmations by several of Raja's former clients. But the most recent affirmation was dated February 14, 2018, more than a year before the summary suspension. Neither the Jones e-mail nor the Burns suspension letter claimed that Raja threatened imminent, immediate or ongoing harm whether to the OATH tribunal or to his clients. Neither offered any rationale why Raja should have been suspended without a hearing as opposed to after the charges against him were tried or otherwise resolved.

### Raja's Lawsuit and the OATH Proceeding

Raja filed along with his complaint an order to show cause and a motion for a temporary restraining order or a preliminary injunction. Raja's was the first court challenge to 48 RCNY § 6-25(d) or to OATH's practice of summarily suspending registered representatives. While the case was assigned to Judge Donnelly, the TRO motion was heard by Judge Chen, who denied the motion as well as a motion for reconsideration. ECF Nos. 8, 9 & Unnumbered 3/8/19 Minute Entry.

On March 14, eight days before the deadline, Raja submitted to OATH a detailed refutation of the suspension letter charges in the hope that his summary suspension would be swiftly lifted. This submission included a letter brief and Raja's own detailed declaration denying the allegations along with supporting documents. Those documents included a declaration by Isaac Godinger, a lawyer with decades of experience in the TLC Tribunal and the OATH-Taxi and Limousine Tribunal and a declaration by Bhairavi Desai, the Executive Director of the New York Taxi Workers Alliance, which had arranged for Raja to represent its members, and statements by some of Raja's longtime clients.

OATH took no action in response to Raja's submission and ignored his demand that the summary suspension be lifted. Instead, on March 19, OATH notified Raja that it had scheduled a hearing for March 22. OATH also served on Raja a new set of charges in a so-called Petition and an extensive discovery demand. The petition dropped two of the charges stated in the summary suspension letter, and added one new charge based on events that occurred between late August and early October 2018. Finally, the petition demanded that Raja be permanently barred from OATH.

### The OATH Trial

A trial commenced in front of OATH Administrative Law Judge Kevin Casey on March 22, with Jones acting as the OATH prosecutor. Jones told Casey that the trial was not to determine whether Raja's suspension should be lifted, but would decide only whether Raja should be barred permanently. Judge Casey disagreed at least initially, saying he would rule on the summary suspension after hearing one day of testimony. But in the middle of the day, Jones presented Judge Casey with a so-called designation letter from Deputy Chair Burns. The designation letter indicated that Casey lacked authority to rule on the summary suspension, Nor, Burns said, could Casey rule on the merits of the case generally. Thus Jones told the judge: "[W]e [that is, OATH] believe that you do not have the authority to lift a summary suspension." Instead Judge Casey would issue only a report and recommendation to Burns, the same individual who brought the charges.

Based on the designation letter, Judge Casey changed his earlier ruling and said that he would not determine the propriety of the summary suspension. Thus Raja's summary suspension continued without any ruling on its propriety. Later in the trial, OATH changed its position again. Now it said that Judge Casey could issue a decision on the charges. But OATH still did not, according to Judge Casey, allow for an immediate ruling on the summary suspension.

The trial continued for three separate days, ending on April 4. Judge Casey heard testimony from two of Raja's former clients who had uttered complaints against him. (Another two who had signed affirmations failed to appear.) Judge Casey also heard testimony from Kieran Holohan, a lawyer who worked for OATH, acting as a kind of investigator and who drafted affirmations for complainants' signature. Holohan also prepared so-called "Incident Reports in which he also recommended the appropriate penalty for each alleged incident. As it happened, Holohan always recommended the most extreme penalty, an immediate suspension and a permanent bar. In addition, Judge Casey heard testimony from two OATH employees who aided Holohan in drafting one of the client affirmations; from an OATH employee who happened to hear Raja mutter a profanity in a waiting area; from Godinger; from Desai and from Raja. Judge Casey also heard summations. He did not, however, rule on the allegations.

Instead, near the end of the trial, Judge Casey asked the parties if they would agree to discuss possible settlement with another OATH ALJ, Kara Miller. After a series of conference calls between Judge Miller, with Raja still facing the possibility of a permanent ban, the parties and counsel reached a settlement, which was reduced to writing and signed on April 11. That settlement agreement was filed under seal in this Court. As was noted in open court on May 15, the settlement does not contain any admission of wrongdoing and it specifically states: "This Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiation." Thus the summary suspension extended from March 8 through April 11, a total of 35 days.

