UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
X------------------------------------------------------------------X

RIZWAN RAJA,

                                          Plaintiff,          19-cv-01328 (AMD**)**

          -Against-                   **ORAL ARGUMENT**
                                                                       **REQUESTED**

JOHN W. BURNS and THE CITY OF NEW
YORK,

                                          Defendants.

X------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
# MOTION FOR AN AWARD OF ATTORNEY'S FEES

**Daniel L. Ackman**
Law Office of Daniel L. Ackman
77 Water Street, 8th Floor
New York, New York 10005
Tel: (917) 282-8178
d.ackman@comcast.net
*Attorney for Plaintiff*

July 24, 2020

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................................................................................................1

   I.  EVEN THE CASES DEFENDANTS CITE SUPPORT RECOVERY OF FEES FOR TIME SPENT ON THE OATH TRIAL ...................................................................................2

  II.  DEFENDANTS FAIL TO GIVE GROUNDS FOR REDUCING THE HOURLY RATE AWARDED TO THE SAME COUNSEL IN RECENT CASES ...........................................................................5

 III.  DEFENDANTS' BOILERPLATE ATTACKS ON COUNSEL'S TIME CHARGES FAIL TO ESTABLISH ANY DEFICIENCY IN THE RECORDS AND DO NOT SUGGEST OVERBILLING .........................................8

 IV.  EVEN IF DEFENDANTS' SPECIFIC OBJECTIONS WERE MERITORIOUS, THEY COME NOWHERE CLOSE TO JUSTIFYING THE SWEEPING REDUCTIONS THEY DEMAND ............................................................10

CONCLUSION ............................................................................................................................10

## TABLE OF CASES

**Page(s)**

*Abdell v. City of New York,* No. 05-CV-8453 (RJS), 2015
    WL 898974 (S.D.N.Y. Mar. 2, 2015) ................................................................................ 9, n.4

*Benihana Inc. v. Benihana of Tokyo, LLC*, No. 14-cv-792
    (PAE), 2016 WL 3647638  (S.D.N.Y. June 29, 2016) ....................................................... 9, n.4

*Calvo v. City of New York*, No. 14-CV-7246 (VEC),
    2017 WL 4119280 (S.D.N.Y. Sept. 15, 2017) ........................................................................ 6

*Capitol Records, Inc. v. MP3tunes*, LLC, No. 07-cv-9931,
    2015 WL 7271565 (S.D.N.Y. Nov. 12, 2015) ................................................................... 9, n.4

*Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield
    Historic Dist. Comm'n,*. 934 F.3d 238 (2d Cir. 2019) ........................................................... 4

*Congregation Rabbinical Coll. of Tartikov, Inc. v.
    Vill. of Pomona*, No. 07-cv-6304 (KMK) 2016
    WL 3030253 (S.D.N.Y. May 25, 2016) ............................................................................ 9, n.4

*Cullen v. Fliegner*, 18 F.3d 96 (2d Cir. 1994) .................................................................................. 6

*DeCastro v. City of New York*, No. 16-cv-3850 (RA),
    2017 U.S. Dist. LEXIS 162737 (S.D.N.Y. Sept. 30, 2017) ...................................................... 6

*Gonzalez v. Bratton*, 147 F. Supp. 2d 180 (S.D.N.Y. 2001) ...................................................... 9, n.7

*Lizondro-Garcia v. Kefi* LLC, No. 12-cv-1906 (HBP),
    2015 WL 4006896 (S.D.N.Y. July 1, 2015) ..................................................................... 9, n.4

*Millea v. Metro–North R.R. Co.*, 658 F.3d 154 (2d Cir. 2011) ....................................................... 1

*North Carolina Dep't of Transp. v. Crest Street
    Cmty. Council, Inc.*, 479 U.S. 6 (1986) .........................................................................2, 3, 5

*Pennsylvania v. Delaware Valley Citizens' Council*,
    478 U.S. 546 (1986) .......................................................................................................2, 4, 5

*Restivo v. Nassau Cty.,* No. 06-cv-6720, 2015 WL 7734100
    (E.D.N.Y. Nov. 30, 2015) ................................................................................................. 9, n.5

*Restivov. Hessemann*, 846 F.3d 547  (2d Cir. 2017) ............................................................... 9, n.4

*Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565 (2d Cir. 2003) ...........................................2, 3

*Webb v. Board of Educ. of Dyer County, Tenn*., 471 U.S. 234 (1985) .......................................3, 5

*Zimmerman v. Portfolio Recovery Assocs.*, No. 09-cv-4602
    (PGG), 2013 WL 6508813 (S.D.N.Y. Dec. 12, 2013)) ........................................................8, 9

Case 1:19-cv-01328-AMD-RER   Document 57   Filed 07/24/20   Page 4 of 14 PageID #: 893

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
X------------------------------------------------------------------X

RIZWAN RAJA,

                                                      Plaintiff,            19-cv-01328 (AMD**)**

                -Against-                                **ORAL ARGUMENT**
                                                                            **REQUESTED**

JOHN W. BURNS and THE CITY OF NEW
YORK,

                                                   Defendants.

