UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
X----------------------------------------------------------------X

RIZWAN RAJA,

                                Plaintiff,        19-cv-01328 (AMD)

        -Against-

JOHN W. BURNS and THE CITY OF NEW YORK,

                                Defendants.

X----------------------------------------------------------------X

## REPLY DECLARATION OF DANIEL L. ACKMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

    DANIEL L. ACKMAN, an attorney duly admitted to practice law in the Courts of the State of New York and in this Court, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

    1.    I make this declaration in support for plaintiff's application for attorney's fees. This declaration is based on personal knowledge.

    2.    As I stated before, I kept contemporaneous time records. Defendants attach a list of time charges that counsel provided during settlement negotiations and note "discrepancies." They say, correctly, that counsel added 6.5 hours to a time entry for March 6, 2019 and 1.5 hours to an entry for March 14, 2019 and that the "block entries" for March 6 and 7, 2019 were edited to specify the time expended for each of activities.

    3.    The reason for these minor, so-called discrepancies is as follows: Before submitting time records as part of this motion, I reviewed them and, in a few cases including March 6 and March 14, I noticed that the document that I had previously sent to defendants'

counsel was incomplete in that hours were not attached to a few entries. In those instances, I added the hours.

4. As always, I was able to reference at least three sets of electronic records to confirm the accuracy of my time records. E-mail records indicate who I was communicating with and when. My document files tell me when particular documents were created and modified. My calendar records meetings and meeting times. Also, I sometimes use a calendar as a to-do list, which then retrospectively provides a record of what I did on a particular day.

5. As for the March 6 and 7 "block entries," it is true that the draft time sheet sent during settlement did not always state the hours spent on different tasks completed on the same day. Before submitting the records to the Court, knowing that the City always complains about block billing, often insinuating falsely that the practice is prohibited, I amended the statement to indicate the hours spent on each task where more than one task was performed on a particular day. I did this, for example on March 7, 2019, on April 4 and on June 5. In each case, the total hours billed did not change. I merely divided the hours by task.

6. These additions and amendments only made by records more detailed and more accurate, not less. I stand by the total hours billed as accurate.

Dated: New York, NY
       July 24, 2020

                                              _____/s/_____
                                                    Daniel Ackman