19-cv-01328(AMD)(RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RIZWAN RAJA,

Plaintiff,

-against-

JOHN W. BURNS and THE CITY OF NEW YORK,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jerald Horowith*
*Tel: (212) 356-2185*
*Matter No.: 2019-020106*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................... 1

    A.   Factual Background ................................................................................ 1

    B.   The Litigation.......................................................................................... 2

    C.   The Fee Application ............................................................................... 3

ARGUMENT

    A.   The Presumptively Reasonable Fee Standard ................................... 5

    B.   Counsel's Requested  Rates are Excessive and Should
         be Reduced................................................................................................ 9

    C.   Hours Expended on OATH Proceeding are Not
         Compensable........................................................................................... 14

    D.   Counsel's Requested  Hours Should be Reduced In
         Order to Calculate the "Presumptively Reasonable
         Fee." ....................................................................................................... 18

         1.   Lack of Contemporaneous Records ....................................20

         2.   Inappropriate Block Billing and Vague Entries ..................21

         3.   Excessive Hours ....................................................................23

         4.   Recommended Hours ...........................................................24

CONCLUSION.................................................................................................................. 24

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                    <u>**Pages**</u>

*Access 4 All, Inc. v. Park Lane Hotel, Inc.*,
   No. CV-04 7174, 2005 U.S. Dist. LEXIS 34159, 2005 WL 3338555
   (S.D.N.Y. 2005) ......................................................................................................... 14

*Adams v. New York State Educ. Dep't*,
   630 F. Supp. 2d 333 (S.D.N.Y. 2009) ........................................................................ 14

*Aiello v. Town of Brookhaven*,
   2005 U.S. Dist. LEXIS 11462 (E.D.N.Y. June 13, 2005) ......................................... 22

*Akal Taxi NYC LLC, et al. v. City of New York*,
   Index No. 708602/2017 (Sup. Ct. Queens Co. Oct. 25, 2019) ................................. 13

*Amato v. City of Saratoga Springs*,
   991 F. Supp. 62 (N.D.N.Y. 1998) .............................................................................. 18

*Andert v. Allied Interstate*,
   LLC, 2013 U.S. Dist. LEXIS 104422 (S.D.N.Y. 2013) ............................................ 19

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
   522 F.3d 182 (2d Cir. 2008) ..................................................................... 6, 8, 12, 18

*Aurora Commercial Corp. v. Approved Funding Corp.*,
   2014 U.S. Dist. LEXIS 108949, 2014 WL 3866090 (S.D.N.Y. Aug. 6, 2014) ........... 6

*Barbour v. City of White Plains*,
   700 F.3d 631 (2d Cir. 2011) ........................................................................................ 6

*Barbour v. City of White Plains*,
   788 F. Supp. 2d 216 (S.D.N.Y. 2011),
   *aff'd*, 700 F.3d 631 (2d Cir. 2012) ............................................................................. 5

*Barfield v. N.Y. City Health & Hosps. Corp.*,
   537 F.3d 132 (2d Cir. 2008) ........................................................................................ 7

*Boutary v City of New York*,
   2018 US Dist LEXIS 216238 (E.D.N.Y. Dec. 26, 2018,
   No. 1:18-CV-3996 (ARR) (JO)) ................................................................................ 4

*Calvo v. City of New York*,
   No. 14-CV-7246 (VEC), 2017 U.S. Dist. LEXIS 150210
   (S.D.N.Y. Sept. 15, 2017) .......................................................................................... 11

<u>**Cases**</u> <u>**Pages**</u>

*Matter of Carniol v NY City Taxi & Limousine Commn.*,
126 A.D.3d 409 (1st Dept. 2015)........................................................13

*Carter v. Inc. Vill. Of Ocean Beach*,
759 F.3d 159 (2d Cir, 2014)..............................................................19

*CGS Taxi LLC v. The City of New York*,
Index No. 713014/2015, 2017 N.Y. Misc. LEXIS 4743, 2017 NY Slip Op
32573[U], 2017 WL 2734862 (Sup. Ct. Queens Co. May 2, 2017) ......................13

*Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*,
934 F.3d 238 (2d Cir. 2019).........................................................17, 23

*Clarke v. Frank*,
960 F.2d 1146 (2d Cir. 1992)...........................................................18

*Coakley v. Webb*,
2016 U.S. Dist. LEXIS 30780, 2016 WL 1047079 (S.D.N.Y. Mar. 10, 2016) ...............5

*Cowan v. Ernest Codelia, P.C.*,
2001 U.S. Dist. LEXIS 185, 2001 WL 30501 (S.D.N.Y. Jan. 12, 2001),
*aff'd*, 50 F. App'x 36 (2d Cir. 2002)....................................................6

*Ctr. for Biological Diversity v. Norton*,
2005 U.S. Dist. LEXIS 47608, 2005 WL 6127286 (D.D.C. 2005) .........................8

*Cullen v. Fliegner*,
18 F.3d 96 (2d Cir. 1994).............................................................16, 17

*Dagostino v. Computer Credit, Inc.*,
238 F. Supp. 3d 404 (E.D.N.Y. 2017) ..................................................20

*Daiwa Special Asset Corp. v. Desnick*,
2002 U.S. Dist. LEXIS 23073 ...................................................9, 18, 19

*Datiz v. Intl. Recovery Assoc.*,
2020 US Dist LEXIS 45693 (E.D.N.Y. Mar. 12, 2020,
No. CV 15-3549 (DRH) (AKT)) ........................................................23

*DeCastro v. City of New York*,
No. 16-cv-3850 (RA), 2017 U.S. Dist. LEXIS 162737
(S.D.N.Y. Sept. 30, 2017)..............................................................12

*DeMarco v. Ben Krupinski Gen. Contr., Inc.*,
2014 U.S. Dist. LEXIS 100793 (E.D.N.Y. July 22, 2014) ...............................22

**Cases**                                                                                                                     **Pages**

*DiFilippo v. Morizio*,
    759 F.2d 231 (2d Cir. 1985)................................................................18

*El-Nahal v. FA Mgt., Inc.*,
    126 A.D.3d 667 (2d Dept. 2015) ....................................................13

*El-Nahal v. Yassky*,
    993 F. Supp. 2d 460 (S.D.N.Y. 2014),
    *aff'd*, 835 F.3d 248 (2016),
    *cert. denied*, 137 S. Ct. 2187 (2017) ..............................................13

*Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co.*,
    743 F.2d 932 (D.C. Cir. 1984) ..........................................................8

*Marisol A. ex rel. Forbes v. Giuliani*,
    111 F. Supp. 2d 381 (S.D.N.Y. 2000)..............................................21

*FameFlynet, Inc. v Jasmine Enters.*, 2019 U.S. Dist. LEXIS 133357 (N.D. Ill
    Aug. 8, 2019, No. 17 C 4749)..........................................................20

*Fortgang v. Pereiras Architects Ubiquitous LLC*, 2018 U.S. Dist. LEXIS 40359
    (E.D.N.Y. Mar. 9, 2018), adopted by, 2018 U.S. Dist. LEXIS 51564
    (E.D.N.Y. Mar. 27, 2018) ................................................................20

*Francois v. Mazer*,
    523 Fed. Appx. 28 (2d Cir. 2013) ..............................................8, 19

*Gonzalez v. Bratton*,
    147 F. Supp. 2d 180 (S.D.N.Y. 2001)..............................................22

*Harty v. Bull's Head Realty*,
    2015 U.S. Dist. LEXIS 29635, 2015 WL 1064630 (D. Conn. Mar. 11, 2015) ......................20

*Harrell v. City of New York*,
    No. 14-CV-7246 (VEC)....................................................................12

*Harvey v. Mohammed*,
    951 F. Supp. 2d 47 (D.D.C. 2013) ....................................................8

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)......................................................7, 9, 18, 20

*Husain v. Springer*,
    2013 U.S. Dist. LEXIS 37134 (E.D.N.Y. Mar. 14, 2013),
    *rev'd* 579 Fed. Appx. 3 (2d Cir. 2014) ..........................................7-8

