```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                  :
RIZWAN RAJA,                                                      :
                                                                  :
                              Plaintiff,                          :  MEMORANDUM DECISION
                                                                  :  AND ORDER
                - against -                                       :
                                                                  :  19-CV-1328 (AMD) (RER)
JOHN W. BURNS and                                                 :
THE CITY OF NEW YORK,                                             :
                                                                  :
                              Defendants.                         :
----------------------------------------------------------------  X
```

**ANN M. DONNELLY,** United States District Judge:

On April 15, 2019, Rizwan Raja brought this action against the City of New York and John W. Burns, the first deputy commissioner and supervising administrative law judge for the New York City Office of Administrative Trials and Hearings ("OATH"). He alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, and related claims arising under the New York City Charter and OATH rules after he was suspended from representing taxi drivers as an industry representative. (ECF No. 16.) On February 5, 2020, I granted summary judgment for the plaintiff on his federal and state procedural due process claims insofar as they related to his summary suspension and dismissed the remaining claims. (ECF No. 49.)

The plaintiff and the City agreed to settle the case for $20,001, and signed a Rule 68 Offer of Judgment on May 5, 2020. (ECF No. 51.) On July 24, 2020, the plaintiff moved for attorney's fees totaling $89,775 for 189 hours. (ECF No. 54.) I referred the motion to Magistrate Judge Ramon Reyes for a Report and Recommendation.

Judge Reyes issued a comprehensive Report and Recommendation on February 2, 2021, recommending that the Court grant the plaintiff's motion, but reduce the total award to $30,888

in fees and $400 in costs. (ECF No. 62.) Judge Reyes determined that the plaintiff's request was excessive because the hourly rate that counsel sought—$475—exceeded the standard range in this district. Judge Reyes also considered the fact that the plaintiff was only partially successful, as well as counsel's reliance on block billing for a portion of his total hours, which Judge Reyes found warranted an across-the-board reduction. Finally, Judge Reyes decided that the plaintiff was not entitled to compensation for the time he spent on the OATH hearing.

The plaintiff filed a timely objection to Judge Reyes's report. (ECF No. 64.) The plaintiff claims that Judge Reyes's 40% reduction in total fees was unjustified, that his attorney, Daniel Ackman, should be compensated for his work on the OATH hearing, and that he was entitled to a higher hourly rate. I address each of the plaintiff's arguments in turn.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [r]eport and [r]ecommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)) (internal quotation marks omitted). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776. 2006

WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

I. **Fee Reduction**

Counsel submitted a request for attorney's fees for 189 hours. Judge Reyes concluded that an across-the-board reduction of 40% was warranted because counsel employed block billing and included clerical tasks in his request for compensation. Observing that "fee awards under § 1988 were never intended to produce windfalls to attorneys," *Farrar v. Hobby*, 506 U.S. 103, 115 (1992), Judge Reyes also found that a fee reduction was appropriate because of the plaintiff's limited success in the litigation. The plaintiff objects, arguing that block billing is permitted and that the other entries are neither vague nor otherwise improper. (ECF No. 64 at 14.) In the alternative, he argues that the Court should reduce his request by at most five percent of the total billable time. (*Id.*)

While I agree that block billing is not *per se* unreasonable, *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 266 (2d Cir.2014), "[a]s a general rule, [the practice] is disfavored," *Marshall v. Deutsche Post DHL*, 2015 WL 5560541, at *12 (E.D.N.Y. Sept. 21, 2015). Block billed time entries cannot "frustrate[] meaningful review of the reasonableness of the claimed hours." *Hines v. City of Albany*, 613 F. App'x 52, 55 (2d Cir. 2015) (citing *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 515 (S.D.N.Y.2010) ("While block-billing is disfavored and may lack the specificity for an award of attorneys' fees, it is not prohibited as long as the court can determine the reasonableness of the work performed."). *See also Molefi v. Oppenheimer*

*Trust*, 2007 WL 538547, at *7–8 (E.D.N.Y. Feb.15, 2007) ("[B]lock billing renders it difficult to determine whether, and/or the extent to which, the work done by . . . attorneys is duplicative or unnecessary."). Indeed, "[i]n the context of fee applications, 'block-billing makes it difficult if not impossible for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided.'" *Marshall*, 2015 WL 5560541, at *12 (quoting *Sheet Metal Workers' Nat. Pension Fund v. Coverex Corporate Risk Solutions*, 2015 WL 3444896, at *12 (E.D.N.Y. May 28, 2015) (citations omitted) (collecting cases)).