### The Amended Complaint and Summary Judgment Motion

On April 15, Raja filed an amended complaint, updating the allegations made in the complaint he filed on March 7. ECF No. 16. On June 11, he filed a motion for summary judgment along with a Rule 56 Statement and a memorandum of law. ECF Nos. 22, 25, 28.

Raja's motion was based on his declaration, on OATH trial testimony and on documents admitted at the OATH trial. These documents included the summary suspension notice and letter, the incident reports, Raja's prior declaration, Raja's notes concerning his interaction with the complainants, and the OATH petition. ECF No. 23-1through 23-12. Because the factual issues were aired at the OATH trial, Raja sought no additional discovery. Thus, he was able to litigate this action from its commencement through summary judgment and settlement without a single deposition, without any interrogatories and without any document demands. Also on June 11, defendants moved to dismiss the complaint. ECF No. 24.

On February 5, 2020, the Court, per Judge Donnelly, granted Raja's summary judgment motion as to his federal and state procedural due process claims, but dismissed his claim that the OATH rules are unconstitutionally vague. ECF No. 49. This determination required the Court to rule that the New York City regulation that purported to permit the summary suspension of a representative's right to practice was unconstitutional as applied. The Court also granted defendants' motion to dismiss the complaint as to Supervising ALJ Burns on grounds of qualified immunity. By that time, Raja's right to practice had been reinstated. The City did not appeal.

On May 5, Raja filed a notice of acceptance of a Rule 68 offer of judgment that required defendants to pay him $20,001 plus reasonable attorney's fees, expenses and costs to the date of the offer. The Court entered judgment on the same day. ECF No. 51.

## ARGUMENT

42 U.S.C. § 1988(b) (Section 1988) authorizes courts to award "a reasonable attorney's fee as part of the costs" to a "prevailing party" in any action brought pursuant to 42 U.S.C. § 1983 (Section 1983). The Supreme Court has held that "to qualify as a prevailing party, [the] plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S.

103, 111 (1992). Such relief, must be "an enforceable judgment against the defendant from whom fees are sought or comparable relief through a consent decree or settlement." *Id.* at 111. Here, Mr. Raja is the prevailing party having sued under 42 U.S.C. § 1983, having been awarded summary judgment as to liability by Judge Donnelly, and having obtained substantial damages. Moreover, the Rule 68 Offer itself contemplates "reasonable attorneys' fees, expenses and costs" in addition to damages. ECF No. 50. Thus, the only question is the amount of fees to be awarded, which is a question committed to the discretion of the district court. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987).

## PLAINTIFF'S REQUESTED ATTORNEY'S FEES ARE REASONABLE

Under Section 1988, an award of attorney's fees must be reasonable. While there is "no precise rule or formula for making fee determinations," *Husain v. Springer*, 579 Fed. App'x 3, 6 (2d Cir. 2014) (summary order), the Second Circuit requires that courts calculate a "presumptively reasonable fee" using the traditional lodestar analysis as a starting point. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), amended on other grounds by *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008). The lodestar is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). This is true even in cases where the recovery by individual plaintiffs is small. As the *Millea* court stated, "Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery." *Id*. at 169.

The presumptively reasonable fee inquiry begins with determining "the rate a paying client would be willing to pay" for the work performed within the district in which the case is brought. *Arbor Hill*, 522 F.3d at 190. Second, the court must determine the number of hours reasonably expended. Third, it must multiply the reasonable hourly rate by the number of hours reasonably expended . . . ." *Merck Eprova AG v. Brookstone Pharms*., LLC, No. 09 Civ. 9684 (RJS), 2013 WL 3146768, at *1 (S.D.N.Y. June 10, 2013) (internal citations omitted). Applying these factors to the billing records attached to the Declaration of Daniel L. Ackman filed with this motion, and to the facts of this case, yields a presumptively reasonable fee award in the amount of $89,775.