X------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR AN AWARD OF ATTORNEY'S FEES**

**PRELIMINARY STATEMENT**

    Defendants cannot dispute that plaintiff, having won summary judgment and a damages settlement, is the prevailing party and is entitled to attorney's fees under 42 U.S.C. § 1988. Instead, they begin their brief by noting that the fee demand exceeds the damages awarded, insinuating without saying that there is something wrong with the disparity. But as defendants surely know, this situation is not unusual and does not require a reduction in fees. As the Court of Appeals said in *Millea v. Metro–North R.R. Co*.,

> [C]alculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery.658 F.3d 154, 166 (2d Cir. 2011).

    Beyond this point, defendants engage in a series of oft-rehearsed attacks on plaintiff's fee application, generally without any support in the record, none of which merit a substantial reduction in the fee request. First, defendants' own case citations support the fee award including time spent on the OATH proceeding as that proceeding was integral to the federal action.

Second, defendants rely largely on old cases concerning the proposed hourly rate and give no reason for this Court to vary from the rate awarded to the same counsel in recent cases. Third, defendants fail to establish any overbilling or substantial defect in counsel's time records, certainly none that merit the 40% across-the-board reduction that defendants demand.

## I. EVEN THE CASES DEFENDANTS CITE SUPPORT RECOVERY OF FEES FOR TIME SPENT ON THE OATH TRIAL

The main bone of contention on this motion is whether plaintiff may recover fees for time spent on the administrative proceeding that occurred essentially contemporaneously with the federal civil rights litigation. While defendants acknowledge, as they must, that Section 1988 *does* permit attorney's fees for time spent on administrative proceedings to enforce the claim prior to the litigation and while they cite Supreme Court and Second Circuit case law to that effect, they insist that plaintiff may not recover fees for such time in this case. *See* Def. Br. at 15-16 (citing *North Carolina Dep't of Transp. v. Crest Street Cmty. Council, Inc.*, 479 U.S. 6 (1986); *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 561 (1986) and *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 581 (2d Cir. 2003)). To make their argument, defendants must ignore the basic timeline of this case: First, the City, through OATH, ordered that Rizwa Raja's right to practice would be summarily suspended and alleged that it should also be permanently revoked. Next, Raja filed an action in federal court to block the suspension as a denial of Due Process. Then, when Raja's preliminary injunction motion was denied, he defended his conduct at an OATH trial, which resulted in a settlement allowing for a brief suspension, but no revocation. During this trial, Raja was able to obtain relevant documents and to question witnesses under OATH. Following the OATH trial, Raja, using the testimony and documents obtained through the OATH process, amended his complaint and moved for

summary judgment. Finally, Judge Donnelly granted Raja' summary judgment motion. After that, the City agreed to pay Raja damages.

Despite this record, defendants baldly contend, "Here the OATH trial was not necessary to adjudicate the claims in the action." Def. Br. 16. They also contend that this was a simple case, in part, because there "was no discovery" and "the parties proceeded immediately with dispositive motions." *Id*. at 19. But they refuse to concede the obvious point that the only reason that there was no formal discovery and the reason there were no depositions was because the OATH process afforded plaintiff the discovery he needed to prevail in the federal action. Meanwhile it is false to say that the parties proceeded "immediately" to dispositive motions. In truth, they proceeded to dispositive motions only after the intervening OATH trial, which served as discovery. Defendants also refuse to acknowledge, but cannnot deny, that Raja's motion relied on OATH trial testimony and on documents admitted at the OATH trial, including the summary suspension notice, incident reports crafted by OATH, Raja's declaration submitted to OATH and the OATH petition. If not for the OATH trial, plaintiff would have had to depose these witnesses in separate session, which might have taken more time.