**Cases**                                                                                                 **Pages**

*Husain v. Springer*,
    2014 U.S. Dist. LEXIS 184720 (E.D.N.Y. Dec. 9, 2014),
     *aff'd*, 622 Fed. Appx. 13 (2d Cir. 2015) ...............................................................................7

*Jacobson v. Peterbilt Electrical Contracting, Inc.*,
    553 F. Supp. 2d 211 (E.D.N.Y. 2008) (Sifton, J.) ..................................................................9

*Kirsch v. Fleet St. Ltd.*,
    148 F.3d 149 (2d Cir. 1998)...................................................................................................21

*LeBlanc—Sternberg v. Fletcher*,
    143 F.3d 748 (2d Cir. 1998)...................................................................................................23

*Lee v. Santiago*,
    2013 U.S. Dist. LEXIS 130141 (S.D.N.Y. Aug. 15, 2013) ...................................................14

*Lilly v. City of New York*,
    934 F.3d 222 (2d Cir. 2019).....................................................................................................5

*Luca v. County of Nassau*,
    698 F. Supp.2d 296 (E.D.N.Y. 2010) ...............................................................................9, 10

*M.S. v. N.Y. City Bd. of Educ.*,
    01 Civ. 4015, 01 Civ. 10871, 01 Civ. 10872, 2002 U.S. Dist. LEXIS 22220,
    2002 WL 31556385 (S.D.N.Y. Nov. 18, 2002),
    *aff'd*, 407 F.3d 65 (2d Cir. 2005) ..........................................................................................14

*Marshall v. Reisman*,
    No. 11-cv-5764, 2013 U.S. Dist. LEXIS 55727, 2013 WL 1563335
    (E.D.N.Y. Mar. 25, 2013),
    *report & recommendation adopted by*
    2013 U.S. Dist. LEXIS 53228, 2013 WL 1561478 (E.D.N.Y. Apr. 12, 2013) ......................11

*Medina v. Donaldson*,
    2015 U.S. Dist. LEXIS 1217, 2015 WL 77430 (E.D.N.Y. Jan. 6, 2015) .................................6

*Millea v. Metro-North R.R. Co.*,
    658 F.3d 154 (2d Cir. 2011).....................................................................................................6

*Monaghan v. SZS 33 Assocs., L.P.*,
    154 F.R.D. 78 (S.D.N.Y. 1994) .............................................................................................20

*Monge v. Glen Cove Mansion Hospitality*,
    *LLC*, 2020 US Dist LEXIS 59017 (E.D.N.Y Apr. 2, 2020), .....................................................9

**Cases**                                                                                     **Pages**

*Mordukhaev v. Daus*,
    09-CV-5149, 2010 US Dist. LEXIS 102135 (S.D.N.Y. Aug. 19, 2010),
    adopted by, 2010 US Dist. LEXIS 102138 (S.D.N.Y. Sept. 28, 2010),
    aff'd, 457 F App'x 16 (2d Cir. 2012 ......................................................................13

*Murray ex rel Murray v. Mills*,
    354 F. Supp. 2d 231 (E.D.N.Y. 2005) .....................................................14, 15, 16

*New York State Ass'n for Retarded Children, Inc. v. Carey*,
    711 F.2d 1136 (2d Cir. 1983).........................................................................20, 21

*Nnebe v. Daus*,
    644 F.3d 147 (2d Cir 2011)....................................................................................4

*Nnebe v. Daus*,
    931 F.3d 66 (2d Cir 2019)................................................................................4, 23

*North Carolina Dep't of Transp. v. Crest Street Cmty. Council, Inc.*,
    479 U.S. 6 (1986)..........................................................................................15, 16

*Padberg, et al. v. McGrath-McKechnie, et al.*,
    3355 Civ. 2000.....................................................................................................11

*Padberg v McGrath-McKechnie*,
    203 F Supp 2d 261 (E.D.N.Y. 2002) ....................................................................4

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
    478 U.S. 546 (1986).........................................................................................9, 15

*Perdue v. Kenny A.*,
    559 U.S. 542 (2010) ..........................................................................................6, 7

*Pino v. Locascio*,
    101 F.3d 235 (2d Cir. 1996)................................................................................23

*Pontarelli v. Stone*,
    781 F. Supp. 114 (D.R.I. 1992)...........................................................................18

*Quaratino v. Tiffany & Co.*,
    166 F.3d 422 (2d Cir. 1999)..................................................................................6

*Raja v Burns*,
    2019 US Dist. LEXIS 38603 (E.D.N.Y. Mar. 11, 2019) ......................................2

*Riordan v. Nationwide Mut. Fire Ins. Co.*,
    977 F.2d 47 (2d Cir. 1992)....................................................................................7

**Cases**                                                                                                              **Pages**

*Rothenberg v. Daus*,
  No. 08 Civ. 567 (SHS), 2014 U.S. Dist. LEXIS 105598
  (S.D.N.Y. July 31, 2014) ...................................................................................5, 13

*Scharff v. County of Nassau*,
  No. 10-cv-4208, 2016 U.S. Dist. LEXIS 67643, 2016 WL 3166848
  (E.D.N.Y. May 20, 2016)
  *report & recommendation adopted by*
  2016 U.S. Dist. LEXIS 73352, 2016 WL 3172798 (E.D.N.Y. June 6, 2016) .................. 10-11

*Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*,
  277 F. Supp. 2d 323 (S.D.N.Y. 2003)...................................................................22

*Shannon v. Fireman's Fund Ins. Co.*,
  156 F. Supp. 2d 279 (S.D.N.Y. 2001)...................................................................21

*Shariff v. Alsaydi*,
  No. 11-cv-6377, 2013 U.S. Dist. LEXIS 115674, 2013 WL 4432218
  (E.D.N.Y. Aug. 15, 2013)...................................................................................11

*Simmonds v. N.Y. City Dep't of Corr.*,
  2008 U.S. Dist. LEXIS 74539 (S.D.N.Y. Sept. 15, 2008)................................18, 19

*Simmons v. New York City Transit Auth.*,
  575 F.3d 170 (2d Cir. 2009)...................................................................................8

*Singh v. Joshi*,
  201 F. Supp. 3d 245 (E.D.N.Y. 2016),
  reconsideration denied, 2017 US Dist LEXIS 162305 (Sep. 29, 2017) .................................13

*Soler v. G & U, Inc.*,
  801 F. Supp. 1056 (S.D.N.Y. 1992)...................................................................22

*Stallworth v Joshi*,
  2017 US Dist LEXIS 219931 (S.D.N.Y. Nov. 22, 2017,
  No. 17-cv-7119 (RJS))...................................................................................4

*Struthers v. City of New York*,
  2013 U.S. Dist. LEXIS 137773, 2013 WL 5407221 (E.D.N.Y. Sept. 25, 2013) .................6, 7

*Terminate Control Corp. v. Nu-Life Constr. Corp.*,
  28 F.3d 1335 (2d Cir. 1994)...................................................................................21

*Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*,
  2012 U.S. Dist. LEXIS 164261 (S.D.N.Y. Nov. 14, 2012)...................................21

**Cases**                                                                                                     **Pages**

*Thorsen v. County of Nassau*,
    No. 03-CV-1022, 2011 U.S. Dist. LEXIS 27992, 2011 WL 1004862
    (E.D.N.Y. March 17, 2011) ...................................................................................16

*Tsombanidis v. W. Haven Fire Dep't*,
    352 F.3d 565 (2d Cir. 2003)...................................................................................15

*Tucker v. Mukasey*,
    2008 U.S. Dist. LEXIS 48687 (S.D.N.Y. June 20, 2008)......................................21

*Vasconcellos v. City of New York*,
    2015 U.S. Dist. LEXIS 82836 (S.D.N.Y. June 1, 2015).........................................21

*Vishipco Line v. Charles Schwab & Co.*,
    2003 U.S. Dist. LEXIS 6820 (S.D.N.Y. Apr. 23, 2003).........................................21

*Webb v. Bd. of Educ. of Dyer Cty.*,
    471 U.S. 234 (1985)...................................................................................15, 17, 18

*Williams v. City of New York*,
    No. 16-CV-233 (JPO), 2017 U.S. Dist. LEXIS 70929, 2017 WL 1906899
    (S.D.N.Y. May 9, 2017)...........................................................................................12