As Judge Reyes observed, Mr. Ackman used block billing for 23 of his 51 entries, accounting for approximately 64.1 of the total 138.8 hours, not including the time he spent on the OATH proceeding. (ECF No. 55-7.) Mr. Ackman argues that that the entries are sufficiently detailed to allow the court to make a judgment about the reasonableness of the total hours billed because they average only 2.8 hours per entry. (ECF No. 64 at 13.) "Although each individual use of block billing does not encompass a large span of time—when considered in the aggregate, the prevalence of these types of entries significantly impedes the court's ability to assess whether the time expended on any given task was reasonable." *Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 625 (E.D.N.Y. 2017) (internal quotation and citation omitted). A significant amount of the time Mr. Ackman expended on this matter—about 46%—was block billed. As Judge Reyes explained, the reliance on block-billed time, even if each individual block-billed entry was relatively short, makes it impossible to discern whether counsel's work was reasonable under the circumstances. *Aiello v. Town of Brookhaven*, 2005 WL 1397202, at *3 (E.D.N.Y. June 13, 2005) ("[B]ecause block billing renders it difficult to determine whether, and/or the extent to which, the work done by . . .

4

attorneys is duplicative or unnecessary, courts apply percentage cuts where there is 'a substantial amount' of block billing in a fee request." (internal quotations and citation omitted)).

Judge Reyes was also right to point out that some of the time entries are vague, excessive or duplicative. *Simmons v. New York City Dep't of Corr.*, 2008 WL 4303474, at *6 (S.D.N.Y. Sept. 16, 2008) ("[T]he district court must account for duplicative or repetitive work to ensure that the . . . fees represent only work that was necessary to the litigation and a cost efficient use of co-counsel and outside counsel." (internal quotations and citation omitted)). For example, Mr. Ackman submitted multiple successive entries in which he billed for "prep for oral argument;" he included additional detail in only one of those entries. (ECF No. 55-7.) While the plaintiff argues that these vague entries are comparatively limited, they must be viewed in conjunction with counsel's reliance on block billing in assessing whether a reduction is proper.

Moreover, the plaintiff was only partially successful on his claims. When a plaintiff has achieved partial success, "[t]he most important factor in determining a reasonable fee for a prevailing plaintiff is 'the degree of success obtained.'" *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 760 (2d Cir. 1998) (quoting *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (noting that "[i]f a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount . . . even where the plaintiff's claims were interrelated, non-frivolous, and raised in good faith").

As the City points out, the plaintiff "sought vast relief, including a judgment declaring that all Defendants violated the federal constitution, New York common law, and local law; a declaration that the OATH rules under which he was prosecuted were unconstitutionally vague; a declaration that his suspension without a fair hearing was unconstitutional; a declaration that he

5

was entitled to a hearing at which he could present evidence and state his defenses; an order that his name be removed from the published list of suspended or barred OATH representatives; compensatory damages including for lost income, out of pocket expenses, and emotional harm; punitive damages against ALJ Burns; and an order awarding disbursements, costs, and attorney's fees." (ECF No. 65 at 15.)  The plaintiff was successful on his state and federal procedural due process claims, but only insofar as they related to his summary suspension; the Court rejected his claims against ALJ Burns, for injunctive relief, and for structural changes in the OATH process.

      Under these circumstances, it was entirely appropriate to conclude that a reduction was warranted.  "One acceptable method for 'trimming fat' from a fee application, and one that consumes fewer judicial resources than a painstaking review of each time-entry, is for the court to impose an 'across-the-board percentage' cut of the total amount of time claimed."  *Llolla v. Karen Gardens Apartment Corp.*, 2014 WL 1310311, at *12–13 (E.D.N.Y. Mar. 10, 2014), (quoting *In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 226, 237–38 (2d Cir. 1987)).  *See also Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (affirming 20% reduction "for vagueness, inconsistencies, and other deficiencies in the billing records"); *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989) (affirming 30% reduction for vagueness in certain time entries); *Caban v. Employee Sec. Fund of the Elec. Products Indus. Pension Plan*, 2015 WL 7454601, at *8 (E.D.N.Y. Nov. 23, 2015) (33% reduction in overall hours spent due to block billing, vague entries, and excessive time spent on certain routine tasks); *Gagasoules v. MBF Leasing LLC*, 296 F.R.D. 107, 112 (E.D.N.Y. 2013) (40% reduction due to vague and unrelated entries).  I find that Judge Reyes's across-the-board cut of 40% was appropriate.

6

**II.     OATH Hearing**

Judge Reyes also excluded from the fee award the time that counsel spent on the OATH litigation. Characterizing the OATH proceedings as "part and parcel" of this action because he was able to use evidence in his motion for summary judgment, the plaintiff says that Judge Reyes abused his discretion. (ECF No. 64 at 15-17.) I conclude that Judge Reyes was correct.