## A.  The Hourly Rate Requested by Counsel is Reasonable

Raja was represented by Daniel Ackman, an able, experienced counsel for whom he requests an hourly rate of $475. Mr. Ackman's proposed rate is reasonable in light of his experience, his success in this case, the rate ordered in another recent civil rights case and the prevailing rates charged by peer counsel in civil rights cases.

Ackman graduated from Columbia Law School in 1988 where he was a Harlan Fiske Stone Scholar.[2] At the beginning of his career, he was associated with Skadden, Arps, Slate, Meagher & Flom LLP, where his specialty was commercial and corporate litigation. For the past 16 years, his practice has focused on class action litigation, most often concerning the civil rights of taxi drivers. He has had substantial success in cases attacking the constitutionality of City statutes, regulations and practices.

---

[2] The facts relating to Ackman's experience are derived from the Declaration of Daniel L. Ackman in Support of Plaintiff's Motion for Attorney's Fees, sworn to June 18, 2020.

In one such action, *Padberg, et al. v. McGrath-McKechnie*, et al., No. 3355 Civ. 2000 (RJD), Ackman's clients challenged the TLC's so-called Operation Refusal by which the agency seized taxicabs, summarily suspended hundreds of taxi driver licenses, and sought to revoke those licenses all based on untested allegations that the driver had refused service to a passenger. The driver-plaintiffs were awarded partial summary judgment. *Padberg v. McGrath-McKechnie*, 203 F. Supp. 2d 261 (E.D.N.Y. 2002). Following additional discovery, the action resulted in a 2006 eve-of-trial settlement that entitled the plaintiff class members to equitable relief and to roughly $7 million in damages as well as attorneys' fees. PX 1[3].

More recently, Ackman was co-lead counsel in *Calvo v. City of New York*, 14-cv-07246-VEC, where plaintiffs successfully challenged a program based on a city ordinance by which the TLC seized—without a hearing or a warrant—thousands of privately owned vehicles alleged to be operating unlawfully for-hire without a license. The plaintiffs were awarded summary judgment (sub nom *Harrell v. City of New York*) in a ruling that declared the seizure program unconstitutional and which resulted in its cessation. *Harrell v. City of New York*, 138 F. Supp. 3d 479 (S.D.N.Y. 2015). Ackman was also co-lead counsel in *DeCastro, et al. v. City of New York, et al.*, No.16-cv-3850 (RA), where the court held that the TLC seizure program was unconstitutional as applied to alleged second-time violators of the law banning the unlicensed operation of for-hire vehicles and as applied to individuals allegedly operating beyond the scope of their license. Ackman and his co-counsel were awarded fees in both *Calvo* and *DeCastro*. PX 2, 3.

---

[3] Exhibits are to the Ackman Declaration in Support of Plaintiff's Motion for Attorney's Fees.

Ackman was also lead counsel in *Rothenberg v. Daus*, No. 08-CV-00567 (SHS), a due process action where his clients were taxi drivers whose licenses had been revoked based on a criminal conviction or a positive drug test. After the district court dismissed the complaint, Ackman successfully appealed. *Rothenberg v. Daus,* 2012 WL 1970438 (2d Cir. 2012). On remand, during which Norman Siegel joined the case as co-counsel, the driver plaintiffs were awarded partial summary judgment. 2014 WL 3765724 (S.D.N.Y. July 31, 2014). A monetary settlement for a plaintiff class followed. PX 4. Ackman and his co-counsel were awarded attorneys' fees based on an unspecified hourly rate. *Id*.

Ackman also won summary judgment in *El Boutary v. City of New York*. In that case, the TLC had summarily suspended Ackman's client, a for-hire vehicle driver, after the press reported that he had ejected a same-sex couple from his car. 18-CV-3996 (ARR) (JO), 2018 WL 6814370 (S.D.N.Y. Dec. 26, 2018). Based on a settlement, the driver was awarded damages and attorney's fees. PX 5.