Defendants also fail to acknowledge the case law. The Supreme Court held that "even if the prior [administrative] proceeding is not a 'proceeding to enforce' one of the § 1988 civil rights laws, the 'discrete portion of the work product from the administrative proceedings' that 'was both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached before settlement' can be part of the attorney's fees awarded under § 1988." *North Carolina Dept. of Transp.*, 479 U.S. at 15 (quoting *Webb v. Board of Educ. of Dyer County, Tenn.*, 471 U.S. 234, 243 (1985)). In addition to the Supreme Court cases that establish the rule, in *Tsombanidis*, the Court of Appeals affirmed the award of fees under a parallel fee

3

statute for time spent on a zoning board appeal. 352 F.3d 565, (2d Cir. 2003). The Court said, "Thus, an administrative proceeding could be included in the calculation of reasonable attorney's fees if it is 'useful and of a type ordinarily necessary to secure the final result obtained from the litigation.'" *Id*. at 581 (quoting *Delaware Valley*, 478 U.S. at 561). In *Cullen v. Fliegner*, the Court of Appeals affirmed the district court's award of attorney's fees pursuant to section 1988 for a portion of the fees incurred while working on a school disciplinary proceeding that was both useful and necessary to the plaintiff's prosecution of his federal claims. 18 F.3d 96, 105-06 (2d Cir. 1994). Most recently, in *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n,* reaffirmed the basic principles stated in *Tsombanidis* and *Cullen* even if it denied fees for time spent on an administrative proceeding in that case. 934 F.3d 238, 244-45 (2d Cir. 2019).

In a footnote, defendants state without any evidence or analysis, "Here, the three-day OATH trial had no benefit whatsoever to resolving the claims." In truth, plaintiffs' summary judgment brief relied repeatedly on OATH trial testimony, on statements submitted to OATH and on other evidence obtained through the OATH proceeding. *See* Pl. SJ Br. at 2-12, ECF # 28. And of course, as defendants note, there was no discovery prior to the summary judgment motion—which was possible because the OATH trial served as discovery. *See Webb*, 471 U.S. at 251 (J. Brennan, concurring in part and dissenting in part) ("preparatory work, along with discovery that typically occurs after litigation commences, may often be accomplished in the course of administrative proceedings that precede litigation").

The trial was necessary to demonstrate facts not just about Raja's conduct, but about OATH's prosecution. The facts revealed at trial demonstrated that there was no urgency and no present threat that would have justified summarily suspending Raja. This evidence made all the

4

difference as Judge Donnelly granted Raja summary judgment after Judge Chen, who did not have the benefit of this evidence, denied him any relief. The difference in result shows the OATH trial was both useful and necessary in winning Raja's Section 1983 action. *See North Carolina Dept. of Transp.*, 479 U.S. at 15. This was also not a case where the administrative proceeding was "years before the complaint was filed" so it could not be deemed as an effort "expended on the litigation." *See Webb*, 471 U.S. at 242. This was a proceeding that occurred *during* the litigation. In addition, the administrative trial all related to OATH's charges against Raja, both the veracity of those charges and their timing and immediacy. Those issues were all at play in the federal case. As in *Delaware Valley*, "participation in these administrative proceedings was crucial to the vindication" of Raja's rights so compensation for these activities [is] entirely proper." 478 U. S. at 561. Where the administrative proceeding occurred mostly after the federal case started and where it served as discovery, it is not possible to separate the hours that related to the federal claim from those that did not.1

## II. DEFENDANTS FAIL TO GIVE GROUNDS FOR REDUCING THE HOURLY RATE AWARDED TO THE SAME COUNSEL IN RECENT CASES

Defendants urge that counsel be awarded fees based on an hourly rate of $350, which happens to be the same rate counsel was awarded in *Padberg v. McGrath-Mc*Kechnie, 14 years ago. Defendants cite many cases, where low hourly rates were ordered. But many of these cases are old. Many others actually support the $475 hourly rate plaintiff proposes. Of course, defendants cannot dispute that there are many cases (cited in plaintiff's moving brief) in both the

---

1 At the OATH trial, Raja attempted to establish not just that he did not violate OATH rules, but that the alleged violations came long before his summary suspension and that he did not pose an immediate threat to public health or safety. These latter two points carried the day in obtaining summary judgment. *See* SJ Memorandum and Order at 13-14, ECF # 49.

5

Eastern District and the Southern District where fees were awards in excess of $450 per hour, including some where counsel were awarded over $600 per hour.