*Wilson v. Nomura Sec. Int'l, Inc.*,
    2002 U.S. Dist. LEXIS 12668 (S.D.N.Y. 2002) ....................................................19

*Witek v. City of New York*,
    No. 12-cv-981, 2015 U.S. Dist. LEXIS 115825, 2015 WL 5022529
    (E.D.N.Y. Mar. 26, 2015),
    *report & recommendation adopted in part by* 2015 U.S. Dist. LEXIS 111900,
    2015 WL 5022538 (E.D.N.Y Aug. 24, 2015).........................................................10

*Wong v. Hunda Glass Corp.*,
    2010 U.S. Dist. LEXIS 90736 (S.D.N.Y. Sept. 1, 2010)........................................14

**Statutes**

42 U.S.C. § 1983.................................................................................................4, 5, 12

42 U.S.C. § 1988...............................................................................5, 6, 14, 16, 17, 18

F.R.E. 408 .............................................................................................................20

Fed. R. Civ. P. 56...................................................................................................22

Fed. R. Civ. P. 68.................................................................................1, 3, 5, 6, 12

**Cases**                                                                                                                    **Pages**

New York City Charter § 1046 ..................................................................................................3

RCNY § 6-23 .............................................................................................................................1

RCNY § 6-25 .............................................................................................................................1

## PRELIMINARY STATEMENT

Plaintiff's counsel has applied for fees and costs of nearly $90,000 in this civil rights case, where counsel represented one individual plaintiff who accepted a Rule 68 offer of judgment in the amount of $20,001. Plaintiff's counsel expended an excessive amount of time on this relatively straight-forward case and was only partially successful. For these and other reasons articulated herein, the application for fees should be reduced by forty percent in accordance with fees jurisprudence in this Circuit.

### A.     Factual Background

This case involves a due process challenge to the summary suspension of plaintiff's status as an authorized representative by the New York City Office of Administrative Trials and Hearings ("OATH"). Pursuant to Chapter 45-a of the New York City Charter, OATH is responsible for conducting adjudicatory hearings for agencies of the City of New York. OATH's rules authorize individuals who are not attorneys to appear before OATH on behalf of respondents in OATH hearings, subject to the requirements and prohibitions set forth under Sections 6-23 and 6-25 of Title 48 of the Rules of the City of New York ("RCNY").

This lawsuit stems from a year-long investigation in which OATH accumulated evidence of plaintiff's fraud, dishonesty, and verbal abuse. On March 1, 2019, former defendant OATH First Deputy Commissioner, John W. Burns, signed a letter notifying Raja that his privileges to serve as a representative at OATH would be summarily suspended on March 8, 2019, and that if he did not respond or object to the charges accompanying the letter, OATH would take action to bar him from serving as a representative. The letter was accompanied by detailed charges of misconduct. On March 7, 2019, plaintiff commenced this action and unsuccessfully sought a temporary restraining order ("TRO") to prevent the suspension. See ECF Dkt Nos. 1-6; 3/8/2019 Minute Entry (19-cv-01328-AMD-RER). The summary suspension took effect the next day.

During the suspension, plaintiff controverted the charges and an OATH administrative hearing was held to adjudicate the charges against plaintiff.  At the conclusion of a three-day trial, plaintiff entered into a settlement stipulation dated April 11, 2019, in which he agreed to a nine-week suspension, starting from the original date of the suspension, March 8, 2019, and the payment of $1,200 to three client taxi drivers, as restitution.  See ECF Dkt. 21.  There was no admission of guilt.  The stipulation did not address this lawsuit.

B.      **The Litigation**

As noted, on March 7, 2019, plaintiff commenced this lawsuit against the City and Mr. Burns (collectively "City Defendants") and sought a TRO.  After oral argument, District Court Judge Pamela K. Chen denied the TRO. See 3/8/2019 ECF Dkt. Minute Entry. Raja moved for reargument.  See ECF Dkt. 8. On reargument, Judge Chen again denied the TRO in a reported decision, Raja v Burns, 2019 US Dist. LEXIS 38603 (E.D.N.Y. Mar. 11, 2019).  See also ECF Dkt. 9. After reaching the settlement at OATH, plaintiff filed an amended complaint.  See ECF Dkt. 16.

In his Amended Complaint, plaintiff alleged that his due process rights were violated for the following reasons: (1) plaintiff was summarily suspended "without any opportunity to be heard" before the suspension (Am. Compl. ¶¶ 63-66); (2) the OATH rules are "unconstitutionally vague" and "plaintiff has been denied his right to practice his trade without reasonably clear and published standards established by law" (Am. Compl. ¶¶ 67-69); (3) OATH's penalty scheme is "unconstitutionally vague" and "plaintiff has been denied his right to practice his trade without fair notice of the penalty that could be imposed"  (Am. Compl. ¶¶ 70-72); and (4) plaintiff was not given an opportunity to cross-examine some of his accusers at a post-suspension hearing (Am. Compl. ¶¶ 73-76).   Finally, plaintiff's fifth and sixth causes of action allege that

defendants' purported federal due process violations also violate Section 1046 of the New York City Charter and OATH rules.  Am. Compl. ¶¶ 77-82.

The City Defendants filed a motion to dismiss the complaint, and plaintiff filed a motion for partial summary judgment.  ECF Dkt. 22, 24. After oral argument on those motions on November 25, 2019, the District Court Judge Ann Donnelly granted summary judgment in favor of plaintiff on one claim, finding that the summary suspension of plaintiff's status as a representative violated due process.  See Memorandum and Order, dated February 5, 2020, Dkt. No. 49.[1]  In so doing, Judge Donnelly noted that the administrative hearing and the record of that proceeding were not part of this case:

> The plaintiff maintained at oral argument that there is still a dispute of fact about whether Mr. Raja acted dishonestly or inappropriately in violation of OATH rules. The merits of the case against the plaintiff are not the subject of this proceeding. In any event, the parties negotiated a settlement during the trial on the subject of Mr. Raja's conduct, a settlement that included no admission of wrongdoing. Therefore, the merits of Mr. Raja's suspension are moot. The plaintiffs challenge is to the process provided to him, not an appeal of administrative fact-finding.

Id. at 6, n4 (emphasis added).  On February 25, 2020, plaintiff was sent a Rule 68 offer of $20,001, and accepted the offer on March 10, 2020.  Dkt. 50.  A judgment was entered on May 4, 2020. Dkt. 51.

**C.    The Fee Application**

Plaintiff's fee claim is not commensurate with the limited work that was required for this case through February 25, 2020, the date that the Rule 68 offer was made.  This was not a

---

[1] The claims against John W. Burns were dismissed on qualified immunity grounds.

complex litigation.  Yet, plaintiff's counsel is demanding a total of $89,775 in attorneys' fees for 189 hours of work.  First, the claimed rate for Mr. Ackman of $475/hour, is not commensurate with attorneys of similar backgrounds.  Mr. Ackman is a solo practitioner.  Accordingly, his overhead costs, which factor into rates charged, are on the low end of the spectrum.  In addition, Mr. Ackman has limited prior success in § 1983 lawsuits.  Mr. Ackman is not entitled to the hourly rate he demands.

Next, the claimed hours for Mr. Ackman are excessive. The litigation activity required prior to February 25, 2020 was limited.  There was no discovery, dispositive motions were filed immediately, and there were only three court appearances.  To avoid choking on his excessive hours, Mr. Ackman divides his time into five stages or packages (Pl. Mem. at 14) in the hopes that his excessive hours can be digested by the Court.  Stage 1, totaling 30.2 hours, which involved the initial investigation and pleading, and two unsuccessful motions:  the TRO and reargument of the denial of the TRO.  Next, at Stage 2, Mr. Ackman spent 65.3 hours on a parallel administrative proceeding at OATH, which was not necessary to adjudicate plaintiff's claims, and is not compensable.  As the District Court observed (Dkt. No. 49 at 6, n4), the administrative hearing addressed the merits as to whether plaintiff would be barred from acting as a representative at OATH, while the case at bar concerns whether plaintiff's due process rights were violated when he was summarily suspended.