The plaintiff concedes that as a general matter, attorney's fees are not available for work performed in administrative proceedings. *Murray ex rel. Murray v. Mills*, 354 F. Supp. 2d 231, 239 (E.D.N.Y. 2005). He argues, however, that this case falls within the exception to that rule, because the work he did on the OATH proceeding "was both useful and of a type ordinarily necessary to advance" the subsequent § 1988 civil rights litigation. *N. Carolina Dept. of Transp. v. Crest St. Community Council, Inc.*, 479 U.S. 6, 15 (1986). Judge Reyes concluded that the exception did not apply because counsel "fail[ed] to explain how any additional hours expended on the OATH hearing were useful or necessary to advance his federal case." (ECF No. 62 at 12.) I agree. The plaintiff's Section 1983 claim did not require him to "obtain relief or exhaust [his] remedies through administrative proceedings." *Murray*, 354 F. Supp. 2d at 239 (E.D.N.Y. 2005). Indeed, the plaintiff requested a stay of the OATH proceeding in order to seek injunctive relief in federal court. Thus, the administrative proceeding was not "necessary to advance" his federal civil rights claims.

Nor am I persuaded by the plaintiff's argument that the OATH proceeding was useful and necessary to his success on summary judgment or that the facts adduced at the OATH proceeding contributed to his success. (ECF No. 64 at 16-17.) In his brief, the plaintiff cited testimony and evidence from the administrative proceeding, but most of the facts upon which he relied were from his declaration, which does not cite the OATH hearing. (ECF Nos. 23-7, 28.)

Nor did I rely on evidence adduced at the OATH proceeding in my summary judgment decision. *Raja v. Burns*, 2020 WL 568236 (E.D.N.Y. Feb. 5, 2020). As Judge Reyes pointed out, all of the information upon which I relied was in the plaintiff's "possession at the time he filed the initial complaint." (ECF No. 62 at 11.) [1]

Under these circumstances, Judge Reyes was correct to exclude the time Mr. Ackman spent on the OATH proceeding in the calculation of attorney fees.

### III.  Hourly Rate

Finally, the plaintiff disagrees with Judge Reyes's recommendation that counsel's hourly rate be reduced from $475 to $400 per hour. According to the plaintiff, the current range for hourly rates in civil rights litigation is not $300 to $450 per hour, and there are two cases in which in which attorneys were awarded up to $500 an hour. (ECF No. 64 at 18.)

First, and not surprisingly, Judge Reyes accurately quoted the prevailing rates in this district. "In the Eastern District of New York, prevailing rates range from $300 to $400 per hour for experienced attorneys, $200 to $300 per hour for senior associates, and $100 to $150 per hour for junior associates." *Callari v. Blackman Plumbing Supply, Inc.*, 2020 WL 2771008, at *9 (E.D.N.Y. May 4, 2020), *report and recommendation adopted*, 2020 WL 2769266 (E.D.N.Y. May 28, 2020) (collecting cases). Some "[c]ourts have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." *Cabrera v. Schafer*, 2017 WL 9512409, at *2 (E.D.N.Y.

---

[1] *Cullen v. Fliegner* 18 F.3d 96 (2d Cir. 1994) does not compel a different result. There, the Second Circuit upheld the district court's decision to award a "discrete portion" of the attorney fees incurred in an administrative proceeding. *Id.* at 106. The attorney's calculation excluded the time devoted to the disciplinary proceeding that did not relate to the district court action. *Id.* Here, in contrast, the plaintiff did not identify the evidence from the administrative proceeding that affected the summary judgment ruling, even though Judge Reyes suggested that he do so.

8

Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017) (collecting cases).

While courts in two recent cases have awarded higher fees, the standard is still $300 to $400 per hour for experienced attorneys.  *See HVT, Inc. v. Port Auth. of New York & New Jersey*, 2018 WL 6079932, at *3 (E.D.N.Y. Nov. 21, 2018) (a $525 hourly rate was reasonable for partners with "over twenty years of experience in automotive-title cases"); *New York Ass'n for Retarded Children v. Cuomo*, 2019 WL 3288898, at *5 (E.D.N.Y. July 22, 2019) (a $500 hourly rate was appropriate for attorneys with over or close to 30 years of experience in civil rights cases who successfully negotiated a permanent injunction on behalf of a class of plaintiffs with intellectual and developmental disabilities).  The plaintiff has not demonstrated that Mr. Ackman's representation warrants an upward departure from the standard fee range.  Mr. Ackman is an experienced and very capable attorney who achieved some success for his client.  This case, however, was not particularly complex, and the plaintiff was not successful on a significant portion of his claims.

In short, Judge Reyes undertook a thoughtful assessment of Mr. Ackman's experience and expertise, the complexity of the case and the degree of success the plaintiff achieved.  There was no error in his decision that $400 an hour—at the top of the standard fee range in this district—was appropriate.

## CONCLUSION

For the reasons stated above, I adopt the Report and Recommendation in its entirety. The plaintiff is awarded $30,888 in attorney's fees and $400 in costs.

**SO ORDERED.**

                                                                                   s/Ann M. Donnelly
                                                                             _____
                                                                             ANN M. DONNELLY
                                                                             United States District Judge

Dated: Brooklyn, New York
         March 23, 2021