Ackman is also currently lead counsel along with David T. Goldberg and Shannon Liss-Riordan in *Nnebe v. Daus* and its companion case *Stallworth v. Joshi,* both putative class actions involving the TLC's longtime program of summarily suspending taxi driver licenses based on their having been arrested on a criminal charge. The plaintiffs prevailed on appeal after the district court had dismissed their complaint twice, with the Court of Appeals holding that the drivers were denied due process of law both because they were refused adequate notice before their hearings and because the hearings themselves were shams. *Nnebe v. Daus*, 931 F.3d 66 (2d Cir. 2019). Those actions are pending, with remedies and class certification to be determined.

In state court, Ackman is co-lead counsel along with Wolf Haldenstein Adler Freeman & Herz LLP in a pair of actions on behalf of plaintiffs who purchased taxi medallions at auction

from the TLC after which the value of those medallions was decimated as a result of the TLC's actions and inaction. The court in one of those actions has certified a plaintiff class. *Akal Taxi NYC LLC v. The City of New York*, Index No. 708602/2017 (N.Y. Sup. Ct. Nov. 14, 2019), PX 6. Both actions are still pending.

In each of the cases notes above (except *El Boutary*) the City's actions negatively impacted hundreds or thousands of individuals, but Ackman (and his co-counsel) was the only lawyer to challenge the constitutionality of these actions. And he prevailed.

Ackman is, on information and belief, one of the few lawyers in New York to have deposed former Mayor Rudolph Giuliani and then future President Donald J. Trump.

The proposed $475 hourly rate is based on a fee award to Mr. Ackman three years ago in *Calvo*, where Ackman was co-lead counsel and was awarded $450 per hour. In *Calvo*, as in this case, plaintiffs challenged a program based on a city ordinance. As in this case, the court awarded the plaintiffs summary judgment. Following the summary judgment ruling, but before a final judgment, the plaintiffs moved for an interim fee award. Judge Caproni granted the interim fee motion and ordered plaintiffs to submit a fee application for work performed up to November 10, 2015. Upon submission of that application, Magistrate Judge Freeman issued a report recommending that Ackman and his primary co-counsel be awarded fees at a rate of $400 per hour.

Judge Caproni modified the recommendation and awarded fees at a $450 rate. *Calvo v. City of New York*, No. 14-CV-7246 (VEC), 2017 WL 4119280 (S.D.N.Y. Sept. 15, 2017). In the companion case, *Decastro*, counsel were awarded fees at a $425 hourly rate, a bit less than in *Calvo* since the second case was an offshoot of the first one. As the *Calvo* award occurred three years ago and because awarded rates have been increasing over time, *DeCurtis v. Upward Bound*

11

*Int'l, Inc*., No. 09-cv-5378 (RJS), 2011 WL 4549412, at *8 (S.D.N.Y. Sept. 27, 2011), a $475 rate is reasonable here.

While the rate awarded to the same lawyer in a recent case is perhaps the best guide to what should be awarded in this case, awards in other recent Section 1983 cases also support the proposed rate as reasonable. Courts generally award fees based on the prevailing hourly rate in the given forum. However, "A review of cases decided in the neighboring Eastern and Southern Districts of New York reveals that there is no real bright line between a reasonable Eastern District rate, and an equally reasonable Southern District rate." *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay,* No. 10-CV-2262 (DRH) (AYS), 2019 WL 2870721 (E.D.N.Y. June 18, 2019)*.* Indeed, judges in this District have long lamented the "artificiality" of a "rigid forum-based rule in the context of the Eastern District of New York and the Southern District of New York because they form a unitary market for legal services." *Luca v. County of Nassau*, 698 F. Supp. 2d 296, 300-01 (E.D.N.Y.2010).

At the upper end of the hourly rate range in the two districts, in a Section 1983 action, *Cruz v. Zucker*, Judge Rakoff awarded attorneys' fees based on a $675 hourly rate for law firm partners and rates that ranged from $450 to $525 for senior associates and counsel. 14-cv-4456 (JSR), 2017 WL 1093285 (S.D.N.Y. Mar. 10, 2017). In *Abdell v. City of New York,* the court awarded fees based on a rate of $650 for a civil rights lawyer who was a recognized leader in the field. No. 05-CV-8453 (RJS), 2015 WL 898974 (S.D.N.Y. Mar. 2, 2015). Numerous other cases have also seen awards for lead counsel in the $550-$600 per hour range. *See*, *e.g*., *Coakley v. Webb*, No. 14 Civ. 8438, 2016 WL 1047079, at *6 (S.D.N.Y. Mar. 10, 2016) (awarding fees at a rate of $575 per hour in Section 1983 litigation); *Torres v. Gristede's Operating Corp*., 2012 WL 3878144, at *2-3 (S.D.N.Y. Aug. 6 2012) (awarding fees at a rate of $550 per hour in FLSA