Even more telling, defendants have no real argument that counsel should be awarded at a substantially lower rate than was awarded *three years ago* in both *Calvo v. City of New York*, No. 14-CV-7246 (VEC), 2017 WL 4119280 (S.D.N.Y. Sept. 15, 2017), and in *DeCastro v. City of New York*, No. 16-cv-3850 (RA), 2017 U.S. Dist. LEXIS 162737 at *9-10 (S.D.N.Y. Sept. 30, 2017), where counsel was awarded $450 per hour and $425 per hour, respectively.[2]

Defendants announce that counsel has had "very limited success" in constitutional litigation. In fact, counsel has succeeded in having four substantial city programs declared unconstitutional in whole or part. In *Padberg v. McGrath-McKechnie*, counsel won summary judgment on a due process claim against the City and TLC officials in a class action case impacting hundreds of taxi drivers, 203 F. Supp. 2d 261, 267-68 (E.D.N.Y. 2002). In *Rothenberg v. Daus*, counsel won an appeal, 481 F. App'x 667, 676 (2d Cir. 2012), and won partial summary judgment holding more than 100 license revocations unconstitutional. 2014 WL 3765724 (S.D.N.Y. July 31, 2014). In *Harrell v. City of N.Y.*, counsel (along with co-counsel) won summary judgment holding unconstitutional the TLC's longstanding program of seizing without a warrant cars allegedly being operated for-hire without a license. 138 F. Supp. 3d 479 (S.D.N.Y. 2015). In *Nnebe v. Daus*, counsel was the lead lawyer in case alleging that the TLC's post-suspension hearing process which followed its suspending drivers base on an arrest was unconstitutional. Though the district court dismissed the complaint in full one time and for the most part a second time, counsel prevailed on appeal. In this case, counsel won summary

---

[2] In *Calvo*, as in this case, the City demanded a 60% in hours. While the court did find fault with some of Ackman's billing it reduced his hours by just 25%.

6

judgment again. In each case except this one, the City's conduct had been repeated hundreds or thousands of times, but counsel was the only lawyer to bring and win an action challenging that conduct as unconstitutional.

At the same time as they portray counsel as incompetent, defendants also insist the rate should be low because "this action was not a heavy lift for Mr. Ackman" and because "this case was not complex." Def. Br. 12, 14. But if it were so obvious that the City could not as a matter of due process suspend Raja without a hearing, why did a City agency— and a judicial agency at that— do just that? If OATH's summary suspension practice was self-evidently unlawful, why did OATH have a regulation allowing it to summarily suspend. Why also did Judge Chen deny the preliminary injunction? But that OATH had enacted and enforce a rule which Judge Chen would not enjoin, and which the NYC Law Department staunchly defended is all evidence that this case was not so simple.[3] If the result was so clear, why didn't the NYC Law Department concede rather than fight Raja's suit? In fact, the City insisted its actions were lawful right up it until it lost on summary judgment. And, in truth, this was a case of first impression and the first time anyone has challenged the constitutionality of 48 RCNY Section 6-25(d)(1) or OATH's practice.

All that said, no one is saying that this was an extraordinarily complex case. That is why it took 189 hours and not more. At the same time, there is no basis for saying that 189 hours was too much.

---

[3] It should be noted that Mr. Horowitz the Law Department lawyer who insists the case was not complex played no role in the litigation itself. Mr. Horowitz filed his notice of appearance after the motion for summary judgment and the motion to dismiss were fully briefed, ECF # 42, limiting his knowledge of the litigation and its complexity.

7

### III.  DEFENDANTS' BOILERPLATE ATTACKS ON COUNSEL'S TIME CHARGES FAIL TO ESTABLISH ANY DEFICIENCY IN THE RECORDS AND DO NOT SUGGEST OVERBILLING

Defendants bash counsel's time records in the standard fashion. They allege the claimed hours are "grossly inflated," Def. Br. 19, but they apply no meaningful metric. Did the City's lawyers spend much less time losing the case? Defendants don't say. The say the time records "do not appear to be contemporaneous and are rife with vague, improper block billing entries and great excess." *Id*. But as to each grievance, the can cite few, if any, examples.

Defendants attach a list of time charges the counsel provided during settlement negotiations and note "discrepancies." They say, correctly, that counsel added 6.5 hours to a time entry for March 6, 2019 and 1.5 hours to an entry for March 14, 2019 and that the "block entries" for March 6 and 7, 2019 were edited to specify the time expended for particular activities. Based on these alleged defects, defendants demand a 30% reduction in all time charged. In fact, as stated in counsel's reply declaration, the records were kept contemporaneously. However, before submitting the records as part of this motion, counsel reviewed them and did add hours where the records had been incomplete. As always, counsel was able to reference his e-mail records, his document files, and his calendar to recall and establish what had been done on the days where tasks had been noted, but hours were not stated. This accounts for the March 6 and March 14 entries. Ackman Reply Decl. ¶¶ 2-3.