At Stage 3 Mr. Ackman spent a stunning 90.3 hours on the dispositive motions, which involve familiar legal issues to him, having asserted similar due process claims in a numerous prior cases.[2]   At Stage 4Mr. Ackman identifies 3.2 hours to review the Court's summary

---

[2] See, e.g., *Stallworth v Joshi*, 2017 US Dist LEXIS 219931 (S.D.N.Y. Nov. 22, 2017, No. 17-cv-7119 (RJS)) (summary suspension of taxicab licenses); *Padberg v McGrath-McKechnie*, 203

4

judgment determination and on settlement discussions, the latter of which involved an exchange

of a few emails.  Also, .3 hours were charged for March 10, 2020, past the February 25, 2020

cut-off and should be excluded.  Mr. Ackman identifies the fees litigation as Stage 5, but did not

charge hours, which he is not entitled to.[3]

## ARGUMENT

### A.    The Presumptively Reasonable Fee Standard

Plaintiff's counsel seeks an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

Section 1988 provides: "In any action or proceeding to enforce a provision of section [1983] . . .

the court, in its discretion, may allow the prevailing party, other than the United States, a

reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988.  "A party that accepts a

Rule 68 offer is considered a 'prevailing party' under Section 1988." See *Coakley v. Webb*, 2016

U.S. Dist. LEXIS 30780, 2016 WL 1047079, at *2 (S.D.N.Y. Mar. 10, 2016) (quoting *Barbour*

*v. City of White Plains*, 788 F. Supp. 2d 216, 221 (S.D.N.Y. 2011), *aff'd*, 700 F.3d 631 (2d Cir.

2012)). Here, the plaintiff, having accepted a Rule 68 offer from the defendant, may therefore be

---

F Supp 2d 261 (E.D.N.Y. 2002) (summary suspension of taxicab licenses based on service refusal); *Boutary v City of New York*, 2018 US Dist LEXIS 216238 (E.D.N.Y. Dec. 26, 2018, No. 1:18-CV-3996 (ARR) (JO)) (summary suspension of taxicab license based on service refusal); *Nnebe v. Daus*, 644 F.3d 147 (2d Cir 2011); *Nnebe v. Daus*, 931 F.3d 66 (2d Cir 2019) (summary suspension of taxicab license based on arrest); *Rothenberg v. Daus*, 2014 US Dist. LEXIS 105598 (S.D.N.Y. July 31, 2014, No. 08-Cv-567 (SHS)) (fair warning claim concerning revocation of taxicab licenses).

[3]See *Lilly v. City of New York*, 934 F.3d 222 (2d Cir. 2019) (denying fees on fees motion after acceptance of Rule 68 offer, Second Circuit held, "we conclude that when a settlement cuts off a plaintiff's entitlement to attorney's fees on a specific date, a district court may not award a party attorney's fees for work incurred after that cut-off date. This includes fees for work performed preparing a fee application submitted to the district court in the event the parties are unable to agree on the attorney's fees to be awarded despite a good faith effort to negotiate."). Here, the terms of the Rule 68 offer and acceptable of judgment cut off fees as of the date of the offer – February 25, 2020.

awarded reasonable attorneys' fees and costs as the prevailing parties in this action pursuant to Section 1988.

Having established that plaintiff's counsel is entitled to fees and costs under 42 U.S.C. § 1988, a determination of exactly how much is owed must be made. Courts employ the lodestar method in calculating reasonable attorneys' fees, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See *Perdue v. Kenny A.*, 559 U.S. 542, 546, 551-52 (2010); *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Cowan v. Ernest Codelia, P.C.*, 2001 U.S. Dist. LEXIS 185, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), *aff'd*, 50 F. App'x 36 (2d Cir. 2002).

Though there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. *Cowan v. Ernest Codelia. P.C.*, 2001 U.S. Dist. LEXIS 185, 2001 WL 30501 at *7; *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).[4] Among the factors considered by the court in determining whether a fee is reasonable are "'(1) the difficulty of the matter; (2) the nature and extent of the services rendered; (3) the time reasonably expended on those services; (4) the quality of performance by counsel; (5) the qualifications of counsel; (6) the amount at issue; and (7) the results obtained.'" *Medina v. Donaldson*, 2015 U.S. Dist. LEXIS 1217, 2015 WL 77430 at *2

---

[4] Courts in this circuit employ the same procedures for determining such fees in the context of a Rule 68 settlement as used for judgments awarded at trial. See, e.g., *Barbour v. City of White Plains*, 700 F.3d 631, 633 (2d Cir. 2011) (citing to and approving the district court's use of a lodestar calculation in determining attorney's fees after a Rule 68 settlement of the case); *Struthers v. City of New York*, 2013 U.S. Dist. LEXIS 137773, 2013 WL 5407221 (E.D.N.Y. Sept. 25, 2013) (applying the lodestar method to determine reasonable attorneys' fees after a Rule 68 settlement).

(E.D.N.Y. Jan. 6, 2015) (quoting *Aurora Commercial Corp. v. Approved Funding Corp.*, 2014 U.S. Dist. LEXIS 108949, 2014 WL 3866090, at \*3 (S.D.N.Y. Aug. 6, 2014)).

It is also settled law that "[t]he fee applicant 'bears the burden of . . . documenting the appropriate hours expended'" and hourly rates. *Struthers v. City of New York*, 2013 U.S. Dist. LEXIS 137773, 2013 WL 5407221, at \*8 (internal citations omitted).  It is clearly the attorney's burden to "establish his hourly rate with satisfactory evidence — in addition to the attorney's own affidavits," *id.* at \*6 (citations and internal quotation marks omitted), and fee applications are subject to denial where the fees have not been adequately documented. See, e.g., *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992).

District courts are "afford[ed] . . . considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983))(approving 50% reduction on attorneys' fee claim). "'[T]here is no precise rule or formula for making [fee] determinations . . . .'" *Husain v. Springer*, 579 Fed. Appx. 3, 6 (2d Cir. 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. at 436).  Nevertheless, while "[d]etermining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge, . . . [that] discretion is not unlimited." *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 558, (2010)).

For example, the Second Circuit in 2014 reversed a District Court for granting an excessive fee award, although the district court had already reduced plaintiff's fee claim by 72%, and affirmed a later award upon remand reducing fees and expenses by 93.3%.  *See Husain v. Springer*, 2013 U.S. Dist. LEXIS 37134, \*33 (E.D.N.Y. Mar. 14, 2013) (awarding $233,239.20

out of a total claim of $832,409.67), *rev'd* 579 Fed. Appx. 3 (2d Cir. 2014), *on remand*, *Husain v. Springer*, 2014 U.S. Dist. LEXIS 184720, *4 (E.D.N.Y. Dec. 9, 2014) (awarding a total of $56,168.40 in fees and expenses), *aff'd*, 622 Fed. Appx. 13 (2d Cir. 2015).

"Awards of attorney's fees are generally calculated according to the 'presumptively reasonable fee' method, calculated as the product of the number of hours [reasonably] worked and a reasonable hourly rate." *Francois v. Mazer*, 523 Fed. Appx. 28, 29 (2d Cir. 2013) (affirming 40% across-the-board reduction in hours claimed to render the fees reasonable) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008)). "The presumptively reasonable fee boils down to what a *reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively*." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks and citation omitted) (emphasis added); *see also Arbor Hill*, 522 F.3d at 184 (court should "determine what a reasonable, paying client would be willing to pay," considering "complexity and difficulty of the case . . . but not endorsing scorched earth tactics" and "other returns (such as reputation, etc.: that an attorney might expect from the representation")).[5]

---

[5] Where, as here, "claims for attorney's fees are brought against the government, courts should exercise "special caution" in scrutinizing the fee petition." *Harvey v. Mohammed*, 951 F. Supp. 2d 47, 54-55 (D.D.C. 2013). This is "because of the incentive which the [government's] 'deep pocket' offers to attorneys to inflate their billing charges and to claim far more as reimbursement [than] would be sought or could reasonably be recovered from most private parties." *Id*. (quoting *Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co.*, 743 F.2d 932, 941 (D.C. Cir. 1984) (internal citation omitted) (citing *Ctr. for Biological Diversity v. Norton*, 2005 U.S. Dist. LEXIS 47608, 2005 WL 6127286, at *1 (D.D.C. 2005) ("Courts must review fee applications carefully to ensure that taxpayers only reimburse prevailing parties for reasonable fees and expenses that contributed to the results achieved . . . .")).