12

case); *Barbour v. City of White Plains*, 788 F. Supp. 2d 216, 225 (S.D.N.Y. 2011) (awarding rate of $625 to a leading civil rights litigator and $450 per hour to assisting attorney who has operated a civil rights-focused practice since 2000); *see also Thomas v. City of New York*, No. 09-CV-3162 (ALC), 2016 WL 319982, at *7 (S.D.N.Y. Jan. 26, 2016) (awarding fees at reduced rates of $450 and $400 per hour to counsel with similar experience who obtained only partial verdicts in their favor).

The range of fees in the Eastern District "is similar to fees recently awarded in a variety of cases" in the Southern District of New York. *Centro de la Comunidad Hispana*, 2019 WL 2870721. In *Centro de la Comunidad Hispana*, the court reviewed recent case law where fees were awarded based on hourly rates that ranged from $450 to $655 for partners and attorneys with significant experience.[4] The court then awarded fees based on hourly rates of between $475 and $600. In *Kindle v. Dejana*, 308 F. Supp. 3d 698 (E.D.N.Y. 2018), the court noted that courts in the Eastern District typically award hourly rates ranging from $200 to $450 per hour for

---

[4] The court cited: *Schwartz v. United States Drug Enforcement Administration*, No. 13-CV-5004, 2019 WL 1299192, at *9 (E.D.N.Y. March 1, 2019) (awarding $500 hourly fee to partner litigating FOIA litigation, and listing awards of between $500 and $655 per hour for partners handling complex litigation), adopted by, 2019 WL 1299660 (E.D.N.Y. Mar. 21 2019); *Nat'l Envtl. Safety Co. v. Katz,* 18-cv-02161 (JMA) (GRB), 2019 WL 1994049 (E.D.N.Y. May 6, 2019) (award based upon $500-$600 hourly rate to partners and $300 hourly rate for associates litigating breach of contract case); *Quintanilla v. Good Eats Meal Plan Corp.*, No. 18-CV-4350, 2019 WL 1936731, at *2 (E.D.N.Y. May 1, 2019) (noting that courts generally award hourly rates ranging from $300-$400 for experienced attorneys litigating wage disputes); *Pension, Annuity, Apprenticeship & Labor Management Cooperation Funds v. Cali Enterprises, Inc.,* 2019 WL 2076784, at *5 (E.D.N.Y. May 20, 2019) (noting propriety of award of between $200 and $325 per hour for junior associates litigating ERISA collection matter); *Reiter v. Maxi-Aids, Inc.*, No. 14 CV 3712, 2019 WL 1641306, at *4 (E.D.N.Y. Apr. 16, 2019) (noting propriety of awarding up to $450 per hour for partners and up to $325 for associates in fee shifting cases); *McLaughlin v. IDT Energy*, No. 14 CV 4107, 2018 WL 3642627, at *17 (E.D.N.Y. July 30, 2018) (finding award of rates typical to the Eastern District and noted to be: "$550 for partners/equity owners with more than thirty years of experience, $500 for partners/equity owners with more than fifteen years of experience, $450 for  partners/equity owners with more than ten years of experience, $400 for senior associates/associates with more than ten years of experience, $350 for senior associates/associates with six to nine years of experience, $300 for associates with three to five years of experience, $250 for associates with fewer than three years of experience") (report and recommendation).

partners, but it awarded as much as $600 per hour for one highly experienced attorney and $450 per hour for most of the partner-level attorneys who appeared for the plaintiffs in that case.

Given this case law, the *Calvo* order, Ackman's overall experience and that Ackman prevailed in a case of first impression by establishing that a City regulation was unconstitutional as applied, a $475 hourly rate is more than reasonable.