As for the March 6 and 7 "block entries," it is true that the draft time sheet sent during settlement did not always state the hours spent on different tasks completed on the same day. So for certain entries where more than one task had been specified, counsel amended the statement to indicate the hours spent on each. *Id*. at ¶¶ 4-5. Moreover, as defendants surely know "block billing … is not prohibited in this Circuit, as long as the Court can determine, from context, the overall reasonableness of the total hours claimed." *Zimmerman v. Portfolio Recovery Assocs.*,

8

No. 09-cv-4602 (PGG), 2013 WL 6508813, at *11 (S.D.N.Y. Dec. 12, 2013) (internal quotation omitted). This rule has been stated not just in *Zimmerman*, but in dozens of cases since.[4]

Moreover, even if block billing, which is "pervasive in the legal industry,"[5] were inherently improper, defendants identify just two days—6/5/19 (6.5 hours)[6] and 11/15/19 (2.2 hours)—where they assert block billing occurred. Counsel billed 8.7 hours for these days combined, less than 5% of the total hours billed. But magically they demand a 25% reduction in hours for block billing, a demand that is totally unsupported by the cases defendants cite as well.[7]

Defendants also insist that there should be an across-the-board reduction for "vague" entries. To make this point, they string-citing cases where other courts reduced hours based on other records and contend that the billing records at issue here are "rife with vague [entries]." They fail, however, to identify a single entry as impermissibly vague. To be sure, defendants do drop a footnote that assails that several entries without explanation. Def. Br. 22, n. 11. Except for one date, defendants neither quote the entry nor explain why and entry is bad. The one specific comment in the footnote is "See e.g., 6/28/19 – 'work on sj/md brief points 2-4.'" But this entry

---

[4] *E.g.*, *Restivo v. Hessemann*, 846 F.3d 547, 591 (2d Cir. 2017); *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 266 (2d Cir. 2014); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, No. 07-cv-6304 (KMK) 2016 WL 3030253, at *6 (S.D.N.Y. May 25, 2016); *Benihana Inc. v. Benihana of Tokyo, LLC*, No. 14-cv-792 (PAE), 2016 WL 3647638, at *5 (S.D.N.Y. June 29, 2016); *Capitol Records, Inc. v. MP3tunes*, LLC, No. 07-cv-9931, 2015 WL 7271565, at *3 (S.D.N.Y. Nov. 12, 2015); *Lizondro-Garcia v. Kefi* LLC, No. 12-cv-1906 (HBP), 2015 WL 4006896, at *9 (S.D.N.Y. July 1, 2015); *Abdell v. City of New York,* No. 05-CV-8453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015).

[5] *Restivo v. Nassau Cty.*, No. 06-cv-6720, 2015 WL 7734100, at *2 n.3 (E.D.N.Y. Nov. 30, 2015), aff'd sub nom. *Restivo v. Hessemann*, 846 F.3d 547 (2d Cir. 2017)

[6] Defendants' brief states the date as June 10, but the tasks its says were billed on that day were actually performed on June 5.

[7] Defendants' brief cites just one case where they say the court reduced hours solely for block billing. In that case, *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 213 (S.D.N.Y. 2001), they assert there was a 12% reduction for block billing. Def. Br. 22. In fact, the 12% reduction was ordered in that case because of block billing and other issues. Other cases they cite concern block billing along with other billing practice defects.

9

cites the brief counsel was working on and even the specific points—for a total of four hours. It is not vague. And even if it were, it would not merit an across-the-board reduction.

### IV. EVEN IF DEFENDANTS' SPECIFIC OBJECTIONS WERE MERITORIOUS, THEY COME NOWHERE CLOSE TO JUSTIFYING THE SWEEPING REDUCTIONS THEY DEMAND

Once one passes the string-cites and the boilerplate arguments, defendants assault on counsel's billing records is remarkably unspecific and extremely weak. All told, defendants identify less than 24 hours as problematic, not counting the time spent on the OATH proceeding. Even if defendants objections to the 24 hours were compelling— and they are not— those hours represent 12.6% of the total hours billed or 19.4% of the non-OATH hours. Yet somehow they insist on a 40% across-the-board reduction. This excessive demand comes from nowhere and casts dark shadows on their entire argument, which should be rejected in total.

### CONCLUSION

Because the OATH hearing was integral to this action, because counsel' hours are not excessive, because defendants' block billing and vagueness attacks are not based on law or fact, this Court should order defendants to pay the full 189 hours billed at $475 per hour and should award costs of $400.

Dated: New York, New York
July 24, 2020

    __/s/_____
Daniel L. Ackman
Law Office of Daniel L. Ackman
77 Water Street, 8th Floor
New York, New York 10005
Tel: (917) 282-8178
d.ackman@comcast.net
*Attorney for Plaintiff*