The obligation of a defendant to pay reasonable fees is not the same as, and often is less than, the obligation of a client to pay reasonable fees to the same attorneys.  For example, a client could agree to specific hourly rates; request duplicative work; fail to object to unreasonable bills; or ask that counsel perform services beyond the litigation such as public relations or personal representational matters.  The private client may be obligated to pay for such things, but "[w]hatever the terms of the private agreement between attorney and client, it is not required that [defendant] be required to sign on to that agreement by virtue of his [obligation] to pay 'reasonable'" fees and expenses." *Daiwa Special Asset Corp. v. Desnick*, 2002 U.S. Dist. LEXIS 23073, at \*7; *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (fee-shifting arrangements "were not … intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client"); *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C. J., concurring) ("A claim for legal services presented by the prevailing party to the losing party … presents quite a different situation from a bill that a lawyer presents to his own client").

### B.    Counsel's Requested  Rates are Excessive and Should be Reduced

Plaintiff's counsel argues that he should be should be compensated at the rate of $475.00 per hour.  The requested rate is excessive; Mr. Ackman should be compensated at the hourly rate of $350.00.

Generally, "the reasonable rate ... is the prevailing rate[] in the district in which the court sits." *Jacobson v. Peterbilt Electrical Contracting,  Inc.,* 553 F. Supp. 2d 211, 216 (E.D.N.Y. 2008) (Sifton, J.) (citation omitted).  "[T]he prevailing rates for attorneys in the E.D.N.Y. . . . are approximately $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." *Monge v. Glen Cove Mansion Hospitality, LLC*, 2020 US Dist LEXIS 59017 (E.D.N.Y Apr. 2, 2020) (quoting *Cleanup N. Brooklyn*, 373 F. Supp.3d at

404); *Luca v. County of Nassau*, 698 F. Supp.2d 296, 301 (E.D.N.Y. 2010)(awarding hourly rate of $400 to attorney with more than 25 years' experience and who specialized in plaintiffs-side civil rights cases; was recognized by his peers as an authority in his specialty; actually litigated his case against a "tenacious adversary"; and obtained an extremely favorable result for his client[6]); *Witek v. City of New York*, No. 12-cv-981, 2015 U.S. Dist. LEXIS 115825, 2015 WL 5022529, at *3 (E.D.N.Y. Mar. 26, 2015), *report & recommendation adopted in part by* 2015 U.S. Dist. LEXIS 111900, 2015 WL 5022538 (E.D.N.Y Aug. 24, 2015) (awarding named partner, whose practice consisted entirely of trial practice and who customarily billed at $600 per hour and had previously been awarded an hourly rate of $550 by a court in the Eastern District of New York ,[7] an hourly rate of $400 based upon his "background, experience, and expertise as reflected in [his] declaration in support [which] place[d] him in the upper echelon of attorneys who practice civil rights litigation in this district"); *Scharff v. County of Nassau*, No. 10-cv-4208, 2016 U.S. Dist. LEXIS 67643, 2016 WL 3166848, at *5 (E.D.N.Y. May 20, 2016)("*Scharff R&R*")(awarding hourly rate of $400 to attorneys with more than 25 year's experience in Titles II and III of the ADA with "substantial trial and appellate experience in the field of public service disability law [b]ased on their expertise and experience, the novelty and complexity of th[e] action and the successful results achieved, noting that [t]he highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who

---

[6]  Notably, counsel in *Luca* "bolsters his fee request with numerous affidavits from other experienced civil rights attorneys who practice in the Eastern District; each attest[ed] to the reasonableness of the [counsel's] requested rate." 698 F. Supp.2d at 302.

[7] *See also Witeck v. City of N.Y.*, No. 12-cv-981, ECF No. 55 (Support Affidavit of Attorney Anthony Colleluori) at 2-5 (E.D.N.Y. Jan. 17, 2014)(describing in detail counsel's 29 years of legal background, experience, and expertise); *see also id.* at 4 ("I have earned a reputation for taking on the work and the cases that other law firms have rejected as difficult, complicated and challenging.").

specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields" (internal quotation marks and citation omitted)), *report & recommendation adopted by* 2016 U.S. Dist. LEXIS 73352, 2016 WL 3172798 (E.D.N.Y. June 6, 2016); *Shariff v. Alsaydi*, No. 11-cv-6377, 2013 U.S. Dist. LEXIS 115674, 2013 WL 4432218, at *5 (E.D.N.Y. Aug. 15, 2013) (collecting cases supporting awards of hourly rates of $300 to $400 for partners in E.D.N.Y. and awarding attorney with a decade of experience as a solo practitioner primarily handling disability discrimination cases an hourly rate of $325); *see also generally Marshall v. Reisman*, No. 11-cv-5764, 2013 U.S. Dist. LEXIS 55727, 2013 WL 1563335, at *2 (E.D.N.Y. Mar. 25, 2013)("Hourly rates awarded in the Eastern District of New York are typically based on years of experience, and generally range from $300-$400 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." (internal citations omitted)), *report & recommendation adopted by* 2013 U.S. Dist. LEXIS 53228, 2013 WL 1561478 (E.D.N.Y. Apr. 12, 2013).

Daniel Ackman's experience does not support the rate demanded, which ranks in the top tier of rates awarded to civil rights counsel. Mr. Ackman is a solo practitioner who graduated law school in 1988. Ackman Dec., ¶ 2. While Mr. Ackman claims that over the past 16 years his practice has focused on class action litigation, he fails to note his very limited success in this area. *Id.*, ¶ 3. He is correct that he settled one class action, *Padberg, et al. v. McGrath-McKechnie, et al.*, 3355 Civ. 2000, in 2006. *Id.*, ¶ 4. Pursuant to the *Padberg* settlement, Mr. Ackman received a rate of $300/hr. *Padberg* Stipulation of Settlement (Dkt. 311), ¶ 39. In support of his fee application, he lists seven cases besides *Padberg*.

In *Calvo v. City of New York*, No. 14-CV-7246 (VEC), 2017 U.S. Dist. LEXIS 150210 at *11-12 (S.D.N.Y. Sept. 15, 2017), the Court concluded that an hourly rate of $450 to Mr.

11

Ackman was reasonable, based on "a rate at the upper end of the range typically awarded to solo or small-firm attorneys [in the SDNY] in light of his tenure as an attorney (he graduated from law school in 1988), the fact that he served as co-lead counsel in this case, that he achieved a summary judgment victory that halted an unconstitutional practice by the City, and his experience as lead or co-lead counsel in other putative class actions and civil rights litigation." In contrast, here the result obtained for plaintiff in this action was muted by the settlement of the administrative charges at OATH, which benefitted the plaintiff and no one else.

In *DeCastro v. City of New York*, No. 16-cv-3850 (RA), 2017 U.S. Dist. LEXIS 162737 at *9-10 (S.D.N.Y. Sept. 30, 2017), the Court concluded that an hourly rate of $425 to Mr. Ackman was reasonable (instead of the $525 hourly rate he requested), citing among other cases, *Williams v. City of New York*, No. 16-CV-233 (JPO), 2017 U.S. Dist. LEXIS 70929, 2017 WL 1906899 (S.D.N.Y. May 9, 2017) (an hourly rate of $400 was reasonable for an attorney in a § 1983 case resolved after the plaintiff accepted a Rule 68 offer of judgment, where the attorney was somewhat less experienced than Ackman—having graduated from law school in 2003—but was required to spend more effort on the case, "undertak[ing] to build a substantial record to support motion practice" and addressing "complexities"  unique to the case.)