### B. The Number of Hours Expended is Reasonable

In determining whether the hours expended on a case are reasonable, courts consider "whether, at the time the work was performed, a reasonable attorney would have engaged in a similar time expenditure." *Grant v. Bethlehem Steel Corp.*, 973 F.2d 96, 101-02 (2d Cir. 1992). The fee applicant bears the burden of establishing the hours reasonably expended on the case and must normally submit adequate contemporaneously prepared documentation of those hours. *Spencer v. City of New York*, No. 06 Civ. 2852 (KMW), 2013 WL 6008240, at *6 (S.D.N.Y. Nov. 13, 2013). Counsel's documentation of his hours is included at PX 7.

This action included five stages: (1) the investigation and preparation of the initial complaint and preliminary injunction motion; (2) the OATH litigation, which served as a substitute for discovery and for the basis of the summary judgment motion; (3) the summary judgment motion and the opposition to the motion to dismiss; (4) the settlement negotiations; and (5) the fee litigation. Plaintiff is entitled to fees for the first four stages, during which counsel expended 189 hours.

The complaint/preliminary injunction stage lasted from March 2, 2019 to March 8. It included, among other tasks: initial interviews of Raja and a factual investigation; legal research on summary suspensions in the context of this case; follow-up meetings with Raja; drafting the complaint; drafting a preliminary injunction brief and supporting documents; legal research in

14

light of Judge Chen's decision; and drafting a letter brief seeking reconsideration of that decision. All told, counsel expended 30.2 hours on this stage.

The OATH litigation went from March 10 until April 4. It included: trial preparation; three trial days; written submissions to OATH; procedural motions; legal research of various evidentiary issues; legal research on attorney suspensions and on the void-for-vagueness doctrine; and the negotiation of the settlement agreement as to the OATH charges. Defendants may argue that time spent on the administrative action is not recoverable because the OATH proceeding was not in a narrow sense part of the Section 1983 action itself. But this view of the law is incorrect as both the Supreme Court and the Second Circuit have held that Section 1988 permits attorney's fees "for time spent on administrative proceedings to enforce the civil rights claim prior to the litigation." *North Carolina Dep't of Transp. v. Crest Street Cmty. Council, Inc*., 479 U.S. 6, 15 (1986); *Tsombanidis v. West Haven Fire Dept*, 352 F.3d 565, 581 (2d Cir. 2003). In other words, "Attorney's fees may also be awarded for work done in a prior administrative proceeding which 'was both useful and of a type ordinarily necessary to advance' the subsequent § 1988 civil rights litigation." *Cullen v. Fliegner*, 18 F.3d 96, 105-06 (2d Cir. 1994) (quoting *North Carolina Dep't of Transp.,* 479 U.S. at 15). In this case, the administrative hearing was part and parcel of the federal action and served as discovery for the successful summary judgment motion that followed. In total, counsel expended 65.3 hours on this stage.

The summary-judgment/motion-to-dismiss stage went from May 15 to December 18. It included, among other tasks: legal research on various legal points as to both motions; drafting of a summary judgment brief; drafting of briefs opposing the motion to dismiss; drafting a reply brief; oral argument on the motions; legal research and drafting of a post-argument letter brief on qualified immunity per Judge Donnelly's request. In this stage, counsel expended 90.3 hours.

Finally, between January 31, 2020 and March 10, counsel spent 3.2 hours on reviewing the Court's summary judgment decision and on settlement discussions. As to stage 5, counsel is not claiming fees for time spent on this application, so time charges for that stage of this litigation are not documented herein. Excluding the time spent litigating the fee application, the hours expended total 189.

The lodestar obtained by multiplying the 189 total hours expended by the proposed hourly rate is $89,775. In addition, plaintiff is entitled to costs of $400 as reimbursement of his filing fee. ECF Entry 3/7/19.

## CONCLUSION

For the reasons stated, plaintiff should be awarded attorney's fees of $89,775 and costs of $400.

Dated: New York, New York
      June 19, 2020

    \_\_/s/_____

Daniel L. Ackman
Law Office of Daniel L. Ackman
222 Broadway, 19th Floor
New York, NY 10038
Tel: (917) 282-8178
d.ackman@comcast.net
*Attorney for Plaintiff*