The *DeCastro* Court noted that a significant factor that weighed against a higher rate for Mr. Ackman was that most of Mr. Ackman's work had already been performed in *Harrell v. City of New York*, No. 14-CV-7246 (VEC); the Court found that the case required little "time and labor" or "skill."  *DeCastro,* 2017 U.S. Dist. LEXIS 162737 at *8-9 (quoting  *Arbor Hill*, 522 F.3d at 186 n.3).  Similarly, this action was not a heavy lift for Mr. Ackman who was familiar with due process jurisprudence having litigated summary suspensions of taxicab licenses in *Padberg* and *Nnebe*, and vagueness/fair warning due process claims in *Padberg* and *Rothenberg*.

12

Next, Mr. Ackman touts his work on *Rothenberg v. Daus*.   However, despite the implication of his narrative (Ackman Decl., ¶ 8), he was not co-class counsel in the settlement. See *Rothenberg v. Daus*, 08-CV-00567 (S.D.N.Y.), Dkt. 273 (Stipulation of Settlement at ¶ 2). Moreover, despite Mr. Ackman's kitchen-sink pleading, only one of seven plaintiffs prevailed on summary judgment after years of motions and untethered discovery.  See *Rothenberg v. Daus*, No. 08 Civ. 567 (SHS), 2014 U.S. Dist. LEXIS 105598 at *35 (S.D.N.Y. July 31, 2014).

Mr. Ackman's makes reference to *Akal Taxi NYC LLC, et al. v. City of New York*, Index No. 708602/2017 (Sup. Ct. Queens Co. Oct. 25, 2019), where class certification was granted (RPX Ex. 6).  However, this result occurred only after a related case was dismissed. See *CGS Taxi LLC v. The City of New York*, Index No. 713014/2015, 2017 N.Y. Misc. LEXIS 4743, 2017 NY Slip Op 32573[U], 2017 WL 2734862 (Sup. Ct. Queens Co. May 2, 2017).  Indeed, many of Mr. Ackman's cases have been dismissed including *El-Nahal v. Yassky*, 993 F. Supp. 2d 460 (S.D.N.Y. 2014), *aff'd*, 835 F.3d 248 (2016), *cert. denied*, 137 S. Ct. 2187 (2017). ; *El-Nahal v. FA Mgt., Inc.*, 126 A.D.3d 667 (2d Dept. 2015) (breach of contract action dismissed); *Mordukhaev v. Daus*,09-CV-5149, 2010 US Dist. LEXIS 102135 (S.D.N.Y. Aug. 19, 2010), adopted by, 2010 US Dist. LEXIS 102138 (S.D.N.Y. Sept. 28, 2010), aff'd, 457 F App'x 16 (2d Cir. 2012); *Matter of Carniol v NY City Taxi & Limousine Commn.*, 126 A.D.3d 409 (1st Dept. 2015) (challenge to taxicab license revocation based on overcharging was dismissed for failure to exhaust administrative remedies).  Noticeably absent from Mr. Ackman's list of cases is *Singh v. Joshi*, 15 civ 5496 (E.D.N.Y.), a case before District Court Judge Frederick Block, which was dismissed on summary judgment.  *Singh v. Joshi*, 201 F. Supp. 3d 245 (E.D.N.Y. 2016), reconsideration denied, 2017 US Dist LEXIS 162305 (Sep. 29, 2017).  These dismissals demonstrate that Mr. Ackman is not the caliber of attorney to receive the high end of an hourly

rate based on his years of experience.  Nor does Mr. Ackman offer declarations from colleagues to support his request for an hourly rate of $475.

Mr. Ackman's bid for $475 per hour is not commensurate with his experience as a civil rights lawyer.  Awards of $350 are typical for attorneys of comparable or *even greater experience* than Mr. Ackman. *See e.g.*, *Lee v. Santiago*, 2013 U.S. Dist. LEXIS 130141, *12 (S.D.N.Y. Aug. 15, 2013) ($350 per hour); *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, No. CV-04 7174, 2005 U.S. Dist. LEXIS 34159, 2005 WL 3338555, at *5 (S.D.N.Y. 2005) ($350 per hour); *Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 349-350 (S.D.N.Y. 2009) ($350 per hour); *M.S. v. N.Y. City Bd. of Educ.*, 01 Civ. 4015, 01 Civ. 10871, 01 Civ. 10872, 2002 U.S. Dist. LEXIS 22220, 2002 WL 31556385 at *4-5 (S.D.N.Y. Nov. 18, 2002) ($350 per hour), *aff'd*, 407 F.3d 65 (2d Cir. 2005).

And Mr. Ackman submitted no evidence of rates paid by clients – presumably because it does not exist or would have reflected rates lower than the rates sought.  *See Wong v. Hunda Glass Corp.*, 2010 U.S. Dist. LEXIS 90736, *7 (S.D.N.Y. Sept. 1, 2010) (questioning plaintiff's counsel's demand because it was not based on "evidence of actual rates charged to clients or awarded by a court").  As noted *supra*, this case was not complex, nor was it burdensome through February 25, 2020.  Mr. Ackman's work on this case does not rise to the level where he should be awarded $475/hr.  Instead, Mr. Ackman should be awarded a limited increase over the rate awarded to him in the Padberg case, to $350 per hour..

### C.    Hours Expended on OATH Proceeding are Not Compensable

Mr. Ackman seeks compensation for 65.3 hours expended on the parallel OATH administrative proceeding to debar plaintiff from serving as a representative, which covers his time from March 10 to April 11, 2020. Mr. Ackman is not entitled to attorney fees for his representation of the plaintiff before OATH. "It is well-settled that generally, attorney's fees are

not available for work performed in administrative proceedings." *Murray ex rel Murray v. Mills*, 354 F. Supp. 2d 231, 239 (E.D.N.Y. 2005).  While section "1988 permits attorney's fees 'for time spent on administrative proceedings to enforce the [claim] prior to the litigation.'" *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 581 (2d Cir. 2003) (quoting *North Carolina Dep't of Transp. v. Crest Street Cmty. Council, Inc.*, 479 U.S. 6, 15 (1986)), to obtain such fees "the administrative proceeding must be 'useful and of a type ordinarily necessary to secure the final result obtained from the litigation.'" Id. (quoting *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 561 (1986)). The quintessential example of a situation in which administrative proceedings are "necessary to secure the final result obtained from the litigation" is a Title VII discrimination suit requiring exhaustion of administrative remedies before prior to litigation. See *Webb v. Bd. of Educ. of Dyer Cty.*, 471 U.S. 234, 241 (1985) (noting that attorney fees for administrative proceedings were reasonable where "the statute that authorized fees, Title VII, also required a plaintiff to pursue available state administrative remedies").  In contrast, if the plaintiff "could go straight to court" to assert his rights, administrative proceedings "do not have the same integral function." *Id.*

Mr. Ackman argues that "the administrative hearing is part and parcel of the federal action, and served as discovery for the successful summary judgment motion that followed."  Pl. Mem. at 15.  The inclusion of fees for the OATH proceeding would violate the standard articulated above, namely that fees are appropriate for administrative proceedings that are "ordinarily necessary to secure the final result obtained." *Tsombanidis*, 352 F.3d at 581. As noted, attorney's fees are typically not permitted for work on administrative proceedings. *Murray*, 354 F. Supp. 2d at 239  (declining to award attorney's fees for administrative proceeding where "Plaintiffs could have requested a stay of the administrative proceeding and sought

15

immediate relief in state or federal court . . .").  There are exceptions to this general rule, such as in situations where the plaintiff was required to exhaust his administrative remedies before bringing the federal lawsuit, which does not apply here. *See Thorsen v. County of Nassau*, No. 03-CV-1022, 2011 U.S. Dist. LEXIS 27992, 2011 WL 1004862, at *4 (E.D.N.Y. March 17, 2011) (declining to award attorney's fees for Article 78 proceeding notwithstanding the fact that the federal court remanded the case to the Town for a hearing); *accord Murray*, 354 F. Supp. 2d at 239.

Here the OATH trial was not necessary to adjudicate the claims in the action. Specifically, the OATH proceeding focused on whether plaintiff's ability to appear as a representative before OATH should be revoked; in contrast, this litigation focused on whether the summary suspension of plaintiff comported with due process.  Indeed, Judge Donnelly directly addressed this point in her Memorandum and Order ruling on the summary judgment: "The merits of the [OATH] case against the plaintiff are not the subject of this proceeding... The plaintiff's challenge is to the process provided to him [before he was suspended], not an appeal of administrative fact-finding."  Dkt. No. 49. at 6, n4 (emphasis added).

While there are certain situations where portions of the work performed in an administrative proceeding are recoverable, none apply here.  The Supreme Court has stated that "even if the prior proceeding is not a proceeding to enforce one of the § 1988 civil rights laws, *the discrete portion of the work product* from the administrative proceedings that was both useful and of a type ordinarily necessary to" secure the final result obtained from the litigation "can be part of the attorney's fees awarded under § 1988." *North Carolina Dep't of Transp.,* 479 U.S. at 15. (citations and quotation marks omitted) (emphasis added).In *Cullen v. Fliegner*, 18 F.3d 96 (2d Cir. 1994), the Second Circuit had occasion to consider the propriety of awarding fees for the

discrete portion of the work product from an administrative proceeding. *Id.* at 106. The plaintiff sought to enjoin a school's disciplinary proceeding against him, arguing that the school was haphazardly enforcing a state electioneering law. *See id.* at 101. The Second Circuit affirmed the District Court's award of attorney's fees pursuant to section 1988 for a "portion" of the fees incurred while working on the disciplinary proceeding. *See id.* at 106.  The significant aspect of *Cullen* is that the prevailing plaintiff there had not claimed all fees in connection with the administrative proceedings, but had "appropriately excluded from his request those fees incurred that were particular to the disciplinary proceeding and could not be transferred to the district court action," *id.*, thereby identifying from among the total hours of the administrative proceedings the particular hours that it claimed satisfied the "discrete portion" test of *North Carolina Dep't of Transportation*.[8]

In stark contrast, here Mr. Ackman made no attempt to identify the discrete portions of hours expended on the OATH trial.  Thus, this Court has no basis to make even a partial award of fees for the OATH administrative proceeding. See *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238, 244-245 (2d Cir. 2019) (denial of fees for related administrative proceeding upheld on appeal because discrete parts were not specified). Under these circumstances, it is appropriate to award no fees for the OATH proceeding.

---

[8] "[F]ees should be awarded only to the extent that the administrative work was equally or more cost-effective than the comparable work that would have been required during the course of litigation.  A 1-day administrative hearing eliciting testimony that eliminates the need for three days of depositions is something to be encouraged and rewarded, but if instead that hearing took three days and produced the same information as could have been obtained during one day of depositions, the claimant should not recover for more than the one day it would have taken to conduct the depositions." *Webb,* 471 U.S. 234 at 253-254 (1985) (Brennan, J. concurring in part and dissenting in part).  Here, the three-day OATH trial had no benefit whatsoever to resolving the claims.

**D.    Counsel's Requested Hours Should be Reduced In Order to Calculate the "Presumptively Reasonable Fee."**

After determining the reasonable rate (and excluding components that are completely not compensable), the district court must then determine the reasonable number of hours billed to the matter in order to determine the presumptively reasonable fee. *See Arbor Hill,* 522 F.3d at 189-90. "[T]he [attorney] time that is compensable under§ 1988 is that 'reasonably expended *on the litigation.*' " *Webb,* 471 U.S. at 242 (quoting *Hensley,* 461 U.S. at 433) (emphasis in original).

The Second Circuit encourages district courts to apply their legal experience, billing judgment, and direct knowledge of the case, to estimate how much time should reasonably have been expended. *See DiFilippo v. Morizio*, 759 F.2d 231, 235-236 (2d Cir. 1985). "With respect to the evaluation of time sheets and expense records, 'it is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent.' " *Daiwa Special Asset Corp. v. Desnick*, 2002 U.S. Dist. LEXIS 23073, *4-6 (S.D.N.Y. Dec. 3, 2002) (quoting *Amato v. City of Saratoga Springs*, 991 F. Supp. 62, 65 (N.D.N.Y. 1998) (citing *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)) (reducing fees by 50%).

"One measure of the extent of th[e] inflation [of fees] is the disproportion between the total time the 'plaintiffs' attorneys say they spent on this case and what one would expect was reasonably required." *Pontarelli v. Stone*, 781 F. Supp. 114, 117 (D.R.I. 1992); *see also DiFilippo v. Morizio*, 759 F.2d at 236 (302 hours expended was "grossly excessive" and "facially excessive" for a civil rights action that was pending for five years and resolved after one-day bench trial); *Simmonds v. N.Y. City Dep't of Corr.*, 2008 U.S. Dist. LEXIS 74539, *23 (S.D.N.Y. Sept. 15, 2008) ("Even if we posited a litigation team consisting of one experienced

18

partner and one junior associate, we cannot imagine how the various tasks performed by counsel could have taken more than a total of 200 hours, less time than that spent by either the ACLU or Steptoe on this matter."). Where, as here, overbilling is pervasive, the courts will apply significant across-the-board percentage reductions to achieve a reasonable result. *See, e.g., Carter v. Inc. Vill. Of Ocean Beach*, 759 F.3d 159, 167 (2d Cir, 2014) (affirming a one-third reduction in fees for "redundant, duplicative or unnecessary" work); *Francois v. Mazer*, 523 Fed. Appx. 28, 29 (2d Cir. 2013) (affirming 40% discount for excessive hours); *Andert v. Allied Interstate, LLC*, 2013 U.S. Dist. LEXIS 104422 (S.D.N.Y. 2013) (70% reduction); *Simmonds v. N.Y. City Dep't of Corr.*, 2008 U.S. Dist. LEXIS 74539 (S.D.N.Y. 2008) (40% reduction); *Daiwa Special Asset Corp. v. Desnick*, 2002 U.S. Dist. LEXIS 23073, *13 (S.D.N.Y. 2002) (50% reduction); *Wilson v. Nomura Sec. Int'l, Inc.*, 2002 U.S. Dist. LEXIS 12668, *13-14 (S.D.N.Y. 2002) (50% reduction).

In this case, the claimed hours by Mr. Ackman is grossly inflated for the limited work of the case and should be significantly reduced. Simply put, plaintiff's claims are not inherently complex and this litigation up to February 25, 2020, was certainly not burdensome. There was no discovery; the parties proceeded immediately with dispositive motions, and there were only three court appearances. Ultimately, the Court granted plaintiff summary judgment on only one his two federal claims.

Here, Mr. Ackman demands $89,775 in attorneys' fees for 189 hours of work through February 25, 2020. His billing records do not appear to be contemporaneous and are rife with vague, improper block billing entries and great excess. This lack of billing judgment must be rectified by the Court.

### 1.   *Lack of Contemporaneous Records*

On this motion, Mr. Ackman submitted what he purports to be "contemporaneous documentation" of his hours.  Ackman Decl., ¶ 15, PX7.  "[C]ontemporaneous time records are a prerequisite for attorney's fees in this Circuit."  *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440-441 (1983) (Burger, C.J., concurring)).  *Monaghan v. SZS 33 Assocs., L.P.*, 154 F.R.D. 78, 84 (S.D.N.Y. 1994) (collecting cases and noting that courts in the Second Circuit assessing reconstructed time records have applied roughly 30% reductions in absence of contemporaneous time records).

On January 23, 2020, Mr. Ackman provided City Defendants' counsel with a document that set forth his hours on this case.[9]  See Horowitz Decl., Ex. A.¶ There are discrepancies between the documentation Mr. Ackman submitted on this motion and the earlier document he provided to the City Defendants' counsel; these discrepancies are highlighted in a separate document comparing the two versions.  Horowitz Decl., ¶ 2, Ex. B. Among the discrepancies, Mr. Ackman added 6.5 hours to a time entry for March 6, 2019 and 1.5 hours to an entry for March 14, 2019.  The block entries for March 6 and 7, 2019 were edited to specify the time

---

[9] Though produced as part of settlement discussions, the use of the earlier draft does not violate FRE 408.  See *Dagostino v. Computer Credit, Inc.*, 238 F. Supp. 3d 404, 414-415 (E.D.N.Y. 2017) (citing among other cases *Harty v. Bull's Head Realty*, 2015 U.S. Dist. LEXIS 29635, 2015 WL 1064630 at *5 (D. Conn. Mar. 11, 2015)).  See also *FameFlynet, Inc. v Jasmine Enters.*, 2019 U.S. Dist. LEXIS 133357 at *5-7 (N.D. Ill Aug. 8, 2019, No. 17 C 4749); *Fortgang v. Pereiras Architects Ubiquitous LLC*, 2018 U.S. Dist. LEXIS 40359 at 10-11 (E.D.N.Y. Mar. 9, 2018), *adopted by*, 2018 U.S. Dist. LEXIS 51564 (E.D.N.Y. Mar. 27, 2018). In *Dagostino*, the Court allowed submission of time records produced in settlement discussions in a fees dispute, reasoning that such records were not presented as offers to compromise, but rather as statements of fact. 238 F. Supp. 3d at 414-415.  Ultimately, the Court denied fees for new entries submitted in the fees motion due to plaintiff's failure to adequately explain discrepancies from the earlier billing records produced to defendants, and held that the new entries were not contemporaneous records. Id.

expended for each of activities.  These and other edits suggest that the documentation submitted

to the Court were not contemporaneous, and as a result, a 30% reduction is appropriate on top of

other reductions.

### 2. <u>Inappropriate Block Billing and Vague Entries</u>

Vague entries make it difficult for the Court to determine if the time was reasonable and

compensable and may justify significant reductions in fees.  *See, e.g., Terminate Control Corp.*

*v. Nu-Life Constr. Corp.*, 28 F.3d 1335, 1342-43 (2d Cir. 1994) (30% fee reduction for "lack of

specific record keeping" was within the district court's discretion);  *N.Y. State Ass'n for Retarded*

*Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)(affirming district court's across the board

20% cut for excessive and duplicative entries, and denying award for failure to maintain

contemporaneous entries); *Vasconcellos v. City of New York*, 2015 U.S. Dist. LEXIS 82836,

*16-18 (S.D.N.Y. June 1, 2015) (40% reduction of hours for vague entries and 15-minute billing

increments); *see also Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (upholding 20%

reduction for vagueness and other deficiencies); *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao*

*People's Democratic Republic*, 2012 U.S. Dist. LEXIS 164261, *11 (S.D.N.Y. Nov. 14, 2012)

("Courts frequently respond to vague and difficult-to-decipher billing statements with an across-

the-board percentage reduction in the fees claimed, often in the range of 20-30 percent."); *Tucker*

*v. Mukasey*, 2008 U.S. Dist. LEXIS 48687 (S.D.N.Y. June 20, 2008) (30% reduction because

entries "fail[ed] to describe adequately the nature of the calls, the contents of the reports or

documents, or the topics of the discussions").[10]

---

[10] *See also Vishipco Line v. Charles Schwab & Co.*, 2003 U.S. Dist. LEXIS 6820 (S.D.N.Y. Apr. 23, 2003)  (Stein, D.J.) ("legal research" too vague to determine whether time expended was reasonable); *Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d 279, 301 (S.D.N.Y. 2001) (same); M*arisol A. ex rel. Forbes v. Giuliani,* 111 F. Supp. 2d 381, 396-97, 397 n.10 (S.D.N.Y.

Along with vague entries, courts routinely reduce fee claims for improper block billing since it makes it very difficult to evaluate the reasonableness of the listed tasks.  *See Aiello v. Town of Brookhaven*, 2005 U.S. Dist. LEXIS 11462, *10-11 (E.D.N.Y. June 13, 2005) (10% reduction for block billing and otherwise vague entries); *Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*, 277 F. Supp. 2d 323, 326 (S.D.N.Y. 2003) (15% reduction for block billing); Gonzalez v. Bratton, 147 F. Supp. 2d 180, 213 (S.D.N.Y. 2001) (12% reduction for block billing); *see also Soler v. G & U, Inc.*, 801 F. Supp. 1056, 1061-62 (S.D.N.Y. 1992) ("commingling of activities within one time entry impedes the court's efforts to evaluate the reasonableness of any of the listed activities[.]"); *DeMarco v. Ben Krupinski Gen. Contr., Inc.*, 2014 U.S. Dist. LEXIS 100793, *34 (E.D.N.Y. July 22, 2014) (30% reduction in fees for certain excessive time entries combined with "block billing").

Mr. Ackman's time records are not broken down to 15-minute increments, and there are at least 20 entries of improper block billing, whereby two or more activities are listed in one entry.[11]  For example, Mr. Ackman's time entry from November 25, 2019, for 2.2 hours, states: "prep for and conduct oral argument on motions; meet w/Raja; e-mails w/court re scheduling." As another example, the entry for June 10, 2019 states "incorporate copy-editor comments; prepare Rul 56.1 statement; prepare motion exhibits; complete record cites; draft Rule 56 statement" – mixes activities that a paralegal could perform – "prepare motion exhibits" with

---

2000) (concluding that "some of the time entries are so vague that the Court is unable to determine whether the time was reasonably expended").

[11] See Ex. PX7 time entries for 3/2/19, 3/3/19, 3/4/19; 3/8/19, 4/10/19, 6/4/19, 6/5/19, 6/7/19, 6/10/19, 6/11/19, 6/20/19, 7/8/19, 7/9/19, 7/10/19, 7/20/19, 11/22/19, 11/25/19, 12/17/19, 2/5/19, and 2/21/19.  These and other entries were also vague.  See e.g., 6/28/19 – "work on sj/md brief points 2-4."

activities that an attorney performs – "draft 56.1 statement." These time records justify a 25% reduction across the board.

### 3. *Excessive Hours*

Third, a significant portion of the hours billed by plaintiff's counsel are excessive when compared to the straightforward nature of the case and the collective experience of counsel. For instance, Plaintiff's counsel billed approximately: 13.2 hours for legal research, including 4 hours on "initial research on summary suspensions," 49 hours to draft plaintiff's motion for summary judgment, and 9.4 hours to draft plaintiff's reply in support of his motion for summary judgment. As demonstrated with plaintiff's motion for summary judgment, where the underlying due process claims are neither novel nor fact intensive and are routinely brought by plaintiff's counsel, there is a strong inference that counsel "is not reinventing the wheel with every filing." *Datiz v. Intl. Recovery Assoc.*, 2020 US Dist LEXIS 45693 at *38-39 (E.D.N.Y. Mar. 12, 2020, No. CV 15-3549 (DRH) (AKT)). The time billed in this action simply does not reflect the knowledge, efficiency, and existing work product plaintiff's counsel have presumably acquired and utilized in the last 16 years litigating TLC and TLC-related cases. See, e.g., Fn 1, supra.; *Nnebe v Daus*, 931 F.3d 66 (2d Cir 2019) (litigating summary suspension of taxicab licenses).

Also, plaintiff only partially succeeded in its claims. Plaintiff did not prevail on his vagueness challenge to OATH's rules or on his claim that OATH did not provide an opportunity to cross-examine witnesses (which became moot before plaintiff drafted his amended complaint by virtue of the settlement of the OATH charges against him). When a plaintiff has achieved partial success, "[t]he most important factor in determining a reasonable fee for a prevailing plaintiff is 'the degree of success obtained.'" *LeBlanc—Sternberg v. Fletcher*, 143 F.3d 748, 760 (2d Cir. 1998) (quoting *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996)). In such

circumstance, courts have imposed a 50% reduction.  See *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238, 245 (2d Cir. 2019).

### 4.    *Recommended Hours*

The 65.3 hours billed by Mr. Ackman for the OATH administrative proceeding should be removed off the top of his 189 hours.  As for the remaining 123.7 hours, and based on the foregoing, an across the board 40% reduction is warranted.  Accordingly, Mr. Ackman is entitled to compensation for 74.22 hours through February 25, 2020.

### CONCLUSION

For the reasons set forth above, plaintiffs' motion for an award of attorneys' fees should be denied and plaintiffs should instead be awarded a total amount of fees of $25,977 (74.22 hours x $350).

Dated:        New York, New York
              July 17, 2020

Respectfully submitted,

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorneys for City Defendant*
100 Church Street, Room 5-158
New York, New York 10007
(212) 356-2185


By:    _____/s/_____

Jerald Horowitz
Assistant Corporation Counsel